IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| IN RE:  ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION _____ This Document Relates To: *Barbara Smith, et al. v. Ethicon, Inc., et al.* Case No. 2:12-cv-04791 | Master File No. 2:12-MD-02327 MDL No. 2327 Joseph R. Goodwin U.S. District Judge |

**Plaintiffs Barbara and Gary Smith's Motion for Protective Order**

## I.    Introduction

Plaintiff Barbara Smith who is now 78 years old has been waiting more than six and a half years for her case to be adjudicated. Dkt. No. 1. In late 2016, Mrs. Smith's case was included in Ethicon Wave 4. *Ethicon* PTO # 243, Ex. A, No. 268. While in Wave 4, Mrs. Smith submitted her PFS, was deposed, submitted to an IME and a DME, her implanting physician was deposed, expert disclosures by both parties, including specific causation reports were exchanged, and each party served written discovery. *See* Dkt. Nos. Nos. 21, 26, 28-32; Declaration of Chris W. Cantrell at ¶ 11 (attached hereto as Exhibit 1) (hereinafter "Cantrell Decl."). Due to settlement discussions, the parties, in conjunction with a third-party law firm, agreed to stay any remaining discovery for 90 days.[1] Cantrell Decl. ¶ 4. Soon thereafter, *Smith* was included in a Master Settlement Agreement with Defendants and then moved to the Inactive Docket. *See In re Ethicon, Inc.*, Master File No. 2:12-MD-02327, Dkt. No. 4420. Just before moving to the Inactive Docket, Mrs. Smith received a "take-it-or-leave-it" settlement offer from Defendants, which she rejected because the offer did not reflect the severity of her injuries. Cantrell Decl. ¶ 7. Since then, Defendants have refused to entertain any further settlement discussions (Cantrell Decl. ¶ 7), forcing Plaintiff Smith to request that her case return to the Active Docket, which happened in July 2018. *See* Dkt. Nos. 38, 40.

On February 4, 2019, the *Smith* case was added to Wave 11, even though Mrs. Smith had substantially completed all case-specific discovery in Wave 4 with the exception of responding to written discovery that had been served. *Ethicon* Pretrial

---

[1] The Court subsequently voided all such stipulations between parties which extended discovery deadlines in any of its Docket Control Orders. Ethicon Pretrial Order No. #270 at 2.

Order # 328, Ex. B; Cantrell Decl. ¶ 4. Although the Court directed that the Wave 11 Order was not intended to give parties a "second bite at the apple for cases already worked up in previous waves," *Ethicon* Pretrial Order # 328 at 2, Defendants are seeking to re-depose Mrs. Smith as well as depose her ill husband who resides in a nursing home under hospice care. Dkt. Nos. 50-54; Cantrell Decl. ¶ 12. Defense counsel was reminded that Mrs. Smith already underwent a full three-hour deposition by Defendants and since that deposition she has not undergone any additional urological or gynecological surgeries or any significant medical treatment as it relates to the Prolift or TVT-O devices she received. Cantrell Decl. ¶13. Defense counsel was also informed of Mr. Smith's condition as well as the fact we intend to dismiss Mr. Smith's loss of consortium claim in light of his status. In short, defense counsel was informed there is no reason to subject Mrs. Smith to another deposition and Mr. Smith is incapable of giving a deposition.

Despite these facts, Defendants filed deposition notices and subpoenas to serve on Mrs. Smith and Mr. Smith. Dkt. Nos. 50-54. Defendants refuse to withdraw the Deposition Notices and Subpoenas, though they cannot articulate any justification for re-deposing the 78-year old Barbara Smith or deposing her nursing home bound spouse, Cantrell Decl. ¶ 14. For these reasons, Plaintiffs are left with no alternative but to seek a Motion for Protective Order. A protective order is warranted here, not only to enforce Pretrial Order # 328 and deny Defendants a "second bite at the apple," *Ethicon* Pretrial Order # 328 at 2, but also to prevent the annoyance, oppression, and undue burden to Mrs. Smith from having to go through a second deposition, s*ee* Fed. R. Civ. Pro. 26(c)(1) and to subjecting Mr. Smith to a deposition in his medical condition.

2

## II.    Procedural and Factual History

On February 4, 2019, six months after returning to the Active Docket, the *Smith* case was designated as part of Ethicon Wave 11. *See* Pretrial Order No. 328. Defendants then reinitiated discovery efforts against Mrs. Smith, even though the *Smith* case was almost completely worked-up in Wave 4 and the Court had cautioned against duplicative discovery noting the parties would not have a "second bite at the apple for cases already worked up in previous waves." Ethicon Pretrial Order No. 328 at 2. In contravention of this directive, Defendants are seeking a second deposition of the 78-year old Barbara Smith as well as the deposition of her husband, who is currently on hospice care in a skilled nursing facility. Dkt Nos. 50-54; Cantrell Decl. ¶ 12. In response to a request for deposition dates for Mrs. Smith, on March 6, 2019, Plaintiffs advised counsel at Butler Snow that Mrs. Smith already had been deposed for three-hours in Wave 4. Cantrell Decl. ¶ 11, Ex. A. (March 6, 2019 Cantrell letter to M. Loveman). Defense counsel was apprised that Mrs. Smith had also undergone both an Independent Medical Examination and a Defense Medical Examination, had produced her PFS, the parties had exchanged expert disclosures and specific causation reports, each party had served written discovery on the opposing party and the implanting physician had been deposed. *Id.*; Dkt. Nos. 26, 28-31. Mrs. Smith's implanting physician was also deposed and Defendants produced a DFS and disclosed experts on February 15, 2017, including a specific causation report. Dkt. No. 17, 25, 32. Defense counsel was also informed that because Mrs. Smith had no additional surgeries or significant medical care since her prior deposition, there was no basis for re-deposing her. *Id.*

Ignoring the prohibition on second depositions of a witness in Fed. R. Civ. 30(a)(2)(ii) and the deposition protocol adopted in this MDL, Defendants filed

deposition notices and subpoenas for the deposition of Mr. and Mrs. Smith. Dkt. Nos. 30-34.    Once more Plaintiffs counsel attempted to resolve this without court intervention, sending letters to defense counsel on June 6 and June 16,ʼ 2019. Cantrell Decl. ¶ 13, Exs. B and C (Cantrell Letter to Amy Pepke and Cantrell Letter to Margaret Loveman). The letters informed defense counsel that Mr. Smith is in a skilled nursing facility under hospice care and is incapable of giving a deposition and reiterated Mrs. Smith has already been deposed. *Id.* Despite this information, Defendants refuse to withdraw the deposition notices and subpoenas for Mr. and Mrs. Smith necessitating this motion.

The Court has strictly enforced these discovery limitations on both parties, Defendants should not be allowed to subvert these limitations by re-deposing Mrs. Smith merely because her case was added to Wave 11.  The only discovery not completed in Wave 4 was for the parties to respond to the respective written discovery served on each party. Cantrell Decl. ¶ 11. The Court has repeatedly stressed to all litigants the necessity of ensuring compliance with deadlines also weighs against Defendants ability to show "good cause." *See, e.g.*, *In re Boston Scientific Corp.*, 2015 WL 1034146, at *1 (S.D. W. Va. Mar. 9, 2015) (in "an MDL containing thousands of individual cases, I must strictly enforce rules to ensure that all parties comply with deadlines and that the litigation flows smoothly and efficiently."); *see also In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, 2017 WL 1175363 (S.D. W. Va. Mar. 28, 2017) (quoting *In re Phenlyproponalamine*, 460 F.3d 1217, 1231-32 (9th Cir. 2006) (the parties' compliance with the Court's discovery deadlines and limitations "are the engines that drive disposition on the merits.") Simply put, Defendants should not be allowed a second bite

at the apple" for a case that has already been worked up in Wave 4. *Ethicon* Pretrial Order # 328 at 2.

## III.    Argument

### A.    A Protective Order against Repeat Discovery Is Warranted

Courts have the power to issue protective orders to shield parties from discovery that causes "annoyance, embarrassment, oppression, or undue burden or expense." *Fed. R. Civ. Pro.* 26(c)(1). Forcing Mrs. Smith to sit for a second deposition serves no legitimate purpose other than an attempt to "annoy, embarrass or oppress" her. Seeking the deposition of her nursing home bound spouse, who is currently under hospice care, is even more egregious.

Mrs. Smith is 78-years old and already has been through a deposition, has undergone an Independent Medical Examination and has flown to Defendants' chosen physician for a Defense Medical Examination. Cantrell Decl. ¶ 3. There are no "new facts" to depose her on. Defendants have not been able to articulate any "new" facts that they did not have the opportunity to question her about during her initial deposition. *See Fed. R. Civ. P.* 26(b)(2)(C )(ii) (noting "the court must limit the frequency or extent of discovery … if it determines that: (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action."). A protective order must be granted to avoid this "unreasonably cumulative or duplicative" discovery. *Fed. R. Civ. P.* 26(b)(2)(C)(i).

A protective order, when viewed in context of the Court's Wave 11, is even more warranted here. The Court has made clear that plaintiffs whose cases have worked-up in a prior Waves, like the Smith case, are not going to be subject to a "second bite of the apple." *Ethicon* Pretrial Order # 328 at 2. But by seeking a second deposition from Mrs.

5

Smith, a second bite is exactly what Defendants seek—and well after discovery ended in Wave 4. Because Defendants' deposition requests and subpoenas violate the Docket Control Order for Wave 11, along with Rule 26, Court action is even more justified to prevent harassment and oppression of Plaintiffs and to avoid cumulative and duplicative discovery.

Defendants attempt to re-depose Mrs. Smith without leave of Court violates Rule 30(a)(2)(ii) of the Federal Rules of Civil Procedure. Any party seeking to depose a person who has already given testimony in the case "must obtain leave of court" before the deposition may be taken. *Fed. R. Civ. P.* 30(a)(2)(ii). Defendants failed to request such leave. Further, consistent with Rule 30(a)(2)(ii), a deposition protocol was entered in this MDL that provides "absent exigent circumstances," the same witness may not be deposed on the same subject matter more than once. *Ethicon* Pretrial Order No. 38 at D.2; *see also Jones v. C.R. Bard, Inc.* (*In re C.R. Bard, Inc.*), 2013 WL 6044415, *4 (S.D. W. Va. Nov. 13, 2013). Defendants have never identified for Plaintiffs' counsel any "exigent circumstances" to support a second deposition, let alone made such a showing to the Court as required. *Ethicon* Pretrial Order No. 38 at B.2; *Fed. R. Civ. P.* 30(a)(2)(ii). And even if Defendants could satisfy Rule 30 and this Court's  deposition protocol order, which they cannot do, the plain language of Pretrial Order No. 328 would still prevent such discovery. *See* Ethicon PTO #328 at 2.  Here, Defendants' compound these errors by seeking a second deposition of Mrs. Smith even though the plain language of Pretrial Order No. 328 would still prohibit such discovery. *See Ethicon* Pretrial Order No. 328 at 2.

In *Jones*, Magistrate Judge Eifert granted defendant's motion for protective order seeking to prevent the plaintiffs from re-deposing the implanting physician about

additional medical care he performed on the plaintiff after his initial deposition. Judge Eifert noted that under *Fed. R. Civ. P.* 30(a)(2) and the deposition protocol in MDL 2187 the second deposition of a witness "**on new** subject matter shall be permitted only upon consent of the parties or an Order from the Court issues for good cause shown." *Jones*, 2013 WL 6044415 at 4-5 (emphasis added).  A second deposition of a witness on **the same** subject matter" is prohibited "absent exigent circumstances" an exceptionally difficult burden to overcome. *Id.* at *4 (emphasis added). Although, Defendants attempt to re-depose Mrs. Smith is facially invalid due to a failure to seek leave of court, the Defendants cannot show either "good cause shown" or "exigent circumstances" to justify a second deposition.

## IV.    Conclusion

For these reasons, Mr. and Mrs. Smith's request for protective order should be granted and Defendants should be prohibited from re-deposing Mrs. Smith and deposing Mr. Smith. The *Smith* case should also be transferred forthwith to the United States District Court for the District of Oregon forthwith for the reasons shown in Plaintiffs' pending motion to transfer. See Dkt. No. 41.

Respectfully submitted,

By: /s Chris Cantrell

Chris W. Cantrell (CA #290874)
William J. Doyle II
John A. Lowther

DOYLE LOWTHER LLP
4400 NE 77th Avenue, Suite 275
Vancouver, WA 98662
(360) 818-9320 phone
(360) 450-3116 fax
ccantrell@doylelowther.com
bill@doylelowther.com

john@doylelowther.com
*Attorney for Plaintiffs*


## CERTIFICATE OF CONFERENCE

As required under Rule 26 of the Federal Rules of Civil Procedure and Local Rule 37.1, I hereby certify counsel for Plaintiffs has in good faith conferred with counsel for Defendants in an attempt to resolve this issue without Court intervention. This includes letters to defense counsel dated March 8, June 6 and June 16, 2019, and emails dated March 8 and April 2, 2019.


## CERTIFICATE OF SERVICE

I hereby certify on June 17, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.


By: /s Chris W. Cantrell


Chris W. Cantrell (CA #290874)

DOYLE LOWTHER LLP
4400 NE 77th Avenue, Suite 275
Vancouver, WA 98662
(360) 818-9320  phone
(360) 450-3116  fax
ccantrell@doylelowther.com
bill@doylelowther.com
john@doylelowther.com
*Attorneys for Plaintiff*

8