IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Barbara Smith, et al. v. Ethicon, Inc., et al.*<br><br>Case No. 2:12-cv-04791 | Master File No. 2:12-MD 02327<br>MDL No. 2327<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**DECLARATION OF CHRIS W. CANTRELL IN SUPPORT OF PLAINTIFFS BARBARA AND GARY SMITH'S MOTION FOR PROTECTIVE ORDER**

I, CHRIS W. CANTRELL, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am one of the counsel for Plaintiffs Barbara and Gary Smith in this case as well as representing a number of other plaintiffs in the mesh litigation.

2. Plaintiff Barbara Smith, who is almost 78 years old, received an Ethicon Total Prolift kit (anterior and posterior) as an Ethicon TVT-O sling in April of 2006. Plaintiff Smith has undergone several hospitalizations and at least two surgeries to remove eroded and then infected mesh in 2011 and 2012. On July 14, 2011, Mrs. Smith underwent surgery to remove eroded mesh. The pathology report of the explanted mesh confirmed sections of the mesh showed "inflammation and a foreign body giant cell reaction." On August 17, 2012, Mrs. Smith underwent another surgery to remove more Ethicon mesh after the mesh became severely infected. This surgery resulted in a 12-day hospitalization due to the fact the infected mesh and "several loops of small bowel" had become "adhesed together." There were also abscesses in the small bowel which had become indurated as well. The significant involvement of the small bowels necessitated the aid of a colorectal surgeon and required the surgeons to switch from the intended laparoscopic procedure to an open laparotomy.

3. The instant lawsuit was filed on August 28, 2012 and this case was included as part of Ethicon Wave 4. As part of that process, Plaintiffs submitted a Plaintiff Fact Sheet, Barbara Smith was deposed, Mrs. Smith underwent both an Independent Medical Examination and Defense Medical Examination, written discovery was served on Defendants, the implanting physician was deposed, and both parties exchanged expert disclosures and specific causation reports.

4. Plaintiffs' counsel herein were part of a consortium of law firms that were in

settlement discussions with Ethicon about resolving certain cases, including the instant matter. In early March 2017, just prior to the discovery deadline for the Wave 4 cases, the third-party law firm leading settlement discussions with Ethicon had agreed with Ethicon to extend the discovery deadlines for Wave 4 and 5 cases for approximately 90 days and to not remand any cases for 120 days. At this time there was no settlement agreement with Defendants and no Master Settlement Agreement had been signed and the cases were not placed on the Inactive Docket. Further, at this time the Parties were not close to any finalized MSA and certainly not close to any accepted offers as no offers had been made by that point, no indication of what the value of any offers might be and there was apparently not even an agreement on the number of compensable surgeries at this point. At the time the 90-day discovery deadline extension was agreed, the only item of discovery not completed in Smith was for the parties to respond to the written discovery from the opposing party. The Stipulation only sought the extension of discovery deadlines and did not seek or mention extending the *Daubert* or Summary Judgment deadlines.

5. By the time the dispositive motion deadline and *Daubert* motion deadline of April 6, and April 13, 2017, respectively, had passed, no dispositive motions or Daubert motions had been filed with the Court. And no dispositive or *Daubert* motions have been filed since that time, nor have Defendants requested permission from the Court to do so.

6. A Master Settlement Agreement with Ethicon was executed on July 21, 2017. A month later, on August 21, 2017, Defendants filed an Inactive Docket Motion seeking to move the cases on the MSA to the inactive docket for settlement discussions. This

included the instant matter. (Dkt. No. 4420). This Motion was not granted until December 2017. (Dkt. No. 4712).

7. In August 2017, my firm received Ethicon's "take-it-or-leave-it" offer to Mr. and Mrs. Smith and forwarded this offer to Plaintiffs for consideration. After considering it, the Plaintiffs' rejected it promptly and the third-party law firm leading our settlement discussions was notified about the declination and was told to inform Ethicon of such. We were told that no additional offers or negotiations would be forthcoming. Since that time Plaintiffs' counsel has made multiple attempts to resolve this case and the few additional Ethicon cases that remain unsettled but Ethicon has refused to engage in any discussions.

8. On September 13, 2017, the Court entered Pretrial Order Nos. 270 and 271 voiding all stipulations between parties that extended the discovery deadlines that the Court had set out in any of the Docket Control Orders. *See* Pretrial Order Nos. 270 and 271 at 1.

9. Defendants have not filed an Amended Inactive Docket Motion with the Court requesting the Court allow the filing of dispositive and Daubert motions after any Wave 4 or 5 case that rejected the settlement "offer" has moved back to the Active Docket. Nor have Defendants made any other request of the Court to allow the filing of such motions in light of Pretrial Order Nos. 270 and 271.

10. On or about May 4, 2018, Plaintiffs moved to have this matter moved back to the Active Docket. The Motion was granted on or about July 25, 2018.

11. The instant matter was included in the list of cases for workup in Wave 11. In early March 2019, I received a request from counsel for Defendants to depose Mrs. Smith. On March 6, 2019, I responded to this request with a letter and email explaining

4

that Mrs. Smith had already been deposed in Wave 4. (March 6, 2019 Letter to Margaret Loveman, attached hereto as "Exhibit A"). Indeed, that the case had been completely worked up in Wave 4 save for the parties' responses to written discovery. I informed defense counsel that Mrs. Smith underwent a three-hour deposition, her implanting physician had been deposed, she had undergone both an IME and a DME, had served her PFS, the parties had exchanged expert disclosures and specific causation reports and the parties had served each other with written discovery.

12.  On May 16, 2019, Defendants filed Deposition Notices and subpoenas for the depositions of Mrs. Smith and her husband Jerry. Dkt Nos. 50-54. At this time, Mr. Smith was in a skilled nursing facility, which he had been in for well over a year, and was currently under hospice care. Mr. Smith is incapable of giving a deposition. We have been given permission to dismiss Mr. Smith from this lawsuit which we intend to file in the next few days.

13.  In a continued attempt to resolve this issue, Plaintiff's counsel sent additional letters to counsel for Defendants on June 6 and June 16, 2019, respectively. (June 6, 2019 letter to Amy Pepke and June 13, 2019 Letter to Margaret Loveman, attached hereto as "Exhibits B and C," respectively). The letters informed defense counsel that Mr. Smith is in a skilled nursing facility under hospice care and is incapable of giving a deposition and reiterated Mrs. Smith has already been deposed and there appears to be no justification for a second deposition. Mrs. Smith had not undergone any Defense counsel was also apprised that Mrs. Smith already underwent a full three-hour deposition by Defendant and since that deposition she has not undergone any additional urological or gynecological surgeries or any significant medical treatment as it relates to the Prolift or TVT-O devices she received.

5

14. Thus far, Defendants have refused to withdraw the Deposition Notices or Subpoenas for either Mr. or Mrs. Smith. In the June 16, 2019 letter we informed defense counsel that Mrs. Smith will not be in attendance for the arbitrarily noticed June 18, 2019 deposition nor would Mr. Smith and that we would be filing a protective order sometime on June 17, 2019.

15. In addition to the Smith matter, Counsel herein has two additional cases with a similar procedural posture having been almost completely worked up in Wave 4 but not completing the wave due to a Master Settlement Agreement. Both of these cases were also included in the Wave 11 list. In one of these cases, the plaintiff underwent at least one significant surgery to remove mesh and other significant medical care after her Wave 4 deposition. Plaintiff's counsel does not oppose the limited deposition of this plaintiff as she did have significant additional medical care that Defendants could not question her about during her initial deposition.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this the 17th day of June, 2019, at San Diego, California.

_____
CHRIS W. CANTRELL