**Jeanne F. Loftis**, OSB #913612
E-mail:   jeanne.loftis@bullivant.com
**Leta Gorman**, OSB #984015
E-mail:   leta.gorman@bullivant.com
**Diane Lenkowsky**, OSB #143725
E-mail:   diane.lenkowsky@bullivant.com
BULLIVANT HOUSER BAILEY PC
One SW Columbia Street
Suite 800
Portland, Oregon  97204
Telephone: 503.228.6351
Facsimile: 503.295.0915

**Anita Modak-Truran**, *pro hac vice* admission
E-mail:   anita.modak-truran@butlersnow.com
BUTLER SNOW LLP
150 3rd Ave., South, Ste. 1600
Nashville, Tennessee  37201
Telephone: 615.651-6751
Facsimile: 615.651.6701

*Attorneys for Defendants, Ethicon, Inc., and Johnson & Johnson*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BARBARA SMITH and GARY SMITH,<br><br>      Plaintiffs,<br><br> v.<br><br>ETHICON, INC., et al.,<br><br>      Defendants. | Civil No.: 3:20-cv-00851-AC<br><br>**DEFENDANTS' OBJECTIONS TO MAGISTRATE'S FINDINGS AND RECOMMENDATION** |

Bullivant|Houser|Bailey PC
One SW Columbia Street
Suite 800
Portland, Oregon  97204
Telephone: 503.228.6351

**DEFENDANTS' OBJECTIONS TO MAGISTRATE'S FINDINGS AND RECOMMENDATION**
**Page 1**

On May 13, 2021, Magistrate Judge John V. Acosta issued his Findings and Recommendation ("F&R"), Doc. No. 138, in this case recommending that Defendants Ethicon, Inc. and Johnson & Johnson's (collectively "Ethicon") Motion for Partial Summary Judgment, Doc. No. 62 & 63, be granted, in part, and denied, in part.  Pursuant to Federal Rule of Civil Procedure 72(b), Ethicon respectfully objects to the Magistrate's recommendation that its Motion for Partial Summary Judgment be denied as to breach of implied warranty (Counts XII).[1]

Specifically, Ethicon submits that summary judgment should have been granted due to a lack of privity.  In denying Ethicon's motion, the Magistrate relied on the district court's interpretation of *Colvin v. FMC Corp.*, 42 Or. App. 709 (1979), in *Allen v. G.D. Searle & Co.*, 708 F. Supp. 1142 (D. Or. 1989).  Instead, the Court should follow *Colvin* and subsequent Oregon cases and find that privity is required to prove their implied warranty claim.   Plaintiffs cannot establish they were in privity with Ethicon, and the Court should dismiss this claim.  The Findings and Recommendation should be overturned to the extent that Magistrate Judge Acosta recommends that the Court deny Ethicon's Motion for summary judgment as to the implied warranty claim (Count XII).

## FACTS

The F&R sets forth the facts in this case on pages 2 through 3.  For the sake of brevity, Defendants refer the Court to the facts set forth therein.  Defendants also incorporate the facts and arguments set forth in their Motion for Partial Summary Judgment briefing.

---

[1] The F&R also recommends that the Court deny Ethicon's Motion as to an Oregon product liability statute argument as to Counts I-IX and XI-XII, defective product (Count IV), express warranty (Count XI), and unjust enrichment (Count XV).  The F&R recommends that the Court grant Ethicon's Motion as to manufacturing defect (Count II) and constructive fraud (Count VIII).

Bullivant|Houser|Bailey PC
One SW Columbia Street
Suite 800
Portland, Oregon  97204
Telephone: 503.228.6351

**DEFENDANTS' OBJECTIONS TO MAGISTRATE'S FINDINGS AND RECOMMENDATION**
**Page 2**

## LEGAL STANDARD

28 U.S.C. § 636(b)(1)(B)-(C) authorizes district courts to "designate a magistrate judge . . . to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court." That judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Federal Rule of Civil Procedure 72 further authorizes a magistrate to order a recommended disposition accompanied by findings of fact, but allows a party to serve and file objections to the magistrate's recommended disposition within 14 days after being served with a copy of the order. Fed. R. Civ. P. 72(b)(2). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* at (b)(3).

## ARGUMENT

**Privity is required to prove Plaintiffs' implied warranty claim (Count XII).**

The F&R recommends the Court follow the reasoning of *Allen v. G.D. Searle & Co.*, 708 F. Supp. 1142 (D. Or. 1989), but the Court is not bound by other district court's interpretation of Oregon's law. *See Atl. Nat. Tr. Liab. Co. v. Gunderson*, 132 F. Supp. 2d 1284, 1288 (D. Or. 2000) (Federal courts sitting in diversity follow the state's highest court or the "intermediate appellate court or courts of that state" as the "next best indicia of what state law is" (citation omitted)). *See also Fireman's Fund Ins. Co. v. Oregon Auto. Ins. Co.*, No. CV03-0025, 2010 WL 3467297, *2-3 (D. Or. Sept. 2, 2010), *aff'd sub nom. Fireman's Fund Ins. Co. v. N. Pac. Ins. Co.*, 446 F. App'x

Bullivant|Houser|Bailey PC
One SW Columbia Street
Suite 800
Portland, Oregon 97204
Telephone: 503.228.6351

**DEFENDANTS' OBJECTIONS TO MAGISTRATE'S FINDINGS AND RECOMMENDATION**
**Page 3**

909 (9th Cir. 2011) ("Both the Supreme Court and Ninth Circuit caselaw establish that a state appellate decision can be binding precedent on a federal court of any level.").

Instead, the Court should follow *Colvin v. FMC Corp.*, 43 Or. App. 709 (1979). In *Colvin*, the Court of Appeals of Oregon, sitting *en banc*, noted that at that time, "No Oregon case prior to today has construed the warranty provision of ORS 72.3180 to extend to parties claiming damages for personal injury who are not in privity with the seller." 43 Or. App. at 716. Because the Oregon Supreme Court had previously found that privity was necessary in economic injury cases, the *Colvin* court concluded, "We see no reason to alter the Western Seed/Hupp/Davis rule with respect to personal injuries." *Id.* Accordingly, privity is required for Plaintiffs' implied warranty claim, alleging personal injuries. *See Torch v. Windsor Surry Co.*, No. 3:17-CV-00918-AA, 2019 WL 6709379, at *10 (D. Or. Dec. 9, 2019) (defining economic loss in a defective product case as being limited to the "cost to repair or replace the product.").

The *Allen* court's contrary reasoning about privity is dicta. In *Allen*, the court dismissed the warranty claims based on no presuit notice. 708 F. Supp. at 1160.[2] Additionally, in *Allen*, the court noted that while, "it appears that lack of privity does not bar Allen's express warranty claim under Oregon law," "Oregon law is less clear as to Allen's implied warranty claim." *Id.* at 1159. The *Allen* court reasoned that because the law on privity was not settled in Oregon and because the lack of presuit notice resolved the claim regardless, it would not hold that privity was required. *Id.* at 1159-60.

---

[2] While not argued in Ethicon's Motion for Partial Summary Judgment, Plaintiffs will not be able to prove they provided presuit notice before filing their claims. The Magistrate included a footnote citing Oregon law specifying that presuit notice is an essential element of warranty claims. F&R, Doc. No. 138 at 16 n.4.

Bullivant|Houser|Bailey PC
One SW Columbia Street
Suite 800
Portland, Oregon 97204
Telephone: 503.228.6351

**DEFENDANTS' OBJECTIONS TO MAGISTRATE'S FINDINGS AND RECOMMENDATION**
**Page 4**

Other cases have required privity.  In *Simonsen v. Ford Motor Co.*, the Oregon Court of Appeals described the holding of *Colvin*: "[P]rivity of contract is a necessary prerequisite in a breach of contract claim for personal injuries."  196 Or. App. 460, 479 (2004) (evaluating breach of warranty claims).  *See also Dravo Equip. Co. v. German,* 73 Or. App. 165, 169 (1985) (holding that, at least with respect to implied warranty for economic loss, "No appellate case has overruled the requirement for privity in a breach of implied warranty case where damages for economic loss were sought.").  In *Torch v. Windsor Surry Co.*, the district court cited *Simonsen* for the holding that, "[P]rivity of contract *is* necessary to support a claim for breach of warranty when the damages sought are other than pure economic damages (*e.g.*, personal injuries, property damage)."  2019 WL 6709379, at *10.[3]  Thus, this Court should conclude that privity is required for Plaintiffs to establish their implied warranty claim.  Because Plaintiffs were not in privity with Ethicon, the Court should dismiss their claim on this basis.

## CONCLUSION

For these reasons, Defendants Ethicon, Inc., and Johnson & Johnson respectfully request that this Court overturn the F&R to the extent it recommends denying Ethicon's Motion for Partial Summary Judgment as to Count XII and enter an Order dismissing claims II, VIII, and XII with prejudice and granting Defendants any additional relief to which they may be entitled.

DATED:  May 27, 2021

---

[3] In a footnote, the district court in *Torch* parsed *Colvin*'s potential application to persons inside and outside of the distributive chain, but this distinction was not essential to the holding in *Torch*, where the plaintiff was outside of the distributive chain.  2019 WL 6709379, at *10 n.5.  The *Simonsen* court did not specify any distinctions based on position inside or outside the distributive chain.  196 Or. App. at 479.

Bullivant|Houser|Bailey PC
One SW Columbia Street
Suite 800
Portland, Oregon 97204
Telephone: 503.228.6351

**DEFENDANTS' OBJECTIONS TO MAGISTRATE'S FINDINGS AND RECOMMENDATION**
**Page 5**

BULLIVANT HOUSER BAILEY PC


By  */S/ Diane Lenkowsky*
    **Jeanne F. Loftis**, OSB #913612
    **Leta Gorman**, OSB #984015
    **Diane Lenkowsky**, OSB #143725
    Telephone: 503.228.6351


BUTLER SNOW LLP


By  */S/ Anita Modak-Truran*
    **Anita Modak-Truran**, *pro hac vice*
    Telephone: 615.651.6751

    Attorneys for Defendants


59240285.v1

**Bullivant|Houser|Bailey PC**
One SW Columbia Street
Suite 800
Portland, Oregon 97204
Telephone: 503.228.6351

**DEFENDANTS' OBJECTIONS TO MAGISTRATE'S FINDINGS AND RECOMMENDATION**
**Page 6**