IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**BARBARA SMITH,** and **GARY SMITH,**

    Plaintiffs,

v.                                                        No. 3:20-cv-00851-AC

**ETHICON INC.,** and **JOHNSON & JOHNSON,**                     OPINION AND ORDER

    Defendants.

**MOSMAN, J.**,

    On May 13, 2021, Magistrate Judge John V. Acosta issued his Findings and Recommendation (F. & R.) [ECF 138]. Judge Acosta recommended that I grant in part and deny in part Defendants' Motion for Partial Summary Judgment [ECF 62]. Defendants Ethicon, Inc. and Johnson & Johnson filed objections and Plaintiffs Barbara and Gary Smith responded. *See* Defs.' Objs. [ECF 140]; Pls.' Objs. [ECF 141]. Upon review, I ADOPT Judge Acosta's F. & R. [ECF 138] and GRANT in part and DENY in part Defendants' Motion for Partial Summary Judgment [ECF 62].

## STANDARD OF REVIEW

    The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to

1 – OPINION AND ORDER

make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F. & R. to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F. & R. depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F. & R. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

Defendants object to Judge Acosta's findings on Plaintiffs' implied warranty claim. Judge Acosta found that because Ms. Smith was in the usual distributive chain, Oregon law does not bar Plaintiffs' claim for breach of implied warranty. F. & R. [ECF 138] at 15–16. Defendants argue that Judge Acosta should have followed *Colvin v. F.M.C. Corporation*, 604 P.2d 157 (1979), and found that privity is required for the implied warranty claim and that Ms. Smith cannot establish she was in privity with Ethicon. Defs.' Objs. [ECF 140] at 3–5.

Aside from merely claiming error, Defendants make no argument to refute Judge Acosta's finding of privity. *Id.* at 5; *see also Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) (stating that courts "will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim"). In any event, upon review I agree with Judge Acosta's well-reasoned finding that, because Ms. Smith was within the distributive chain for Ethicon's pelvic mesh products, Oregon law does not bar Plaintiffs' implied warranty claim. *See Allen v. G. D. Searle & Co.*, 708 F. Supp. 1142, 1159 (D. Or. 1989); *Torch v. Windsor Surry Co.*, 3:17-cv-00918-AA, 2019 WL 6709379, at *11 n.5 (D. Or. Dec. 9, 2019) ("Oregon courts have restricted

recovery under an implied warranty theory to injuries suffered by a person within the distributive chain" (citing *Colvin*, 604 P.2d at 157)). I therefore adopt Judge Acosta's F. & R. denying summary judgment on this claim.

## CONCLUSION

Upon review, I agree with Judge Acosta's findings and recommendation, and I ADOPT the F. & R. [ECF 138] as my own opinion. I GRANT in part and DENY in part Defendants' Motion for Summary Judgment [ECF 62].

IT IS SO ORDERED.

DATED this __12__ day of August, 2021.

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge

3 – OPINION AND ORDER