**Jeanne F. Loftis**, OSB #913612
E-mail:  jeanne.loftis@bullivant.com
**Diane Lenkowsky**, OSB #143725
E-mail:  diane.lenkowsky@bullivant.com
BULLIVANT HOUSER BAILEY PC
One SW Columbia Street, Suite 800
Portland, Oregon  97204
Telephone: 503.228.6351
Facsimile: 503.295.0915

**Anita Modak-Truran** (admitted *pro hac vice*)
Email:  anita.modak-truran@butlersnow.com
**Kenneth Conour** (admitted *pro hac vic*e)
Email:  kenneth.conour@butlersnow.com
**BUTLER SNOW, LLP**
150 3rd Avenue South, Suite 1600
Nashville, Tennessee 37201
Telephone: 615.651.6751

*Attorneys for Defendants Ethicon, Inc. and Johnson & Johnson*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BARBARA SMITH and GARY SMITH,<br><br>Plaintiffs,<br><br>v.<br><br>ETHICON, INC., ETHICON LLC and JOHNSON & JOHNSON,<br><br>Defendants. | Civil No.: 3:20-cv-00851-MO<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE THE CASE-SPECIFIC TESTIMONY OF DANIEL ELLIOTT, M.D. AND INCORPORATED MEMORANDUM OF LAW** |

Bullivant|Houser|Bailey PC
One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE THE CASE-SPECIFIC TESTIMONY OF DANIEL ELLIOTT, M.D. AND INCORPORATED MEMORANDUM OF LAW**
**Page 1**

Defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Ethicon") submit this Reply in Support of their Motion to Exclude the Case-Specific Testimony of Daniel Elliott, M.D. and Incorporated Memorandum of Law (Dkt. 158).[1]

## I.  ARGUMENT

I. **Dr. Elliott Should Be Precluded From Offering Any Opinions or Testimony at Trial Regarding TVT-O.**

Plaintiff concedes that Dr. Elliott has not offered any opinion that Mrs. Smith's alleged injuries were caused by TVT-O. *See* Dkt. 163 at 3. However, Plaintiff argues that this Court should not preclude Dr. Elliott from offering opinions and testimony at trial regarding TVT-O because "[e]vidence and testimony at trial may touch upon Mrs. Smith's TVT-O implant, including opinions by Dr. Elliott that the TVT-O was *not* the cause of Mrs. Smith's injuries." *Id.* To be clear, Ethicon has no objection to Dr. Elliott opining at trial that Mrs. Smith's alleged injuries were not caused by TVT-O. However, this Court should preclude Dr. Elliott from offering opinions or testimony regarding alleged defects in TVT-O's design or warnings, including any opinion that Mrs. Smith has been injured by any such alleged defects.

Further, Plaintiff argues this Court should deny Ethicon's motion because Plaintiff is still "half a year away from trial[,]" "many women filed claims in the MDL for injuries from defects in the TVT-O[,]" and "there is always the possibility Mrs. Smith could suffer harm from the TVT-O." Dkt. 163 at 3-4. First, the fact that other women filed other lawsuits for

---

[1] By replying to some, but not all, of the issues raised in Plaintiff's opposition, Ethicon does not concede any arguments raised in its motion, and Ethicon is not withdrawing its motion with respect to these arguments.

Bullivant|Houser|Bailey PC
One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE THE CASE-SPECIFIC TESTIMONY OF DANIEL ELLIOTT, M.D. AND INCORPORATED MEMORANDUM OF LAW
Page 2**

injuries allegedly caused by TVT-O is completely irrelevant to this Court's consideration of Ethicon's Motion. Additionally, on its face, Plaintiff's argument demonstrates that any specific causation opinions offered by Dr. Elliott regarding TVT-O would be based on pure speculation. *Id.* at 4 ("**Although not expected**, there is always **the possibility** Mrs. Smith could suffer harm from the TVT-O) (emphasis added).

Plaintiff's argument is also contrary to her position in discovery and allowing her to claim injuries from TVT-O now would be unfairly prejudicial to Ethicon. For example, in the deposition of Mrs. Smith's implanting surgeon, Dr. Peter Zenthoefer, Plaintiff represented her action did not include claims against TVT-O device and Ethicon's questioning was accordingly limited to questions regarding Prolift. *See* Declaration of Jeanne F. Loftis ("Loftis Dec."), ¶ 2, Exhibit 1, Deposition of Peter Zenthoefer, M.D., January 31, 2017, at 5:4-11. Were Plaintiff allowed to renege on her representation and suddenly introduce claims against TVT-O, Ethicon would need to conduct full discovery on those claims. But it is too late to simply reopen discovery, and Plaintiff's "possible" claims against TVT-O should be rejected.

For these reasons, the Court should preclude Dr. Elliott from offering causation opinions and testimony at trial regarding TVT-O.

**II.     Dr. Elliott's Specific Causation Opinions Are Irrelevant and Not Helpful to the Jury Because He Does Not Link Mrs. Smith's Injuries to Any Defect in the Prolift or TVT-O.**

In her opposition, Plaintiff spent several pages making the conclusory argument that Dr. Elliott links Mrs. Smith's injuries to a specific defect in the Prolift, claiming "Dr. Elliott causally links Mrs. Smith's these Prolift erosion injuries [*sic*], including Prolift erosion into

Bullivant|Houser|Bailey PC
One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE THE CASE-SPECIFIC TESTIMONY OF DANIEL ELLIOTT, M.D. AND INCORPORATED MEMORANDUM OF LAW
Page 3

her bladder, to the defective Prolift." Dkt. 163 at 6-13. Plaintiff apparently contends that mesh erosion/exposure is both the injury and the injury-causing defect. *Id.* at 10 ("Mrs. Smith's multiple Prolift erosions caused Mrs. Smith's injuries[.]"); *Id.* at 11 ("Dr. Elliott also specifically opines 'bladder mesh erosion from Prolift caused recurrent UTI' in Mrs. Smith.").

However, this is a logical fallacy. Dr. Elliott opines that erosion is one of Mrs. Smith's "primary" injuries, which then caused additional injuries. Dkt. 163 at 7, 15. But Plaintiff has not identified any reliable evidence from Dr. Elliott identifying a specific defect that caused Mrs. Smith's erosions. Although Plaintiff points to Dr. Elliott's opinion that "Prolift defects including mesh contraction, foreign body reaction, and degradation" *can* lead to "mesh erosion and even fistulas, the primary injuries Mrs. Smith suffered[,]" *id.* at 7, Dr. Elliott does not identify which of these alleged defects ***actually caused*** Mrs. Smith's erosion and fistulae.

Because Dr. Elliott failed to reliably link a specific defect in the Prolift to Mrs. Smith's alleged injuries, his specific causation opinions are irrelevant and not helpful to the jury.

### III. Dr. Elliott's Specific Causation Opinions are Unreliable Due to His Failure to Perform a Reliable Differential Diagnosis.

In arguing that Dr. Elliott's purported differential diagnosis is reliable, Plaintiff offers vague and conclusory arguments contending that, because Dr. Elliott mentioned certain conditions in his summary of Mrs. Smith's medical history, he necessarily considered and ruled out such conditions as possible causes of her alleged injuries. Dkt. 163 at 20-24. Yet, with the exception of vaginal discharge, Plaintiff does not identify any portion of Dr. Elliott's case-specific reports or deposition testimony in which he provides an explanation as to how he ruled out alternative causes for Mrs. Smith's alleged injuries. *Id.* at 20-24. Rather, Plaintiff

Bullivant|Houser|Bailey PC
One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE THE CASE-SPECIFIC TESTIMONY OF DANIEL ELLIOTT, M.D. AND INCORPORATED MEMORANDUM OF LAW**
**Page 4**

summarily contends that Dr. Elliott "provides ample reason for why he opines" that the Prolift was the sole cause of all of Mrs. Smith's alleged injuries. *Id.* at 24.

With respect to Mrs. Smith's UTIs, Plaintiff suggests that Dr. Elliott provided an explanation as to how he considered and ruled out alternative causes because he stated in his original case-specific report that he could not attribute her UTIs to the Prolift because she had not experienced an erosion, but "[o]nce the bladder mesh erosion occurred, subsequent UTIs were found to have been caused by the Prolift." *Id.* at 23-24. As an initial matter, Plaintiff's arguments in her opposition cannot substitute for expert opinions. Further, Plaintiff's arguments confirm that Dr. Elliott apparently only considered one cause for Mrs. Smith's UTIs – mesh erosion. Plaintiff apparently concedes that Mrs. Smith experienced UTIs before she was first diagnosed with mesh erosion, which were not caused by the Prolift, yet Dr. Elliott provides no explanation as to the cause of her pre-erosion UTIs or how he ruled out such cause as a cause of her post-erosion UTIs.

Finally, Plaintiff quotes excerpts from opinions of the MDL Court, arguing that his differential diagnosis in this case is reliable and admissible because "courts have found in other mesh litigations" that "Dr. Elliott's specific causation opinions are admissible." Dkt. 163 at 25. However, the fact that other courts have found that Dr. Elliott performed a reliable differential diagnosis in other cases involving other plaintiffs says absolutely nothing about whether he performed a reliable differential diagnosis in ***this*** case.

For these reasons, and as set forth more fully in Ethicon's Motion, Dr. Elliott's specific causation opinions are unreliable and should be excluded.

Bullivant|Houser|Bailey PC

One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE THE CASE-SPECIFIC TESTIMONY OF DANIEL ELLIOTT, M.D. AND INCORPORATED MEMORANDUM OF LAW**
**Page 5**

## CONCLUSION

For these reasons, and for the reasons set forth in Ethicon's previously filed motions to exclude (Dkt. Nos. 64 and 158), this Court should exclude Dr. Elliott's specific causation opinions in their entirety.

DATED:  February 15, 2022

        BULLIVANT HOUSER BAILEY PC

        By  */s/ Jeanne F. Loftis*
           **Jeanne F. Loftis, OSB #913612**
           **Diane Lenkowsky, OSB #143725**
           Telephone: 503.228.6351

       BUTLER SNOW LLP

        By  */s/ Kenneth Conour*
           **Anita Modak-Truran**, *pro hac vice*
           **Kenneth Conour**, *pro hac vice*
           Telephone: 615.651.6751

        Attorneys for Defendants

4867-0991-6430.1 37519/00008

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE THE CASE-SPECIFIC TESTIMONY OF DANIEL ELLIOTT, M.D. AND INCORPORATED MEMORANDUM OF LAW
Page 6**