Daniel Duyck
email: dduyck@duycklaw.com
Duyck & Associates, LLC
111 SW Columbia St., Suite 715
Portland, OR 97201
(503) 764-2030 phone

John Lowther (admitted pro hac vice)
email: john@doylelowther.com
Doyle Lowther LLP
4400 NE 77th Avenue, Suite 275
Vancouver, WA 98662
(360) 818-9320 phone
(360) 450-3116 fax

*Attorneys for Plaintiff Barbara Smith*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BARBARA SMITH,<br><br>               Plaintiff,<br><br>v.<br><br>ETHICON, INC., et al.,<br><br>               Defendants. | Case No.: 3:20-cv-00851-MO<br><br>PLAINTIFF'S OBJECTIONS TO DEPOSITION TESTIMONY OF DR. JEFFERY WHEAT |

| **Defendants' Designations** | **Plaintiff's Objections** |
|---|---|
| 79:6-23 | Lines 79:6-12 are cumulative of lines 7:10-13 and irrelevant and a waste of time. FRE 401-403.<br><br>Lines 79:18-23 (testimony about when the witness learned of the lawsuit) are irrelevant, a waste of time, misleading, and confusing. FRE 401-403. |
| 80:11-81:12 | Lines 80:11-81:2 (testimony about when the witness learned of the lawsuit and if he recommended it) are irrelevant, a waste of time, misleading, confusing, and more prejudicial than probative. FRE 401-403.<br><br>Lines 81:3-12 (testimony about whether the Dr. Wheat ever said the mesh was defective or caused the injuries) are outside the scope of the expert disclosures for this treating physician, misleading and confusing to the jury as to the significance, and more prejudicial than probative insofar as they imply he conducted an expert review of product defects and causation. FRCP 26; FRE 403, 701-703. |
| 83:2-5 | Lines 83:2-5 are irrelevant because the TVT-O is not a claim at issue, risks misleading and confusing the jury by discussing standard of care, and call for opinions outside the scope of expert disclosure for this treating physician. FRCP 26; FRE 401-403, 701-703. |
| 84:2-15 | Lines 84:2-15 are irrelevant because the TVT-O is not a claim at issue, risks misleading and confusing the jury by discussing gold standard, call for opinions outside the scope of expert disclosure for this treating physician, and are hearsay as to the AUA statements. FRCP 26; FRE 401-403, 701-703, 801-802. |
| 85:1-8 | Lines 85:1-8 call for speculation for what another doctor did approximately five years before the witness joined Kaiser, the witness's expectations are irrelevant as to events that happened away from him, would confuse and mislead the jury, and are more prejudicial than probative on the critical issue of informed consent. FRE 401-403, 601-602. |
| 85:14-89:10 | Lines 85:14-89:10 are irrelevant, confusing, misleading, and adduced through improper presentation of evidence that effectively reads Dr. Zenthoefer's testimony and ask him to agree with it; call for speculation as to what was told to Plaintiff; and call for opinions outside the scope of expert disclosure about what was known in 2006, not Dr. Wheat's treatment of Plaintiff. FRCP 26; FRE 401-403, 601-602, 611, 701-703. |

| **Defendants' Designations** | **Plaintiff's Objections** |
|---|---|
| 89:14-90:16 | Lines 89:14-90:16 are irrelevant, confusing, misleading, and adduced through improper presentation of evidence that effectively reads Dr. Zenthoefer's testimony and asks him to agree with it; call for speculation as to what was told to Plaintiff; and call for opinions outside the scope of expert disclosure about what was allegedly told to Plaintiff versus the injuries she suffered. FRCP 26; FRE 401-403, 601-602, 611, 701-703. |
| 90:19-21 | Lines 90:19-21 are irrelevant, confusing, misleading, and adduced through improper presentation of evidence that asks the witness to agree with Dr. Zenthoefer's testimony; call for speculation as to what was told to Plaintiff. FRE 401-403, 601-602, 611. |
| 90:23-91:2 | Lines 90:23-91:2 are irrelevant, confusing, misleading, and adduced through improper presentation of evidence that asks the witness to agree with Dr. Zenthoefer's testimony; call for speculation as to what was told to Plaintiff. FRE 401-403, 601-602, 611. |
| 91:4 | Line 91:4 is irrelevant, confusing, misleading, and adduced through improper presentation of evidence that asks the witness to agree with Dr. Zenthoefer's testimony; calls for speculation as to what was told to Plaintiff. FRE 401-403, 601-602, 611. |
| 91:9-92:8 | Lines 91:9-18 are irrelevant, confusing, misleading, and more prejudicial than probative in that they seek to confirm that the injuries Plaintiff suffered were warned of by Dr. Zenthoefer, as given by his testimony; call for speculation as to what was told to Plaintiff. FRE 401-403, 601-602, 611.<br><br>Lines 91:19-92:5 are irrelevant, confusing, misleading, and adduced through improper presentation of evidence that asks the witness to agree with Dr. Zenthoefer's testimony; call for speculation as to what was told to Plaintiff. FRE 401-403, 601-602, 611.<br><br>Lines 92:6-8 call for opinions outside the scope of expert disclosure about what was known in 2006, not Dr. Wheat's treatment of Plaintiff. FRCP 26; 701-703. |
| 92:10-11 | Lines 92:10-11 call for opinions outside the scope of expert disclosure about what was known in 2006, not for Dr. Wheat's treatment of Plaintiff. FRCP 26; 701-703. |

| **Defendants' Designations** | **Plaintiff's Objections** |
|---|---|
| 92:24-94:12 | Lines 93:15-94:10 are irrelevant, confusing, misleading, and more prejudicial than probative in that medical devices for SUI treatment are not at issue; call for opinions outside the scope of expert disclosure in that they address polypropylene in his treatment of SUI in patients, not for Dr. Wheat's treatment of Plaintiff. FRCP 26; 401-403, 701-703.<br><br>Lines 94:11-12 are irrelevant in that smoking is not contraindicated in the IFU and highly prejudicial given local disfavor of smoking; the question is leading. FRE 401-403, 611. |
| 94:14 | Line 94:14 is irrelevant in that smoking is not contraindicated in the IFU and highly prejudicial given local disfavor of smoking; the question is leading. FRE 401-403, 611. |
| 95:13-21 | Lines 95:13-21 are irrelevant, confusing, misleading, and more prejudicial than probative in that medical devices for SUI treatment are not at issue and Dr. Wheat doesn't treat for prolapse; call for opinions outside the scope outside of expert disclosure in that they address general impact of smoking, not Dr. Wheat's treatment of Plaintiff; and are irrelevant in that smoking is not contraindicated in the IFU and highly prejudicial given local disfavor of smoking. FRCP 26; 401-403, 701-703. |
| 96:9-21 | Lines 96:9-21 call for opinions outside the scope outside of expert disclosure in that they address general impact of smoking, not Dr. Wheat's treatment of Plaintiff; are irrelevant in that smoking is not contraindicated in the IFU and highly prejudicial given local disfavor of smoking. FRCP 26; 401-403, 701-703. |
| 97:1-10 | Lines 97:1-10 call for opinions outside the scope of expert disclosure in that they address general impact of smoking, not Dr. Wheat's treatment of Plaintiff; are irrelevant in that smoking is not contraindicated in the IFU and highly prejudicial given local disfavor of smoking. FRCP 26; 401-403, 701-703. |
| 98:13-100:2 | Lines 98:13-99:20 are irrelevant, confusing, misleading, and adduced through improper questioning that asks the witness to agree that Dr. Zenthoefer made certain statements during his deposition. FRE 401-403, 611.<br><br>Lines 99:16-100:2 call for opinions outside the scope of expert disclosure in that they address general risks from non-mesh POP surgery, not Dr. Wheat's treatment of Plaintiff; speculative in that Dr. Wheat does not perform POP surgeries and thus are irrelevant, misleading, and highly prejudicial. FRCP 26; 401-403, 601-602, 701-703. |

| **Defendants' Designations** | **Plaintiff's Objections** |
|---|---|
| 100:6-103:24 | Lines 100:6-101:20 call for opinions outside the scope of expert disclosure in that they address general risks from non-mesh pelvic floor surgery, not Dr. Wheat's treatment of Plaintiff; speculative in that Dr. Wheat does not perform POP surgeries, SUI devices are not at issue, and thus are irrelevant, misleading, and highly prejudicial. FRCP 26; 401-403, 601-602, 701-703.<br><br>Lines 101:21-102:11 call for opinions outside the scope of expert disclosure in that they address general foreign body reaction, not Dr. Wheat's treatment of Plaintiff. FRCP 26; 701-703.<br><br>Lines 102:12-103:2 call for opinions outside the scope of expert disclosure in that they address general risks from non-mesh pelvic floor surgery, not Dr. Wheat's treatment of Plaintiff; speculative in that Dr. Wheat does not perform POP surgeries, SUI devices are not at issue, and thus are irrelevant, misleading, and highly prejudicial. FRCP 26; 401-403, 601-602, 701-703.<br><br>Lines 103:3-11 call for opinions outside the scope of expert disclosure in that they address general mesh erosion, not Dr. Wheat's treatment of Plaintiff. FRCP 26; 701-703.<br><br>Lines 103:12-24 are irrelevant, confusing, misleading, and more prejudicial than probative in that they seek to confirm that certain information was told to Plaintiff by Dr. Zenthoefer, as shown in testimony; call for speculation as to what was told to Plaintiff; call for opinions outside the scope of expert disclosure in that they address general surgery results, not Dr. Wheat's treatment of Plaintiff. FRCP 26; FRE 401-403, 601-602, 701-703. |
| 104:2-105:6 | Lines 104:2-3 are irrelevant, confusing, misleading, and more prejudicial than probative in that they seek to confirm that certain information was told to Plaintiff by Dr. Zenthoefer, as shown in testimony; call for speculation as to what was told to Plaintiff; call for opinions outside the scope of expert disclosure in that they address general surgery results, not Dr. Wheat's treatment of Plaintiff. FRCP 26; FRE 401-403, 601-602, 701-703.<br><br>Lines 104:4-105:3 call for opinions outside the scope of expert disclosure in that they address general risks from POP surgery, not Dr. Wheat's treatment of Plaintiff; speculative in that Dr. Wheat does not perform POP surgeries and thus are irrelevant, misleading, and highly prejudicial. FRCP 26; 401-403, 601-602, 701-703. |
| 105:11-15 | |

| **Defendants' Designations** | **Plaintiff's Objections** |
|---|---|
| 105:21-113:2 | Lines 105:21-111:21 are speculative, irrelevant, confusing, misleading, and more prejudicial than probative in that they concern medical records prepared by Dr. Zenthoefer and Dr. Wheat's understanding of certain terminology; call for opinions outside the scope of expert disclosure in that they address Dr. Zenthoefer's treatment of Mr. Smith, not Dr. Wheat's treatment of Plaintiff. FRCP 26; FRE 401-403, 601-602, 701-703.<br><br>Lines 111:22-113:2 call for opinions outside the scope of expert disclosure in that they address prior medical treatment and general risks from prior treatment, not Dr. Wheat's treatment of Plaintiff. FRCP 26; FRE 701-703. |
| 114:4-119:14 | Lines 114:4-119:14 call for opinions outside the scope of expert disclosure in that they address Dr. Zenthoefer's and other physician's treatment of Mrs. Smith, not Dr. Wheat's treatment of Plaintiff; they are speculative in regards that Dr. Wheat is requested to interpret surgical procedure and terminology since he didn't author the medical records. FRCP 26; FRE 601-602, 701-703. |
| 120:14-122:1 | Lines 120:14-122:1 call for opinions outside the scope of expert disclosure in that they address other physician's treatment of Mrs. Smith, not Dr. Wheat's treatment of Plaintiff; they are speculative in regards that Dr. Wheat is requested to explain a surgery and interpret terminology since he didn't operate, he wasn't there, and he didn't author the medical records. FRCP 26; FRE 601-602, 701-703. |
| 122:23-123:20 | Lines 122:23-123:20 call for opinions outside the scope of expert disclosure in that they address other physician's treatment of Mrs. Smith, not Dr. Wheat's treatment of Plaintiff; they are speculative in regards that Dr. Wheat is requested to explain a surgery and interpret terminology since he didn't operate, he wasn't there, and he didn't author the medical records. FRCP 26; 601-602, 701-703. |
| 124:20-125:3 | Lines 124:20-125:3 call for opinions outside the scope of expert disclosure in that they address other physician's treatment of Mrs. Smith, not Dr. Wheat's treatment of Plaintiff; they are speculative in regards that Dr. Wheat is requested to explain a surgery and interpret terminology since he didn't operate, he wasn't there, and he didn't author the medical records, and to speculate on his expectations for items to be found in the records. FRCP 26; FRE 601-602, 701-703. |

| **Defendants' Designations** | **Plaintiff's Objections** |
|---|---|
| 125:5-127:21 | Lines 125:5-127:14 call for opinions outside the scope of expert disclosure in that they address other physician's treatment of Mrs. Smith, not Dr. Wheat's treatment of Plaintiff; they are speculative in regards that Dr. Wheat is requested to explain a surgery and interpret terminology since he didn't operate, he wasn't there, and he didn't author the medical records, and to speculate on his expectations for items to be found in the records. FRCP 26; FRE 601-602, 701-703.<br><br>Lines 127:18-21 call for opinions outside the scope of expert disclosure in that they address other physician's treatment of Mrs. Smith, not Dr. Wheat's treatment of Plaintiff; they are speculative in regards that Dr. Wheat is requested to make conclusions for a period of more than a decade during which he was not a treating physician. FRCP 26; FRE 401-403, 601-602, 701-703. |
| 131:15-132:2 | Lines 131:15-132:2 are irrelevant in that smoking is not contraindicated in the IFU and highly prejudicial given local disfavor of smoking. FRE 401-403. |
| 132:5-13 | Lines 132:5-13 are irrelevant in that smoking is not contraindicated in the IFU and highly prejudicial given local disfavor of smoking. FRE 401-403. |
| 132:18-21 | Lines 132:18-21 call for opinions outside the scope of expert disclosure in that they address events happening long before Dr. Wheat's treatment of Plaintiff; they are irrelevant in that smoking is not contraindicated in the IFU and highly prejudicial given local disfavor of smoking; the question is leading. FRCP 26; FRE 401-403, 611, 701-703. |
| 132:23 | Line 132:23 calls for opinions outside the scope of expert disclosure in that they address events happening long before Dr. Wheat's treatment of Plaintiff; it is irrelevant in that smoking is not contraindicated in the IFU and highly prejudicial given local disfavor of smoking; the question is leading. FRCP 26; FRE 401-403, 611, 701-703. |
| 133:7-9 | Lines 133:7-9 call for opinions outside the scope of expert disclosure in that they address events happening long before Dr. Wheat's treatment of Plaintiff; they are irrelevant in that smoking is not contraindicated in the IFU and highly prejudicial given local disfavor of smoking; the question is leading. FRCP 26; FRE 401-403, 611, 701-703. |
| 133:11-12 | Lines 133:11-12 call for opinions outside the scope of expert disclosure in that they address events happening long before Dr. Wheat's treatment of Plaintiff; they are irrelevant in that smoking is not contraindicated in the IFU and highly prejudicial given local disfavor of smoking; the question is leading. FRCP 26; FRE 401-403, 611, 701-703. |

| **Defendants' Designations** | **Plaintiff's Objections** |
|---|---|
| 138:7-139:23 | Lines 138:7-9 call for opinions outside the scope of expert disclosure in that they address general risk of mesh erosion, not Dr. Wheat's treatment of Plaintiff. FRCP 26; FRE 701-703. |
| 141:10-21 | Lines 141:10-13 call for opinions outside the scope of expert disclosure in that they address general risk of mesh exposure, not Dr. Wheat's treatment of Plaintiff, for he never treated for mesh exposure. FRCP 26; FRE 701-703. |
| 142:2-13 | Lines 142:2-13 call for opinions outside the scope of expert disclosure in that they address hypotheticals regarding vaginal atrophy and hormone treatment vis-à-vis mesh erosion, not Dr. Wheat's treatment of Plaintiff. FRCP 26; FRE 701-703. |
| 142:19-24 | Lines 142:19-24 call for opinions outside the scope of expert disclosure in that they do not address Dr. Wheat's treatment of Plaintiff. FRCP 26; FRE 701-703. |
| 143:8-22 | Lines 143:8-22 call for opinions outside the scope of expert disclosure in that they address general risks for fistula formation, not Dr. Wheat's treatment of Plaintiff. FRCP 26; FRE 701-703. |
| 144:17-145:9 | Lines 144:17-145:9 are irrelevant, confusing, misleading, and speculative by having the witness assume facts relayed by Dr. Zenthoefer in deposition; call for opinions outside the scope of expert disclosure about what were risks of prolapse, not Dr. Wheat's treatment of Plaintiff. FRCP 26; FRE 401-403, 601-602, 701-703. |
| 145:19-146:23 | Lines 145:19-146:23 are irrelevant, confusing, misleading, and speculative by having the witness assume facts relayed by Dr. Zenthoefer in deposition and how Dr. Zenthoefer assessed the Plaintiff; call for opinions outside the scope of expert disclosure about the hysterectomy, a procedure for which he had no participation; what were risks of prolapse, not Dr. Wheat's treatment of Plaintiff; they are highly prejudicial, misleading, and confusing as to comments about severe adhesive disease and bucket of glue are inflammatory, address an operation from 1981, and are based on hearsay from the hysterectomy surgeon. FRCP 26; FRE 401-403, 601-602, 701-703. |
| 147:2-148:7 | Lines 147:2-148:7 are irrelevant, confusing, misleading, and speculative by having the witness assume facts relayed by Dr. Zenthoefer in deposition; call for opinions outside the scope of expert disclosure about the appropriateness of the abdominal approach, not Dr. Wheat's treatment of Plaintiff; they are speculative in that Dr. Wheat does not treat prolapse; they are highly prejudicial, misleading, and confusing as to comments about availability of surgical techniques. FRCP 26; FRE 401-403, 601-602, 701-703. |

| **Defendants' Designations** | **Plaintiff's Objections** |
|---|---|
| 148:11-14 | Lines 148:11-14 are irrelevant, confusing, misleading, and speculative by having the witness assume facts relayed by Dr. Zenthoefer in deposition; call for opinions outside the scope of expert disclosure about the appropriateness of the abdominal approach, not Dr. Wheat's treatment of Plaintiff; they are speculative in that Dr. Wheat does not treat prolapse; they are highly prejudicial, misleading, and confusing as to comments about availability of surgical techniques. FRCP 26; FRE 401-403, 601-602, 701-703. |
| 150:12-151:13 | Lines 150:12-151:13 call for opinions outside the scope of expert disclosure about mesh defects and prior surgeries regarding fistula formation, not Dr. Wheat's treatment of Plaintiff; they are irrelevant and highly prejudicial, misleading, and confusing as to comments about product defects. FRCP 26; FRE 401-403, 701-703. |