Daniel Duyck
email: dduyck@duycklaw.com
Duyck & Associates, LLC
111 SW Columbia St., Suite 715
Portland, OR 97201
(503) 764-2030 phone

John Lowther (admitted pro hac vice)
email: john@doylelowther.com
Doyle Lowther LLP
4400 NE 77th Avenue, Suite 275
Vancouver, WA 98662
(360) 818-9320 phone
(360) 450-3116 fax

*Attorneys for Plaintiff Barbara Smith*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BARBARA SMITH,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ETHICON, INC., et al.,<br><br>　　　　　　Defendants. | Case No.: 3:20-cv-00851-MO<br><br>PLAINTIFF'S OBJECTIONS TO DEPOSITION TESTIMONY OF DR. PETER ZENTHOEFFER |

| **Defendants' Designations** | **Plaintiff's Objections** |
|---|---|
| 5:4-11 | Lines 5:4-11 are irrelevant as a TVT-O claim is not at issue, and this testimony would confuse and mislead the jury, and be unfairly prejudicial to Plaintiff insofar as it suggests other mesh products Mrs. Smith received were not defective. FRE 401-403. |
| 6:15-7:21 | Lines 7:3-21 are irrelevant and a waste of time; testimony about whether the witness has ever said the Prolift is defective calls for an opinion outside the scope of expert disclosure and it is not about the treatment of Plaintiff, and it is highly prejudicial to Mrs. Smith and would confuse and mislead the jury, for the response implies such examination has been conducted. FRCP 26; FRE 401-403, 701-703. |
| 21:20-35:22 | Lines 22:23-23:5 are speculative as to injuries caused at child birth and the use of forceps for delivery, for the witness was not there; calls for opinions outside the scope of expert disclosure for this treating physician; hearsay as to what another told Dr. Zenthoefer about the delivery. FRCP 26; FRE 601-602, 801-802.<br><br>Lines 24:15-25:14 are hearsay as to what the doctor who performed the hysterectomy told Plaintiff; call for opinions outside the scope of expert disclosure for this treating physician as to the length of an average hysterectomy; and the testimony is highly prejudicial to Mrs. Smith and likely to confuse and mislead the jury regarding putative duration of the hysterectomy, the alleged finding of severe adhesive disease, and is of little, if any, relevance given the hysterectomy occurred in 1981 and the description is in the most general terms. FRCP 26; FRE 401-403, 701-703, 801-802.<br><br>Lines 28:12-29:7 are hearsay and speculative as to what Plaintiff said to the nurse, as to what treatment the nurse favored and told Mrs. Smith about, and as to whether Plaintiff rejected certain treatment options. FRE 601-602, 801-802.<br><br>Lines 29:13-17 are hearsay as to what the doctor who performed the hysterectomy told Plaintiff regarding adhesions; and the testimony is highly prejudicial to Mrs. Smith and likely to confuse and mislead the jury regarding the alleged finding of severe adhesive disease, and is of little, if any, relevance given the hysterectomy occurred in 1981 and the description is in the most general terms. FRE 401-403, 801-802.<br><br>Lines 30:20-22 calls for opinions outside the scope of expert disclosure for this treating physician as to how Prolift worked with other patients. This is not testimony about the treatment of Plaintiff. FRCP 26; FRE 701-703.<br><br>Lines 30:23-31:11 are speculation as to the identification of the signature, and the question is leading. FRE 601-602, 611. |
| 41:11-48:1 | Lines 42:9-13 are opinions outside the scope of expert disclosure for this treating physician as they apply to other patients; the witness as to whether Plaintiff was very happy with the operation. FRCP 26; FRE 601-602, 701-703. |

| **Defendants' Designations** | **Plaintiff's Objections** |
|---|---|
|  | Lines 42:24-43:5 are opinions outside the scope of expert disclosure for this treating physician as they apply to other patients, not the treatment of Plaintiff. FRCP 26; 701-703.<br><br>Lines 46:3-7 are opinions outside the scope of expert disclosure for this treating physician as they apply to other patients, not the treatment of Plaintiff. FRCP 26; FRE 701-703.<br><br>Lines 47:5-12 are opinions outside the scope of expert disclosure for this treating physician as they apply to other patients, not the treatment of Plaintiff. FRCP 26; FRE 701-703. |
| 48:10-50:14 | Lines 49:25-50:9 are opinions outside the scope of expert disclosure for this treating physician as they apply not to the treatment of Plaintiff but to a subsequent review of medical records in connection with being deposed. FRCP 26; FRE 701-703. |
| 50:20-51:25 | Lines 50:20-51:25 are hearsay and speculation as to what happened during the nurse visit and the witness's speculation of what the nurse would have recorded in the medical records, and his interpretation of another's medical records. FRE 601-602, 801-802. |
| 52:9-53:14 | Lines 52:9-11 are opinions outside the scope of expert disclosure for this treating physician as they apply to general surgical risks, not to the treatment of Plaintiff. FRCP 26; FRE 701-703.<br><br>Lines 53:2-10 are opinions outside the scope of expert disclosure for this treating physician as they apply to general surgical risks and bad outcomes, not to the treatment of Plaintiff. FRCP 26; FRE 701-703.<br><br>Lines 53:11-14 are opinions outside the scope of expert disclosure for this treating physician as they do not apply to the treatment of Plaintiff; the question is also compound and thus confusing and misleading. FRCP 26; FRE 403, 611, 701-703. |
| 53:18-54:1 | Lines 53:18-22 are nonresponsive after "no" and should be stricken. They call for opinions outside the scope of expert disclosure for this treating physician and extend to specific causation, not just the treatment of Plaintiff, even using the term contributing factor. The testimony is highly prejudicial to Plaintiff and confusing and misleading to the jury due to the use of contributing factor. FRCP 26; FRE 403, 611, 701-703.<br><br>Lines 53:24-54:1 are opinions outside the scope of expert disclosure for this treating physician as they do not apply to the treatment of Plaintiff but instead concern his general patients. FRCP 26; 701-703. |

| **Defendants' Designations** | **Plaintiff's Objections** |
|---|---|
| 54:3-55:10 | Lines 54:3-15 are opinions outside the scope of expert disclosure for this treating physician as they do not apply to the treatment of Plaintiff but instead concern his general patients. FRCP 26; FRE 701-703.<br><br>Lines 54:22-25 are irrelevant due to the reference of other doctors' practices and are likely to confuse and mislead the jury. FRE 401-403. |
| 57:11-58:4 | Lines 57:11-58:1 are confusing and misleading to the jury and unfairly prejudicial to Plaintiff because the questions do not limit the complications to prolapse repair surgery but instead broadly ask about pelvic surgery, and are irrelevant because many pelvic surgeries have nothing to do with this case; call for opinions outside the scope of expert disclosure for this treating physician as they do not apply to the treatment of Plaintiff for prolapse but address all pelvic surgeries. The questions are also leading. FRCP 26; FRE 401-403, 611, 701-703.<br><br>Lines 58:2-4 are confusing and misleading to the jury and unfairly prejudicial to Plaintiff because the questions do not limit the complications to prolapse repair surgery but instead broadly ask about pelvic surgery, which would include the TVT-O surgery Dr. Zenthoefer performed as well. The question is also leading. FRE 401-403, 611. |
| 59:25-64:17 | Lines 60:7-62:14 call for opinions outside the scope of expert disclosure for this treating physician as they do not apply to the treatment of Plaintiff for prolapse but address general risks associated with non-mesh surgeries; the testimony is confusing, misleading, more prejudicial than probative because it does not apply to the Prolift. FRCP 26; FRE 401-403, 701-703.<br><br>Lines 62:15-21 are confusing, misleading, unfairly prejudicial to Plaintiff for asking generally about a list of items on a document are applicable to mesh surgeries. FRE 403.<br><br>Lines 62:22-63:6 are confusing, misleading, unfairly prejudicial to Plaintiff for asking generally about a list of items on a document are applicable to mesh procedures in general, not the Prolift procedure; call for opinions outside the scope of expert disclosure for this treating physician as they do not apply to the treatment of Plaintiff but address general risks associated with mesh surgeries in general. FRCP 26; FRE 403, 701-703.<br><br>Lines 63:16-64:4 call for opinions outside the scope of expert disclosure for this treating physician as they are not limited to conditions and injuries from Prolift, but the questions are much broader and thus confusing and misleading; the response should be stricken after "no" on line 63:19 as nonresponsive. FRCP 26; FRE 403, 611, 701-703.<br><br>Lines 64:5-10 call for opinions outside the scope of expert disclosure for this treating physician as they are address what the witness has seen in the record and not just his treatment of Plaintiff. FRCP 26; FRE 701-703. |

PLAINTIFF'S OBJECTIONS RE DEFENDANTS' DR. PETER ZENTHOEFER DESIGNATIONS

| Defendants' Designations | Plaintiff's Objections |
|---|---|
|  | Lines 64:12-17 should be stricken after "no" as nonresponsive. FRE 403, 611. |
| 65:2-6 | Lines 65:2-6 are irrelevant, confusing, and misleading because no claim has been asserted against the witness by either side. FRE 401-403. |
| 75:1-77:25 | Lines 75:1-11 are hearsay as to what the doctor who performed the hysterectomy told Plaintiff about the length of the operation and the alleged bucket of glue reference; the testimony is highly prejudicial to Mrs. Smith and likely to confuse and mislead the jury regarding putative duration of the hysterectomy and the alleged characterization of bucket of glue on the inside, which is of little, if any, relevance given the hysterectomy occurred in 1981 and the description is in the most general terms. FRE 401-403, 801-802.<br><br>Lines 75:12-25 are likely to confuse and mislead the jury regarding whether Plaintiff had conditions from the hysterectomy and the alleged bucket of glue on the inside or this was a mere belief. FRE 403.<br><br>Lines 76:1-77:9 call for opinions outside the scope of expert disclosure for this treating physician as they address available laparoscopic mesh devices; the testimony also calls for speculation about the practice of other physicians. FRCP 26; FRE 601-602, 701-703.<br><br>Lines 77:10-25 are likely to confuse and mislead the jury because the witness assumes the fact Mrs. Smith had severe adhesions from the hysterectomy. FRE 403. |
| 93:5-19 | Lines 93:13-19 are nonresponsive after "yes" and should be stricken. FRE 403, 611. |
| 95:8-96:3 | Lines 95:9-96:3 (beginning with "we") are speculative and hearsay as to the conduct and opinions of other physicians; calls for opinions outside the scope of expert disclosure for this treating physician because it is not limited to the treatment of Plaintiff, which is also confusing and misleading to the jury and highly prejudicial to Mrs. Smith. FRCP 26; FRE 403, 601-602, 801-802. |