Daniel Duyck
email: dduyck@duycklaw.com
Duyck & Associates, LLC
111 SW Columbia St., Suite 715
Portland, OR 97201
(503) 764-2030 phone

John Lowther (admitted pro hac vice)
email: john@doylelowther.com
Doyle Lowther LLP
4400 NE 77th Avenue, Suite 275
Vancouver, WA 98662
(360) 818-9320 phone
(360) 450-3116 fax

*Attorneys for Plaintiff Barbara Smith*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BARBARA SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>ETHICON, INC., et al.,<br><br>    Defendants. | Case No.: 3:20-cv-00851-MO<br><br>PLAINTIFF'S OBJECTIONS TO DEPOSITION TESTIMONY OF DR. MICHELLE RITTER |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| 13:12-16:18 | Lines 14:25-15:8 are irrelevant in that smoking is not contraindicated in the IFU and highly prejudicial given local disfavor of smoking. FRE 401-403. |
| 17:19-18:5 | Lines 17:19-18:5 are irrelevant in that smoking is not contraindicated in the IFU and highly prejudicial given local disfavor of smoking. FRE 401-403. |
| 18:22-21:16 | Lines 18:22-20:3 are irrelevant in that smoking is not contraindicated in the IFU and highly prejudicial given local disfavor of smoking. FRE 401-403; call for opinions outside the scope of expert disclosure for this treating physician regarding risks from smoking that are limited to the treatment of Plaintiff. FRCP 26; FRE 401-403, 701-703.<br><br>Lines 20:13-21:16 are highly prejudicial given the testimony addresses depression and commonly known drugs for treatment of mental issues; such testimony is inflammatory and would be confusing and misleading to the jury given no psychiatrist or psychologist has been deposed. FRE 403. |
| 22:1-25:17 | Lines 23:2-24:13 are highly prejudicial given the testimony addresses depression and drugs for treatment of mental issues; such testimony is inflammatory and would be confusing and misleading to the jury given no psychiatrist or psychologist has been deposed. FRE 403.<br><br>Lines 25:1-17 are highly prejudicial given the testimony addresses depression and anxiety; such testimony is inflammatory and would be confusing and misleading to the jury given no psychiatrist or psychologist has been deposed. FRE 403. |

| **Defendants' Designations** | **Plaintiff's Objections** |
|---|---|
| 25:20-31:12 | Lines 25:23-26:6 are highly prejudicial given the testimony addresses anxiety and mental health medication; such testimony is inflammatory and would be confusing and misleading to the jury. FRE 403.<br><br>Lines 26:13-27:2 are highly prejudicial given the testimony addresses anxiety and mental health medication; such testimony is inflammatory and would be confusing and misleading to the jury. FRE 403.<br><br>Lines 27:16-24 are irrelevant in that smoking is not contraindicated in the IFU and highly prejudicial given local disfavor of smoking; call for opinions outside the scope of expert disclosure for this treating physician regarding risks from obesity that are limited to the treatment of Plaintiff. FRCP 26; FRE 401-403, 701-703.<br><br>Lines 29:1-5 are highly prejudicial given the testimony addresses anxiety and mental health medication; such testimony is inflammatory and would be confusing and misleading to the jury. FRE 403.<br><br>Lines 29:22-30:10 are highly prejudicial given the testimony addresses anxiety and mental health medication; such testimony is inflammatory and would be confusing and misleading to the jury. FRE 403.<br><br>Lines 31:5-12 call for opinions outside the scope of expert disclosure for this treating physician regarding rectal laxity in general and not limited to the treatment of Plaintiff. FRCP 26; FRE 701-703. |
| 31:19-33:12 | Lines 32:19-33:4 are confusing and misleading to the jury and highly prejudicial to Plaintiff given the mention of disability paperwork to be completed by one of Plaintiff's doctors, for the jury would be at risk of concluding Mrs. Smith was disabled before ever receiving the Prolift. There's no mention if the paperwork was ever submitted or accepted. FRE 403. |
| 33:17-38:5 | Lines 36:18-24 are highly prejudicial given the testimony addresses anxiety disorder; such testimony is inflammatory and would be confusing and misleading to the jury. FRE 403. |
| 38:12-40:1 | Lines 39:13-40:1 are highly prejudicial given the testimony addresses depression and anxiety diagnoses by a psychologist; such testimony is inflammatory and would be confusing and misleading to the jury given no psychiatrist or psychologist has been deposed. FRE 403. |

| **Defendants' Designations** | **Plaintiff's Objections** |
|---|---|
| 40:8-43:13 | Lines 40:8-41:11 are highly prejudicial given the testimony addresses depression and anxiety; such testimony is inflammatory and would be confusing and misleading to the jury given no psychiatrist or psychologist has been deposed. FRE 403.<br><br>Lines 41:19-22 are highly prejudicial given the testimony addresses anxiety; such testimony is inflammatory and would be confusing and misleading to the jury given no psychiatrist or psychologist has been deposed; call for opinions outside the scope of expert disclosure for this treating physician regarding anxiety and fibromyalgia in general and not limited to the treatment of Plaintiff. FRCP 26; FRE 403, 701-703.<br><br>Lines 42:2-12 are irrelevant in that smoking is not contraindicated in the IFU and highly prejudicial given local disfavor of smoking; the testimony also mentions alcohol consumption, which is irrelevant but can be unfairly prejudicial. FRE 401-403.<br><br>Lines 43:2-4 are irrelevant in that tobacco is not contraindicated in the IFU and highly prejudicial given local disfavor of tobacco, especially smoking. FRE 401-403. |
| 44:9-45:15 | Lines 44:18-45:1 are highly prejudicial given the testimony addresses the attempted suicide by Plaintiff's husband, who is not a party, and the severe burns to her grandson; such testimony would be confusing and misleading to the jury and unfairly prejudicial to Mrs. Smith. FRE 403<br><br>Lines 45:8-15 are irrelevant in that smoking is not contraindicated in the IFU and highly prejudicial given local disfavor of smoking; the testimony also mentions alcohol consumption, which is irrelevant but also is unfairly prejudicial. FRE 401-403. |
| 48:8-49:19 | Lines 49:8-14 call for opinions outside the scope of expert disclosure for this treating physician regarding cause of vaginal inflammation in general and not limited to the treatment of Plaintiff. FRCP 26; FRE 403, 701-703. |
| 63:11-65:19 | Lines 65:2-19 are from improper leading questions. FRE 403, 611. |
| 66:16-18 | Lines 66:16-18 call for opinions outside the scope of expert disclosure for this treating physician regarding hypothetical cause of pain in bladder and not limited to the treatment of Plaintiff. FRCP 26; FRE 701-703. |
| 68:6-72:17 | Lines 70:4-7 call for speculation for the witness does not use the acronym SUI. FRE 601-602.<br><br>Lines 71:21-72:3 call for speculation for the witness does not use the acronym SUI. FRE 601-602. |

| **Defendants' Designations** | **Plaintiff's Objections** |
|---|---|
| 72:24-74:9 | Lines 72:24-73:12 are hearsay as to what the doctor who performed the hysterectomy said about the length of the operation and the alleged bucket of glue and severe adhesive disease references; the testimony is highly prejudicial to Mrs. Smith and likely to confuse and mislead the jury regarding putative duration of the hysterectomy and the alleged characterization of bucket of glue on the inside and severe adhesive disease, which is of little, if any, relevance given the hysterectomy occurred in 1981 and the description is in the most general terms. The testimony also calls for speculation in that the witness is asked to interpret another's records. FRE 401-403, 601-602, 801-802.<br><br>Lines 73:22-74:4 call for opinions outside the scope of expert disclosure for this treating physician regarding complications from adhesions in general and not limited to the treatment of Plaintiff. FRCP 26; FRE 701-703.<br><br>Lines 74:5-9 are hearsay as to what the doctor who performed the hysterectomy said about alleged severe adhesive disease references; the testimony is highly prejudicial to Mrs. Smith and likely to confuse and mislead the jury regarding the alleged characterization of severe adhesive disease, which is of little, if any, relevance given the hysterectomy occurred in 1981 and the description is in the most general terms. FRE 401-403, 801-802. |
| 75:16-79:3 | Lines 76:3-78:5 are confusing and misleading to the jury, a waste of time, and unfairly prejudicial to Plaintiff given counsel simply is reading excerpts of medical records with occasional agreement from the witness on accuracy; this is not the proper method of questioning a witness. FRE 403, 611.<br><br>Lines 78:10-79:3 are highly prejudicial to Plaintiff in that concern Mrs. Smith taking her husband's Percocet pills and then being counseled on an opiate therapy plan, which is irrelevant; testimony of the use of an unprescribed opiate raises the unfair inference of drug addiction, and could confuse and mislead the jury to conclude illegal drug activity has occurred and has caused the Plaintiff's injuries. FRE 401-403. |
| 79:13-80:8 | Lines 80:3-8 are highly prejudicial to Plaintiff in that they concern Mrs. Smith's alleged request to take narcotics instead of alternative medications in that the testimony raises the unfair inference of drug addiction. FRE 403. |
| 83:22-85:9 | Lines 84:2-6 are speculative and irrelevant in that Plaintiff doesn't know she has scar tissue from the hysterectomy, and is confusing and misleading to the jury as to whether she actually has scar tissue from the operation. FRE 401-403, 601-602.<br><br>Lines 84:16-19 are highly prejudicial to Plaintiff in that they reference an opiate therapy plan for Mrs. Smith, which can confuse and mislead the jury regarding Plaintiff's drug use and create an inference of drug abuse. FRE 403. |

| **Defendants' Designations** | **Plaintiff's Objections** |
|---|---|
| 99:16-19 | Lines 99:16-19 are confusing and misleading to the jury; the questioning is compound and leading. FRE 403, 611. |
| 101:12-103:14 | Lines 101:15-103:14 are highly prejudicial to Plaintiff in that they concern Mrs. Smith taking her husband's morphine medication, having the morphine identified during a drug screen, and reference to opiate therapy plan, which is irrelevant; testimony of the use of an unprescribed opiate and drug screen raise the unfair inference of drug addiction, and could confuse and mislead the jury to conclude illegal drug activity has occurred and has caused the Plaintiff's injuries. FRE 401-403. |
| 103:18-109:7 | Lines 103:22-104:4 are highly prejudicial to Plaintiff in that they reference an opiate therapy plan and major depressive disorder; such testimony is inflammatory and would be confusing and misleading to the jury given no psychiatrist or psychologist has been deposed; testimony mentioning an opiate therapy plan raises the unfair inference of drug addiction, and could confuse and mislead the jury to conclude illegal drug activity has occurred and has caused the Plaintiff's injuries. FRE 401-403.<br><br>Lines 105:2-17 are highly prejudicial to Plaintiff in that they reference taking morphine, suicide, and a referral to a psychiatrist; such testimony is inflammatory and would be confusing and misleading to the jury given no psychiatrist or psychologist has been deposed and passive thoughts were of being better off dead; testimony mentioning morphine raises the unfair inference of drug addiction, and could confuse and mislead the jury to conclude illegal drug activity has occurred and has caused the Plaintiff's injuries. FRE 401-403.<br><br>Lines 107:24-108:4 are highly prejudicial to Plaintiff in that they reference psychological and emotional disorders; such testimony is inflammatory and would be confusing and misleading to the jury given no psychiatrist or psychologist has been deposed. FRE 403.<br><br>Lines 108:8-16 are irrelevant in that smoking is not contraindicated in the IFU and highly prejudicial given local disfavor of smoking. FRE 401-403.<br><br>Lines 108:20-109:7 call for opinions outside the scope of expert disclosure for this treating physician in that the witness is asked if certain medical conditions could cause pain in Plaintiff when the witness was not involved in treatment from many of the referenced conditions. FRCP 26; FRE 701-703. |
| 109:18-111:10 | Lines 109:18-110:7 calls for opinions outside the scope of expert disclosure for this treating physician as they apply to general UTI and bladder infection risks, not to the treatment of Plaintiff. FRCP 26; FRE 701-703. |

| **Defendants' Designations** | **Plaintiff's Objections** |
|---|---|
| 134:4-24 | Lines 134:15-18 are highly prejudicial given the testimony addresses depression; such testimony is inflammatory and would be confusing and misleading to the jury given no psychiatrist or psychologist has been deposed. FRE 403. |
| 135:13-18 | Lines 135:16-18 calls for opinions outside the scope of expert disclosure for this treating physician as they apply to general pain and cystitis, not to the treatment of Plaintiff. FRCP 26; FRE 701-703. |
| 136:11-137:17 | Lines 136:14-24 are highly prejudicial given the testimony addresses depression and anxiety; such testimony is inflammatory and would be confusing and misleading to the jury given no psychiatrist or psychologist has been deposed. FRE 403.<br><br>Lines 137:1-7 calls for opinions outside the scope of expert disclosure for this treating physician as they apply to general possibility of a medical condition could cause pelvic pain, not to the treatment of Plaintiff. FRCP 26; FRE 701-703. |