Daniel Duyck
email: dduyck@duycklaw.com
Duyck & Associates, LLC
111 SW Columbia St., Suite 715
Portland, OR 97201
(503) 764-2030 phone

John Lowther (admitted pro hac vice)
email: john@doylelowther.com
Doyle Lowther LLP
4400 NE 77th Avenue, Suite 275
Vancouver, WA 98662
(360) 818-9320 phone
(360) 450-3116 fax

*Attorneys for Plaintiff Barbara Smith*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

BARBARA SMITH,

Plaintiff,

v.

ETHICON, INC., et al.,

Defendants.

Case No.: 3:20-cv-00851-MO

PLAINTIFF'S OBJECTIONS TO DEPOSITION TESTIMONY OF DR. AMANDA CLARK

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| 7:6-17 | Lines 7:6-10 are irrelevant and a waste of time. FRE 401-403. |
| 26:17-27:4 | Lines 26:17-27:4 call for opinions outside the scope of expert disclosure for this treating physician as they apply to her general medical practice of pelvic organ prolapse patients and her use of synthetic mesh to treat POP patients generally, not testimony about the treatment of Plaintiff. FRCP 26; FRE 701-703. |
| 27:6-15 | Lines 27:6-15 call for opinions outside the scope of expert disclosure for this treating physician as they apply to her general use of synthetic mesh to treat POP patients, not testimony about the treatment of Plaintiff. FRCP 26; FRE 701-703. |
| 28:2-16 | Lines 28:2-16 call for opinions outside the scope of expert disclosure for this treating physician as they apply to her general use of polypropylene products and prolene sutures, and her observations of degradation from such products, not testimony about the treatment of Plaintiff. This testimony is unfairly prejudicial to Mrs. Smith in that the witness has not been shown qualified to opine on polypropylene degradation, and would be a waste of time and devolve into mini-trials over differences in Prolene sutures and other polypropylene surgical meshes and the Prolift, which would confuse and mislead the jury. FRCP 26; FRE 401-403, 701-703. |
| 29:10-20 | Lines 29:10-20 call for opinions outside the scope of expert disclosure for this treating physician as they apply to her general observations of degradation from polypropylene mesh products, not testimony about the treatment of Plaintiff. This testimony is unfairly prejudicial to Mrs. Smith in that the witness has not been shown qualified to opine on polypropylene degradation, and would be a waste of time and devolve into mini-trials over differences in other polypropylene surgical meshes and the Prolift, which would confuse and mislead the jury. The testimony should also be stricken after "no" as nonresponsive. FRCP 26; FRE 401-403, 701-703. |
| 31:14-32:2 | Lines 31:14-32:2 call for opinions outside the scope of expert disclosure for this treating physician as they apply to Dr. Zenthoefer's treatment of Plaintiff, not the witness's treatment of Mrs. Smith. A proper foundation has not been laid as to this testimony being part of the witness's medical treatment of Plaintiff. FRCP 26; FRE 701-703. |
| 32:8-33:19 | Lines 32:8-33:19 call for speculation in that the witness is asked to interpret another doctor's records. The testimony is confusing and misleading to the jury, a waste of time, and unfairly prejudicial to Plaintiff given counsel simply is reading excerpts of medical records with occasional agreement from the witness on accuracy; this is not the proper method of questioning a witness. FRE 403, 601-602, 611. |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| 34:15-39:15 | Lines 34:15-35:8 call for speculation in that the witness is asked to interpret another doctor's records; the testimony is confusing and misleading to the jury, a waste of time, and unfairly prejudicial to Plaintiff given counsel simply is reading excerpts of medical records with occasional agreement from the witness on accuracy; this is not the proper method of questioning a witness. FRE 403, 601-602, 611.<br><br>Lines 35:10-36:25 call for speculation in that the witness is asked to interpret another doctor's records; call for opinions outside the scope of expert disclosure for this treating physician as they apply to general non-surgical treatments of prolapse and splinting as a symptom of prolapse in general, not the witness's treatment of Mrs. Smith. FRCP 26; FRE 601-602, 701-703.<br><br>Lines 37:1-16: call for speculation in that the witness is asked to interpret another doctor's records; call for opinions outside the scope of expert disclosure for this treating physician as they apply to general splinting and preexisting conditions, not the witness's treatment of Mrs. Smith. FRCP 26; FRE 601-602, 701-703.<br><br>Lines 37:18-38:7 are hearsay as to what the doctor who performed the hysterectomy said about the length of the operation and the alleged bucket of glue and severe adhesive disease references; the testimony is highly prejudicial to Mrs. Smith and likely to confuse and mislead the jury regarding putative duration of the hysterectomy and the alleged characterization of bucket of glue on the inside and severe adhesive disease, which is of little, if any, relevance given the hysterectomy occurred in 1981 and the description is in the most general terms. FRE 401-403, 801-802.<br><br>Lines 38:17-39:15 call for speculation in that the witness is asked to interpret another doctor's records; call for opinions outside the scope of expert disclosure for this treating physician as they apply to general incontinence symptoms and hormonal replacement, not the witness's treatment of Mrs. Smith. FRCP 26; FRE 601-602, 701-703. |
| 40:2-4 | Lines 40:2-4 are irrelevant in that smoking is not contraindicated in the IFU and highly prejudicial given local disfavor of smoking. FRE 401-403. |
| 41:5-42:23 | Lines 41:17-42:19 call for opinions outside the scope of expert disclosure for this treating physician as they apply to the anterior and posterior repair procedure, which Dr. Zenthoefer performed, not the witness's treatment of Mrs. Smith. The testimony is irrelevant and would be confusing and misleading as to the TVT-O procedure, as there's no TVT-O claim. FRCP 26; FRE 401-403, 701-703. |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| 43:10-19 | Lines 43:10-14 are irrelevant and calls for speculation as to whether Dr. Zenthoefer discussed risk and benefits of a surgery with Plaintiff; the testimony is also highly prejudicial and would be confusing and misleading to the jury as to what expectations of the witness mean. FRE 401-403, 601-602. |
| 45:5-46:11 | Lines 45:5-46:11 call for opinions outside the scope of expert disclosure for this treating physician regarding known risks from pelvic mesh surgery in 2006, PARQ, and whether the Zenthoefer testimony read to the witness are general risks of pelvic mesh surgery, not the witness's treatment of Plaintiff. The testimony is unfairly prejudicial and would confuse and mislead the jury insofar as Defendants are using the witness to bless the alleged risk disclosure by the implanter, which is irrelevant. FRCP 26; FRE 401-403, 701-703. |
| 46:21-47:8 | Lines 46:21-47:8 call for opinions outside the scope of expert disclosure for this treating physician regarding known risks from complications from pelvic mesh surgery in 2006, including erosion, not the witness's treatment of Plaintiff. The testimony is unfairly prejudicial and would confuse and mislead the jury insofar as Defendants are using the witness to bless the alleged risk disclosure by the implanter, which is irrelevant. FRCP 26; FRE 401-403, 701-703. |
| 47:10-48:14 | Lines 47:10-48:14 call for opinions outside the scope of expert disclosure for this treating physician regarding the known risk of vaginal erosion from pelvic mesh surgery in 2006, and UTIs, not the witness's treatment of Plaintiff. The testimony is unfairly prejudicial and would confuse and mislead the jury insofar as Defendants are using the witness to bless the alleged risk disclosure by the implanter, which is irrelevant, and speculative and irrelevant as to how the witness interprets Dr. Zenthoefer's testimony. FRCP 26; FRE 401-403, 601-602, 701-703. |
| 49:20-50:9 | Lines 49:20-50:9 call for opinions outside the scope of expert disclosure for this treating physician regarding the risk of smoking, not the witness's treatment of Plaintiff. This testimony is irrelevant in that smoking is not contraindicated in the IFU and highly prejudicial given local disfavor of smoking. FRCP 26; FRE 401-403, 701-703. |
| 50:21-53:6 | Lines 50:21-52:6 call for opinions outside the scope of expert disclosure for this treating physician regarding the estrogen treatments, not the witness's treatment of Plaintiff. FRCP 26; FRE 701-703.<br><br>Lines 52:8-53:6 call for opinions outside the scope of expert disclosure for this treating physician regarding known risks from erosion in 2006 in general, not the witness's treatment of Plaintiff. The testimony is unfairly prejudicial and would confuse and mislead the jury insofar as Defendants are using the witness to bless the alleged risk disclosure by the implanter, which is irrelevant, and is leading. FRCP 26; FRE 401-403, 611, 701-703. |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| 53:8 | Line 53:8 calls for opinions outside the scope of expert disclosure for this treating physician regarding known risks from erosion in 2006 in general, not the witness's treatment of Plaintiff. The testimony is unfairly prejudicial and would confuse and mislead the jury insofar as Defendants are using the witness to bless the alleged risk disclosure by the implanter, which is irrelevant, and is leading. FRCP 26; FRE 401-403, 611, 701-703. |
| 53:11-14 | Lines 53:11-14 call for opinions outside the scope of expert disclosure for this treating physician regarding known risks from bladder erosion in 2006 in general from prolapse surgery, not the witness's treatment of Plaintiff. FRCP 26; FRE 701-703. |
| 53:16-54:5 | Lines 53:16-54:5 call for opinions outside the scope of expert disclosure for this treating physician regarding known risks from mesh erosion in 2006 in general, not the witness's treatment of Plaintiff. The testimony is unfairly prejudicial and would confuse and mislead the jury insofar as Defendants are using the witness to bless the alleged risk disclosure by the implanter, which is irrelevant, and is leading. FRCP 26; FRE 401-403, 611, 701-703. |
| 54:7-25 | Lines 54:7-25 calls for opinions outside the scope of expert disclosure for this treating physician regarding known risks from mesh erosion in 2006 in general, not the witness's treatment of Plaintiff. The testimony is unfairly prejudicial and would confuse and mislead the jury insofar as Defendants are using the witness to bless the alleged risk disclosure by the implanter, which is irrelevant, and is leading. FRCP 26; FRE 401-403, 611, 701-703. |
| 55:5-60:23 | Lines 55:5-60:23 call for opinions outside the scope of expert disclosure for this treating physician regarding general risks from pelvic floor surgery, with and without synthetic mesh, including erosion, fistula, UTIs, whether known in 2006, not the witness's treatment of Plaintiff. The testimony is unfairly prejudicial and would confuse and mislead the jury insofar as Defendants are using the witness to bless the alleged risk disclosure by the implanter, which is irrelevant, FRCP 26; FRE 401-403, 701-703. |
| 61:5-62:7 | Lines 61:5-62:7 call for opinions outside the scope of expert disclosure for this treating physician regarding general complications from pelvic floor surgery, not the witness's treatment of Plaintiff. FRCP 26; FRE 701-703. |
| 84:5-7 | Lines 84:5-7 are irrelevant, confusing, and misleading as to counsel's commentary. FRE 401-403. |
| 84:14-85:23 | Lines 84:21-25 call for opinions outside the scope of expert disclosure for this treating physician regarding conclusions made after treatment of Plaintiff. FRCP 26; FRE 701-703. |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| 90:20-93:25 | Lines 91:11-92:13 call for opinions outside the scope of expert disclosure for this treating physician regarding general risks from adhesions such as pain and fistula formation, not the witness's treatment of Plaintiff. FRCP 26; FRE 701-703. |
| 94:4-96:10 | Lines 95:5-8 call for opinions outside the scope of expert disclosure for this treating physician regarding conclusions based on pathology report the witness did not author, not the witness's treatment of Plaintiff. FRCP 26; FRE 701-703.<br><br>Lines 95:12-18 call for opinions outside the scope of expert disclosure for this treating physician regarding microscopic investigation of foreign body reaction by pathology, not the witness's treatment of Plaintiff. FRCP 26; FRE 701-703.<br><br>Lines 95:19-96:10 call for opinions outside the scope of expert disclosure for this treating physician regarding mesh tensioning and contraction after implant, not the witness's treatment of Plaintiff. FRCP 26; FRE 701-703. |
| 96:14-97:17 | Lines 97:5-1 call for opinions outside the scope of expert disclosure for this treating physician regarding future risks of mesh exposure, not the witness's treatment of Plaintiff. FRCP 26; FRE 701-703. |
| 98:7-17 | Lines 98:14-17 call for opinions outside the scope of expert disclosure for this treating physician regarding professional recommendations for mesh removal, not the witness's treatment of Plaintiff, and is hearsay. FRCP 26; FRE 701-703, 801-802. |
| 98:19-99:11 | Lines 98:19-99:5 call for opinions outside the scope of expert disclosure for this treating physician regarding fistula formation, not the witness's treatment of Plaintiff. FRCP 26; FRE 701-703.<br><br>Lines 99:7-11 call for opinions outside the scope of expert disclosure for this treating physician regarding causation in fact for injuries, not the witness's treatment of Plaintiff. The testimony also is highly prejudicial to Plaintiff and would confuse and mislead the jury into concluding an assessment of causation fact had been performed by the witness. FRCP 26; FRE 401-403, 701-703. |
| 99:15-24 | Lines 99:15-24 call for opinions outside the scope of expert disclosure for this treating physician regarding defects in the Prolift, not the witness's treatment of Plaintiff. The testimony also is highly prejudicial to Plaintiff and would confuse and mislead the jury into concluding there was no defect in the mesh and she is qualified to make such conclusion, which has not been shown. FRCP 26; FRE 401-403, 701-703. |

| Defendants' Designations | Plaintiff's Objections |
| --- | --- |
| 100:9-101:13 | Lines 100:9-101:13 call for opinions outside the scope of expert disclosure for this treating physician regarding causation in fact for injuries, mesh defects, general surgical outcomes, and general fistula formation, not the witness's treatment of Plaintiff. The testimony also is highly prejudicial to Plaintiff and would confuse and mislead the jury into concluding the witness is qualified to render these opinions, which hasn't been shown, and had conducted a complete investigation into the matters, which hasn't been shown. FRCP 26; FRE 401-403, 701-703. |
| 101:15 | Line 101:15 calls for opinions outside the scope of expert disclosure for this treating physician regarding causation in fact for injuries and mesh defects, not the witness's treatment of Plaintiff. The testimony also is highly prejudicial to Plaintiff and would confuse and mislead the jury into concluding the witness is qualified to render these opinions, which hasn't been shown, and had conducted a complete investigation into the matters, which hasn't been shown. FRCP 26; FRE 401-403, 701-703. |
| 122:17-123:20 | Lines 122:23-123:16 call for speculation as the witness does not have a relevant recollection and testifies based on her suspicions; calls for opinions outside the scope of expert disclosure for this treating physician regarding a retrospective conclusion, formation, not the witness's treatment of Plaintiff. FRCP 26; FRE 601-602, 701-703.<br><br>Lines 123:17-20 call for opinions outside the scope of expert disclosure for this treating physician regarding general risk of mesh-associated abscesses, not the witness's treatment of Plaintiff. FRCP 26; FRE 701-703. |
| 161:12-19 | Lines 161:12-19 call for opinions outside the scope of expert disclosure for this treating physician regarding the standard of care in 2006, not the witness's treatment of Plaintiff, which began long afterward. FRCP 26; FRE 701-703. |
| 163:9-15 | Lines 163:9-15 call for opinions outside the scope of expert disclosure for this treating physician regarding all injuries, not just the ones the witness treated, and Dr. Zenthoefer's alleged risk disclosures, not the witness's risk disclosures. The testimony is speculative and concerns hearsay as to what Dr. Zenthoefer said to Plaintiff. The testimony is irrelevant and highly prejudicial and would confuse and mislead the jury as it would be used to bless to the jury Dr. Zenthoefer's alleged risk disclosures, and the question is leading and compound. FRCP 26; FRE 401-403, 601-602, 611, 701-703, 801-802. |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| 163:17-164:2 | Lines 163:17-164:2 call for opinions outside the scope of expert disclosure for this treating physician regarding all injuries, not just the ones the witness treated, and Dr. Zenthoefer's alleged risk disclosures vis-à-vis the standard of care, not the witness's risk disclosures. The testimony is speculative and concerns hearsay as to what Dr. Zenthoefer said to Plaintiff. The testimony irrelevant and highly prejudicial and would confuse and mislead the jury as it would be used to bless to the jury Dr. Zenthoefer's alleged risk disclosures, and the question is leading and compound. FRCP 26; FRE 401-403, 601-602, 611, 701-703, 801-802. |
| 164:4-16 | Lines 164:11-16 call for opinions outside the scope of expert disclosure for this treating physician regarding general risk of UTIs to older women, not the witness's treatment of Plaintiff. FRCP 26; FRE 701-703. |
| 165:10-12 | Lines 165:10-12 call for opinions outside the scope of expert disclosure for this treating physician regarding general risk of UTIs to older women, not the witness's treatment of Plaintiff. FRCP 26; FRE 701-703. |
| 165:16-166:13 | Lines 165:16-166:13 call for opinions outside the scope of expert disclosure for this treating physician regarding general risk of vaginal atrophy, use of estrogen, and the standard of care for use of Prolift in Mrs. Smith, not the witness's treatment of Plaintiff. FRCP 26; FRE 701-703. |