Daniel Duyck
email: dduyck@duycklaw.com
Duyck & Associates, LLC
111 SW Columbia St., Suite 715
Portland, OR 97201
(503) 764-2030 phone

John Lowther (admitted pro hac vice)
email: john@doylelowther.com
Doyle Lowther LLP
4400 NE 77th Avenue, Suite 275
Vancouver, WA 98662
(360) 818-9320 phone
(360) 450-3116 fax

*Attorneys for Plaintiff Barbara Smith*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BARBARA SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>ETHICON, INC., et al.,<br><br>    Defendants. | Case No.: 3:20-cv-00851-MO<br><br>PLAINTIFF'S OBJECTIONS TO DEPOSITION TESTIMONY OF DR. VINCENT LUCENTE |

**General Objection**

Plaintiff generally objects to the majority of Defendants' affirmative designations of this witness. Dr. Lucente is not a retained expert in this case. He was not disclosed as an expert at the time of his November 2, 2012 deposition, yet the testimony the defense designates is very often expert opinion testimony. Dr. Lucente is not an employee of Defendants but instead is a third-party witness who has performed consulting work for them. Nor is Dr. Lucente a treating physician in this case. Dr. Vincent Lucente was designated as a "non-retained" expert in the instant case, but both the MDL court and this Court have precluded him from offering expert testimony. *See generally* ECF No. 78 ("to the extent the Ethicon defendants named more than five experts, these experts are stricken."); ECF No. 187. Therefore, Plaintiff generally objects to the designated testimony under Federal Rules of Evidence 401-402 and 701-702, as the testimony is impermissible expert opinions, is irrelevant, and is more prejudicial than probative given Dr. Lucente is not a treating physician and his testimony will lead to confusion among the jurors regarding his role. Moreover, the testimony is largely cumulative of testimony Defendants are expected to offer through live witnesses at trial.

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| **November 2, 2012** | |
| 364:5-11 | Lines 364:5-11 are irrelevant as the witness is not a testifying expert or treating physician. FRE 401-402. |
| 364:16-365:9 | Lines 364:16-365:9 are irrelevant as the witness is not a testifying expert or treating physician, and such background information would confuse and mislead the jury as to whether he's testifying as an expert witness. FRE 401-403, 701-703. |
| 367:5-16 | Lines 367:5-16 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony on general risk of dyspareunia would confuse and mislead the jury as to whether he's testifying as an expert witness. FRE 401-403, 701-703. |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| 367:17-368:1 | Lines 367:17-368:1 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony on general risks of voiding dysfunction and dyspareunia would confuse and mislead the jury as to whether he's testifying as an expert witness. FRE 401-403, 701-703. |
| 374:14-375:18 | Lines 374:14-375:18 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony on general results of his Prolift patients would confuse and mislead the jury as to whether he's testifying as an expert witness. FRE 401-403, 701-703. |
| 376:11-16 | Lines 376:11-16 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony on general risks of dyspareunia after any pelvic floor surgery would confuse and mislead the jury as to whether he's testifying as an expert witness. FRE 401-403, 701-703. |
| 382:14-383:13 | Lines 382:14-383:13 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony on general treatment of Prolift mesh exposure would confuse and mislead the jury as to whether he's testifying as an expert witness. FRE 401-403, 701-703. |
| 383:15-17 | Lines 383:15-17 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony on general risk of mesh exposure would confuse and mislead the jury as to whether he's testifying as an expert witness. FRE 401-403, 701-703. |
| 383:19-385:15 | Lines 383:19-385:15 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony on his general treatment of mesh exposure would confuse and mislead the jury as to whether he's testifying as an expert witness. FRE 401-403, 701-703. |
| 387:6-388:10 | Lines 387:6-388:10 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony on his conversation with other physicians regarding the Prolift would confuse and mislead the jury as to whether he's testifying as an expert witness. The testimony about his conversations is hearsay. FRE 401-403, 701-703, 801-802. |
| 389:18-390:1 | Lines 389:18-390:1 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony on his general knowledge of where physicians obtain product information would confuse and mislead the jury as to whether he's testifying as an expert witness. The testimony is also speculative as to the sources of information and hearsay. FRE 401-403, 601-602, 701-703, 801-802. |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| 395:7-25 | Lines 395:7-25 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony on mesh exposure in medical literature and what surgeons understand about this risk would confuse and mislead the jury as to whether he's testifying as an expert witness. The testimony is also speculative as to the understanding of exposure and hearsay as to medical literature contents. FRE 401-403, 601-602, 701-703, 801-802. |
| 397:3-11 | Lines 397:3-11 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony on the CARE trial results and Prolift compared to ASC would confuse and mislead the jury as to whether he's testifying as an expert witness. The testimony about the CARE results is hearsay. FRE 401-403, 701-703, 801-802. |
| 397:15-399:8 | Lines 397:15-399:8 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony on Prolift compared ASC results would confuse and mislead the jury as to whether he's testifying as an expert witness. FRE 401-403, 701-703. |
| 404:13-16 | Lines 404:13-16 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony on general risk discussions at Prolift training events would confuse and mislead the jury as to whether he's testifying as an expert witness. The questions calls for hearsay as to what was said. FRE 401-403, 701-703, 801-802. |
| 404:18-408:3 | Lines 404:18-408:3 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony on the risk discussions and Prolift training events and what attendees know about risks of different pelvic floor surgeries would confuse and mislead the jury as to whether he's testifying as an expert witness. The testimony about the training events is hearsay and what surgeons know is speculative. FRE 401-403, 601-602, 701-703, 801-802. |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| 409:22-413:12 | Lines 409:22-410:6 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony about his use of Gynemesh and indications for the mesh would confuse and mislead the jury as to whether he's testifying as an expert witness. The testimony about indication of Gynemesh is hearsay. FRE 401-403, 701-703, 801-802.<br><br>Lines 410:13-412:12 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony on the witness's shaping of mesh and for treatment of SUI would confuse and mislead the jury as to whether he's testifying as an expert witness. The testimony about the SUI treatment is irrelevant as the TVT-O claims have been dismissed. FRE 401-403, 701-703.<br><br>Lines 412:13-413:10 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony on the mesh for hernia repair and mesh in ASC procedures would confuse and mislead the jury as to whether he's testifying as an expert witness. FRE 401-403, 701-703.<br><br>Lines 413:11-12 are confusing and misleading to the jury. FRE 403. |
| 413:17-22 | Lines 413:17-22 are irrelevant, confusing, and misleading as the testimony suggests he's testifying as an expert witness. FRE 401-403. |
| 413:25-415:15 | Lines 414:8-12 are irrelevant, confusing, and misleading, and is speculative or hearsay as to what other doctors were working on. FRE 401-403, 601-602, 801-802.<br><br>Lines 414:22-415:15 are speculative or hearsay as to what other doctors were involved with Prolift design and the patients who had gone through certain surgical procedures. FRE 601-602, 801-802. |
| 415:18-21 | |
| 415:22-25 | Lines 415:22-25 are irrelevant, confusing, and misleading as to mesh products the witness was using before the TVM study, as he's not a testifying expert. FRE 401-403, 701-703. |
| 418:1-5 | Lines 418:1-5 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony about the Prolift procedure would confuse and mislead the jury as to whether he's testifying as an expert witness. FRE 401-403, 701-703. |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| 419:2-4 | Lines 419:2-4 are irrelevant as the witness is not a testifying expert or treating physician, and his excitement has nothing to do with this case, and would confuse and mislead the jury as to doctors' general opinions about Prolift. FRE 401-403, 701-703. |
| 419:6-420:13 | Lines 419:6-420:13 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony on his excitement for new surgical instruments would confuse and mislead the jury as to whether he's testifying as an expert witness. FRE 401-403, 701-703. |
| 421:2-5 | Lines 421:2-5 are irrelevant, confusing, and misleading. FRE 401-403. |
| 422:12-19 | Lines 422:12-19 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony about professional education would confuse and mislead the jury as to whether he's testifying as an expert witness. The testimony does not tie the professional education slides to anything Dr. Zenthoefer viewed, and reference to the slides is hearsay. FRE 401-403, 701-703, 801-802. |
| 422:22-423:1 | Lines 422:22-423:1 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony about professional education would confuse and mislead the jury as to whether he's testifying as an expert witness. The testimony does not tie the professional education slides to anything Dr. Zenthoefer viewed, and reference to the slides is hearsay. FRE 401-403, 701-703, 801-802. |
| 423:9-11 | Lines 423:9-11 calls for hearsay. FRE 801-802. |
| 423:13-424:8 | Lines 423:13-424:8 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony about professional education would confuse and mislead the jury as to whether he's testifying as an expert witness. The testimony does not tie the professional education slides to anything Dr. Zenthoefer viewed, and reference to the slides and what was said is hearsay. FRE 401-403, 701-703, 801-802. |
| 424:10-18 | Lines 424:10-18 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony about professional education would confuse and mislead the jury as to whether he's testifying as an expert witness. The testimony does not tie the professional education slides to anything Dr. Zenthoefer viewed, and reference to the slides and discussion points is hearsay. FRE 401-403, 701-703, 801-802. |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| 424:20-425:5 | Lines 424:20-425:5 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony about professional education would confuse and mislead the jury as to whether he's testifying as an expert witness. The testimony does not tie the professional education slides to anything Dr. Zenthoefer viewed, and reference to the slides is hearsay. FRE 401-403, 701-703, 801-802. |
| 425:10-12 | Lines 425:10-12 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony about hydrodissection would confuse and mislead the jury as to whether he's testifying as an expert witness. The testimony does not tie this teaching to Dr. Zenthoefer. FRE 401-403, 701-703. |
| 425:13-426:22 | Lines 425:13-426:22 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony about hydrodissection would confuse and mislead the jury as to whether he's testifying as an expert witness. The testimony does not tie this teaching to Dr. Zenthoefer. Statements to what was said are hearsay. FRE 401-403, 701-703, 801-802. |
| 427:7-9 | Lines 427:7-9 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony about surgical technique videos would confuse and mislead the jury as to whether he's testifying as an expert witness. The testimony does not tie the video to anything Dr. Zenthoefer viewed. The question call for a hearsay response. FRE 401-403, 701-703, 801-802. |
| 427:11-23 | Lines 427:11-23 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony about surgical technique videos would confuse and mislead the jury as to whether he's testifying as an expert witness. The testimony does not tie the video to anything Dr. Zenthoefer viewed. Statements about the video content are hearsay and what videos were available to other doctors is speculation. FRE 401-403, 601-602, 701-703, 801-802 |
| 428:16-429:22 | Lines 428:16-429:22 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony about professional education slides would confuse and mislead the jury as to whether he's testifying as an expert witness. The testimony does not tie the slide to anything Dr. Zenthoefer viewed. Statements about the slides and what was said are hearsay. FRE 401-403, 701-703, 801-802. |
| 429:24-430:14 | Lines 429:24-430:14 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony about professional education slides would confuse and mislead the jury as to whether he's testifying as an expert witness. The testimony does not tie the slides to anything Dr. Zenthoefer viewed. Statements about the slides and what was said are hearsay. FRE 401-403, 701-703, 801-802. |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| 430:17-19 | Lines 430:17-19 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony about bunching of mesh and professional education slides would confuse and mislead the jury as to whether he's testifying as an expert witness. The testimony does not tie the slides to anything Dr. Zenthoefer viewed. The question calls for hearsay. FRE 401-403, 701-703, 801-802. |
| 430:21-431:4 | Lines 430:17-19 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony about bunching of mesh and professional education slides would confuse and mislead the jury as to whether he's testifying as an expert witness. The testimony does not tie the slides to anything Dr. Zenthoefer viewed. Statements about slide content are hearsay. FRE 401-403, 701-703, 801-802. |
| 434:21-436:15 | Lines 434:21-436:15 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony about dyspareunia and professional education slides would confuse and mislead the jury as to whether he's testifying as an expert witness. The testimony does not tie the slides to anything Dr. Zenthoefer viewed. Statements about the slides and what was said are hearsay. FRE 401-403, 701-703, 801-802. |
| 436:17-19 | Lines 436:17-19 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony about dyspareunia and professional education would confuse and mislead the jury as to whether he's testifying as an expert witness. The testimony does not tie the professional education to Dr. Zenthoefer. The question calls for hearsay. FRE 401-403, 701-703, 801-802. |
| 436:22-437:3 | Lines 436:22-437:3 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony about dyspareunia and professional education would confuse and mislead the jury as to whether he's testifying as an expert witness. The testimony does not tie the professional education to Dr. Zenthoefer. Statement about teaching is hearsay, and the testimony about what doctors learned at residency and fellowship is speculation. FRE 401-403, 601-602, 701-703, 801-802. |
| 437:5-23 | Lines 437:5-23 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony about dyspareunia and professional education would confuse and mislead the jury as to whether he's testifying as an expert witness. The testimony does not tie the professional education to Dr. Zenthoefer. Statement about teaching is hearsay, and the testimony about what doctors learned at residency and fellowship is speculation. FRE 401-403, 601-602, 701-703, 801-802. |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| 438:8-22 | Lines 438:8-22 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony about professional education slides would confuse and mislead the jury as to whether he's testifying as an expert witness. The testimony does not tie the slides to Dr. Zenthoefer. Statements about the slide contents and discussion are hearsay. FRE 401-403, 701-703, 801-802. |
| 442:23-24 | Lines 442:23-24 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony about surgeon credentialing would confuse and mislead the jury as to whether he's testifying as an expert witness. The question also calls for speculation as to all doctors. FRE 401-403, 601-602, 701-703. |
| 443:3-22 | Lines 443:3-22 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony about surgeon credentialing would confuse and mislead the jury as to whether he's testifying as an expert witness. Testimony about how all doctors are credentialed for certain procedures is speculation, and credentialing isn't an opinion for lay witness. FRE 401-403, 601-602, 701-703. |
| 443:24-444:6 | Lines 443:24-444:6 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony about surgeon credentialing would confuse and mislead the jury as to whether he's testifying as an expert witness. Credentialing isn't an opinion for lay witness. FRE 401-403, 701-703. |
| 444:24-445:10 | Lines 444:24-445:10 are irrelevant as to the witness's reason for providing professional education and doesn't tie his work to Dr. Zenthoefer, and would confuse and mislead the jury as to whether he's testifying as an expert witness. FRE 401-403. |
| 445:14-16 | Lines 445:14-16 are irrelevant as to the witness's payment versus time expended, and would confuse and mislead the jury as to whether he's testifying as an expert witness. FRE 401-403. |
| 445:18-447:9 | Lines 445:18-447:9 are irrelevant as to the witness's payment versus time expended, and would confuse and mislead the jury as to whether he's testifying as an expert witness. Testimony about information that should be considered for public disclosures isn't an opinion for lay witness. FRE 401-403, 701-703. |
| 453:15-17 | Lines 453:15-17 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony about treating mesh exposure in vaginal placement versus abdominal placement would confuse and mislead the jury as to whether he's testifying as an expert witness. The question isn't linked to Plaintiff. FRE 401-403, 701-703. |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| 453:19-454:10 | Lines 453:19-454:10 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony about treating mesh exposure in vaginal placement versus abdominal placement would confuse and mislead the jury as to whether he's testifying as an expert witness. FRE 401-403, 701-703. |
| 457:9-11 | Lines 457:9-11 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony about sexual dysfunction and Prolift would confuse and mislead the jury as to whether he's testifying as an expert witness. The question also calls for speculation. FRE 401-403, 601-602, 701-703. |
| 457:13-21 | Lines 457:13-21 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony about sexual dysfunction and Prolift would confuse and mislead the jury as to whether he's testifying as an expert witness. Testimony about the cohort studies is speculation or hearsay, and the opinion offered about Prolift is not for a lay witness. FRE 401-403, 601-602, 701-703. |
| 458:11-459:6 | Lines 458:11-459:1 are irrelevant as to the witness's time committed to professional education, and would confuse and mislead the jury as to whether he's testifying as an expert witness. FRE 401-403.<br><br>Lines 459:2-6 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony about the safety and efficacy of Prolift would confuse and mislead the jury as to whether he's testifying as an expert witness. Testimony product safety and efficacy is not the proper opinion of a lay witness. FRE 401-403, 701-703. |
| 459:13-21 | Lines 459:13-21 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony about an unpublished study would confuse and mislead the jury as to whether he's testifying as an expert witness. FRE 401-403, 701-703. |
| 460:11-16 | Lines 460:11-16 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony about statistics from the witness's practice would confuse and mislead the jury as to whether he's testifying as an expert witness. The statistics are hearsay and not shown to be reliable. FRE 401-403, 701-703, 801-802. |
| 460:18-19 | Lines 460:18-19 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony about statistics from the witness's practice would confuse and mislead the jury as to whether he's testifying as an expert witness. The statistics are hearsay and not shown to be reliable. FRE 401-403, 701-703, 801-802. |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| 460:23-25 | Lines 460:23-25 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony about statistics from the witness's practice would confuse and mislead the jury as to whether he's testifying as an expert witness. The statistics are hearsay and not shown to be reliable. FRE 401-403, 701-703, 801-802. |
| 461:2-3 | Lines 461:2-3 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony about statistics from the witness's practice would confuse and mislead the jury as to whether he's testifying as an expert witness. The statistics are hearsay and not shown to be reliable. FRE 401-403, 701-703, 801-802. |
| 461:5-14 | Lines 461:5-14 are irrelevant as to the witness's participation in the Prolift procedure, and allowing such testimony about the subject would confuse and mislead the jury as to whether he's testifying as an expert witness. FRE 401-403. |
| 464:10-468:3 | Lines 464:10-468:3 are irrelevant as the witness is not a testifying expert or treating physician, and allowing such testimony about exposure results in other patients would confuse and mislead the jury as to whether he's testifying as an expert witness. Testimony regarding the results of these patients and other doctor's patients is speculative and hearsay, as are the discussions he reports. FRE 401-403, 601-602, 701-703, 801-802. |
| **June 10, 2014** | |
| 381:7-10 | Lines 381:7-10 is leading, and confusing and misleading to the jury as to a lay witness that has no connection to the Plaintiff. FRE 403, 611. |
| 381:13-382:8 | Lines 381:13-382:8 is leading, and confusing and misleading to the jury as to a lay witness that has no connection to the Plaintiff. FRE 403, 611. |
| 382:10 | Line 382:10 is leading, and confusing and misleading to the jury as to a lay witness that has no connection to the Plaintiff. FRE 403, 611. |