Daniel Duyck
email: dduyck@duycklaw.com
Duyck & Associates, LLC
111 SW Columbia St., Suite 715
Portland, OR 97201
(503) 764-2030 phone

John Lowther (admitted pro hac vice)
email: john@doylelowther.com
Doyle Lowther LLP
4400 NE 77th Avenue, Suite 275
Vancouver, WA 98662
(360) 818-9320 phone
(360) 450-3116 fax

*Attorneys for Plaintiff Barbara Smith*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BARBARA SMITH,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ETHICON, INC., et al.,<br><br>　　　　　Defendants. | Case No.: 3:20-cv-00851-MO<br><br>PLAINTIFF'S OBJECTIONS TO DEPOSITION TESTIMONY OF DR. CHARLOTTE OWENS |

**General Objections**

Dr. Charlotte Owens was a Medical Director for Ethicon. Plaintiff generally objects to the majority of Defendants' affirmative designations of this witness. Dr. Owens is not a retained expert in this case. She was not disclosed as an expert at the time of her depositions, yet the testimony the defense designates is very often expert opinion testimony. Charlotte Owens was designated as a "non-retained" expert in the instant case, but both the MDL court and this Court have precluded him from offering expert testimony. *See generally* ECF No. 78 ("to the extent the Ethicon defendants named more than five experts, these experts are stricken."); ECF No. 187. Therefore, Plaintiff generally objects to the designated testimony under Federal Rules of Evidence 401-402 and 701-702, as the testimony is impermissible expert opinions, is irrelevant, and is more prejudicial than probative given Dr. Owens is not a treating physician and her testimony will lead to confusion among the jurors.

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| **June 20, 2013** | |
| 528:11-23 | Lines 528:11-14 are irrelevant. FRE 401-402. |
| 530:4-532:1 | Lines 530:16-532:1 are irrelevant and a waste of time as to the witness's clinical practice before joining Ethicon. FRE 401-403. |
| 535:24-537:6 | Lines 535:24-536:8 are irrelevant and would be confusing and misleading to the jury in that TVT-S is discussed but there are not TVT claims for trial; the witness is not a testifying expert but improperly opines about risks associated with implanted devices. FRE 401-403, 701-703.<br><br>Lines 536:9-537:6 calls for opinions outside the scope of the expert designation in that the witness is not a testifying expert but opines on IFU contents. |
| 537:18-538:1 | Lines 537:18-538:1 are irrelevant and would be confusing and misleading to the jury in that TVT-S is discussed but there are not TVT claims for trial; the witness is not a testifying expert but improperly opines about the IFU. FRE 401-403, 701-703. |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| 538:5-18 | Lines 538:5-18 are irrelevant and would be confusing and misleading to the jury in that TVT is discussed but there are not TVT claims for trial; the witness is not a testifying expert but improperly opines about the IFU. FRE 401-403, 701-703. |
| 539:4-5 | Lines 539:4-5 are irrelevant and would be confusing and misleading to the jury in that TVT is discussed but there are not TVT claims for trial; the witness is not a testifying expert but improperly opines about urinary incontinence. FRE 401-403, 701-703. |
| 539:7-16 | Lines 539:7-16 are irrelevant and would be confusing and misleading to the jury in that TVT is discussed but there are not TVT claims for trial; the witness is not a testifying expert but improperly opines about pain and surgical procedures. FRE 401-403, 701-703. |
| 541:14-543:23 | Lines 541:14-543:23 are irrelevant and would be confusing and misleading to the jury in that TVT-O is discussed but there are not TVT claims for trial; the witness is not a testifying expert but improperly opines about the IFU, leg pain, and pain versus severe pain and severe pain being rare. FRE 401-403, 701-703. |
| 544:1-14 | Lines 544:1-14 are irrelevant and would be confusing and misleading to the jury in that TVT-O is discussed but there are not TVT claims for trial; the witness is not a testifying expert but improperly opines about the IFU and whether it adequately warns of risks. FRE 401-403, 701-703. |
| 544:19-545:24 | Lines 544:19-545:24 are irrelevant and would be confusing and misleading to the jury in that TVT-O is discussed but there are not TVT claims for trial; the witness is not a testifying expert but improperly opines on IFU warnings and general medical knowledge. FRE 401-403, 701-703. |
| 546:5-547:16 | Lines 546:5-547:16 are irrelevant and would be confusing and misleading to the jury in that TVT products are discussed but there are not TVT claims for trial; the witness is not a testifying expert but improperly opines about the duty to train and Ethicon's professional education for TVT products, which are speculative and hearsay as the witness hasn't shown personal knowledge. FRE 401-403, 601-602, 701-703. |
| 552:15-21 | Line 552:15 is testimony from a leading question. FRE 403, 611.<br><br>Lines 552:16-21 are irrelevant and would be confusing and misleading to the jury in that TVT products are discussed but there are not TVT claims for trial. FRE 401-403. |

| **Defendants' Designations** | **Plaintiff's Objections** |
|---|---|
| 552:23-553:1 | Line 552:23 is testimony from a leading and compound question, and is irrelevant and confusing because it concerns TVT products, which are not at issue. FRE 401-403, 611.<br><br>Lines 552:24-553:1 are irrelevant and would be confusing and misleading to the jury in that TVT products are discussed but there are not TVT claims for trial. The question calls for an expert opinion on risks versus benefits but the witness is not a testifying expert, and the questioning is leading. FRE 401-403, 611, 701-703. |
| 553:3-22 | Lines 553:3-22 are irrelevant and would be confusing and misleading to the jury in that TVT products are discussed but there are not TVT claims for trial. Dr. Owens is not an expert in this case but her testimony addresses TVT as the standard of care. Testimony about her job and duties after she left Ethicon are irrelevant and a waste of time. FRE 401-403, 701-703. |
| **September 12, 2012** | |
| 22:2-23:16 | Lines 22:2-16 are irrelevant and a waste of time in that this testimony addresses her medical practice before joining Ethicon. FRE 401-403.<br><br>Lines 22:21-23:16 are irrelevant and a waste of time because this testimony addresses why the witness joined Ethicon. FRE 401-403. |
| 68:2-22 | Lines 68:2-22 call for expert testimony on safe pore size for mesh and knowledge of the literature on mesh pores sizes, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. The witness hasn't shown personal knowledge of the subject testimony. FRE 401-403, 601-602, 701-703. |
| 80:22-81:8 | Lines 80:22-81:8 is based on speculation and hearsay as to the fact Ethicon explored other mesh material for Prolift but concluded Gynemesh was most suitable; general reference to studies and other methods is highly prejudicial to Plaintiff and would confuse and mislead the jury into concluding alternative meshes were disregarded after complete investigation and testing. FRE 401-403, 601-602, 801-802. |
| 109:4-11 | Lines 109:4-11 are irrelevant, confusing, and misleading in that the answer precedes the question as designated and appear to address different subject matter. FRE 401-403. |
| 131:5-22 | Lines 131:5-22 call for expert testimony on the adequacy of the Prolift IFU, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. The witness hasn't shown personal knowledge of the subject testimony. FRE 401-403, 601-602, 701-703. |

| **Defendants' Designations** | **Plaintiff's Objections** |
|---|---|
| 132:9-13 | Lines 132:9-13 call for expert testimony on the adequacy of the Prolift IFU and appropriate warnings of the product risks, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. The witness hasn't shown personal knowledge of the subject testimony. FRE 401-403, 601-602, 701-703. |
| 132:15-22 | Lines 132:15-22 call for expert testimony on the adequacy of the Prolift IFU and appropriate warnings of the product risks, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. The witness hasn't shown personal knowledge of the subject testimony. FRE 401-403, 601-602, 701-703. |
| 200:17-21 | Lines 200:17-21 call for expert testimony on the need to disclose risks of retraction and the follow-on significant pain and dyspareunia in the IFU, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. The witness hasn't shown personal knowledge of the subject testimony. FRE 401-403, 601-602, 701-703. |
| 200:23-201:10 | Lines 200:23-201:10 call for expert testimony on the adequate disclosure of retraction, significant pain, and dyspareunia in the IFU, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. The witness hasn't shown personal knowledge of the subject testimony. The witness also speculates as to what factors in the IFU would alert surgeons to dyspareunia. FRE 401-403, 601-602, 701-703. |
| 259:10-260:2 | Lines 259:10-260:2 call for expert testimony on whether the IFU is the primary source of product information for surgeons, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. The witness hasn't shown personal knowledge of the subject testimony, and has speculated on the importance of the Prolift education package to surgeons. FRE 401-403, 601-602, 701-703. |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| 262:14-263:6 | Lines 262:14-263:6 call for expert testimony regarding what complication surgeons are trained to know, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. The witness hasn't shown personal knowledge of how Prolift was marketed but instead speculates. FRE 401-403, 601-602, 701-703. |
| 264:8-265:15 | Lines 264:8-265:15 call for expert testimony regarding what risks accompany certain surgeries and surgical options to Prolift, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. The witness hasn't shown personal knowledge of what risks surgeons are aware of and their expectations for Prolift but instead speculates. FRE 401-403, 601-602, 701-703. |
| 276:2-277:10 | Lines 276:2-277:10 call for expert testimony regarding what studies Ethicon conducted of Prolift and whether they addressed foreign body reaction, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. The witness hasn't shown personal knowledge of the studies Ethicon conducted on Prolift but instead speculates. FRE 401-403, 601-602, 701-703. |
| 280:6-18 | Lines 280:6-18 call for expert testimony regarding what happened with the referenced animal study and whether similar studies can be performed on humans, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. The witness hasn't shown personal knowledge of the animal study but instead speculates. FRE 401-403, 601-602, 701-703. |
| 305:22-306:4 | Lines 305:22-306:4 call for expert testimony regarding knowledge of pelvic floor surgeons of foreign body reaction to Gynemesh, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. The witness hasn't shown personal knowledge of what surgeons know regarding foreign body reaction to Gynemesh but instead speculates. FRE 401-403, 601-602, 701-703. |

| **Defendants' Designations** | **Plaintiff's Objections** |
|---|---|
| 306:6-307:10 | Lines 306:6-307:10 call for expert testimony regarding knowledge of pelvic floor surgeons of foreign body reaction to Gynemesh and appropriate tension, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. The witness hasn't shown personal knowledge of what surgeons know regarding foreign body reaction to Gynemesh and appropriate tension but instead speculates. FRE 401-403, 601-602, 701-703. |
| **September 13, 2012** | |
| 370:13-19 | Lines 370:13-19 are based on speculation and hearsay because the witness testifies about what surgeons were telling Ethicon and how Ethicon had a plan to produce Prolift data for physicians, without showing personal knowledge of these facts. FRE 601-602, 801-802. |
| 380:4-13 | Lines 380:4-13 are confusing and misleading as designated because the answer comes before the question, and they address different subject matters. FRE 401-403. |
| 509:8-17 | Lines 509:8-17 are irrelevant and waste time as to the identification of questioning counsel. FRE 401-403. |
| 514:16-23 | Lines 514:21-23 are a leading question. FRE 403, 611. |
| 515:2-516:25 | Lines 515:2-516:7 call for expert testimony, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. FRE 403, 701-703.<br><br>Lines 515:8-516:25 are based on speculation and hearsay as to what happened in the cadaver labs other than her specific experiences in the lab, but the response is not so limited. FRE 601-602, 801-802. |
| 519:9-520:4 | Lines 519:9-520:4 call for expert testimony regarding knowledge of the history of pelvic mesh, use of Gynemesh, safety and efficacy of Gynemesh and Prolift, and surgical tools for Gynemesh implantation, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. The witness hasn't shown personal knowledge of what surgeons know regarding these topics but instead speculates, and the last question is leading. FRE 401-403, 601-602, 611, 701-703. |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| 520:8-521:8 | Lines 508:8-521:8 call for expert testimony regarding knowledge of mesh implantation tools, implantation techniques, and data on results of women given Gynemesh, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. The witness hasn't shown personal knowledge of these topics but instead speculates. FRE 401-403, 601-602, 701-703. |
| 522:7-523:10 | Lines 522:7-523:10 call for expert testimony regarding knowledge of assessment of clinical study, understanding of the clinical study, and understanding of risk/benefit analysis, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. The witness hasn't shown personal knowledge of these topics but instead speculates and relies on hearsay about the clinical results. FRE 401-403, 601-602, 701-703, 801-802. |
| 526:7-527:19 | Lines 526:12-527:1 are based on speculation and hearsay as to Ethicon's communications with, travel to, and meeting with the French doctors. FRE 601-602, 801-802.<br><br>Lines 527:15-19 are based on speculation and hearsay as to whether the French doctors supported the Prolift launch or were pleased with Prolift, which was a leading question. FRE 601-602, 611, 801-802. |
| 527:22-529:10 | Lines 527:22-528:1 call for expert testimony regarding contraindications and IFUs, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. FRE 401-403, 701-703.<br><br>Lines 528:6-529:10 are based on speculation and hearsay as to Ethicon's reason for obtaining advice from outside consultants, how the information from the consultants assisted Ethicon on the question of safety and efficacy of Prolift, and this information is a subject for expert testimony but the witness is not a testifying expert. FRE 601-602, 701-703, 801-802. |
| 532:5-9 | Lines 532:5-9 are based on speculation and hearsay as to what potential complications were reviewed by Ethicon's medical affairs for each product. FRE 601-602, 801-802. |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| 534:1-535:20 | Lines 534:1-16 call for expert testimony regarding general surgical risks, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. FRE 401-403, 701-703.<br><br>Lines 534:17-20 are based on speculation and hearsay as to whether the IFU accompanies each Prolift. FRE 601-602, 801-802.<br><br>Lines 534:25-535:7 call for expert testimony regarding the purpose of IFUs, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. FRE 401-403, 701-703. |
| 538:14-541:2 | Lines 539:2-17 call for expert testimony regarding the meaning of warnings and precautions in the Prolift IFU, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. FRE 401-403, 701-703.<br><br>Lines 539:18-21 are based on speculation and hearsay as to whether Ethicon provided physicians with additional education and training on Prolift. FRE 601-602, 801-802.<br><br>Lines 540:7-14 call for expert testimony regarding the surgical technique in the Prolift IFU, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. FRE 701-703.<br><br>Lines 540:18-541:2 are based on speculation and hearsay as to whether Ethicon provided physicians with lectures and cadaver labs for Prolift training. FRE 601-602, 801-802. |
| 543:20-544:11 | Lines 543:20-544:11 call for expert testimony regarding what inflammation in the Prolift IFU is telling doctors and inflammation as a risk in other pelvic floor surgeries, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. FRE 401-403, 701-703. |
| 544:20-545:22 | Lines 544:20-545:22 call for expert testimony regarding what adhesion in the Prolift IFU is telling doctors, what's an adhesion, and adhesion as a risk in other pelvic floor surgeries, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. FRE 401-403, 701-703 |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| 546:12-547:18 | Lines 546:12-547:18 call for expert testimony regarding what erosion and extrusion in the Prolift IFU is telling doctors, whether scarring is a risk in all pelvic floor surgeries, and what punctures and lacerations in the IFU is telling doctors, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. FRE 401-403, 701-703. |
| 550:14-22 | Lines 550:14-22 call for expert testimony regarding what items in the Prolift IFU communicates painful sex as a risk factor, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. FRE 401-403, 701-703. |
| 550:24-552:25 | Lines 550:24-552:25 call for expert testimony regarding what items in the Prolift IFU communicates painful sex as a risk factor, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. FRE 401-403, 701-703. |
| 553:2-7 | Lines 553:2-3 call for expert testimony regarding what items in the Prolift IFU communicates painful sex as a risk factor, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. FRE 401-403, 701-703.<br><br>Lines 553:5-7 call for expert testimony regarding whether chronic pain is a risk in all pelvic floor surgeries, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. FRE 401-403, 701-703. |
| 553:9-15 | Lines 553:9-15 call for expert testimony regarding whether chronic pain is a known risk in all pelvic floor surgeries, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. FRE 401-403, 701-703. |
| 553:18-20 | Lines 553:18-20 call for expert testimony regarding whether chronic pain is a known risk in all pelvic floor surgeries, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. FRE 401-403, 701-703. |

| **Defendants' Designations** | **Plaintiff's Objections** |
|---|---|
| 555:6-15 | Lines 555:6-15 call for expert testimony regarding the benefits versus risks of Prolift, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. FRE 401-403, 701-703. |
| 555:17-556:12 | Lines 555:17-556:12 call for expert testimony regarding the benefits versus risks of Prolift, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. Testimony about the studies, cadaver labs, consultants, animal data, adverse event database, the nine investigators is based on speculation and hearsay. FRE 401-403, 601-602, 701-703, 801-802. |