Daniel Duyck
email: dduyck@duycklaw.com
Duyck & Associates, LLC
111 SW Columbia St., Suite 715
Portland, OR 97201
(503) 764-2030 phone

John Lowther (admitted pro hac vice)
email: john@doylelowther.com
Doyle Lowther LLP
4400 NE 77th Avenue, Suite 275
Vancouver, WA 98662
(360) 818-9320 phone
(360) 450-3116 fax

*Attorneys for Plaintiff Barbara Smith*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BARBARA SMITH,<br><br>                    Plaintiff,<br><br>v.<br><br>ETHICON, INC., et al.,<br><br>                    Defendants. | Case No.: 3:20-cv-00851-MO<br><br>PLAINTIFF'S OBJECTIONS TO DEPOSITION TESTIMONY OF SCOTT CIARROCCA |

**General Objection**

Mr. Ciarrocca was an Ethicon engineer. Plaintiff generally objects to the majority of Defendants' affirmative designations of this witness. Mr. Ciarrocca is not a retained expert in this case. He was not disclosed as an expert at the time of his depositions, yet the testimony the defense designates is very often expert opinion testimony. Therefore, Plaintiff generally objects to the designated testimony under Federal Rules of Evidence 401-402 and 701-702, as the testimony is impermissible expert opinions, is irrelevant, and is more prejudicial than probative and his testimony will lead to confusion among the jurors.

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| **December 3, 2012** | |
| 753:11-19 | Lines 753:11-19 are duplicative of the testimony in 15:2-15:23 and a waste of time. FRE 403. |
| 754:11-22 | Lines 754:11-22 10 are irrelevant as to the witness's length of employment and why he's stayed at Ethicon, and the testimony is an improper opinion for a lay witness as to Ethicon being a well-run company. FRE 401-402, 701-702. |
| 755:1-17 | Lines 755:1-17 calls for speculation and hearsay because the witness wasn't personally involved in the Gynemesh selection but testifies to why the mesh was selected and how mesh was best known; the witness is not a testifying expert but renders opinions about mesh characteristics, its track record, and relevant studies. FRE 601-602, 701-703. |
| 756:7-757:20 | Lines 756:7-20 is testimony from leading questions. FRE 403, 611.<br><br>Lines 757:7-14 is duplicative of the testimony in 756:10-757:6 and a waste of time. FRE 403.<br><br>Lines 757:18-20 is speculative and not shown to be made on personal knowledge, but on a "guess." FRE 601-602. |
| 759:11-12 | Lines 759:11-12 calls for a response to a leading question, FRE 403, 611. |

| **Defendants' Designations** | **Plaintiff's Objections** |
|---|---|
| 759:15-760:3 | Lines 759:15-760:3 are based on speculation and hearsay as to what happened with studies in Europe and the US for which the witness has not shown personal knowledge; the witness is not a testifying expert and opinions about such studies are improper for a law witness. FRE 601-602, 701-702, 801-802. |
| 760:15-761:19 | Lines 760:15-761:19 are based on speculation and hearsay as to what happened with labs where physician evaluated Prolift tools, and consultations with physicians, design changes to Prolift tools, the mesh used in studies; the witness is not a testifying expert and opinions about value of data from studies are improper for a lay witness. FRE 601-602, 701-702, 801-802. |
| 761:21-763:20 | Lines 761:25-762:11 are based on speculation and hearsay as to the purpose of timelines for projects at Ethicon; this testimony is also irrelevant and a waste of time. FRE 401-403, 601-602, 801-802.<br><br>Lines 762:20-21 are based on speculation and hearsay as to the purpose of timelines for projects at Ethicon; this testimony is also irrelevant and a waste of time. FRE 401-403, 601-602, 801-802<br><br>Lines 763:6-20 are based on speculation and hearsay as to the reasons for urgency for the Prolift product; the testimony concerns opinions on the unmet needs of doctors, the ability of Prolift to meet these needs, and the mesh device's ability to help patients, but the witness is not a testifying expert and has not shown personal knowledge. FRE 601-602, 701-703, 801-802. |
| 764:18-20 | Lines 764:18-20 are based on speculation and hearsay as to the steps taken in Prolift product development and testing; the testimony concerns opinions on the necessary steps for product development and testing, but the witness is not a testifying expert and has not shown personal knowledge for all steps and testing. The question is leading and compound. FRE 403, 601-602, 611, 701-703, 801-802. |
| 764:23 | Line 764:23 is based on speculation and hearsay as to the steps taken in Prolift product development and testing; the testimony concerns opinions on the necessary steps for product development and testing, but the witness is not a testifying expert and has not shown personal knowledge for all steps and testing. The question is leading and compound. FRE 403, 601-602, 611, 701-703, 801-802. |
| 768:13-769:3 | Lines 768:13-769:3 are based on speculation and hearsay as to what the Prolift team believed; the testimony concerns opinions on risk/benefits but the witness is not a testifying expert and has not shown personal knowledge for this topic. The question is leading and would be confusing and misleading to the jury. FRE 403, 601-602, 611, 701-703, 801-802. |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| **March 29, 2012** | |
| 14:12-16 | Lines 14:12-16 are irrelevant and a waste of time as to the witness's resume. FRE 401-403. |
| 15:2-23 | Lines 15:17-23 are irrelevant and a waste of time as to the witness's resume. FRE 401-403. |
| 17:15-25 | Lines 17:20-24 are based on speculation and hearsay as to what the happened at the exploratory program before the witness joined. FRE 601-602, 801-802. |
| 23:7-19 | Lines 23:7-19 are based on speculation and hearsay as to how Ethicon runs its projects and the witness hasn't shown personal knowledge for all Ethicon projects. FRE 601-602, 801-802 |
| 45:18-23 | Lines 45:18-23 are based on speculation and hearsay as to whether all project members deferred to medical affairs on the question of safety and efficacy. FRE 601-602, 801-802. |
| 45:24-46:16 | Lines 46:5-16 are based on speculation and hearsay as to whether all project members deferred to Charlotte Owens on the question of safety and efficacy. FRE 601-602, 801-802. |
| 46:18 | Line 46:18 is based on speculation and hearsay as to whether all project members deferred to Charlotte Owens on the question of safety and efficacy. FRE 601-602, 801-802. |
| 60:23-61:13 | Lines 61:6-13 are based on speculation and hearsay as to the biocompatibility database and data on Prolene; calls for expert opinion on Gynemesh's biocompatibility but the witness is not a testifying expert and hasn't shown the requisite personal knowledge for a lay opinion. FRE 601-602, 701-702, 801-802. |