Daniel Duyck
email: dduyck@duycklaw.com
Duyck & Associates, LLC
111 SW Columbia St., Suite 715
Portland, OR 97201
(503) 764-2030 phone

John Lowther (admitted pro hac vice)
email: john@doylelowther.com
Doyle Lowther LLP
4400 NE 77th Avenue, Suite 275
Vancouver, WA 98662
(360) 818-9320 phone
(360) 450-3116 fax

*Attorneys for Plaintiff Barbara Smith*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BARBARA SMITH,<br><br>               Plaintiff,<br><br>v.<br><br>ETHICON, INC., et al.,<br><br>               Defendants. | Case No.: 3:20-cv-00851-MO<br><br>PLAINTIFF'S OBJECTIONS TO DEPOSITION TESTIMONY OF THOMAS BARBOLT, PH.D |

**General Objections**

Plaintiff generally objects to the majority of Defendants' affirmative designations of this witness. Dr. Barbolt is a former Ethicon employee, who retired in 2008, and is not a retained expert in this case. He was not disclosed as an expert at the time of his depositions, yet the testimony the defense designates is very often expert opinion testimony. Dr. Thomas Barbolt was designated as a "non-retained" expert in the instant case, but both the MDL court and this Court have precluded him from offering expert testimony. *See generally* ECF No. 78 ("to the extent the Ethicon defendants named more than five experts, these experts are stricken."); ECF No. 187. Therefore, Plaintiff generally objects to the designated testimony under Federal Rules of Evidence 401-402 and 701-702, as the testimony is impermissible expert opinions, is irrelevant, and is more prejudicial than probative given Dr. Barbolt is not a treating physician and Dr. Barbolt's testimony will lead to juror confusion.

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| **August 15, 2013** | |
| 472:11-473:13 | Lines 472:11-473:13 are irrelevant and a waste of time because the witness is not testifying as an expert, and such testimony would confuse and mislead the jury as to whether to infer he is testifying as an expert, which is highly prejudicial to Plaintiff. FRE 401-403. |
| 474:3-11 | Lines 474:3-11 are irrelevant and a waste of time because the witness is not testifying as an expert, and such testimony would confuse and mislead the jury as to whether to infer he is testifying as an expert, which is highly prejudicial to Plaintiff. FRE 401-403. |
| 477:20-479:14 | Lines 477:20-479:14 are irrelevant and a waste of time because the witness is not testifying as an expert, and such testimony would confuse and mislead the jury as to whether to infer he is testifying as an expert, which is highly prejudicial to Plaintiff. FRE 401-403. |
| **October 10, 2012** | |

| **Defendants' Designations** | **Plaintiff's Objections** |
|---|---|
| 571:23-572:9 | Lines 571:23-572:9 are irrelevant and a waste of time because the witness is not testifying as an expert, and such testimony would confuse and mislead the jury as to whether to infer he is testifying as an expert, which is highly prejudicial to Plaintiff. FRE 401-403. |
| 572:25-573:3 | Lines 572:25-573:3 are confusing and misleading as to what materials in Prolift the witness is referring, and why said materials are relevant to this case. FRE 401-403. |
| 576:8-577:19 | Lines 576:8-577:19 call for expert testimony regarding the body's reaction to the placement of mesh, how inflammation works within the body, biocompatibility, and the kind of inflammation an implant should generate, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. The testimony does not show personal knowledge. FRE 401-403, 601-602, 701-703. |
| 577:22-578:14 | Lines 577:22-578:14 call for expert testimony regarding the mild inflammation as the body's reaction to the placement of mesh and tissue integration into mesh, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. The testimony does not show personal knowledge. FRE 401-403, 601-602, 701-703. |
| 578:16-21 | Lines 578:16-18 call for expert testimony regarding tissue integration into mesh, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. The testimony does not show personal knowledge. FRE 401-403, 601-602, 701-703. |
| 578:23-580:14 | Lines 578:23-580:14 call for expert testimony regarding a reaction study on polypropylene meshes including Prolene and examination of inflammation and tissue integration, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. The testimony does not show personal knowledge. FRE 401-403, 601-602, 701-703. |
| 581:4-7 | Lines 581:4-7 call for expert testimony regarding the identification of picture of necropsy of subcutaneous Prolene Soft, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. The testimony does not show personal knowledge. FRE 401-403, 601-602, 701-703. |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| 581:11-582:22 | Lines 581:11-582:22 call for expert testimony regarding description of Prolene Soft picture, presence of inflammation, pore size for integration of tissue, fibrotic bridging, and scar plate, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. The testimony does not show personal knowledge. FRE 401-403, 601-602, 701-703. |
| 583:3-24 | Lines 583:3-6 call for expert testimony regarding description of Prolene Soft picture and presence of fibrotic bridging, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. The testimony does not show personal knowledge. FRE 401-403, 601-602, 701-703.<br><br>Lines 583:7-24 call for expert testimony regarding reaction study results and erosion of examined meshes, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. The testimony does not show personal knowledge. FRE 401-403, 601-602, 701-703. |
| 584:4-585:19 | Lines 584:7-14 call for expert testimony regarding a six month tissue reaction study on a prototype mesh and Prolene Soft, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. The testimony does not show personal knowledge. FRE 401-403, 601-602, 701-703.<br><br>Lines 585:2-19 call for expert testimony regarding a tissue reaction regarding inflammation and integration from six month study, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. The testimony does not show personal knowledge. FRE 401-403, 601-602, 701-703. |
| 586:8-589:8 | Lines 586:8-589:8 call for expert testimony regarding a tissue a study by Dr. Boulanger on five meshes for pelvic floor surgery and the tissue reaction, tissue integration, retraction, and the referenced rat study, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. The testimony does not show personal knowledge. FRE 401-403, 601-602, 701-703. |

| **Defendants' Designations** | **Plaintiff's Objections** |
|---|---|
| 590:1-592:3 | Lines 590:1-592:3 call for expert testimony regarding a rabbit study from Dr. Huffaker, tissue reaction to polypropylene, testing results regarding Prolene Soft mesh, and the compared Ethicon studies, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. The testimony does not show personal knowledge. FRE 401-403, 601-602, 701-703. |
| 593:5-594:5 | Lines 593:5-594:5 call for expert testimony regarding a human study on polypropylene transvaginal mesh, including Prolift, and tissue reaction, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. The testimony does not show personal knowledge. FRE 401-403, 601-602, 701-703. |
| 594:10-595:7 | Lines 594:10-595:7 call for expert testimony regarding a human study on polypropylene transvaginal mesh, including Prolift, and inflammatory response on tissue, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. The testimony does not show personal knowledge. FRE 401-403, 601-602, 701-703. |
| 600:25-601:25 | Lines 601:3-25 call for expert testimony regarding a pig study on Prolene Soft mesh and pore deformation, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. The testimony does not show personal knowledge. FRE 401-403, 601-602, 701-703. |
| 602:2-603:1 | Lines 602:2-603:1 call for expert testimony regarding a pig study on Prolene Soft mesh and pore deformation, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. The testimony does not show personal knowledge. FRE 401-403, 601-602, 701-703. |
| 604:2-607:9 | Lines 604:2-607:9 call for expert testimony regarding a pig study on Prolene Soft mesh, mesh contraction, comparison of Prolift and Ultrapro on stiffness, explanation of mesh contraction, and comparisons to 91-day study, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. The testimony does not show personal knowledge. FRE 401-403, 601-602, 701-703. |

| **Defendants' Designations** | **Plaintiff's Objections** |
|---|---|
| 607:14-608:4 | Lines 607:14-608:4 call for expert testimony regarding a 2003 study funded by Ethicon, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. The testimony does not show personal knowledge. FRE 401-403, 601-602, 701-703. |
| 608:9-611:4 | Lines 608:9-611:4 call for expert testimony regarding a 2003 study funded by Ethicon on meshes, including Gynemesh, mesh shrinkage, comparison to Jan Deprest study, pore size deformation, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. The testimony does not show personal knowledge. FRE 401-403, 601-602, 701-703. |
| 611:6-11 | Lines 611:6-11 call for expert testimony regarding a 2001 study of pore size deformation and mesh contraction rates, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. The testimony does not show personal knowledge. FRE 401-403, 601-602, 701-703. |
| 627:14-628:14 | Lines 627:14-628:14 call for expert testimony regarding proper IFU disclosure, the adequate funding of studies and conducting studies, and the results of funded and internal studies on biocompatibility of implantations, including fibers in Prolene Soft, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. The testimony does not show personal knowledge. FRE 401-403, 601-602, 701-703. |
| 628:17-629:18 | Lines 628:17-629:18 call for expert testimony regarding Prolift integration with tissue, the body's reaction to the mesh, safety and efficacy of Prolift, and the bases for such opinions, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. The testimony does not show personal knowledge. FRE 401-403, 601-602, 701-703. |