Daniel Duyck
email: dduyck@duycklaw.com
Duyck & Associates, LLC
111 SW Columbia St., Suite 715
Portland, OR 97201
(503) 764-2030 phone

John Lowther (admitted pro hac vice)
email: john@doylelowther.com
Doyle Lowther LLP
4400 NE 77th Avenue, Suite 275
Vancouver, WA 98662
(360) 818-9320 phone
(360) 450-3116 fax

*Attorneys for Plaintiff Barbara Smith*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BARBARA SMITH,<br><br>              Plaintiff,<br><br>v.<br><br>ETHICON, INC., et al.,<br><br>              Defendants. | Case No.: 3:20-cv-00851-MO<br><br>PLAINTIFF'S OBJECTIONS TO DEPOSITION TESTIMONY OF DANIEL SMITH |

**General Objections**

Mr. Smith was an Ethicon biomedical engineer. Plaintiff generally objects to the majority of Defendants' affirmative designations of this witness. Mr. Smith is not a retained expert in this case. He was not disclosed as an expert at the time of his depositions, yet the testimony the defense designates is very often expert opinion testimony. Dan Smith was designated as a "non-retained" expert in the instant case, but both the MDL court and this Court have precluded him from offering expert testimony. *See generally* ECF No. 78 ("to the extent the Ethicon defendants named more than five experts, these experts are stricken."); ECF No. 187. Therefore, Plaintiff generally objects to the designated testimony under Federal Rules of Evidence 401-402 and 701-702, as the testimony is impermissible expert opinions, is irrelevant, and is more prejudicial than probative and his testimony will lead to confusion among the jurors, especially since it is essentially about the TVT product line, not Prolift.

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| 564:25-567:5 | Lines 564:25-567:5 are irrelevant and a waste of time because the witness is not testifying as an expert, and such testimony would confuse and mislead the jury as to whether to infer he is testifying as an expert, which is highly prejudicial to Plaintiff. The testimony concerns TVT products, which are not at issue. FRE 401-403. |
| 567:15-569:7 | Lines 568:9-20 call for expert testimony regarding the design process, the determination of safety and efficacy, and animal and bench top testing, tissue reaction studies, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. The testimony does not show personal knowledge. FRE 401-403, 601-602, 701-703.<br><br>Lines 568:21-569:7 call for expert testimony regarding DDSAs and FMEAs, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. The testimony does not show personal knowledge. FRE 401-403, 601-602, 701-703. |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| 569:10-20 | Lines 569:10-20 call for expert testimony regarding assessment of product safety and efficacy and how Ethicon does this, but the witness is not a testifying expert, and it would be confusing and misleading to the jury and unfairly prejudicial to Plaintiff to admit such testimony, as the jury could infer the witness is an expert. The testimony does not show personal knowledge based on hearsay. FRE 401-403, 601-602, 701-703, 801-802. |
| 570:2-10 | Lines 570:2-10 are irrelevant and a waste of time because the testimony concerns the TVT, which is not at issue, and would confuse and mislead the jury about another mesh product. FRE 401-403, 701-703. |
| 577:3-17 | Lines 577:3-17 are irrelevant and a waste of time because the testimony concerns the TVT-O, which is not at issue, and would confuse and mislead the jury about another mesh product. The testimony calls for opinions outside the expert designation, as the witness is not a testifying expert. FRE 401-403, 701-703. |
| 577:21-578:15 | Lines 577:21-578:15 are irrelevant and a waste of time because the testimony concerns the TVT-O, which is not at issue, and would confuse and mislead the jury about another mesh product. The testimony calls for opinions outside the expert designation, as the witness is not a testifying expert. The testimony is not based on personal knowledge as to Dr. Leval. FRE 401-403, 601-602, 701-703. |
| 579:9-20 | Lines 579:9-20 are irrelevant and a waste of time because the testimony concerns the TVT-O, which is not at issue, and would confuse and mislead the jury about another mesh product. The testimony calls for opinions outside the expert designation, as the witness is not a testifying expert. The testimony is not based on personal knowledge as to Dr. Leval. FRE 401-403, 601-602, 701-703. |
| 579:22-25 | Lines 579:22-25 are irrelevant and a waste of time because the testimony concerns the TVT-O, which is not at issue, and would confuse and mislead the jury about another mesh product. The testimony calls for opinions outside the expert designation, as the witness is not a testifying expert. FRE 401-403, 701-703. |
| 586:22-587:8 | Lines 586:22-587:8 are irrelevant and a waste of time because the testimony concerns laser and mechanical cutting for the TVT, which is not at issue, and would confuse and mislead the jury about another mesh product. The testimony calls for opinions outside the expert designation, as the witness is not a testifying expert. The testimony is not based on personal knowledge as to TVT cutting. FRE 401-403, 601-602, 701-703. |
| 588:24-589:8 | Lines 588:24-589:8 call for opinions outside the expert designation as to physiological range, and the witness is not a testifying expert. Allowing the testimony would confuse and mislead the jury into inferring the witness was testifying as an expert, which is highly prejudicial to Plaintiff. FRE 401-403, 701-703. |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| 589:10-12 | Lines 589:10-12 call for opinions outside the expert designation as to physiological range, and the witness is not a testifying expert. Allowing the testimony would confuse and mislead the jury into inferring the witness was testifying as an expert, which is highly prejudicial to Plaintiff. The testimony is irrelevant because this speaks of the urethra and thus pertains to the TVT. FRE 401-403, 701-703. |
| 590:13-591:3 | Lines 590:13-591:3 are irrelevant and a waste of time because the testimony concerns physiological limits of laser and mechanical cut mesh in the TVT, which is not at issue, and would confuse and mislead the jury about another mesh product. The testimony calls for opinions outside the expert designation, as the witness is not a testifying expert. The testimony is not based on personal knowledge as to TVT cutting, and the referenced clinical studies are hearsay. FRE 401-403, 601-602, 701-703, 801-802. |
| 607:20-608:18 | Lines 607:20-608:18 are irrelevant and a waste of time because the testimony concerns Prolene in the TVT, which is not at issue, and would confuse and mislead the jury about another mesh product and the Prolene Soft in Prolift. The testimony calls for expert opinions about the safety and history of Prolene, but the witness is not a testifying expert. The testimony is not based on personal knowledge but hearsay. FRE 401-403, 601-602, 701-703, 801-802. |
| 614:20-615:7 | Lines 614:20-615:7 call for expert opinions about the mesh safety and mesh fraying and particle loss, but the witness is not a testifying expert. The testimony is not based on personal knowledge but hearsay. Allowing the testimony would confuse and mislead the jury into inferring the witness is testifying as an expert. FRE 401-403, 601-602, 701-703, 801-802. |
| 615:9-14 | Lines 615:9-14 call for expert opinions about particle loss and mesh efficacy and patient safety, but the witness is not a testifying expert. The testimony is not based on personal knowledge but hearsay. Allowing the testimony would confuse and mislead the jury into inferring the witness is testifying as an expert. FRE 401-403, 601-602, 701-703, 801-802. |
| 615:16 | Line 615:16 calls for expert opinions about particle loss and mesh efficacy, but the witness is not a testifying expert. The testimony is not based on personal knowledge but hearsay. Allowing the testimony would confuse and mislead the jury into inferring the witness is testifying as an expert. FRE 401-403, 601-602, 701-703, 801-802. |
| 638:15-639:9 | Lines 638:15-639:9 call for expert opinions about Ultrapro and use for stress urinary incontinence repair, but the witness is not a testifying expert. The testimony is not based on personal knowledge but hearsay. Allowing the testimony would confuse and mislead the jury into inferring the witness is testifying as an expert. The testimony is irrelevant in that Prolift is not a mesh device for SUI treatment. FRE 401-403, 601-602, 701-703, 801-802. |

| **Defendants' Designations** | **Plaintiff's Objections** |
|---|---|
| 640:24-642:17 | Lines 640:24-642:17 call for expert opinions about pore size and heavyweight versus lightweight mesh, but the witness is not a testifying expert. The testimony is not based on personal knowledge but hearsay as to Amid study. Allowing the testimony would confuse and mislead the jury into inferring the witness is testifying as an expert. The testimony is irrelevant because it concerns TVT, which is not part of the case. FRE 401-403, 601-602, 701-703, 801-802. |
| 642:22-643:6 | Lines 642:22-643:6 call for expert opinions about mesh pore size, but the witness is not a testifying expert. The testimony is not based on personal knowledge but hearsay as to Amid study. Allowing the testimony would confuse and mislead the jury into inferring the witness is testifying as an expert. The testimony is irrelevant because it concerns TVT, which is not part of the case. FRE 401-403, 601-602, 701-703, 801-802. |
| 643:10-644:1 | Lines 643:10-644:1 call for expert opinions about inflammatory response to polypropylene and whether the material is inert, but the witness is not a testifying expert. The testimony is not based on personal knowledge but hearsay. Allowing the testimony would confuse and mislead the jury into inferring the witness is testifying as an expert. FRE 401-403, 601-602, 701-703, 801-802. |
| 644:3-17 | Lines 644:3-17 call for expert opinions about inflammatory response to polypropylene and whether the material is inert, but the witness is not a testifying expert. The testimony is not based on personal knowledge but hearsay. Allowing the testimony would confuse and mislead the jury into inferring the witness is testifying as an expert. FRE 401-403, 601-602, 701-703, 801-802. |
| 648:19-649:6 | Lines 648:19-649:6 are irrelevant because the testimony concerns the TVT line of products, which are not part of the case. Allowing the testimony would confuse and mislead the jury about the product at issue. The testimony is not made on personal knowledge and is hearsay. FRE 401-403, 601-602, 701-703, 801-802. |
| 649:9-15 | Lines 649:9-15 are irrelevant because the testimony concerns the TVT line of products, which are not part of the case. Allowing the testimony would confuse and mislead the jury about the product at issue. The testimony calls for expert opinions as to the efficacy of TVT-O PA, but the witness is not a testifying expert. The testimony is not made on personal knowledge and is hearsay. FRE 401-403, 601-602, 701-703, 801-802. |
| 649:18-21 | Lines 649:18-21 call for expert opinions about materials to replace Prolene in TVTs, but the witness is not a testifying expert. Allowing the testimony would confuse and mislead the jury into inferring the witness is testifying as an expert. The testimony is irrelevant and would confuse and mislead the jury because it concerns TVT products, not the Prolift. FRE 401-403, 701-703. |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| 649:24-650:4 | Lines 649:24-650:4 call for expert opinions about materials to replace Prolene in TVTs, but the witness is not a testifying expert. Allowing the testimony would confuse and mislead the jury into inferring the witness is testifying as an expert. The testimony is irrelevant and would confuse and mislead the jury because it concerns TVT products, not the Prolift. FRE 401-403, 701-703. |
| 650:6-10 | Lines 650:6-10 call for expert opinions about whether Prolene in TVT is the gold standard, but the witness is not a testifying expert. Allowing the testimony would confuse and mislead the jury into inferring the witness is testifying as an expert. The testimony is irrelevant and would confuse and mislead the jury because it concerns TVT products, not the Prolift. The testimony is not made on personal knowledge but is hearsay as to Ethicon's reasons for action. FRE 401-403, 601-602, 701-703, 801-802. |
| 651:7-9 | Lines 651:7-9 call for expert opinions about the comparative safety and efficacy of Prolene in TVT, but the witness is not a testifying expert. Allowing the testimony would confuse and mislead the jury into inferring the witness is testifying as an expert. The testimony is irrelevant and would confuse and mislead the jury because it concerns TVT products, not the Prolift, and is leading. FRE 401-403, 611, 701-703. |
| 651:11 | Line 651:11 calls for expert opinions about the comparative safety and efficacy of Prolene in TVT, but the witness is not a testifying expert. Allowing the testimony would confuse and mislead the jury into inferring the witness is testifying as an expert. The testimony is irrelevant and would confuse and mislead the jury because it concerns TVT products, not the Prolift, and is leading. FRE 401-403, 611, 701-703. |
| 652:6-9 | Lines 652:6-9 call for expert opinions about recommended treatment for stress urinary incontinence, but the witness is not a testifying expert. Allowing the testimony would confuse and mislead the jury into inferring the witness is testifying as an expert. The testimony is irrelevant and would confuse and mislead the jury because it concerns SUI, not pelvic organ prolapse. FRE 401-403, 701-703. |
| 652:11-17 | Lines 652:11-15 call for expert opinions about recommended treatment for stress urinary incontinence, but the witness is not a testifying expert. Allowing the testimony would confuse and mislead the jury into inferring the witness is testifying as an expert. The testimony is irrelevant and would confuse and mislead the jury because it concerns the TVT product line, not Prolift. FRE 401-403, 701-703. |