Daniel Duyck
email: dduyck@duycklaw.com
Duyck & Associates, LLC
111 SW Columbia St., Suite 715
Portland, OR 97201
(503) 764-2030 phone

John Lowther (admitted pro hac vice)
email: john@doylelowther.com
Doyle Lowther LLP
4400 NE 77th Avenue, Suite 275
Vancouver, WA 98662
(360) 818-9320 phone
(360) 450-3116 fax

*Attorneys for Plaintiff Barbara Smith*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BARBARA SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>ETHICON, INC., et al.,<br><br>    Defendants. | Case No.: 3:20-cv-00851-MO<br><br>PLAINTIFF'S OBJECTIONS TO DEPOSITION TESTIMONY OF KATRIN ELBERT, PH.D |

**General Objections**

Dr. Elbert was a Biomedical Engineer for Ethicon. Plaintiff generally objects to the majority of Defendants' affirmative designations of this witness. Dr. Elbert is not a retained expert in this case. She was not disclosed as an expert at the time of his depositions, yet the testimony the defense designates is very often expert opinion testimony. Katrin Elbert was designated as a non-retained expert in the instant case, but both the MDL court and this Court have precluded him from offering expert testimony. *See generally* ECF No. 78 ("to the extent the Ethicon defendants named more than five experts, these experts are stricken."); ECF No. 187. Therefore, Plaintiff generally objects to the designated testimony under Federal Rules of Evidence 401-402 and 701-702, as the testimony is impermissible expert opinions, is irrelevant, and is more prejudicial than probative and his testimony will lead to confusion among the jurors, especially since it is essentially about the TVT product line, not Prolift.

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| 44:4-45:11 | Lines 44:4-45:11 are irrelevant and a waste of time because the testimony concerns TVT projects TOPA and Scion, and TVT products are not at issue, and would confuse and mislead the jury about another mesh product line. The testimony calls for expert opinions about meeting Ethicon requirements, including ease of use, but the witness is not a testifying expert. The testimony is not limited to personal knowledge and is hearsay. FRE 401-403, 601-602, 701-703, 801-802. |
| 46:1-16 | Lines 46:1-16 are irrelevant and a waste of time because the testimony concerns detachment of sheaths for TVT projects, and TVT products are not at issue, and would confuse and mislead the jury about another mesh product line. The testimony calls for expert opinions about sheath detachment, but the witness is not a testifying expert. The testimony is not limited to personal knowledge as to what others thought, and is hearsay as to what others said. FRE 401-403, 601-602, 701-703, 801-802. |
| 49:12-14 | Lines 49:12-14 are irrelevant and a waste of time because the testimony concerns TVT-O, and TVT products are not at issue, and would confuse and mislead the jury about another mesh product line. FRE 401-403. |
| 50:5-10 | Lines 50:5-10 are irrelevant and a waste of time as to college degree of witness. FRE 401-403. |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| 50:19-51:19 | Lines 50:19-51:19 are irrelevant and a waste of time as to the education of the witness, and would confuse and mislead the jury into inferring she is testifying as an expert witness, which is not the case. FRE 401-403. |
| 247:23-249:4 | Lines 247:23-249:4 are irrelevant and duplicative of other background testimony from 29:23-31:4 and are a waste of time. FRE 401-403. |
| 249:16-252:11 | Lines 249:16-250:2 are irrelevant and a waste of time as to the witness's background, and would confuse and mislead the jury into inferring she is testifying as an expert witness, which is not the case. FRE 401-403.<br><br>Lines 250:17-252:11 are irrelevant and a waste of time because the testimony concerns stress urinary incontinence, which Prolift doesn't treat, and Prolene mesh, which is in TVT slings, and would confuse and mislead the jury about another mesh product line. The testimony calls for expert opinions about the makeup of Prolene and its history of implantation in humans, and the surgical treatment of SUI, but the witness is not a testifying expert. Allowing the testimony would confuse and mislead the jury into inferring the witness is testifying as an expert. FRE 401-403, 701-703. |
| 252:15-256:18 | Lines 252:15-256:11 are irrelevant and a waste of time because the testimony largely concerns stress urinary incontinence and TVT products, which are not products at issue here, and would confuse and mislead the jury about another mesh product line. The testimony calls for expert opinions about placement of a sling via the retropubic and transobturator routes and the relevant anatomy, and Ethicon's product development teams, but the witness is not a testifying expert. Allowing the testimony would confuse and mislead the jury into inferring the witness is testifying as an expert. Statements about research and design and not limited to the witness's personal knowledge and are based on hearsay. FRE 401-403, 601-602, 701-703, 801-802. |
| 257:8-11 | Lines 257:8-11 are irrelevant and a waste of time because the testimony concerns the TVT-O, which isn't part of the case, and would confuse and mislead the jury about another mesh product. The testimony about the inventor is hearsay and not based on personal knowledge. FRE 401-403, 601-602, 801-802. |
| 257:23-258:6 | Lines 257:23-258:6 are irrelevant and a waste of time because the testimony concerns the TVT-O, which is not product at issue here, and would confuse and mislead the jury about another mesh product. The testimony calls for expert opinions as to how Professor Leval changed the TVT product. Statements about Leval and not limited to the witness's personal knowledge and are based on hearsay. FRE 401-403, 601-602, 701-703, 801-802. |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| 258:11-13 | Lines 258:11-13 are irrelevant and a waste of time because the testimony concerns the TVT-O, which is not a product at issue here, and would confuse and mislead the jury about another mesh product. FRE 401-403. |
| 344:20-347:20 | Lines 344:20-347:20 are irrelevant and a waste of time because the testimony concerns project TOPA for the TVT product line, and slings are not products at issue here, and would confuse and mislead the jury about another mesh product line. The testimony calls for expert opinions about customer requirements and specifications, but the witness is not a testifying expert. Allowing the testimony would confuse and mislead the jury into inferring the witness is testifying as an expert. Statements about customer requirements and clinical affairs are not based on personal knowledge but on hearsay. FRE 401-403, 601-602, 701-703, 801-802. |
| 348:9-351:3 | Lines 348:9-351:3 are irrelevant and a waste of time because the testimony concerns project TOPA for the TVT product line, and slings are not products at issue here, and would confuse and mislead the jury about another mesh product line. The testimony calls for expert opinions about customer requirements and specifications, directional equivalency, and clinical evaluations, but the witness is not a testifying expert. Allowing the testimony would confuse and mislead the jury into inferring the witness is testifying as an expert. Statements about customer requirements, and cadaver labs, sheath detachment, are not based on personal knowledge but on hearsay. FRE 401-403, 601-602, 701-703, 801-802. |
| 351:6-7 | Lines 351:6-7 are irrelevant and a waste of time because the testimony concerns the TVT-O, and slings are not products at issue here, and would confuse and mislead the jury about another mesh product. The testimony calls for expert opinions about problems with sheath detachments for TVT-O, but the witness is not a testifying expert. Allowing the testimony would confuse and mislead the jury into inferring the witness is testifying as an expert. Statements about sheath detachments are not based on personal knowledge but on hearsay. FRE 401-403, 601-602, 701-703, 801-802. |
| 351:9-24 | Lines 351:9-24 are irrelevant and a waste of time because the testimony concerns the TVT-O and project TOPA, and slings are not products at issue here, and would confuse and mislead the jury about another mesh product line. The testimony calls for expert opinions about problems with sheath detachments for both products, but the witness is not a testifying expert. Allowing the testimony would confuse and mislead the jury into inferring the witness is testifying as an expert. Statements about sheath detachments and cadaver labs are not based on personal knowledge but on hearsay. FRE 401-403, 601-602, 701-703, 801-802. |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| 352:1-353:5 | Lines 352:1-353:5 are irrelevant and a waste of time because the testimony concerns project TOPA, and slings are not products at issue here, and would confuse and mislead the jury about another mesh product line. The testimony calls for expert opinions about problems with sheath detachments and clinical trials, but the witness is not a testifying expert. Allowing the testimony would confuse and mislead the jury into inferring the witness is testifying as an expert. Statements about sheath detachments and clinical trials are not based on personal knowledge but on hearsay. FRE 401-403, 601-602, 701-703, 801-802. |
| 353:7-354:4 | Lines 353:7-354:4 are irrelevant and a waste of time because the testimony concerns project TOPA, and slings are not products at issue here, and would confuse and mislead the jury about another mesh product line. Statements about TOPA clearance and competing absorbable mesh product are not based only on personal knowledge but on hearsay. FRE 401-403, 601-602, 801-802. |
| 354:6-12 | Lines 354:6-12 are irrelevant and a waste of time because the testimony concerns partially absorbable mesh products for SUI, and slings are not products at issue here, and would confuse and mislead the jury about another mesh product line. Statements about competing absorbable mesh product are not based only on personal knowledge but on hearsay, and whether the medical literature establishes the efficacy of partially absorbable mesh for SUI call for expert testimony, but the witness is not a testifying expert. FRE 401-403, 701-703. |
| 354:14-20 | Lines 354:14-20 are irrelevant and a waste of time because the testimony concerns partially absorbable mesh products for SUI, and slings are not products at issue here, and would confuse and mislead the jury about another mesh product line. Statements about whether the medical literature establishes the efficacy of partially absorbable mesh for SUI call for expert testimony, but the witness is not a testifying expert. FRE 401-403, 701-703. |
| 354:22 | Line 354:22 is irrelevant and a waste of time because the testimony concerns partially absorbable mesh products for SUI, and slings are not products at issue here, and would confuse and mislead the jury about another mesh product line. Statements about whether the medical literature establishes the efficacy of partially absorbable mesh for SUI call for expert testimony, but the witness is not a testifying expert. FRE 401-403, 701-703. |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| 366:20-22 | Lines 366:20-22 are irrelevant and a waste of time because the testimony concerns laser cut mesh and erosion involves TVTs, and slings are not products at issue here, and would confuse and mislead the jury about another mesh product line. Statements about whether the medical literature indicates laser cut mesh increases the risk of erosion call for expert testimony, but the witness is not a testifying expert. FRE 401-403, 701-703. |
| 366:24-367:3 | Lines 366:24-367:3 are irrelevant and a waste of time because the testimony concerns laser cut mesh and erosion involves TVTs, and slings are not products at issue here, and would confuse and mislead the jury about another mesh product line. Statements about whether the medical literature indicates laser cut mesh increases the risk of erosion call for expert testimony, but the witness is not a testifying expert. Testimony about Ethicon's adverse event data is hearsay. FRE 401-403, 701-703, 801-802. |
| 367:5-7 | Lines 367:5-7 are irrelevant and a waste of time because the testimony concerns laser cut mesh and erosion involves TVTs, and slings are not products at issue here, and would confuse and mislead the jury about another mesh product line. Statements about whether the medical literature indicates laser cut mesh increases the risk of erosion call for expert testimony, but the witness is not a testifying expert. Testimony about Ethicon's adverse event data is hearsay. FRE 401-403, 701-703, 801-802. |
| 368:24-369:1 | Lines 368:24-369:1 call for expert testimony on differences between SUI mesh and pelvic floor mesh, but the witness is not a testifying expert. FRE 701-703. |
| 369:3-370:6 | Lines 369:3-370:6 call for expert testimony on differences between SUI mesh and pelvic floor mesh and description of surgical procedures and the relevant anatomy, but the witness is not a testifying expert. Allowing the testimony would confuse and mislead the jury into inferring the witness is testifying as an expert witness, which is unfairly prejudicial to Plaintiff. FRE 401-403, 701-703. |
| 370:12-13 | Lines 370:12-13 call for expert testimony on differences between Prolene and generic polypropylene, but the witness is not a testifying expert. Allowing the testimony would confuse and mislead the jury into inferring the witness is testifying as an expert witness, which is unfairly prejudicial to Plaintiff. FRE 401-403, 701-703. |
| 370:15-17 | Lines 370:15-17 call for expert testimony on differences between Prolene and generic polypropylene, but the witness is not a testifying expert. Allowing the testimony would confuse and mislead the jury into inferring the witness is testifying as an expert witness, which is unfairly prejudicial to Plaintiff. FRE 401-403, 701-703. |

| **Defendants' Designations** | **Plaintiff's Objections** |
|---|---|
| 371:4-7 | Lines 371:4-7 are irrelevant and a waste of time because the testimony concerns erosion rates and TVTs, and slings are not products at issue here, and would confuse and mislead the jury about another mesh product line. Statements about whether the medical literature indicates a certain erosion rate with TVTs call for expert testimony, but the witness is not a testifying expert. FRE 401-403, 701-703. |
| 371:9 | Line 371:9 is irrelevant and a waste of time because the testimony concerns erosion rates and TVTs, and slings are not products at issue here, and would confuse and mislead the jury about another mesh product line. Statements about whether the medical literature indicates a certain erosion rate with TVTs call for expert testimony, but the witness is not a testifying expert. FRE 401-403, 701-703. |
| 371:18-372:4 | Lines 371:18-372:4 call for expert testimony about whether the medical literature shows polypropylene degradation causes mesh erosion, but the witness is not a testifying expert. The testimony is also hearsay as to the contents of the medical literature, and allowing the testimony would confuse and mislead the jury into inferring the witness is testifying as an expert, which is unfairly prejudicial to Plaintiff. FRE 401-403, 701-703, 801-802. |
| 372:6-9 | Lines 372:6-9 call for expert testimony about whether the medical literature shows polypropylene degradation causes mesh erosion, but the witness is not a testifying expert. The testimony is also hearsay as to the contents of the medical literature, and speculation as to what PA Consulting knows. Allowing the testimony would confuse and mislead the jury into inferring the witness is testifying as an expert, which is unfairly prejudicial to Plaintiff. FRE 401-403, 601-602, 701-703, 801-802. |
| 372:16-17 | Lines 372:16-17 are irrelevant and a waste of time because the testimony concerns whether TVTs are macro pore mesh, and slings are not products at issue here, and would confuse and mislead the jury about another mesh product line. Statements about whether the TVT is macro or micro pore call for expert testimony, but the witness is not a testifying expert. FRE 401-403, 701-703. |
| 372:19-373:25 | Lines 372:19-373:25 are irrelevant and a waste of time because the testimony concerns whether TVTs are macro pore mesh, and slings are not products at issue here, and would confuse and mislead the jury about another mesh product line. Statements about why the witness considers TVT and its Prolene mesh macro pore, and the Amid and Moalli studies call for expert testimony, but the witness is not a testifying expert. Testimony about the Amid and Maolli studies are hearsay. FRE 401-403, 701-703, 801-802. |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| 374:2-7 | Lines 374:2-7 are irrelevant and a waste of time because the testimony concerns TVT's pore size compared to other SUI slings, and slings are not products at issue here, and would confuse and mislead the jury about another mesh product line. Statements about the Moalli study and the pore size of competing slings call for expert testimony, but the witness is not a testifying expert. Testimony about the Maolli study are hearsay. FRE 401-403, 701-703, 801-802. |
| 430:9-12 | Lines 430:9-12 are irrelevant and a waste of time because the testimony concerns whether laser and mechanical cut mesh behave the same from a scientific and clinical standpoint, which involves TVTs, but slings are not products at issue here, and would confuse and mislead the jury about another mesh product line. Statements about whether the medical literature indicates laser cut and mechanical cut mesh are the same call for expert testimony, but the witness is not a testifying expert. FRE 401-403, 701-703. |
| 430:14-431:5 | Lines 430:14-431:5 are irrelevant and a waste of time because the testimony concerns whether laser and mechanical cut TVTs are available to doctors, and slings are not products at issue here, and would confuse and mislead the jury about another mesh product line. Statements about preference of doctors for a type of mesh cut are speculation, as is the reason Ethicon sells both cuts, along with hearsay. What clinical trials showed is hearsay and call for expert testimony, but the witness is not a testifying expert. FRE 401-403, 601-602, 701-703, 801-802. |
| 431:24-432:25 | Lines 431:24-432:25 are irrelevant and a waste of time because the testimony concerns whether laser and mechanical cut TVTs are available to doctors, and slings are not products at issue here, and would confuse and mislead the jury about another mesh product line. Statements about preference of doctors for a type of mesh cut are speculation, as is the reason Ethicon sells both cuts, along with hearsay. What clinical trials showed is hearsay and call for expert testimony, but the witness is not a testifying expert. FRE 401-403, 601-602, 701-703, 801-802. |