Daniel Duyck
email: dduyck@duycklaw.com
Duyck & Associates, LLC
111 SW Columbia St., Suite 715
Portland, OR 97201
(503) 764-2030 phone

John Lowther (admitted pro hac vice)
email: john@doylelowther.com
Doyle Lowther LLP
4400 NE 77th Avenue, Suite 275
Vancouver, WA 98662
(360) 818-9320 phone
(360) 450-3116 fax

*Attorneys for Plaintiff Barbara Smith*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BARBARA SMITH,<br><br>           Plaintiff,<br><br>v.<br><br>ETHICON, INC., et al.,<br><br>           Defendants. | Case No.: 3:20-cv-00851-MO<br><br>PLAINTIFF'S OBJECTIONS TO DEPOSITION TESTIMONY OF DR. AXEL ARNAUD |

**General Objections**

Dr. Arnaud was European Medical Director for Ethicon. Plaintiff generally objects to the majority of Defendants' affirmative designations of this witness. Dr. Arnaud is not a retained expert in this case. He was not disclosed as an expert at the time of his depositions, yet the testimony the defense designates is very often expert opinion testimony. Dr. Axel Arnaud was designated as a non-retained expert in the instant case, but both the MDL court and this Court have precluded him from offering expert testimony. *See generally* ECF No. 78 ("to the extent the Ethicon defendants named more than five experts, these experts are stricken."); ECF No. 187. Therefore, Plaintiff generally objects to the designated testimony under Federal Rules of Evidence 401-402 and 701-702, as the testimony is impermissible expert opinions, is irrelevant, and is more prejudicial than probative and his testimony will lead to confusion among the jurors.

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| **September 25, 2013** | |
| 867:9-25 | Lines 867:9-25 are irrelevant and a waste of time because the testimony concerns the TVT and TVT-O, and TVT products are not at issue, and would confuse and mislead the jury about another mesh product line. The testimony calls for expert opinions about the history of the mesh material in TVT, period of usage in the body, the mesh composition for TVT and TVT-O, and the results of the mesh, but the witness is not a testifying expert. The testimony is not limited to personal knowledge and is hearsay. FRE 401-403, 601-602, 701-703, 801-802. |
| 868:4-7 | Lines 868:4-7 are irrelevant and a waste of time because the testimony concerns TVT and TVT-O, and TVT products are not at issue, and would confuse and mislead the jury about another mesh product line. The testimony calls for speculation and hearsay about product availability on their market. The testimony from "and" forward should be stricken as nonresponsive. FRE 401-403, 601-602, 611, 801-802. |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| 873:7-874:4 | Lines 873:7-874:4 are irrelevant and a waste of time because the testimony concerns the TVT, products are not at issue, and would confuse and mislead the jury about another mesh product line. The testimony calls for speculation and hearsay regarding the TVT inventor, names for predecessor products, and about Dr. Ulmsten and his medical practice. FRE 401-403, 601-602, 801-802. |
| 874:19-20 | Lines 874:19-20 are irrelevant and a waste of time because the testimony concerns the TVT, products are not at issue, and would confuse and mislead the jury about another mesh product line. The testimony calls for speculation and hearsay regarding whether Dr. Ulmsten was using Prolene. FRE 401-403, 601-602, 801-802. |
| 874:22-875:5 | Lines 874:22-875:5 are irrelevant and a waste of time because the testimony concerns the TVT, products are not at issue, and would confuse and mislead the jury about another mesh product line. The testimony calls for speculation and hearsay regarding whether Dr. Ulmsten was using Prolene and other meshes, how he regarded them, and whether he regarded polypropylene as optimal. FRE 401-403, 601-602, 801-802. |
| 875:11-876:18 | Lines 876:4-14 are irrelevant and a waste of time because the testimony concerns meshes for sling procedures, but the TVT is not at issue, and would confuse and mislead the jury about another mesh product line. The testimony calls for expert testimony as to the meaning of the article, but the witness is not an expert in this case. Statements about the content of the article are hearsay. FRE 401-403, 701-703, 801-802. |
| 879:16-881:5 | Lines 879:16-881:5 are irrelevant and a waste of time because the testimony concerns the TVT, but the TVT product line is not at issue, and would confuse and mislead the jury about another mesh product line. The testimony calls for speculation and hearsay about whether other doctors visited Dr. Ulmsten and what opinions they had before and after meeting with him, and whether Dr. Ulmsten published an article. The testimony calls for expert opinions as to incontinence treatment and mesh slings, but the witness is not an expert in this case. FRE 401-403, 601-602, 701-703, 801-802. |
| 881:7-24 | Lines 881:7-24 are irrelevant and a waste of time because the testimony concerns an article on the TVT, but the TVT is not at issue, and would confuse and mislead the jury about another mesh product line. The testimony calls for expert testimony as to the meaning of the article, but the witness is not a testifying expert, and hearsay as to the article's contents. FRE 401-403, 701-703, 801-802. |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| 882:8-12 | Lines 882:8-12 are irrelevant and a waste of time because the testimony concerns an article on the TVT, but the TVT is not at issue, and would confuse and mislead the jury about another mesh product line. The testimony calls for expert testimony as to the meaning of the article, including the comparison between TVT mesh and others, but the witness is not a testifying expert. The testimony is hearsay as to the article's contents. FRE 401-403, 701-703, 801-802. |
| 882:14-884:11 | Lines 882:14-883:5 are irrelevant and a waste of time because the testimony concerns an article on the TVT, but the TVT is not at issue, and would confuse and mislead the jury about another mesh product line. The testimony calls for expert testimony as to the meaning of the article, including the comparison between TVT mesh and others, but the witness is not a testifying expert. The testimony is hearsay as to the article's contents. FRE 401-403, 701-703, 801-802.<br><br>Lines 883:6-884:11 are irrelevant and a waste of time because the testimony concerns TVT data, but the TVT is not at issue, and would confuse and mislead the jury about another mesh product line. The testimony calls for expert testimony as what data Ethicon had before TVT launch and the significance of the referenced studies and whether the TVT has been a success in Europe, but the witness is not a testifying expert. The testimony about what key opinion leaders told the witness is hearsay. FRE 401-403, 701-703, 801-802 |
| 902:5-22 | Lines 902:5-22 are irrelevant and a waste of time because the testimony concerns the TVT-O, and TVT slings are not at issue, and would confuse and mislead the jury about another mesh product line. The testimony calls for speculation and hearsay regarding the TVT inventor, his occupation, and about Dr. Leval and his medical practice. The witness is not a designated expert. FRE 401-403, 601-602, 701-703, 801-802. |
| 904:3-17 | Lines 904:3-17 are irrelevant and a waste of time because the testimony concerns the TVT-O and TVT data, and TVT slings are not at issue, and would confuse and mislead the jury about another mesh product line. The testimony calls for speculation and hearsay regarding the TVT data considered by Ethicon and Dr. Leval's surgical approach. The testimony calls for expert conclusions about the TVT data, whether the data validated use of a polypropylene sling, and the surgical approach of Dr. Leval. FRE 401-403, 601-602, 701-703, 801-802. |
| 906:3-7 | Lines 906:3-7 are irrelevant and a waste of time because the testimony concerns the TVT-O and TVT success rates, and TVT slings are not at issue, and would confuse and mislead the jury about another mesh product line. The testimony calls for speculation and hearsay regarding Dr. Leval's success rates with the slings, and whether the TVT was the gold standard, but witness is not a designated expert. FRE 401-403, 601-602, 701-703, 801-802. |

| **Defendants' Designations** | **Plaintiff's Objections** |
|---|---|
| 906:10-907:18 | Lines 906:10-907:18 are irrelevant and a waste of time because the testimony concerns the TVT-O and TVT, and TVT slings are not at issue, and would confuse and mislead the jury about another mesh product line. The testimony calls for speculation and hearsay regarding Dr. Leval's success rates with the slings, and the number of randomized controlled tests for TVT-O. The testimony calls for expert opinions on TVT-O trials, success rates for Dr. Leval versus those reported in the studies, and whether any studies show TVT-O isn't safe and effective, but the witness is not a designated expert. FRE 401-403, 601-602, 701-703, 801-802. |
| 907:20 | Line 907:20 is irrelevant and a waste of time because the testimony concerns the TVT-O, and TVT slings are not at issue, and would confuse and mislead the jury about another mesh product line. The testimony calls for expert opinions on whether any studies show TVT-O isn't safe and effective, but the witness is not a designated expert. FRE 401-403, 701-703. |
| 533:21-22 | Lines 533:21-22 are irrelevant and a waste of time. FRE 401-403. |
| 534:2-16 | Lines 534:2-16 are irrelevant and a waste of time because the witness is not testifying as an expert, and testimony about polypropylene hernia meshes would confuse and mislead the jury as to the significance of hernia mesh and whether to infer he is testifying as an expert, which is highly prejudicial to Plaintiff. FRE 401-403. |
| 534:17-535:3 | Lines 534:17-535:3 are irrelevant and a waste of time because the witness is not testifying as an expert, and testimony about polypropylene hernia meshes would confuse and mislead the jury as to the significance of hernia mesh and whether to infer he is testifying as an expert, which is highly prejudicial to Plaintiff. FRE 401-403. |
| 535:17-536:6 | Lines 535:17-536:6 are irrelevant and a waste of time because the testimony concerns the TVT and TVT-O, and TVT products are not at issue, and would confuse and mislead the jury about another mesh product line. The testimony calls for expert opinions about the history of TVT market sales, whether TVT became the world standard, and remains the gold standard, but the witness is not a testifying expert. FRE 401-403, 701-703. |
| 536:14-537:20 | Lines 536:14-537:20 call for speculation and hearsay regarding how the French TVM group came together and what the witness and the group members said to each other. FRE 601-602, 801-802. |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| 538:11-539:12 | Lines 538:11-539:12 call for speculation and hearsay regarding the caliber and experience of the French TVM group members, their surgeon skills, and these doctors' medical practices. The testimony calls for expert opinions on the group members' surgical skills and procedures for prolapse repair, but the witness is not a testifying expert. FRE 601-602, 701-703, 801-802. |
| 539:15-542:14 | Lines 539:15-540:3 call for expert opinions as to the importance of standardized surgical procedures and whether the referenced examples are standardized. FRE 701-703.<br><br>Lines 540:5-542:14 call for speculation and hearsay regarding the work and activities of the TVM group members, where they met and for how long, their work on the surgical procedure and work with engineering after the procedure was finalized. The testimony calls for expert opinions on whether the Prolift shape and tools evolved out of the TVM group's work, but the witness is not a testifying expert. FRE 601-602, 701-703, 801-802. |
| 542:19-24 | Lines 542:19-24 call for speculation and hearsay regarding the proposed prototypes by the TVM group and what Ethicon engineers did in Europe and the United States on these matters, and what led the doctors to make certain decisions on tools. FRE 601-602, 801-802. |
| 543:14-545:18 | Lines 543:24-544:5 call for speculation and hearsay regarding who made the decision to use Gynemesh in the Prolift, what was said, and what actions were taken. FRE 601-602, 801-802.<br><br>Lines 544:6-19 call for call for expert opinions on why Gynemesh was preferable to other mesh options, including benefits and risks of Prolene and Vypro, but the witness is not a testifying expert. The testimony also is speculative and based on hearsay as to Prof. Jacquetin's use of Vypro and opinion of the mesh. FRE 601-602, 701-703, 801-802.<br><br>Lines 544:20-545:18 call for speculation and hearsay regarding what the TVM group did to test safety and efficacy of the TVM procedure, that the members used meshes in their daily practice, whether they adapted their meshes and mesh sizes, and the cadaver labs, whether they collected data on patients, and the number of test patients. FRE 601-602, 801-802. |
| 546:9-547:7 | Lines 546:9-547:7 call for speculation and hearsay regarding the TVM group's cadaver labs. The testimony calls for expert opinions on what happens at the cadaver labs, what the data from the cadaver labs showed, and whether the data showed Prolift was safe and effective, but the witness is not a testifying expert. FRE 601-602, 701-703, 801-802. |

| **Defendants' Designations** | **Plaintiff's Objections** |
|---|---|
| 547:8-18 | Lines 547:16-18 call for speculation and hearsay regarding the TVM group's opinion of the Prolift at launch. The question is leading and compound and thus confusing to the jury. FRE 403, 601-602, 611, 801-802. |
| 547:21-548:18 | Lines 547:21-25 call for speculation and hearsay regarding the TVM group's opinion of the Prolift at launch. The question is leading and compound and thus confusing to the jury. FRE 403, 601-602, 611, 801-802.<br><br>Lines 548:16-18 call for expert opinions on the risks of Prolift, Apogee, and Perigee, and whether any were new in Prolift, but the witness is not a testifying expert. The question is compound and leading and thus confusing. FRE 403, 611, 701-703. |
| 548:21-550:23 | Lines 548:21-549:14 call for expert opinions on the risks of Prolift, Apogee, and Perigee, and whether any were new in Prolift, but the witness is not a testifying expert. The testimony follows a compound and leading and is thus confusing. FRE 403, 611, 701-703.<br><br>Lines 549:16-550:9 call for expert opinions on the risks of Prolift, Apogee, and Perigee as to the obturator foramen, and whether these risks were known, but the witness is not a testifying expert. FRE 701-703.<br><br>Lines 550:10-23 call for expert opinions on the risks of tissue tearing during Prolift placement, whether the risk had been removed, whether the cannula resolved the tearing issue, but the witness is not a testifying expert. The testimony is based on speculation and hearsay regarding the discussions about tearing, and the work engineering did with respect to the cannula. FRE 601-602, 701-703, 801-802. |
| 552:7-15 | Lines 552:13-15 call for expert opinions on the Prolift IFU and whether the risk of erosion and extrusion are warned of, and whether the risk disclosure is adequate, but the witness is not a testifying expert. The question is compound and leading question. FRE 403, 611, 701-703. |
| 552:17-25 | Lines 552:17-25 call for expert opinions on the Prolift IFU and whether the risk of erosion and extrusion are warned of, and whether the risk disclosure is adequate, but the witness is not a testifying expert. The testimony follows a compound and leading question. FRE 403, 611, 701-703. |
| 554:10-555:2 | Lines 554:25-555:2 call for expert opinions on the Prolift IFU and whether the risk of pain is warned of, and whether the risk disclosure is adequate, but the witness is not a testifying expert. The question is a leading question. FRE 403, 611, 701-703. |

| **Defendants' Designations** | **Plaintiff's Objections** |
|---|---|
| 555:5-14 | Lines 555:5-14 call for expert opinions on the Prolift IFU and whether the risk of pain is warned of, and whether the risk disclosure is adequate, but the witness is not a testifying expert. The testimony follows a leading question and should be stricken as non-responsive. FRE 403, 611, 701-703. |
| 555:17-21 | Lines 555:17-21 call for expert opinions on the Prolift IFU and whether the certain adverse reactions convey the risk of pain, and whether the risk disclosure is adequate, but the witness is not a testifying expert. The question is a leading question and ambiguous and thus confusing and misleading. FRE 403, 611, 701-703. |
| 555:23-556:2 | Lines 555:23-556:2 call for expert opinions on the Prolift IFU and whether the certain adverse reactions convey the risk of pain, and whether the risk disclosure is adequate, but the witness is not a testifying expert. The testimony follows a leading and ambiguous question. FRE 403, 611, 701-703. |
| 556:4-6 | Lines 556:4-6 call for expert opinions on the Prolift IFU and whether it conveys the risk of dyspareunia, and whether the risk disclosure is adequate, but the witness is not a testifying expert. The question is a leading question. FRE 403, 611, 701-703. |
| 556:9-19 | Lines 556:9-19 call for expert opinions on the Prolift IFU and whether it conveys the risk of dyspareunia, whether the risk disclosure is adequate, whether pain comes from the vaginal approach, but the witness is not a testifying expert. The testimony also speculates as to what a pelvic surgeon would understand of dyspareunia after reading the IFU. The testimony follows a leading question. FRE 403, 601-602, 611, 701-703. |
| 557:8-10 | Lines 557:8-10 call for expert opinions on the Prolift IFU and whether certain warnings were insufficient, but the witness is not a testifying expert. The question is a leading question and ambiguous and thus confusing and misleading. FRE 403, 611, 701-703. |
| 557:13-25 | Lines 557:13-25 call for expert opinions on the Prolift IFU and whether certain warnings sufficient as to risk of increased erosion due to hysterectomy, and whether the rate of erosion increased after a hysterectomy, but the witness is not a testifying expert. The testimony also is hearsay as to what the TVM group said about this issue, and what Professors Jacquetin and Cosson said about changes to the IFU for this risk disclosure. The testimony follows a leading question. FRE 403, 611, 701-703, 801-802. |
| 558:1-22 | Lines 558:1-14 call for speculation and hearsay as to whether warnings about the risk of increased erosion due to hysterectomy were provided to doctors, why the disclosure was omitted from the IFU, and that regulatory people disagreed with the data. FRE 601-602, 701-703, 801-802. |

| **Defendants' Designations** | **Plaintiff's Objections** |
|---|---|
| 558:23-559:8 | Lines 558:23-559:8 call for expert opinions on whether Prolift should have been kept out of the market due to the incidence of erosion and exposure, whether the clinical data and clinical results support product release, and whether the risk data from erosion and exposure were satisfactory, but the witness is not a testifying expert. FRE 701-703. |
| 560:10-13 | Lines 560:10-13 call for expert opinions on whether there is a typical injury to Prolift patients from erosion or exposure, what such injury looks like, but the witness is not a testifying expert. Allowing this testimony is highly prejudicial to Plaintiff as the so-called typical injury is not her injuries, and would be confusing and misleading to the jury who could infer Prolift was not a cause in fact for non-typical injuries. The question is also leading and compound. FRE 403, 611, 701-703. |
| 560:16-561:15 | Lines 560:16-25 call for expert opinions on whether there is a typical injury to Prolift patients from erosion or exposure, what asymptomatic erosions look like, what do symptomatic erosions look like, but the witness is not a testifying expert. Allowing this testimony is highly prejudicial to Plaintiff as the so-called typical injury is not her injuries, and would be confusing and misleading to the jury who could infer Prolift was not a cause in fact for non-typical injuries. The testimony follows a leading and compound question. FRE 403, 611, 701-703.<br><br>Lines 561:2-10 call for expert opinions on whether mesh erosion or exposure is a typically difficult repair for surgeons, but the witness is not a testifying expert. Allowing this testimony is highly prejudicial to Plaintiff as the so-called typical repair is not her surgeries, and would be confusing and misleading to the jury who could infer Prolift was not a cause in fact for non-typical injuries. FRE 403, 701-703. |
| 561:22-563:12 | Lines 562:3-563:12 call for expert opinions on whether dyspareunia and pelvic pain are manifestations of mesh contraction, whether the referenced article address pelvic pain and dyspareunia from contraction, but the witness is not a testifying expert. The testimony is based on hearsay as to the contents of the article. The question at 561:10-12 is leading and confusing and misleading. FRE 403, 611, 701-703, 801-802. |
| 563:15-564:4 | Lines 563:15-564:4 call for expert opinions on whether dyspareunia and pelvic pain are manifestations of mesh contraction, whether the referenced article address pelvic pain and dyspareunia from contraction, but the witness is not a testifying expert. The testimony is based on hearsay as to the contents of the article, and highly prejudicial and confusing and misleading as to pain resolution of the subject patients. The testimony follows a leading and confusing question. FRE 403, 611, 701-703, 801-802. |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| 565:1-13 | Lines 565:1-13 are irrelevant as to whether the witness is proud of his Prolift work, and unfairly prejudicial in that the witness equates the Prolift as value in kind for giving up surgery after 20 years, and would confuse and mislead the jury as to safety and efficacy of the device. FRE 401-403. |
| 565:14-15 | Lines 565:14-15 call for expert opinions on whether Prolift was safe and effective at launch, and the bases for such belief, but the witness is not a testifying expert. The question is leading. FRE 403, 611, 701-703. |
| 565:188 | Line 565:18 calls for expert opinions on whether Prolift was safe and effective at launch, and the bases for such belief, but the witness is not a testifying expert. The testimony follows a leading question. FRE 403, 611, 701-703. |
| 565:19-21 | Lines 565:19-21 call for expert opinions on whether Prolift was safe and effective at launch, the bases for such belief, and whether the opinion continues, and the bases for such opinion, but the witness is not a testifying expert. The question is leading. FRE 403, 611, 701-703. |
| 568:17-569:5 | Lines 568:17-569:5 call for expert opinions on whether Prolift creates an inflammatory reaction, whether the reaction is chronic and permanent, and whether the same inflammatory reaction is created by all implants in the body, but the witness is not a testifying expert. Allowing testimony that the same inflammatory reaction occurs from all implants is highly prejudicial to Plaintiff, and would be confusing and misleading to the jury as to whether the Prolift is defective and caused Plaintiff's injuries. FRE 403, 701-703. |
| 572:17-573:3 | Lines 572:17-573:3 call for expert opinions on whether there was satisfactory data for Prolift at launch, what makes such data satisfactory, and whether the referenced data are reliable and sufficient, but the witness is not a testifying expert. Allowing testimony on whether satisfactory clinical data existed from a lay witness is highly prejudicial to Plaintiff, and would be confusing and misleading to the jury as to whether the Prolift is defective and caused Plaintiff's injuries. FRE 403, 701-703. |