Daniel Duyck
email: dduyck@duycklaw.com
Duyck & Associates, LLC
111 SW Columbia St., Suite 715
Portland, OR 97201
(503) 764-2030 phone

John Lowther (admitted pro hac vice)
email: john@doylelowther.com
Doyle Lowther LLP
4400 NE 77th Avenue, Suite 275
Vancouver, WA 98662
(360) 818-9320 phone
(360) 450-3116 fax

*Attorneys for Plaintiff Barbara Smith*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BARBARA SMITH,<br><br>              Plaintiff,<br><br>v.<br><br>ETHICON, INC., et al.,<br><br>              Defendants. | Case No.: 3:20-cv-00851-MO<br><br><br>PLAINTIFF'S OBJECTIONS TO DEPOSITION TESTIMONY OF DR. PIET HINOUL |

**General Objection**

Dr. Piet Hinoul was Ethicon's medical director Europe, Middle East and Africa, and then became Ethicon's worldwide medical director. Plaintiff generally objects to the majority of Defendants' affirmative designations of this witness. Piet Hinoul is not a retained expert in this case. He was not disclosed as an expert at the time of his depositions, yet the testimony the defense designates often is expert opinion testimony. Piet Hinoul was designated as a non-retained expert in the instant case, but both the MDL court and this Court have precluded him from offering expert testimony. *See generally* ECF No. 78 ("to the extent the Ethicon defendants named more than five experts, these experts are stricken."); ECF No. 187. Therefore, Plaintiff generally objects to the designated testimony under Federal Rules of Evidence 401-402 and 701-702, as the testimony is impermissible expert opinion, is irrelevant, and is more prejudicial than probative and Piet Hinoul's testimony will lead to juror confusion.

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| **January 15, 2014** | |
| 1761:10-1772:22 | Lines 1763:10-24 are irrelevant and a waste of time because the testimony concerns the TVT, a product that is not at issue. This testimony will confuse and mislead the jury about another mesh product line which Defendants themselves asked be dismissed from this case. FRE 401-403. |
| | Lines 1764:13-1765:1 are irrelevant and a waste of time because the testimony concerns the TVT, a product not at issue, and would confuse and mislead the jury about another mesh product line, and Dr. Hinoul is not an expert in this case. FRE 401-403. |
| | Lines 1765:2-1766:22 are irrelevant and a waste of time because the testimony concerns the TVT, a product not at issue, and would confuse and mislead the jury about another mesh product line, and Dr. Hinoul is not an expert in this case. FRE 401-403. This also is cumulative of 1761:16-21. |
| | Lines 1766:23-1772:20, and lines 1772:21-22 directly concern the TVT product, the TVT procedure, the "Burch" procedure, and the TVT |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
|  | "taking off" in Europe, which has nothing to do with this case. Thus this testimony is irrelevant, a waste of time, concerns a product and procedure not at issue, and would confuse and mislead the jury about another mesh product line and procedure, and Dr. Hinoul is not an expert in this case. FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1772:25-1773:8 | Lines 1772:25-1773:8 directly concern the TVT product, the TVT procedure, and the "Burch" procedure, which has nothing to do with this case. Thus this testimony is irrelevant, a waste of time, concerns a product and procedure not at issue, and would confuse and mislead the jury about another mesh product line and procedure, and Dr. Hinoul is not an expert in this case. FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1773:10-1774:16 | Lines 1773:10-1774:16 directly concern the TVT product, the TVT procedure, and the "Burch" procedure, which has nothing to do with this case. Thus this testimony is irrelevant, a waste of time, concerns a product and procedure not at issue, and would confuse and mislead the jury about another mesh product line and procedure, and Dr. Hinoul is not an expert in this case. FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1775:14-1781:5 | Lines 1775:14 through 1781:5 directly concern a procedure called the "Burch colposuspension" and concern both this procedure and the eventual TVT procedure, neither of which has any relevancy to this case. Thus this testimony is irrelevant, a waste of time, concerns a product and procedure not at issue, and would confuse and mislead the jury about another mesh product line and procedure, and Dr. Hinoul is not an expert in this case. FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1782:1-1783:10 | Lines 1782:1 through 1783:10 directly concerns both the "Burch" procedure and Ethicon's TVT line, neither of which has any relevancy to this case. Thus this testimony is irrelevant, a waste of time, concerns a product and procedure not at issue, and would confuse and mislead the jury about another mesh product line and procedure, and Dr. Hinoul is not an expert in this case. FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation); hearsay. |
| 1783:20-1787:19 | Lines 1783:20 through 1787:19 directly concerns both the "Burch" procedure and Ethicon's TVT line, as well as asking Dr. Hinoul for his opinions concerning scientific literature. Dr. Hinoul has been stricken as |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| | an expert from this case, and neither procedure has any relevancy to this case. Thus this testimony is irrelevant, a waste of time, concerns a product and procedure not at issue, and would confuse and mislead the jury about another mesh product line and procedure, and Dr. Hinoul is not an expert in this case. FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation); hearsay. |
| 1788:17-19 | Concerns the TVT procedure and device, which is irrelevant, confusing, misleading, waste of time. Dr. Hinoul is not an expert in this case. |
| 1788:22-1794:9 | Lines 1788:22 through 1791:11 directly concern both the "Burch colposuspension" procedure and Ethicon's TVT and TVT-O product lines, as well as asking Dr. Hinoul for his opinions concerning scientific literature. Dr. Hinoul has been stricken as an expert from this case, and neither procedure has any relevancy to this case. Thus this testimony is irrelevant, a waste of time, concerns a product and procedure not at issue, and would confuse and mislead the jury about another mesh product line and procedure, and Dr. Hinoul is not an expert in this case. Hearsay; narrative; leading; FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1794:11-1805:25 | Lines 1794:11 through 1805:25 directly concern Ethicon's TVT and TVT-O procedure and product lines, as well as asking Dr. Hinoul for his opinions concerning scientific literature. Dr. Hinoul has been stricken as an expert from this case, and neither device or procedure has any relevancy to this case. Thus this testimony is irrelevant, a waste of time, concerns products and procedures not at issue, and would confuse and mislead the jury about other mesh product lines and procedures, and Dr. Hinoul is not an expert in this case. Hearsay; narrative; leading; FRE 601-602 lack of personal knowledge; FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1806:4-17, 1806:19-1807:19 | Lines 1806:4-17, and lines 1806:19 through 1807:19 directly concern Ethicon's TVT and TVT-O procedure and product lines, as well as asking Dr. Hinoul guessing about the number of "papers" that have been published concerning Ethicon's TVT slings. This testimony is irrelevant, a waste of time, concerns products and procedures not at issue, and would confuse and mislead the jury about other mesh product lines and procedures, and Dr. Hinoul is not an expert in this case. FRE 601-602 lack of personal knowledge; FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1807:21-1810:19 | Lines 1807:21 through 1810:19 directly concern Ethicon's TVT and TVT- |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
|  | O procedure and product lines. This testimony is irrelevant, a waste of time, concerns products and procedures not at issue, and would confuse and mislead the jury about other mesh product lines and procedures, and Dr. Hinoul is not an expert in this case. FRE 601-602 lack of personal knowledge; FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1810:21-1811:21 | Lines 1810:21 through 1811:21 concern Ethicon's TVT and TVT-O procedure and product lines. This testimony is irrelevant, a waste of time, concerns products and procedures not at issue, and would confuse and mislead the jury about other mesh product lines and procedures, and Dr. Hinoul is not an expert in this case. FRE 601-602 lack of personal knowledge; FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1811:25-1812:8 | Lines 1811:25 through 1812:8 directly concern Ethicon's TVT and TVT-O procedure and product lines, as well as asking Dr. Hinoul to guess and opine on what a "scientific society" is "trying to do" concerning patients purportedly being poorly informed about mesh and bad outcomes. This testimony is irrelevant, a waste of time, concerns products and procedures not at issue, and would confuse and mislead the jury about other mesh product lines and procedures, and Dr. Hinoul is not an expert in this case. Hearsay; speculative; lack of foundation; FRE 601-602 lack of personal knowledge; FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1812:10-1813:6 | Lines 1812:10 through 1813:6 concern Ethicon's TVT product and its mesh material, Prolene,  and Dr. Hinoul is opining about the TVT product and the standard of care. The Ethicon TVT is not at issue, Dr. Hinoul is not an expert, and thus this testimony is irrelevant, a waste of time, concerns a product not at issue, and would confuse and mislead the jury. FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1813:8-1815:15 | Lines 1813:8 through 1815:15 concern Ethicon's TVT product and its mesh material, Prolene,  and Dr. Hinoul is opining about the TVT product and the standard of care. The Ethicon TVT is not at issue, Dr. Hinoul is not an expert, and thus this testimony is irrelevant, a waste of time, concerns a product not at issue, and would confuse and mislead the jury. FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| 1815:19-1816:6 | Lines 1815:19 through 1816:6 concern Ethicon's TVT product and its mesh material, Prolene,  and Dr. Hinoul is opining about the TVT product and the standard of care. The Ethicon TVT is not at issue, Dr. Hinoul is not an expert, and thus this testimony is irrelevant, a waste of time, concerns a product not at issue, and would confuse and mislead the jury. FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1816:8-9 and 11-11 | Lines 1816:8-9 and 11-11 concern Ethicon's TVT product and its mesh material, Prolene,  and Dr. Hinoul is opining about the TVT product and the standard of care. The Ethicon TVT is not at issue, Dr. Hinoul is not an expert, and thus this testimony is irrelevant, a waste of time, concerns a product not at issue, and would confuse and mislead the jury. FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1816:14-1818:8 | Lines 1816:14 through 1818:8 concern Ethicon's TVT product, and Dr. Hinoul is opining about the TVT product and the standard of care. The Ethicon TVT is not at issue, Dr. Hinoul is not an expert, and thus this testimony is irrelevant, a waste of time, concerns a product not at issue, and would confuse and mislead the jury. FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1818:11-12 | Lines 1818:11-12 concern Ethicon's TVT product, and Dr. Hinoul is opining about the TVT product and the standard of care. The Ethicon TVT is not at issue, Dr. Hinoul is not an expert, and thus this testimony is irrelevant, a waste of time, concerns a product not at issue, and would confuse and mislead the jury. FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1818:14-17 | Lines 1818:14-17 concern Ethicon's TVT product, and Dr. Hinoul is opining about the TVT product and the standard of care. The Ethicon TVT is not at issue, Dr. Hinoul is not an expert, and thus this testimony is irrelevant, a waste of time, concerns a product not at issue, and would confuse and mislead the jury. FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1819:5-7 | Lines 1819:5-7 concern Ethicon's TVT product, and Dr. Hinoul is opining about the TVT's safety and the standard of care. The Ethicon TVT is not at issue, Dr. Hinoul is not an expert, and thus this testimony is irrelevant, a waste of time, concerns a product not at issue, and would confuse and mislead the jury. FRE 401-403 (irrelevant, nonresponsive, |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| | confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1819:11-16 | Lines 1819:11-16 concern Ethicon's TVT product, and Dr. Hinoul is opining about the TVT's safety and the standard of care. The Ethicon TVT is not at issue, Dr. Hinoul is not an expert, and thus this testimony is irrelevant, a waste of time, concerns a product not at issue, and would confuse and mislead the jury. FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1819:19-1820:9 | Lines 1819:19 through 1820:9 concern Ethicon's TVT and TVT-O products and procedures, and Dr. Hinoul is opining about TVT and TVT-O safety and effectiveness. The Ethicon TVT and TVT-O are not at issue, Dr. Hinoul is not an expert, and thus this testimony is irrelevant, a waste of time, concerns a product not at issue, and would confuse and mislead the jury. Leading; hearsay; lack of personal knowledge; FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1820:11-1821:15 | Lines 1820:11 through 1821:15 concern Ethicon's TVT and TVT-O products and procedures, and Dr. Hinoul is opining about TVT and TVT-O safety and effectiveness, as well as the FDA. The Ethicon TVT and TVT-O are not at issue, Dr. Hinoul is not an expert, he is not an expert concerning the FDA, and thus this testimony is irrelevant, a waste of time, concerns a product not at issue, and would confuse and mislead the jury. Leading; hearsay; lack of personal knowledge; FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1821:17-25 | Lines 1821:17-25 concern Ethicon's TVT and TVT-O products and procedures, and Dr. Hinoul is opining about TVT and TVT-O safety and effectiveness, as well as the FSA. The Ethicon TVT and TVT-O are not at issue, Dr. Hinoul is not an expert, he is not an expert concerning the FDA, and thus this testimony is irrelevant, a waste of time, concerns a product not at issue, and would confuse and mislead the jury. Leading; hearsay; lack of personal knowledge; FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| **September 19, 2012** | |
| 1250:9-1252:16 | Lines 1250:9 through 1252:16, Dr. Hinoul is not an expert in this case, and thus this testimony is irrelevant, a waste of time, and would confuse and mislead the jury. FRE 401-403 (irrelevant, nonresponsive, |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| | confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1253:8-25 | Lines 1253:8-25 ask Hinoul to advise the jury concerning pelvic organ prolapse and native tissue recurrences. Dr. Hinoul is not an expert in this case, and thus this testimony is irrelevant, a waste of time, and would confuse and mislead the jury. FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1254:6-7; 1254:10-23 | Lines 1254:6-7 and 1254:10-23, the witness provides answers about what "all authorities will agree on," it lacks foundation, Dr. Hinoul is not an expert in this case, and thus this testimony will confuse and mislead the jury. FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1255:6-1256:2 | Lines 1255:6 through 1256:2, more testimony concerning "native tissue" recurrence, but Dr. Hinoul is not an expert in this case, and thus this testimony will confuse and mislead the jury. FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1256:3-1257:12 | Lines 1256:3 through 1257:12, the witness has no personal knowledge concerning what the French surgeons "felt" or what was said "the night before." This is hearsay, FRE 801-802; and Dr. Hinoul lacks personal knowledge, FRE 601-602. |
| 1258:18-1259:21 | Lines 1258:18 through 1259:21 concern a transobturator tape and "IVS tape," products and procedures that have nothing to do with this case. Dr. Hinoul is not an expert, and thus this testimony is irrelevant, a waste of time, concerns a product not at issue, and would confuse and mislead the jury. FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1260:1-20 | Lines 1260:1-20 concern the "Amreich-Richter" procedure, which is not at issue in this case and has nothing to do with any claim or defense. Dr. Hinoul is not an expert, and thus this testimony is irrelevant, a waste of time, concerns a procedure not at issue, and would confuse and mislead the jury. FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1260:24-1261:5 | Lines 1260:24 through 1261:5 concern the "Amreich-Richter" procedure and the sacrospinous ligament, neither of which are at issue in this case, and have nothing to do with any claim or defense. Dr. Hinoul is not an |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| | expert, and thus this testimony is irrelevant, a waste of time, concerns a procedure not at issue, and would confuse and mislead the jury. FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1261:6-18 | Lines 1261:6-18, Dr. Hinoul lacks personal knowledge concerning TVM Group discussions and what they purportedly "agreed on." Objection. This is hearsay, FRE 801-802; and Dr. Hinoul lacks personal knowledge, FRE 601-602. |
| 1262:2-3 and 1262:6-11 | Lines 1262:2-3 and 1262:6-11 concerning surgery standardization, Dr. Hinoul is not an expert in this case, and thus this testimony is irrelevant, a waste of time, and would confuse and mislead the jury. FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1262:23-1264:1 | Lines 1262:23 through 1264:1 concerns Ethicon's "Prolene Tape" and "Prolene Suture" and their purported "biocompatibility profile," products which are not at issue in this case and have nothing to do with any claim or defense. Dr. Hinoul is not an expert, and thus this testimony is irrelevant, a waste of time, concerns a procedure not at issue, and would confuse and mislead the jury. FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1264:4-4 | Lines 1264:4-4, Dr. Hinoul opines Ethicon had "sufficient data" to "launch Prolift," but Dr. Hinoul is not an expert in this case, and thus this testimony will confuse and mislead the jury. FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation), it also is more prejudicial than probative and Dr. Hinoul lacks personal knowledge, FRE 601-602. |
| 1265:16-18 | Lines 1265:16-18, Dr. Hinoul is now opining on a study entitled "Safety of Trans Vaginal Mesh Procedure," but Dr. Hinoul is not an expert in this case, his designation as a "non-retained expert" has been stricken, and thus this testimony will confuse and mislead the jury. FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1265:19-1266:5 | Lines 1265:19 through 1266:5, Dr. Hinoul is still opining on a study entitled "Safety of Trans Vaginal Mesh Procedure," but Dr. Hinoul is not an expert in this case, his designation as a "non-retained expert" has been stricken, and thus this testimony will confuse and mislead the jury. Lacks personal knowledge; FRE 401-403 (irrelevant, nonresponsive, |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| | confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1266:6-9, 1266:12-16 | Lines 1266:6-9 and 1266:12-16, Dr. Hinoul lacks personal knowledge concerning TVM Group discussions in France, and what conversations took place between the TVM Group and Ethicon's medical affairs office located in France. This is hearsay, FRE 801-802; and Dr. Hinoul lacks personal knowledge, FRE 601-602. |
| 1266:18-1267:24 | Lines 1266:18 through 1267:24, Dr. Hinoul is still opining on a study entitled "Safety of Trans Vaginal Mesh Procedure," but Dr. Hinoul is not an expert in this case, his designation as a "non-retained expert" has been stricken, and thus this testimony will confuse and mislead the jury. Lacks personal knowledge; FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1268:1-8 | Lines 1268:1-8, Dr. Hinoul is still opining on a study entitled "Safety of Trans Vaginal Mesh Procedure," but Dr. Hinoul is not an expert in this case, his designation as a "non-retained expert" has been stricken, and thus this testimony will confuse and mislead the jury. Lacks personal knowledge; FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1268:11-19 | Lines 1268:11-19, Dr. Hinoul is still opining on a study entitled "Safety of Trans Vaginal Mesh Procedure," but Dr. Hinoul is not an expert in this case, his designation as a "non-retained expert" has been stricken, and thus this testimony will confuse and mislead the jury. Lacks personal knowledge; FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1268:24-1269:16 | Lines 1268:24 through 1269:16, the witness is opining about mesh implants going back to the 1970s, and purported "big innovation" from Prolift, but Dr. Hinoul is not an expert in this case, and thus this testimony will confuse and mislead the jury. FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation), it also is more prejudicial than probative. |
| 1269:19-1270:8, and 1270:11-11 | Lines 1269:19 through 1270:8, and 1270:11-11, Dr. Hinoul is discussing suturing devices, "Miya hooks," "phrenicus needles," and other things, but Dr. Hinoul is not an expert in this case, and thus this testimony will confuse and mislead the jury. FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1270:22-24 | Lines 1270:22-24, Dr. Hinoul is opining whether Prolift was properly or |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
|  | overly engineered, but Dr. Hinoul is not an expert in this case, his "non-retained expert" designation has been stricken, and this testimony will confuse and mislead the jury. FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1271:1-17 | Lines 1271:1-17, Dr. Hinoul is opining whether Prolift was properly engineered, but Dr. Hinoul is not an expert in this case, his "non-retained expert" designation has been stricken, and this testimony will confuse and mislead the jury. FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1271:19-21 | Lines 1271:19-21, Dr. Hinoul is opining about Prolift's design purpose, but Dr. Hinoul is not an expert in this case, his "non-retained expert" designation has been stricken, and this testimony will confuse and mislead the jury. FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1272:8-1273:17 | Lines 1272:8 through 1273:17, Dr. Hinoul is opining about the use of polypropylene mesh in the Prolift as well as studies and inflammation in recipients, but Dr. Hinoul is not an expert in this case, his "non-retained expert" designation has been stricken, and this testimony will confuse and mislead the jury. The testimony is a narrative; FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1273:19-1274:12 | Lines 1273:19 through 1274:12, Dr. Hinoul is opining about the body's response to polypropylene mesh, but Dr. Hinoul is not an expert in this case, his "non-retained expert" designation has been stricken, and this testimony will confuse and mislead the jury. The testimony is a narrative; FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1274:21-23, 1274:25-1275:2 | Lines 1274:21-23, and 1274:25 through 1275:2, Dr. Hinoul is opining about mesh pore size, but Dr. Hinoul is not an expert in this case, his "non-retained expert" designation has been stricken, and this testimony will confuse and mislead the jury. The testimony is a narrative; FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1275:17-19, 1275:22-1276:17 | Lines 1275:17-19 and 1275:22 through 1276:17, Dr. Hinoul is opining about pelvic floor cavity pressure and urodynamic studies, but Dr. Hinoul is not an expert in this case, his "non-retained expert" designation has been stricken, and this testimony will confuse and |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| | mislead the jury. The testimony is a narrative; FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1276:18-1278:2 | Lines 1276:18 through 1278:2, Dr. Hinoul first is opining about a mesh material called Vypro and Professor Jacquetin's "satisfaction" with the product. This lacks foundation, is hearsay, and Dr. Hinoul lacks personal knowledge, FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1278:15-1279:2 | Lines 1278:15 through 1279:2, Dr. Hinoul is opining about pelvic floor cavity pressure and urodynamic studies, but Dr. Hinoul is not an expert in this case, his "non-retained expert" designation has been stricken, and this testimony will confuse and mislead the jury. The testimony is a narrative; FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1279:5-1280:6 | Lines 1279:5 through 1280:6, Dr. Hinoul is opining about the "uniaxial nature" of force applied to pelvic mesh implants, and mesh pore size and leukocytes. This calls for expert opinion testimony, but Dr. Hinoul is not an expert in this case, his "non-retained expert" designation has been stricken, and this testimony will confuse and mislead the jury. The testimony is a narrative; FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1280:9-1281:11 | Lines 1280:9 through 1281:11, Dr. Hinoul is opining about the "uniaxial nature" of force applied to pelvic mesh implants, and mesh pore size and leukocytes. This calls for expert opinion testimony, but Dr. Hinoul is not an expert in this case, his "non-retained expert" designation has been stricken, and this testimony will confuse and mislead the jury. The testimony is a narrative; FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1281:14-1282:20 | Lines 1281:14 through 1282:20, Dr. Hinoul is opining about mesh tensioning and mesh friction, but Dr. Hinoul is not an expert in this case, his "non-retained expert" designation has been stricken, and this testimony will confuse and mislead the jury. Dr. Hinoul lacks personal knowledge, FRE 601-602, the testimony is a narrative; FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1282:22-1283:5 | Lines 1282:22 through 1283:5, Dr. Hinoul is opining about the "synergy" between engineers and surgeons, and claiming the Prolift is |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| | "better … than anything that has been out there before." This question calls for expert opinion testimony concerning engineer and surgeon collaboration, as well as expert opinion concerning a wide range of implant products. The question lacks foundation and calls for speculation; Dr. Hinoul is not an expert in this case, his "non-retained expert" designation has been stricken, and this testimony will confuse and mislead the jury. Dr. Hinoul lacks personal knowledge, FRE 601-602, the testimony is a narrative; FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1283:16-1284:14, 1284:16-1285:16 | Lines 1283:16-1284:14, and 1284:16-1285:16, Dr. Hinoul is opining about a Gynemesh PS study and the purported "view" of Ethicon medical affairs, but "irrespective" of whether the product was implanted abdominally or transvaginally. Dr. Hinoul is not an expert in this case, his "non-retained expert" designation has been stricken, and this testimony will confuse and mislead the jury. Dr. Hinoul lacks the skill, foundation and knowledge to disregard the difference between the procedures, FRE 701-703 (calls for opinions outside the scope of expert designation); he lacks personal knowledge, FRE 601-602; the testimony is a narrative; FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative). |
| 1285:18-1286:3, 1286:5-5 | Lines 1285:18-1286:3, and 1286:5-5, Dr. Hinoul is opining about a Gynemesh PS study and the purported "view" of Ethicon medical affairs, but "irrespective" of whether the product was implanted abdominally or transvaginally. This question calls for expert opinion testimony concerning two different mesh implant procedures. Dr. Hinoul is not an expert in this case, his "non-retained expert" designation has been stricken, and this testimony will confuse and mislead the jury. Dr. Hinoul lacks the skill, foundation and knowledge to disregard the difference between the procedures, FRE 701-703 (calls for opinions outside the scope of expert designation); he lacks personal knowledge, FRE 601-602; the testimony is a narrative; FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative). |
| 1286:25-1288:3 | Lines 1286:25 through 1288:3, Dr. Hinoul is opining about POP-Q Stage II recurrence rates after a TVM procedure and his "impression" of the data. The question calls for expert opinion testimony concerning the data, lacks foundation, Dr. Hinoul is not an expert in this case, his "non-retained expert" designation has been stricken, and this testimony will confuse and mislead the jury. Dr. Hinoul lacks the skill, foundation and knowledge for the proffered testimony, this testimony violates the Federal Rules, FRE 701-703 (calls for opinions outside the scope of expert designation); he lacks personal knowledge, FRE 601-602; the testimony is a narrative; FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative). |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| 1288:5-20 | Lines 1288:5-20, Dr. Hinoul is opining about the purported "postmarket surveillance" of Ethicon's "products." Dr. Hinoul is not an expert in this case, his "non-retained expert" designation has been stricken, and this testimony will confuse and mislead the jury. The testimony is a narrative; FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1289:7-1290:23 | Lines 1289:7 through 1290:23, Dr. Hinoul is opining about the purported "postmarket surveillance" of Ethicon's "products." Dr. Hinoul is not an expert in this case, his "non-retained expert" designation has been stricken, and this testimony will confuse and mislead the jury. The testimony is a narrative; FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1291:1-3, 1292:4-20, 1291:4-1292:2 | Lines 1291:1-3, 1292:4-20, and 1291:4 through 1292:2, Dr. Hinoul is opining about a study concerning post-Prolift "surgical intervention," and how to purportedly put the data "into perspective to the alternative treatment options." Dr. Hinoul is not an expert in this case, his "non-retained expert" designation has been stricken, and this testimony will confuse and mislead the jury. The testimony is a narrative; FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); FRE 701-703 (calls for opinions outside the scope of expert designation). |
| 1293:3-20 | Lines 1293:3-20, Dr. Hinoul is opining about "easily" treating mesh exposures, how they are symptomatic, and how they can be treated in "the office," and how it is "difficult" to balance "serious adverse events" versus "asymptomatic" mesh exposures. The question concerning how easy it is to treat mesh exposures calls for expert opinion testimony, the question lacks the proper foundation, Dr. Hinoul is not an expert in this case, his "non-retained expert" designation has been stricken, and this testimony will confuse and mislead the jury, in violation of FRE 701-703 (calls for opinions outside the scope of expert designation). Dr. Hinoul lacks personal knowledge to testify about these matters, FRE 601-602; FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); |
| 1294:1-11, 1294:16-22 | Lines 1294:1-11 and 1294:16-22, Dr. Hinoul is opining about using polypropylene mesh in other procedures, in particular abdominal sacrocolpopexy, which is not at issue in this case. This question calls for expert opinion testimony, Dr. Hinoul is not an expert in this case, his "non-retained expert" designation has been stricken, and this testimony will confuse and mislead the jury, in violation of FRE 701-703 (calls for opinions outside the scope of expert designation). Dr. Hinoul lacks personal knowledge to testify about these matters, FRE 601-602; FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| | prejudicial than probative); |
| 1294:24-1295:13 | Lines 1294:24 through 1295:13, Dr. Hinoul is opining at length about dyspareunia (painful intercourse), other procedures including the Richter sacrospinous ligament fixation, which has nothing to do with this case. The question calls for expert opinion testimony, it lacks foundation, Dr. Hinoul is not an expert in this case, his "non-retained expert" designation has been stricken, and this testimony will confuse and mislead the jury, in violation of FRE 701-703 (calls for opinions outside the scope of expert designation). Dr. Hinoul lacks personal knowledge to testify about these matters, FRE 601-602; FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); |
| 1295:17-1296:3, 1296:5-13 | Lines 1295:17-1296:3, and 1296:5-13, Dr. Hinoul is now opining about de novo dyspareunia, purportedly meaning "new" painful intercourse. Dr. Hinoul is not an expert in this case, his "non-retained expert" designation has been stricken, and this testimony will confuse and mislead the jury, in violation of FRE 701-703 (calls for opinions outside the scope of expert designation). Dr. Hinoul lacks personal knowledge to testify about these matters, FRE 601-602; FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative); |
| 1296:15-1298:1 | Lines 1296:15 through 1298:1, Dr. Hinoul is opining about a statement from the American Urogynecologic Society, and whether the statement comports with his understanding of pelvic pain and "any pelvic floor procedure." The question and testimony lacks foundation, calls for speculation, is too broad, and Dr. Hinoul is not an expert in this case, his "non-retained expert" designation has been stricken, and this testimony will confuse and mislead the jury, in violation of FRE 701-703 (calls for opinions outside the scope of expert designation). Dr. Hinoul lacks personal knowledge to testify about these matters, FRE 601-602; FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative). |
| 1308:13-1309:19 | Lines 1308:13 through 1309:19, the witness has been asked to opine on the Prolift IFU and risks with "all devices" and "all surgeries." The question and testimony calls for expert opinion testimony, calls for speculation, lacks foundation because Dr. Hinoul has no experience with "all devices" and "all surgeries," Dr. Hinoul is not an expert in this case, nor is he an expert concerning the Prolift IFU, his "non-retained expert" designation has been stricken, and this testimony will confuse and mislead the jury, in violation of FRE 701-703 (calls for opinions outside the scope of expert designation). Dr. Hinoul lacks personal knowledge to testify about these matters, FRE 601-602; FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative). |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| 1309:21-1312:4 | Lines 1309:21 through 1312:4, the witness has been asked to opine on the Prolift IFU and risks with "all devices" and "all surgeries." The question and testimony calls for expert testimony concerning risks across a wide range of devices that Dr. Hinoul has no knowledge or experience with, the question calls for speculation, lacks foundation, Dr. Hinoul is not an expert in this case, nor is he an expert concerning the Prolift IFU, his "non-retained expert" designation has been stricken, and this testimony will confuse and mislead the jury, in violation of FRE 701-703 (calls for opinions outside the scope of expert designation). Dr. Hinoul lacks personal knowledge to testify about these matters, FRE 601-602; FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative). |
| 1312:11-14 | Lines 1312:11-14, Dr. Hinoul is asked if the IFU is "adequate" concerning "inflammatory reaction" "as viewed by the intended reader, the surgeon." The question and testimony calls for expert opinion testimony concerning the adequacy of the Prolift IFU warnings, calls for speculation, lacks foundation, Dr. Hinoul is not an expert in this case, nor is he an expert concerning the Prolift IFU, his "non-retained expert" designation has been stricken, and this testimony will confuse and mislead the jury, in violation of FRE 701-703 (calls for opinions outside the scope of expert designation). Dr. Hinoul lacks personal knowledge to testify about these matters, FRE 601-602; FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative). |
| 1312:16-1313:6 | Lines 1312:16 through 1313:6, Dr. Hinoul is asked if the IFU is "adequate" concerning "inflammatory reaction" "as viewed by the intended reader, the surgeon." The question and testimony calls for expert opinion concerning the adequacy of Prolift IFU warnings, calls for speculation, lacks foundation, Dr. Hinoul is not an expert in this case, nor is he an expert concerning the Prolift IFU, his "non-retained expert" designation has been stricken, and this testimony will confuse and mislead the jury, in violation of FRE 701-703 (calls for opinions outside the scope of expert designation). Dr. Hinoul lacks personal knowledge to testify about these matters, FRE 601-602; FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative). |
| 1314:4-25 | Lines 1314:4-25, Dr. Hinoul is asked if young, sexually active women are "suitable" for the Prolift, and the purported "types of surgeons" Ethicon wanted to use the Prolift. This calls for expert testimony concerning Prolift suitability, calls for speculation, lacks foundation, Dr. Hinoul is not an expert in this case, nor is he an expert concerning the Prolift IFU, his "non-retained expert" designation has been stricken, and this testimony will confuse and mislead the jury, in violation of FRE 701-703 (calls for opinions outside the scope of expert designation). Dr. Hinoul lacks personal knowledge to testify about these matters, FRE 601-602; FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| | prejudicial than probative). |
| 1316:13-1317:9 | Lines 1316:13-1317:9, Dr. Hinoul is opining about the IFU and "excessive tension" during implant "handling," this calls for speculation, lacks foundation, Dr. Hinoul is not an expert in this case, nor is he an expert concerning the Prolift, his "non-retained expert" designation has been stricken, and this testimony will confuse and mislead the jury, in violation of FRE 701-703 (calls for opinions outside the scope of expert designation). Dr. Hinoul lacks personal knowledge to testify about these matters, FRE 601-602; FRE 401-403 (irrelevant, nonresponsive, confusing, misleading, more prejudicial than probative). |
| 1317:17-19 | Lines 1317:17-19 call for expert testimony regarding the adequacy of warnings of nerve risks in the IFU and what is adequate disclosure, but the witness is not a testifying expert. The question is leading, and confusing and misleading as to whether the witness is testifying as an expert. FRE 403,  611, 701-703. |
| 1317:21-1318:1 | Lines 1317:21-1318:1 call for expert testimony regarding the adequacy of warnings of nerve risks in the IFU, what is adequate disclosure in the IFU, and what is common surgical knowledge, but the witness is not a testifying expert. The testimony is based on speculation as to what surgeons generally know, and is based on leading questions. FRE 403, 601-602, 611, 701-703. |
| 1318:3-18 | Lines 1318:3-18 call for expert testimony regarding pelvic floor anatomy, what sacrospinous ligament procedures involve, and what ob/gyn procedures involve the nerve, but the witness is not a testifying expert. The testimony is based on speculation as to what pelvic floor surgeons generally know, and what ob/gyn doctors generally know, and on leading questions. FRE 403, 601-602, 611, 701-703. |
| 1318:20-1319:2 | Lines 1318:20-1319:2 call for expert testimony regarding sacrospinous ligament fixation procedure and whether pain caused by this procedure is comparable to pain from mesh implantation, but the witness is not a testifying expert. The testimony is based on a leading question. FRE 403, 611, 701-703. |
| 1319:5-12 | Lines 1319:5-12 call for speculation as to what professional education on Prolift Ethicon provided. The testimony is based on speculation and hearsay as to what diagrams were include in slide and video presentations of professional education, and on a leading question. FRE 403, 601-602, 611, 801-802. |
| 1319:14-1320:8 | Lines 1319:14-1320:8 call for speculation as to what Prolift professional education Ethicon provided, including preceptors, proctors, cadaver labs, workshops, and lectures. The testimony is based on speculation and hearsay as to what was said and presented during the professional education events, and on a leading question. FRE 403, 601-602, 611, |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| | 801-802. |
| 1320:21-24 | Lines 1320:21-24 call for expert testimony regarding dyspareunia and the adverse reactions in the Prolift IFU, but the witness is not a testifying expert. The testimony is based on a leading and confusing and misleading question. FRE 403, 611, 701-703. |
| 1321:1-19 | Lines 1321:1-19 call for expert testimony regarding dyspareunia and the listed adverse reactions in the Prolift IFU and what adverse reactions can cause nerve damage, but the witness is not a testifying expert. The testimony is speculative as to what adverse reactions surgeons generally would understand could lead to pain and dyspareunia, and is hearsay as to the contents of the IFU. The testimony is based on a leading and confusing and misleading question. FRE 403, 611, 601-602, 701-703, 801-802. |
| 1322:10-11 | Lines 1322:10-11 call for expert testimony regarding how the Prolift design came about, but the witness is not a testifying. The testimony is based on a leading and confusing and misleading question. FRE 403, 11, 701-703. |
| 1322:13-1323:4 | Lines 1322:13-22 call for expert testimony regarding how the Prolift design came about, and what in the design process is outside a design document, but the witness is not a testifying expert. The testimony is speculative in that the witness speaks of design activities by people in several departments, such as engineering, preclinical, medical, and clinical. The testimony is based on a leading and confusing and misleading question. FRE 403, 601-602, 611, 701-703.<br><br>Lines 1322:24-1323:4 call for expert testimony regarding mesh contraction and pain, and whether mesh contraction is disclosed in the Prolift IFU, but the witness is not a testifying expert. The testimony is hearsay as to the contents of the IFU, and the testimony is based on a leading question. FRE 403, 611, 701-703, 801-802. |
| 1323:7-9 | Lines 1323:7-9 call for expert testimony regarding tension-free design and mesh contraction and the Prolift procedure, but the witness is not a testifying expert. The testimony is based on speculation and hearsay as to why the TVM Group surgeons made certain designs, and a leading question. FRE 403, 601-602, 611, 701-703, 801-802. |
| 1323:11-25 | Lines 1323:11-21 call for expert testimony regarding tension-free design, mesh contraction, the arms positioning and the cannulas, but the witness is not a testifying expert. The testimony is based on speculation and hearsay as to why the TVM Group surgeons used wide mesh in the design, and a leading question. FRE 403, 601-602, 611, 701-703, 801-802.<br><br>Lines 1323:23-25 call for expert testimony regarding mesh contraction |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| | and whether there was adequate warning of the risk in the IFU, but the witness is not a testifying expert. FRE 701-703. |
| 1324:5-1325:11 | Lines 1324:5-1325:2 call for expert testimony regarding patient brochures and the use of them by physicians, but the witness is not a testifying expert. The testimony is speculative as to why Ethicon creates patients brochures and why physicians use them, and irrelevant in that it states the witness's use of patient brochures, and he's a non-treating physician here. FRE 401-402, 601-602, 701-703. |
| 1325:15-23 | Lines 1325:15-23 call for expert testimony regarding patient brochures and the informed consent process, but the witness is not a testifying expert. The testimony is speculative as to whether other physicians use brochures and their consent process. FRE 601-602, 701-703. |
| 1331:18-23 | Lines 1331:18-21 are irrelevant because the witness is not a testifying expert and his placement of Prolift was not within Plaintiff. Such testimony is confusing and misleading to the jury as to whether the witness is a testifying expert. FRE 401-403, 701-703.<br><br>Lines 1331:22-23 call for expert testimony regarding the benefit the witness's patients received from Prolift, but the witness is not a testifying expert. The question is leading. FRE 403, 611, 701-703. |
| 1331:25-1332:9 | Lines 1331:25-1332:4 call for expert testimony regarding the benefit the witness's patients received from Prolift and the placement of the device, but the witness is not a testifying expert. The question is leading. FRE 403, 611, 701-703.<br><br>Lines 1332:6-9 is leading and ambiguous as to what data was looked at and the benefits and risk of Prolift, and the testimony is apt to confuse and mislead the jury into inferring the witness is a testifying expert. FRE 401-403, 611. |
| 1332:11-14 | Lines 1332:11 is based on a leading and ambiguous question as to what data was looked at and the benefits and risk of Prolift, and the testimony is confusing and misleading to the jury as to whether the witness is a testifying expert. FRE 401-403, 611.<br><br>Lines 1332:13-14 call for expert testimony regarding the risk-benefit assessment of Prolift. The question is leading, and is confusing and misleading as to whether the witness is a testifying expert. FRE 403, 611, 701-703. |
| 1332:17-1333:12 | Lines 1332:17-1333:4 call for expert testimony regarding the witness's current opinion of Prolift's risks and benefits, including different surgical approaches and procedures, and whether mesh is better than patient tissue, but the witness is not a testifying expert. The testimony is |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
|  | based on a leading and confusing and misleading question. FRE 403, 611, 701-703.<br><br>Lines 1333:11-12 call for expert testimony regarding severe complications from other pelvic organ repairs, but the witness is not a testifying expert. The question is leading and confusing and misleading. FRE 403, 611, 701-703. |
| 1333:14-25 | Line 1333:14 calls for expert testimony regarding severe complications from other pelvic organ repairs, but the witness is not a testifying expert in this case. The testimony is based on a leading and confusing and misleading question. FRE 403, 611, 701-703.<br><br>Lines 1333:16-25 call for expert testimony regarding the specific medical procedures and associated complications, but the witness is not a testifying expert. The question is confusing and misleading as to whether the witness is testifying as an expert, and leading. FRE 403, 611, 701-703. |
| 1334:2-14 | Lines 1334:2-11 call for expert testimony regarding the specific medical procedures and associated complications, but the witness is not a testifying expert. The testimony is based on a confusing and misleading and leading question. FRE 403, 611, 701-703.<br><br>Lines 1334:13-14 call for expert testimony regarding the benefit of Prolift for women, but the witness is not a testifying expert. The question is confusing and misleading as to whether the witness is testifying as an expert. FRE 403, 701-703. |
| 1334:16-1335:19 | Lines 1334:16-1335:19 call for expert testimony regarding the safety and efficacy of Prolift, the product's adverse events, and what the medical literature and randomized controlled trials say about the device, how prolapse affects women, but the witness is not a testifying expert. The testimony is irrelevant as to what the witness experience as a surgeon, and confusing and misleading as to whether the witness is a testifying expert, and based on leading questions. FRE 401-403, 611, 701-703. |
| 1336:12-14 | Lines 1336:12-14 call for expert testimony regarding benefits of Prolift outweighing risks, but the witness is not a testifying expert. The testimony is confusing and misleading as to whether the witness is a testifying expert. FRE 403, 701-703. |
| 1346:20-1347:9 | Lines 1346:20-1347:9 call for expert testimony regarding whether the Prolift studies looked at functional outcomes and quality of life, and the results of the studies, but the witness is not a testifying expert. The testimony is based on speculation and hearsay as to the contents of the studies and underlying data and what is the primary outcome measure. The testimony is confusing and misleading as to whether the witness is a |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
| | testifying expert, and leading. FRE 403, 601-602, 611, 701-703, 801-802. |
| 1347:11-18 | Lines 1347:11-18 call for expert testimony regarding results of Prolift study on functional outcomes, but the witness is not a testifying expert. The testimony is based on speculation and hearsay as to the contents of the study. The testimony is confusing and misleading as to whether the witness is a testifying expert, and leading. FRE 403, 601-602, 611, 701-703, 801-802. |
| 1347:25-1348:21 | Lines 1347:25-1348:21 call for expert testimony regarding the Altman study and what it shows about functional and anatomical outcomes, and the difference in results between Prolift repairs and traditional repairs, but the witness is not a testifying expert. The testimony is based on hearsay as to the contents of the study. The testimony is confusing and misleading as to whether the witness is a testifying expert. FRE 403, 701-703, 801-802. |
| 1349:4-22 | Lines 1349:4-22 call for expert testimony regarding results of the Altman and Landsheere studies, and the kind of anesthesia needed for a surgical reintervention to correct mesh, but the witness is not a testifying expert. The testimony about the contents of the studies is hearsay and made without personal knowledge. The testimony is confusing and misleading as to whether the witness is a testifying expert. FRE 403, 601-602, 701-703, 801-802. |
| 1349:24-1350:2 | Lines 1349:24-1350:2 call for expert testimony regarding the kind of anesthesia needed for a surgical reintervention to correct mesh, but the witness is not a testifying expert. The testimony about the contents of the studies is hearsay and made without personal knowledge. The testimony is confusing and misleading as to whether the witness is a testifying expert. FRE 403, 601-602, 701-703, 801-802. |
| **June 27, 2013** | |
| 489:6-9 | Lines 489:6-9 are hearsay as to the request to the witness to give a medical opinion. FRE 801-802. |
| 491:18-492:11 | Lines 491:18-492:11 are hearsay as to the contents of the document. The testimony calls for expert testimony regarding the risk/benefit profile of the identified products, what patients are appropriately selected, and what qualifies as an experienced surgeon, but the witness is not a testifying expert. The testimony is confusing and misleading in that by identifying four POP products, the witness implies all Ethicon mesh products are safe and effective. FRE 403, 701-703, 801-802. |
| 494:10-16 | Lines 494:10-16 call for expert testimony regarding what qualifies as an |

| Defendants' Designations | Plaintiff's Objections |
|---|---|
|  | experienced surgeon for pelvic floor surgeries, but the witness is not a testifying expert. The testimony is speculative as to the training surgeons undergo, and is confusing and misleading in that the witness says each particular surgeon will know whether he has sufficient experience for an operation. FRE 403, 601-602, 701-703. |
| 494:21-495:2 | Lines 491:18-492:5 are based on speculation and hearsay as on whom Ethicon relies for credentialing for surgical procedures. The testimony is irrelevant and confusing and misleading in that the witness never answers the question. FRE 401-403, 601-602, 801-802. |