Daniel Duyck
email: dduyck@duycklaw.com
Duyck & Associates, LLC
111 SW Columbia St., Suite 715
Portland, OR 97201
(503) 764-2030 phone

John Lowther (admitted pro hac vice)
email: john@doylelowther.com
Doyle Lowther LLP
4400 NE 77th Avenue, Suite 275
Vancouver, WA 98662
(360) 818-9320 phone
(360) 450-3116 fax

*Attorneys for Plaintiff Barbara Smith*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BARBARA SMITH,<br><br>             Plaintiff,<br><br>v.<br><br>ETHICON, INC., et al.,<br><br>             Defendants. | Case No.: 3:20-cv-00851-MO<br><br>PLAINTIFF'S OBJECTIONS TO DEFENDANTS' WITNESS LIST AND WITNESS STATEMENTS; REQUEST TO ENFORCE ORDER RE MOTION TO STRIKE EXPERT DESGINATIONS EXCEEDING FIVE IN VIOLATION OF THE COURT'S REPEATED ORDERS |

Plaintiff Barbara Smith hereby seeks to enforce the Court's order striking Defendants' retained expert designations in excess of five (which has been violated in Defendants' recent witness statement expert designations), and objects to portions of Defendants' designated witness list and witness statements, in accordance with ECF No. 193 (Pretrial Order).

1. **Plaintiff's Objection And Request To Enforce Order On Motion To Strike Defense Retained Expert Designations Exceeding Five Experts**

    1.1 *Three* **operative Court orders in** *Smith* **disallow any party from designating more than five retained experts**

With this filing, Plaintiff Barbara Smith has now moved at least three times to compel compliance with the Court's orders concerning expert designations. Following Plaintiff's second motion to strike, on March 29, 2022 this Court granted in part Plaintiff's Motion To Strike (ECF No. 157) Defendants' expert designations in excess of the Court-ordered limitation of five experts per side. *See* ECF No. 187 "(Plaintiffs Motion to Strike [157] is granted in part and denied in part as stated on the record. Defendants non-retained experts testimony is limited to their personal involvement, deposition testimony, and prior trial testimony, subject to future motions practice.").

The Court could *not* have been more clear concerning Defendants repeated violations of both the MDL Court's and this Court's orders in designating more than five retained experts:

> **The alternate is out.** So we're really talking about these 12 people, and my intention -- tentative -- is to let them testify to what they were involved with even if that testimony sounds like 702 testimony, limited by their own personal involvement and by the fact that they've been deposed.
>
> So for now I am granting in part and denying in part your motion. We'll allow the five designated experts. *I won't allow the alternate....*

*See* Exhibit A annexed hereto (March 29, 2022 Hr'g Tr. at 8, 10). The Court's order is clear, direct, and unequivocal: Defendants' designation of Timothy Ulatowski as a retained expert, who is in excess of their five retained experts, is out and disallowed.

What's more, the Court's March 29, 2022 order is not the first disallowing more than five retained designated experts in *Smith*; in fact it's the ***third*** such operative order. Plaintiff *Smith* first sought relief in the MDL, where the MDL court in *Smith* struck all defense expert designations over the permitted five. *See* ECF No. 78 ("to the extent the Ethicon defendants named more than five experts, these experts are stricken." *See* ECF No. 78 (Order Striking Defendants' Experts). Thus ECF No. 78, together with ECF No. 44 (Wave 11 docket control order), as well as ECF No. 187, are ***three operative orders*** in *Smith* that ***clearly and unequivocally*** limit both sides to five experts.

### 1.2 Defendants yet again designate more experts in violation of the thrice-ordered limit of five retained designated experts

In Defendants' recently-filed witness list and witness statements, they still designate six retained experts, despite being specifically ordered not to do so. *See generally* ECF No. 249 (Defendants' Witness List And Witness Statements).

In a footnote Defendants admit they "***previously withdrew*** Mr. Timothy Ulatowski as an expert witness …." *Id*. at p. 32 (emphasis added). Yet despite claiming he has been "withdrawn," Defendants' witness list still designates Mr. Ulatowski as "Defendants' Designated Expert Witness—case in chief." *Id*. This is in addition to five other defense-designated retained expert witnesses (Mses. Christina Pramudji and Kellen Meade-Decker, and Messrs. Doug Grier, Steve MacLean, and Mark Schneider), in direct violation of multiple Court orders in the MDL and in Oregon.

2

Despite admitting Mr. Ulatowski is withdrawn, Defendants still have him designated as a sixth retained expert witness, claiming they "anticipate potentially calling Mr. Ulatowski to testify regarding regulatory issues presented by Plaintiff's punitive damages claim," and they purportedly will "withdraw another expert" if Mr. Ulatowski testifies. *Id.* at 32 n.4.

To the contrary, "another expert," namely Mr. Ulatowski, is both struck and ***already*** withdrawn, pursuant to multiple Court orders who have disallowed, prohibited, and repeatedly told Defendants to limit their designations to five. Defendants' witness list designation not only violates Defendants' own "withdrawal" of Mr. Ulatowski as a retained designated expert, it also violates multiple Court orders, who have said this expert witness is "out" and such gamesmanship is disallowed. *See generally* ECF No. 44, No. 78, and No. 187, *see also* March 29, 2022 Hr'g Tr. at 8, 10.

### 1.3 Defendants' repeated violation of the retained expert designation limit

The affirmative designation of six retained experts is not cured by Defendants' footnote. This now is a well-worn path by Defendants. Both the MDL Court and courts around the country have repeatedly instructed Defendants to limit their expert designations to five retained experts, and repeatedly struck designations in excess of five. This includes the Wave 11 Docket Control Order, the operative Docket Control Order for the *Smith* case, where the MDL court directed:

> In light of the common products involved in this Wave, the likelihood of overlap in expert opinion from one case to another (except as to specific causation) and the need to streamline discovery in these cases, **Plaintiffs and each Defendants are limited to no more than five (5) experts per case (exclusive of treating physicians)**.

3

*See* ECF No. 44 at 4 (emphasis in original); *see also Kelly v. Ethicon, Inc.*, 2020 WL 5949225, at *2 (N.D. Iowa Oct. 7, 2020) (Wave 11); *Wegmann v. Ethicon, Inc.*, 2020 WL 5960923, at *6 (E.D. Mo. Oct. 8, 2020) (Wave 11). Defendants Ethicon and Johnson & Johnson "are treated as one entity for purposes of" this limitation. ECF No. 44 at 3 n. 5.

This Court was entirely justified in being clear, direct and unequivocal. Defendants' violation of the five-expert limitation is incessant, and no matter how clear a court's order, Defendants feel entitled to ignore it. *See, e.g., Lankston v. Ethicon, Inc.*, 2017 U.S. Dist. LEXIS 223192, at *1-2 (S.D. W. Va. Jan. 12, 2017) (after defendants designated four retained and seven "non-retained" experts, the MDL Court held all designated experts, both "retained" and "non-retained," save treating physicians, count toward the "express limitation" of "five allotted experts" per side); *Nelson v. Johnson & Johnson*, 2019 WL 4942467, at *15 (E.D. Wis. Oct. 8, 2019) (striking defendants' experts in excess of five total in a case where defendants designated four retained experts and thirteen "non-retained" experts); *Wegmann*, 2020 WL 5960923, at *7 (after defendants designated six retained and sixteen "non-retained" experts, the district court granted plaintiff's motion to strike defendants' experts in excess of the MDL Court's five-expert limit and explaining the MDL Court "uniformly enforced" the five-expert limit); *Foster v. Ethicon, Inc.*, 2021 U.S. Dist. LEXIS 191994, at *2-3 (D. S.D. Oct. 5, 2021) (holding defendants designation of twenty-one experts, including five retained and sixteen "non-retained," violates the five-expert limit and striking defendants "non-retained" experts); *Sluis v. Ethicon, Inc.*, 529 F. Supp. 3d 1004, 1023 (D. S.D. 2021) (holding defendants violated the MDL Court's "five-expert limit" by designating five retained and ten "non-retained" experts and noting "[b]oth Judge Goodwin and district courts within the Eighth Circuit have rejected Ethicon's attempts

4

to exceed the five-expert limit."); *Kelly*, 2020 WL 5949225, at *2 (Wave 11 case striking Ethicon's experts who exceeded the five-expert limit).

*Smith* first sought relief in the MDL, where the MDL court in *Smith* struck **all** defense expert designations over the permitted five. *See* ECF No. 78 ("to the extent the Ethicon defendants named more than five experts, these experts are stricken." *See* ECF No. 78 (Order Striking Defendants' Experts). Thus ECF No. 78, together with ECF No. 44, are the operative orders in *Smith*; these orders clearly and unequivocally limit both sides to five experts. In addition, this Court also granted Plaintiff's recent motion to strike Defendants' expert designations in excess of five, ECF No. 187, but permitting Defendants "non-retained" experts to testify about their personal experience.

### 1.4    Mr. Ulatowski should be stricken as an expert

In accordance with both the MDL Court's orders and this Court's orders, Mr. Ulatowski has been both ***struck and withdrawn*** as an expert. Pursuant to the MDL Court's orders, this Court's orders, and Defendants' own withdrawal, he is stricken, he is withdrawn, and he may not be called as an expert by Defendants. The Court should strike Mr. Ulatowski witness designation as a retained designated expert, as ordered by multiple Court orders in ***this*** case.

### 2.    Objection to TVT and TVT-O testimony

Defendants' witness statements show their corporate employees will testify about the "launch" of the "TVT (1998) and TVT-O (2004)," testify about the "TVT family of devices," and the "effectiveness" of "mid-urethral slings like the TVT-O," and "Prolene sutures." ECF 249 at 71, 80, 84. Defendants claim the witnesses who will testify about the TVT and TVT-O include Dr. Grier, Dr. Pramudji, Dr. Arnaud, Dr. Hinoul, and Mr. Smith. *See generally* ECF No. 249 at pp. 9, 19-22, 71, 80-81, 84, 100, 105.

For the reasons stated in Plaintiff's Omnibus Motion In Limine, Plaintiff objects to the TVT and TVT-O testimony and witness statements incorporating such testimony. *See generally* ECF 260 at pp. 22-23.

### 3. Conclusion

For the foregoing reasons, Defendants' witness list designation of Timothy Ulatowski as a designated retained expert should be stricken. And the Court should disallow testimony concerning the TVT and TVT-O for the reasons stated in Plaintiff's omnibus motion in limine.

Date: June 9, 2022

Respectfully submitted:

/s/     John Lowther

Doyle Lowther LLP
John A. Lowther (admitted pro hac vice)
john@doylelowther.com
William J. Doyle
bill@doylelowther.com
4400 NE 77th Avenue, Suite 275
Vancouver, WA 98662
(360) 818-9320 phone
(360) 450-3116 fax

Jeffrey Kuntz
jkuntz@wcllp.com
Andrew N Faes
afaes@wcllp.com
Sarah Ruane
sruane@wcllp.com
Karen L. Fritts
kfritts@wcllp.com
Wagstaff & Cartmell
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
(816) 701-1100 phone
(816) 531-2372 fax

Daniel Duyck, OSB# 972529

        Duyck & Associates LLC
        dduyck@duycklaw.com
        111 SW Columbia St., Suite 715
        Portland, OR 97201
        (503) 764-2030 phone

*Attorneys for Plaintiff Barbara Smith*

## Certificate Of Service

I hereby certify on June 9, 2022 I electronically filed Plaintiff's Objections To Defendants' Witness List And Witness Statements; Request To Enforce Order Re Motion To Strike Expert Designations Exceeding Five In Violation Of The Court's Repeated Orders, with the Clerk of the Court using the CM/ECF system, which will send notification of this Objection And Motion to the CM/ECF participants registered to receive service in this matter.

Respectfully Submitted,

/s/    John Lowther

John Lowther, Esq.
DOYLE LOWTHER LLP