Daniel Duyck
email: dduyck@duycklaw.com
Duyck & Associates, LLC
111 SW Columbia St., Suite 715
Portland, OR 97201
(503) 764-2030 phone

John Lowther (admitted pro hac vice)
email: john@doylelowther.com
Doyle Lowther LLP
4400 NE 77th Avenue, Suite 275
Vancouver, WA 98662
(360) 818-9320 phone
(360) 450-3116 fax

*Attorneys for Plaintiff Barbara Smith*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BARBARA SMITH, | Case No.: 3:20-cv-00851-MO |
| Plaintiff, | |
| v. | PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO DEPOSITION DESIGNATIONS |
| ETHICON, INC., et al., | |
| Defendants. | |

Defendants object to Plaintiff's designation of testimony which they characterize as "TVT testimony." While Plaintiff recognizes that the claims regarding the TVT-O device have been dismissed, and thus have withdrawn the vast majority of the "TVT testimony" as a result, Plaintiff anticipates that Defendants intend to introduce and will introduce evidence regarding the TVT, as well as evidence of the purported "long, safe use of polypropylene in the human body." Plaintiff has filed motions in limine seeking to exclude both categories of evidence, but have retained designated testimony intended to rebut Defendants' expected proffer on these issues, as well as Defendants' anticipated objections to Plaintiff's motions in limine on these issues.

In recent Prolift cases, Defendants have opposed the plaintiffs' motions in limine on both these issues, arguing that evidence regarding the TVT "is highly relevant to show how Ethicon's SUI products played a role in the history and development of the Prolift. Specifically, Ethicon's experience with TVT and SUI products beginning in 1998 informed its decisions with regard to Prolift, which was first sold in 2005, and evidence regarding those products should thus be allowed to put Ethicon's decisions involving Prolift into proper context." (*See* Defendants' Response and/or opposition to Plaintiffs' Omnibus Motions *In Limine* 1-17. *Willams v. Ethicon,* 5:20-cv-00234-MTT Dkt. 166 at 11, attached hereto as Exhibit 18).[1] Defendants have also recently argued they "must be allowed to offer evidence that both polypropylene (generally) and Ethicon's Prolene (specifically) have a long history of safe and effective use in the human body, as this evidence rebuts Plaintiffs' allegations and shows that Ethicon acted reasonably in using polypropylene." *Id*. at 7.

---

[1] The exhibits to this response are found in accompanying Lowther Declaration.

PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO DEPOSITION DESIGNATIONS

Plaintiff has retained certain designations which reference the TVT in order to counter Defendants' expected evidence on these issues. In the event that the Court grants both motions in limine on this issue, or Defendants concede they will not offer evidence on these issues, Plaintiff will withdraw those designations.

Plaintiff's deposition designations of Barbara Smith, Jerry Blaivas, M.D., Daniel Elliott, M.D., Howard D. Jordi, Ph.D. and Peggy Pence, Ph.D. were done out of an abundance of caution in the event these witnesses became unavailable for reasons outside of her control. At this time, these witnesses plan to appear live at trial. As such, the Court may deny Defendants' objections on this issue as moot. If any of these witnesses do become unavailable in the future, Plaintiff will notify the Court and defense counsel immediately and will take steps to satisfy the appropriate showing of unavailability.

The sole witness who is known, and has been known, to both parties as unavailable at trial is Dr. Uwe Klinge. Under Rule 32(a)(4)(B), Dr. Uwe Klinge, who lives in Belgium, is unavailable to testify live at trial. He is more than 100 miles from this Court and well outside the Court's subpoena power. Moreover, Dr. Klinge's wife has a disease that requires him to be at home to provide care, a fact of which Defendants are well aware and is the reason why they previously agreed in other litigations that plaintiffs could use Dr. Klinge's videotaped testimony taken in *Bellew* and use it in subsequent trials.

Dr. Klinge has been deposed twice and has provided live testimony—all of which both parties should be free to use under Rule 32. As shown below, Dr. Klinge is an important witness with unique testimony. He is a retained expert, but he is also a fact witness, as a scientist who was involved with the development of the mesh products at issue, and was a consultant for

PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO DEPOSITION DESIGNATIONS

Ethicon for many years.  Dr. Klinge was not chosen as an expert because he happens to live in Belgium, outside the subpoena power of a West Virginia court (for the MDL proceedings) or this Court.  Dr. Klinge has, in fact, testified live in U.S. courts before, including the *Gross v. Ethicon* case (2013), and *Lewis v. Ethicon* (2014).  Plaintiff retained him on merit, as a renowned scientist with specialized knowledge of Ethicon's products.  The issues have not changed since the most recent trial in which Ethicon did not object to this testimony—in 2021.[2]

Dr. Klinge's qualifications are undisputed.  These include his extensive experience as a trusted consultant for Ethicon and as one of the researchers at the forefront of evaluating mesh complications.  As demonstrated in the attached exhibits, Dr. Klinge has been an internationally recognized expert in biomaterials research and the design of surgical meshes for more than twenty years.  (Klinge Curriculum Vitae, attached hereto as Exhibit 1; Klinge Expert Report, attached as Exhibit 2, at p. 2).  Dr. Klinge and his collaborators developed the mesh-related concepts of fibrotic bridging, scar plate formation, effective porosity and lightweight/large pore mesh—concepts that Ethicon came to accept and use.  (Exhibit 2, at pp. 6-7).  He has authored or co-authored approximately 200 peer-reviewed publications, more than 100 of which are on the topic of surgical meshes.  (Exhibit 1, at pp. 2-20; Exhibit 2, at 5).

Based on Dr. Klinge's extensive knowledge and experience, Ethicon retained him as a consultant from 1994 to 2004, and Ethicon has relied on his expertise regarding biocompatibility and tissue response to surgical meshes, as reflected by countless internal documents created and/or exchanged between Dr. Klinge and Ethicon.  (Exhibit 1, at 39; Exhibit 2, at 6-9; Klinge

---

[2] That case, *Kieffaber v. Ethicon, Inc.*, Case No. 6:20-cv-01177 (D. Kan.), settled shortly before trial, but the parties had already designated deposition testimony.

PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO DEPOSITION DESIGNATIONS

Dep. 11/10/2014, attached as Exhibit 3, at pp. 13-14, 37-40, 47-48).   A few of the many examples are as follows:

- Ethicon recognized Dr. Klinge as a "Global Thought Leader" in hernia repair technology and a member of Ethicon's "Technology sub Strategy Team." (Exhibit 4).

- In its September 2012 Clinical Expert Report for Gynecare Prolift+M, Ethicon cited to a publication co-authored by Dr. Klinge regarding evaluation of different polypropylene-mesh modifications for abdominal wall repair.  (Exhibit 5).

- Ethicon has relied upon Dr. Klinge and Dr. Mühl's publication regarding effective porosity and pore size measurement.  (Exhibit 6 at 9; attached as Exhibit 7, at 1).

Dr. Klinge's work in developing the mesh that was ultimately patented and sold by Ethicon as "Vypro" resulted in defining the minimum distance necessary between pore fibers as 1000 microns (or 1 mm), to prevent the pores from filling with scar tissue and hardening the mesh.   (Exhibit 2, at pp. 6-7; Exhibit 3, at pp. 50-51).   In 2002, Dr. Klinge co-authored a groundbreaking publication regarding this pore size requirement titled: "Impact of polymer pore size on the interface scar formation in a rat model."   J. Surg. Res. 2002 Apr; 103(2):208-14. (Exhibit 1 at p. 5; Exhibit 3 at pp. 49-51).   As disclosed in that peer-reviewed journal article, Ethicon funded the scientific work.

Ethicon has invited Dr. Klinge on dozens of occasions to lecture about safer mesh designs for hernia and pelvic floor repair.  (Exhibit 3 at p. 15).   In 2007, Ethicon invited Dr. Klinge to give presentations regarding his experiences with textiles in surgery. ("Pelvic Floor Mesh Forum," attached as Exhibit 8; "Wissenschaftliche Grundlagen und klinische Evidenz von

PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO DEPOSITION DESIGNATIONS

Netz-Implantaten," attached as Exhibit 9; "Experimental investigations with alloplastic materials: Which properties are essential for use at the pelvic floor?" attached as Exhibit 10).

Referencing Dr. Klinge, Ethicon's Worldwide Medical Director and designated corporate representative from medical affairs, Dr. Piet Hinoul, testified during the first Prolift trial in the United States that "[t]here's not many people in the world that make a living researching mesh in human specimens and in animal specimens. It's a very specific part of research." (1/16/13 Trial Transcript, *Gross, et al. v. Ethicon, Inc., et al.*, Superior Court of New Jersey, attached as Exhibit 11 at p. 1113). He went on to testify that Dr. Klinge "is one of them" and agreed that he is highly qualified in that field. (*Id.* at pp. 1113-14). At his deposition, Dr. Hinoul testified that he would defer to Dr. Klinge's data as to whether the pores in the Prolift mesh collapse or deform in regular use. (Hinoul Dep. 9/19/2012, attached as Exhibit 12 at p. 1054).

Ethicon retained Dr. Klinge as a mesh consultant for 10 years because he is a world leader in the study and research of mesh biocompatibility and tissue response. Internal company documents show Ethicon has relied on Dr. Klinge's research and conclusions, which he primarily formed during his years as a consultant for Ethicon—not for purposes of litigation.

Due to his singular quality of being **both** a world-renowned expert on surgical mesh **and** a former, longtime consultant for Ethicon, Dr. Klinge was an obvious choice as one of the plaintiffs' primary experts in the MDL.[3] Defendants' counsel in the MDL agreed on and helped to coordinate Dr. Klinge's videotaped *de bene esse* deposition in the MDL, which took place in Germany on November 10, 2014. Thereafter, the plaintiffs introduced Dr. Klinge's deposition

---

[3] Under the procedures established by the MDL court, Plaintiff was limited to selecting from a small pool of general experts previously retained by the plaintiffs' leadership in the MDL. Plaintiff's counsel, therefore, did not have unfettered freedom to select any expert of their choosing, as they would in a typical case.

PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO DEPOSITION DESIGNATIONS

testimony in lieu of live testimony in two trials, without objection.[4]  (*See, e.g.*, Proposed *Bellew* Pretrial Order at pp. 1-2, attached as Exhibit 13).  *See also* as-played transcripts of Dr. Klinge's Bellew video testimony, attached hereto as Exhibit 14).   Just last year, Defendants agreed to the introduction of Dr. Klinge's deposition testimony in *Kieffaber v. Ethicon*, 6:20-CV-01177 (D. Kan.).  (*See* 4/7/2021 e-mails, attached hereto as Exhibit 16).[5]  Defendants also lost this same argument in the *Williams* case.  (*See* Transcript of pretrial hearing February 23, 2022 at 65 attached hereto as Exhibit 15).

Dr. Klinge is unavailable to appear live at trial, and Plaintiff should be permitted to introduce his deposition testimony. Moreover, the position taken by Ethicon in this case is inconsistent with the position they have taken regarding their own experts in previous cases.  For example, in the *Hammons* case, Ethicon took the position that its own case-specific expert, Dr. Joye Lowman, was unavailable for trial because of patient appointments she wish not to cancel for the day of her scheduled testimony.   *See* Exhibit 17,  Lowman Trial Deposition Transcript at 7:17 -10:7.   Under these circumstances, Ethicon was allowed to present Dr. Lowman at trial by way of videotaped testimony.   *Id*. Accordingly, Defendants' objection to Dr. Klinge should be overruled.

Pursuant to Fed. R. Civ. P. 32(a)(4)(B), the testimony of a witness who is "unavailable" to appear live at trial may be introduced through his deposition.  A witness is considered

---

[4]  *Bellew v. Ethicon*, 2:13-cv-22473 (S.D. W. Va.); *Kaiser v. Ethicon*, 2:17-cv-000114 (N.D. Ind.).

[5]  Defendants point out that Dr. Klinge has traveled to the United States to provide live testimony in other mesh litigation cases.  *See, e.g.*, *Lewis v. Ethicon*, No. 2:12-cv-04301 (S.D.W. Va. Feb. 13, 2014); *Gross v. Gynecare*, No. ATL-L-6966-10 (Sup. Ct. N.J. Feb. 4, 2013).  These cases were some of the first mesh cases to be tried in this country, and Dr. Klinge's live testimony occurred before his *de bene esse* deposition was taken.  To the best of Plaintiff's knowledge, Dr. Klinge has not provided live testimony at any mesh trial since his *de bene esse* deposition occurred.

PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO DEPOSITION DESIGNATIONS

unavailable if he or she resides "more than 100 miles from the place of ... trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition." *Id.* Dr. Klinge resides in Belgium, outside of the United States, and well beyond the subpoena power of this Court. He is, therefore, unavailable pursuant to Rule 32.

Plaintiff did not retain Dr. Klinge for the purpose of avoiding live cross-examination at trial. If that were the case, the plaintiffs would not have brought him to testify live at two bellwether trials in the early—and critical—stages of the MDL. It was instead because, as Ethicon's Worldwide Medical Director Dr. Piet Hinoul has previously conceded, Dr. Klinge is one of only a small handful of highly qualified and knowledgeable researchers in the field of surgical mesh.

Here, Dr. Klinge's role as a longtime Ethicon consultant on many of the issues involved in this case lends substantial import to his testimony. As a result of his research, Dr. Klinge advised Ethicon for years about issues regarding the properties of its mesh products and made recommendations to Ethicon. Dr. Klinge has the unique ability to testify about the development of Ethicon's mesh products and the risks they pose. No other similarly qualified expert is in such a unique position. It is for this reason that Defendants have now made this eleventh-hour attempt to prevent Plaintiff from using Dr. Klinge's deposition testimony at trial.

Ethicon's argument is also illogical in the MDL context. Ethicon has not identified anything unique about this case, as compared with other MDL cases. Therefore, Ethicon's argument suggests that Dr. Klinge must travel from Europe to testify live in every trial remanded from the MDL. Ethicon has not cited one case that supports this unrealistic position. Every case Ethicon cited was an individual case, not an MDL case, and they are all distinguishable from the

PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO DEPOSITION DESIGNATIONS

case at hand.[6]  It is one thing in a single case to require an American expert to appear at trial. Ethicon's position, however, would require Dr. Klinge to travel internationally for every remand trial, despite having previously agreed to allowing his testimony to be preserved by video due to his family obligations and subject to cross-examination, multiple times.  As demonstrated above, Dr. Klinge's testimony focuses on the development of Ethicon's mesh products, many years ago. Nothing has happened since his 2014 deposition that would render his testimony invalid.  Dr. Klinge is unavailable under Rule 32(a)(4)(B), so there is no legal basis to deny Plaintiff the right to play his testimony at trial.

As for the counter deposition designations the Defendants submitted on June 9, ECF No. 267, they are late and should be stricken.  Under the Court's Amended Trial Management Order, Defendants' "deposition designations were due two days after plaintiff's submissions." ECF No. 193 at 2, para. 3d(3).  The due date was June 6, not June 9, a fact Defendants recognized. ECF No. 253.

---

[6] In *Carter-Wallace, Inc. v. Otte*, 474 F.2d 529 (2d Cir. 1972), the court **allowed** the prior testimony. *Id.* at 537. So that case clearly does not help Ethicon's argument.  In *Kirk v. Raymark Industries, Inc.*, 61 F.3d 147 (3d Cir. 1995), the trial court made no finding as to unavailability at all, leading to reversal. *Id.* at 165.  In *Livers v. Schenck*, No. 8:08CV107, 2013 WL 5676881 (D. Neb. Oct. 18, 2013), the court justified requiring an expert to testify live by stating that experts "generally [have] no knowledge of the facts of the case," and that the loss of one expert is immaterial because "there will usually be other experts available to give similar testimony orally." *Id.* at *3.  Neither of those statements apply to Dr. Klinge, who has factual knowledge about the development of Ethicon's mesh products, and who offers unique testimony that no one else could give, as shown above.  And like the other cited cases, *Livers* was an individual case, not an MDL case.  *See generally id.*  In *Kamara v. United States*, No. 04 CIV. 626(THK), 2005 WL 2298176 (S.D.N.Y. Sept. 20, 2005), there was no showing that the experts at issue were outside the subpoena power of the court, or unavailable in any other way. *Id.* at *6.  Here, the expert lives in Belgium.  In *Evans v. Langston,* 166 P.3d 621 (Utah App. 2007), the plaintiffs procured the expert witness's absence by expressly telling him that he did not need to attend trial.  Similarly, in *Caron v. General Motors,* 643 N.E.2d 471 (Mass. App. 1994), the trial judge suspected that plaintiff's counsel made little real effort to secure the experts' attendance at trial.  Finally, in *Myers v. Estate of Alessi,* 560 A.2d 59 (Md. App. 1989), plaintiffs chose not to pay their expert to attend trial and, as a result, were precluded from introducing his deposition testimony.  By contrast, Plaintiff's counsel has not procured Dr. Klinge's absence or failed to pay Dr. Klinge and, in fact, has made attempts to secure his testimony but have been unsuccessful because of his location overseas and his familial obligations.

PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO DEPOSITION DESIGNATIONS

Plaintiff's responses to Defendants' objections to the deposition designations are in the attached chart (Exhibit A).


Date: June 16, 2022                           Respectfully submitted:

                                              /s/      John Lowther

                                              Doyle Lowther LLP
                                              John A. Lowther (admitted pro hac vice)
                                              john@doylelowther.com
                                              William J. Doyle
                                              bill@doylelowther.com
                                              4400 NE 77th Avenue, Suite 275
                                              Vancouver, WA 98662
                                              (360) 818-9320 phone
                                              (360) 450-3116 fax

                                              Jeffrey Kuntz
                                              jkuntz@wcllp.com
                                              Andrew N Faes
                                              afaes@wcllp.com
                                              Sarah Ruane
                                              sruane@wcllp.com
                                              Karen L. Fritts
                                              kfritts@wcllp.com
                                              Wagstaff & Cartmell
                                              4740 Grand Avenue, Suite 300
                                              Kansas City, MO 64112
                                              (816) 701-1100 phone
                                              (816) 531-2372 fax

                                              Daniel Duyck, OSB# 972529
                                              Duyck & Associates LLC
                                              dduyck@duycklaw.com
                                              111 SW Columbia St., Suite 715
                                              Portland, OR 97201
                                              (503) 764-2030 phone

                                              *Attorneys for Plaintiff Barbara Smith*

PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO DEPOSITION DESIGNATIONS

## Certificate Of Service

    I hereby certify on June 16, 2022, I electronically filed Plaintiff's Response To Defendants' Objections To Deposition Designations and Declaration of John Lowther In Support with the Clerk of the Court using the CM/ECF system, which will send notification of this Response and Declaration to the CM/ECF participants registered to receive service in this matter.

Respectfully Submitted,

/s/    John Lowther

John Lowther, Esq.

Doyle Lowther LLP

PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO DEPOSITION DESIGNATIONS

# Exhibit A

**Barbara Smith**

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 44:14-45:7 | 401/403; subject to MIL re spoliation | | This is not evidence of spoliation, this is simply background facts relevant to the case.  Plaintiff additionally adopts and incorporates by reference her response to Defense MILs at #15 |

**Laura Angelini**

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **Laura Angelini 09/17/13** | | | |
| 25:24-26:16 | 401/403; testimony involves medical opinions from a lay witness regarding complications not alleged by this Plaintiff as a result of the product at issue in this case. | | Not a medical opinion.  Testimony from Marketing executive regarding her knowledge of a product she had responsibility over.  Ms. Smith remains at risk of Dyspareunia from her injuries and they interfere with her engaging in intercourse.  Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" concerning the allegedly defective product's "characteristics." |
| 28:13-28:20 | 401/403 – this testimony and Exhibit (3207) involves complications not alleged by this Plaintiff as a result of the product at issue in this case. Moreover, this | | Same as above |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | testimony and email constitute impermissible character evidence. | | |
| 29:2-29:7 | Same as above. | | Same as above. |
| 30:3-31:6 | Same as above. | | Same as above. |
| 33:13-36:7 | Same as above. | 33:4-5<br>33:7-9 | Same as above<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.  Not necessary for completeness, undue delay, 403, 611(a). |
| **Laura Angelini 06/19/15** | | | |
| 127:18-128:2 | Irrelevant TVT evidence (testimony and exhibit 3742) | 217:6-9<br>217:14-18<br>222:2-4<br>222:7-223:2 | This evidence is relevant due to the fact that the TVT is a transvaginal mesh made of the same polypropylene material as the Prolift and  Defendants base their marketing of the Prolift, in part, on their prior experience with the TVT and the use of polypropylene in the human body.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 128:6-128:20 | Same as above. | 217:6-9<br>217:14-18<br>222:2-4 | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | 222:7-223:2 | Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 139:14-140:21 | 401; 403; hearsay within hearsay (testimony and exhibit 3743) | 235:6-10<br>236:1-239:18<br>239:22-240:9<br>240:12-18<br>245:11-14 | This is not hearsay in that it is not offered for the truth of the matter asserted, it is offered for the purposes of showing the witnesses' state of mind, Defendants' state of mind, knowledge of the company, and notice to the company.   It is also not Hearsay as it is a statement authorized by a party's agent within the scope of her employment.  801(d)(2)(D).  Even if it is hearsay, it is admissible under multiple hearsay exceptions, including 803(6), 803(5), 803(3), 803(1).<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.  Not necessary for completeness, undue delay, 403, 611(a). |
| 141:1-141:23 | Same as above. | 235:6-10<br>236:1-239:18<br>239:22-240:9<br>240:12-18<br>245:11-14 | Same as above. |
| 142:2-142:18 | Same as above. | 235:6-10<br>236:1-239:18<br>239:22-240:9<br>240:12-18<br>245:11-14 | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 142:20-143:13 | Same as above. | 235:6-10<br>236:1-239:18<br>239:22-240:9<br>240:12-18<br>245:11-14 | Same as above. |
| 144:11-144:23 | Same as above. | 235:6-10<br>236:1-239:18<br>239:22-240:9<br>240:12-18<br>245:11-14 | Same as above.<br>Same as above. |

**Axel Arnaud, MD**

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **Axel Arnaud, MD 11/15/12** | | | |
| 11:8-11:10 | | | |
| 13:18-13:24 | | | |
| 22:6-22:13 | | | |
| 23:19 -24:1 | | | |
| 25:19-26:1 | | 26:15-27:11<br>30:4-30:17<br>31:18-32:2<br>32:18-25 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | "two days after plaintiff's submission," ECF 193 at p. 2.  Not necessary for completeness, undue delay, 403, 611(a). |
| 33:23-35:14 | 401/403 – this testimony and Exhibit (1250) involves complications not alleged by this Plaintiff as a result of the product at issue in this case. | | Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body.  Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" concerning the allegedly defective product's "characteristics." |
| 40:25-41:21 | | | |
| 49:7-49:17 | | | |
| 52:13-52:17 | | | |
| 58:22-59:12 | 401/403 – this testimony and Exhibit (1253) involves complications not alleged by this Plaintiff as a result of the product at issue in this case. | | Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body.  Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |
| 67:11-68:9 | Same as above. | | Same as above |
| 68:11-69:13 | Same as above. | | Same as above |
| 69:15-70:9 | Same as above. | | Same as above |
| 78:20-80:10 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 84:20-85:11 | | | |
| 85:25-87:13 | | | |
| 140:22-141:18 | | | |
| 154:22-155:10 | Hearsay within hearsay as to testimony and exhibit (620) – Dr. Cosson is not an employee of Ethicon. | | Dr. Cosson was a consultant for Ethicon under contract and authorized to speak on their behalf.  This is not hearsay in that it is not offered for the truth of the matter asserted, it is offered for the purposes of showing the witnesses' state of mind, Defendants' state of mind, knowledge of the company, and notice to the company.   Even if it is hearsay, it is admissible under multiple hearsay exceptions, including 803(6), 803(5), 803(3), 803(1). |
| 156:11-156:17 | Same as above; also 401/403 re complications not alleged by Plaintiff in this case. | | Same as above.<br><br>This is not hearsay in that it is not offered for the truth of the matter asserted, it is offered for the purposes of showing the witnesses' state of mind, Defendants' state of mind, knowledge of the company, and notice to the company.  Even if it is hearsay, it is admissible under multiple hearsay exceptions, including 803(6), 803(5), 803(3), 803(1). |
| 169:23-170:11 | | | |
| 170:13-170:14 | | | |
| 170:23-171:6 | | | |
| 171:22-172:5 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 172:11-173:19 | | 173:21-174:10 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.  Not necessary for completeness, undue delay, 403, 611(a). |
| 180:9-180:15 | Hearsay testimony and exhibit (1181) – the email at issue discusses hearsay conversations with nonEthicon employees regarding opinions of the mesh. Also 401/403 – this testimony and exhibit involves complications not alleged by this Plaintiff as a result of the product at issue in this case. | | This is not hearsay in that it is not offered for the truth of the matter asserted, it is offered for the purposes of showing the witnesses' state of mind, Defendants' state of mind, knowledge of the company, and notice to the company. Even if it is hearsay, it is admissible under multiple hearsay exceptions, including 803(6), 803(5), 803(3), 803(1).<br><br>Defendants Misstate facts re: complications not alleged.  Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body.  Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |
| 184:24-185:10 | Same as above. | 183:14-184:2 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 192:24-193:5 | Argumentative; lack of foundation; calls for company witness testimony from a lay witness | | Same as above.  Not expert testimony- within scope of knowledge as fact witness. |
| 193:12-193:20 | Same as above. | | Same as above. |
| 195:5-195:25 | Same as above. | | Same as above. |
| 200:24-201:4 | Argumentative; lack of foundation; also 401/403 – this testimony and exhibit involves complications not alleged by this Plaintiff as a result of the product at issue in this case. | | Same as above. |
| 201:7-201:7 | Same as above. | | Same as above. |
| 201:9-201:12 | Same as above. | | Same as above. |
| 201:15-201:19 | Same as above. | | Same as above. |
| 209:2-209:10 | Hearsay – this testimony and exhibit (3005) relates to an email regarding a conversation with Prof. Jacquetin regarding his opinions on certain issues and data related to the Prolift. Prof. Jacquetin was not an employee of Ethicon, and he was not designated in this case as an expert witness (non-retained or otherwise); also 401/403 – this testimony and exhibit involves complications not alleged by this Plaintiff as a result of the product at issue in this case | | Dr. Cosson was a long-term consultant for Ethicon was authorized by Ethicon to work on their behalf. This is not hearsay in that it is not offered for the truth of the matter asserted, it is offered for the purposes of showing the witnesses' state of mind, Defendants' state of mind, knowledge of the company, and notice to the company.   It is also not Hearsay as it is a statement by a person authorized by a party to make 801(d)(2)(C) and a Statement by party's agent  801(d)(2)(D).  Even if it is hearsay, it is admissible under multiple hearsay exceptions, including 803(6), 803(5), 803(3), 803(1). |
| 210:3-210:12 | Same as above. | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 211:11-211:18 | Same as above. | 210:16-211:10 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 222:6-222:13 | Argumentative; lack of foundation. | | Same as above. |
| 231:24-232:10 | 401/403 – this testimony and exhibit (619) involves complications not alleged by this Plaintiff as a result of the product at issue in this case. | | Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |
| 232:18-233:9 | Same as above. | 233:16-19<br>233:21-234:11 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 242:3-242:5 | Same as above. | | Same as above. |
| 245:6-247:13 | | 248:25-249:4<br>249:6-20 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 259:7-259:20 | | | |
| 261:8-262:1 | | | |
| 262:3-262:5 | | | |
| 262:16-263:4 | | | |
| 271:18-271:22 | | | |
| 272:16-273:8 | | | |
| 274:7-274:8 (Note: ending at "exhibit 439") | Hearsay – this testimony and exhibit (439) relates to an email regarding a conversation with Prof. Eberhard regarding his opinions on certain issues and data related to the Prolift. Prof. Eberhard was not an employee of Ethicon, and he was not designated in this case as an expert witness (non-retained or otherwise); also 401/403 – this testimony and exhibit involves complications not alleged by this Plaintiff as a result of the product at issue in this case. | | This is not hearsay in that it is not offered for the truth of the matter asserted, it is offered for the purposes of showing the witnesses' state of mind, Defendants' state of mind, knowledge of the company, and notice to the company. Even if it is hearsay, it is admissible under multiple hearsay exceptions, including 803(6), 803(5), 803(3), 803(1). Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body.  Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |
| 276:18-277:6 | Same as above. | | Same as above |
| 291:25-292:10 | 401/403 – this testimony involves emails (exhibit | | This evidence is relevant to show the defects of the Prolift and the Defendants' knowledge/state of mind. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | 1264) which post-date Plaintiff's implant regarding future marketing strategies. | | |
| 293:22-294:13 | Same as above. | | This evidence is relevant to show the defects of the Prolift and the Defendants' knowledge/state of mind. |
| 294:15-296:12 | Hearsay – this testimony and exhibit (1265) relates to a conversation with Jan Deprest regarding opinions on certain issues and data related to the Prolift. Jan Deprest was not an employee of Ethicon, and was not designated in this case as an expert witness (non-retained or otherwise); also 401/403 – this testimony and exhibit involves complications not alleged by this Plaintiff as a result of the product at issue in this case. | | This is not hearsay in that it is not offered for the truth of the matter asserted, it is offered for the purposes of showing the witnesses' state of mind, Defendants' state of mind, knowledge of the company, and notice to the company. Even if it is hearsay, it is admissible under multiple hearsay exceptions, including 803(6), 803(5), 803(3), 803(1). <br><br>Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |
| **Axel Arnaud, MD 11/16/12** | | | |
| 344:2-345:5 | Hearsay literature article (exhibit 665); post-dates Plaintiff's implant | | This evidence is relevant to show the defects of the Prolift and the Defendants' knowledge/state of mind. <br><br>Testimony is admissible under 803(18). |
| 347:5-347:17 | Same as above. | | Same as above |
| 348:3-349:3 | Same as above. | | Same as above |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 355:13-355:25 | Same as above. | | Same as above |
| 356:1-356:19 | Same as above. | | Same as above |
| 365:9-365:21 | | | |
| 367:7-368:5 | 401/403 – exhibit (1266) post-dates Plaintiff's implant; involves complications not alleged by this Plaintiff. | | The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims, and the fact that the document post-dates Plaintiff's implant does not make it inadmissible or irrelevant to those claims.<br><br>Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |
| 368:11-368:18 | Same as above. | | Same as above |
| 369:2-369:6 | Hearsay literature article (exhibit 1268) re hernia repair. 401/403. | | This evidence is relevant to show the defects and risks of the Prolift and the Defendants' knowledge/state of mind regarding same.<br><br>Testimony is admissible under 803(18). |
| 369:19-369:23 | Same as above. | | Same as above. |
| 388:10-388:25 | Same as above. | | Same as above. |
| 389:3-389:12 | Same as above. | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 389:14-389:15 | Same as above. | | |
| 410:25-411:10 | 401/403; exhibit (1029) postdates Plaintiff's implant and includes hearsay within hearsay statements of nonEthicon employees. | | Same as above. |
| 418:10-419:5 | Same as above; also lack of foundation/personal knowledge – this PPT (exhibit 1028) was not created by Dr. Arnaud and there is no testimony that establishes that Dr. Arnaud had seen this PPT. | | Same as above.  Document will be admitted through another witness, and Dr. Arnaud is a Medical director for the company with knowledge of the contents therein. |
| 419:7-419:9 | Same as above. | | Same as above.  Document will be admitted through another witness, and Dr. Arnaud is a Medical director for the company with knowledge of the contents therein. |
| 419:24-420:4 | Same as above. | | Same as above.  Document will be admitted through another witness, and Dr. Arnaud is a Medical director for the company with knowledge of the contents therein. |
| 420:6-420:6 | Same as above. | | Same as above.  Document will be admitted through another witness, and Dr. Arnaud is a Medical director for the company with knowledge of the contents therein. |
| 425:8-425:16 | Same as above. | | Same as above.  Document will be admitted through another witness, and Dr. Arnaud is a Medical director for the company with knowledge of the contents therein. |
| 425:17-426:3 | Same as above. | | Same as above.  Document will be admitted through another witness, and Dr. Arnaud is a Medical director for the company with knowledge of the contents therein. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 427:5-427:12 | Same as above. | | Same as above. Document will be admitted through another witness, and Dr. Arnaud is a Medical director for the company with knowledge of the contents therein. |
| 427:14-427:23 | Same as above. | | Same as above. Document will be admitted through another witness, and Dr. Arnaud is a Medical director for the company with knowledge of the contents therein. |
| 431:4-432:7 | 401/403; email (exhibit 512) post-dates Plaintiff's implant | 432:17-433:3 433:23-25 434:2-14 | Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 434:16-435:22 | 401/403; exhibit post-dates Plaintiff's implant and includes hearsay within hearsay statements of nonEthicon employees. | | The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims, and the fact that the document post-dates Plaintiff's implant does not make it inadmissible or irrelevant to those claims.

This is not hearsay in that it is not offered for the truth of the matter asserted, it is offered for the purposes of showing the witnesses' state of mind, Defendants' state of mind, knowledge of the company, and notice to the company. Even if it is hearsay, it is admissible under multiple hearsay exceptions, including 803(6), 803(5), 803(3), 803(1). |
| 439:20-440:3 | Same as above. | | Same as above. |
| 440:5-440:6 | Same as above. | | Same as above. |
| 446:23-447:8 | Same as above. | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 447:9-448:16 | Same as above; also regards complications not alleged by Plaintiff in this case. | | Same as above. |
| 457:11-458:25 | 401/403; exhibit 1269 postdates Plaintiff's implant; also, regards complications not alleged by Plaintiff in this case. | | The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims, and the fact that the document post-dates Plaintiff's implant does not make it inadmissible or irrelevant to those claims.

Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |
| 459:2-459:2 | Same as above. | | Same as above. |
| 460:9-460:13 | Same as above. | | Same as above. |
| 460:15-461:1 | Same as above. | | Same as above. |
| 467:8-467:13 | Same as above. | | Same as above. |
| 467:16-467:16 | Same as above. | | Same as above. |
| 467:25-468:7 | Hearsay literature article (exhibit 663); post-dates Plaintiff's implant. | | The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims, and the fact that the document post-dates Plaintiff's implant does not make it inadmissible or irrelevant to those claims. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | Testimony is admissible under 803(18). |
| 480:2-481:17 | Same as above. | | Same as above |
| 482:18-482:25 | Same as above. | | Same as above |
| 487:3-487:7 | | | |
| 487:8-487:14 | | | |
| 488:22-489:10 | Hearsay literature article; post-dates Plaintiff's implant. | | The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims, and the fact that the document post-dates Plaintiff's implant does not make it inadmissible or irrelevant to those claims.<br><br>Testimony is admissible under 803(18). |
| 515:9-515:10 | 401/403; hearsay presentation (exhibit 1271) by nonEthicon employees; postdates Plaintiff's implant and involves complications not alleged by this Plaintiff. | | The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims, and the fact that the document post-dates Plaintiff's implant does not make it inadmissible or irrelevant to those claims.<br><br>Authors were long-term consultant for Ethicon and authorized by Ethicon to work on their behalf. This is not hearsay in that it is not offered for the truth of the matter asserted, it is offered for the purposes of showing the witnesses' state of mind, Defendants' state of mind, knowledge of the company, and notice to the company.  It is also not Hearsay as it is a statement by a person authorized by a party to make 801(d)(2)(C) and a Statement by party's agent  801(d)(2)(D).  Even if it is hearsay, it is admissible |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | under multiple hearsay exceptions, including 803(6), 803(5), 803(3), 803(1), 803(18). |
| 515:19-516:3 | Same as above. | | Same as above. |
| 517:16-519:23 | Same as above. | | Same as above. |
| 519:25-519:25 | Same as above. | | Same as above. |
| 525:14-525:25 | 401/403; post-dates Plaintiff's implant (exhibit 1190); involves complications not alleged by this Plaintiff. | | The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims, and the fact that the document post-dates Plaintiff's implant does not make it inadmissible or irrelevant to those claims.<br><br>Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body.  Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |
| 526:25-527:9 | Same as above. | 527:10-11<br>527:13-16<br>528:1-12 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.  Not necessary for completeness, undue delay, 403, 611(a). |
| 528:13-528:21 | | 527:10-11 | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | 527:13-16<br>528:1-12 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 566:9-568:7 | 401/403 – this testimony and exhibit (619) involves complications not alleged by this Plaintiff as a result of the product at issue in this case. | | The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims, and the fact that the document post-dates Plaintiff's implant does not make it inadmissible or irrelevant to those claims.<br><br>Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |
| 568:8-568:12 | Same as above. | | Same as above. |
| 569:19-570:16 | | 570:19-571:5 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 571:22-572:12 | | 570:19-571:5 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 572:14 (ending at "yes") | | 572:14-15 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 573:21-574:4 | | 572:17-573:3 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 575:7-576:6 | Involves complications not alleged by this Plaintiff as a result of the product at issue in this case; lack of foundation; improper hypothetical. | | The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims, and the fact that the document post-dates Plaintiff's implant does not make it inadmissible or irrelevant to those claims.<br><br>Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |
| 576:8-576:12 | Same as above. | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | 533:21-533:22<br>534:2-539:11<br>539:15-542:14<br>542:19-24<br>543:14-545:18<br>546:9-547:7<br>547:8-547:18<br>547:21-25<br>550:24-552:3<br>552:7-552:15<br>552:17-552:25<br>554:10-12 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. In addition, these are improper counters as they do not identify what testimony is being countered.    Not necessary for completeness, undue delay, 403, 611(a). |
| | | 554:21-555:2<br>555:5-555:14<br>555:17-555:21<br>555:23-556:2<br>556:4-556:6<br>556:9-556:19<br>556:20-557:5<br>557:8-557:10<br>557:13-557:25<br>558:1-558:22<br>558:23-559:16<br>560:10-560:13<br>560:16-561:15<br>561:22-563:12<br>563:15-564:4<br>565:1-565:13<br>565:14-565:15<br>565:18-565:18<br>565:19-565:21<br>568:17-569:5<br>572:17-573:3 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. In addition, these are improper counters as they do not identify what testimony is being countered.    Not necessary for completeness, undue delay, 403, 611(a). |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **Axel Arnaud, MD 09/25/13** | | | |
| 992:3-992:11 | Irrelevant TVT evidence. | | TVT and Prolift have same mesh and similar developmental history. The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims, and the fact that the document post-dates Plaintiff's implant does not make it inadmissible or irrelevant to those claims. |
| 992:15-992:23 | 401/403; involves marketing of hernia mesh, product and conditions not at issue in this case; lack of foundation; lack of personal knowledge | 994:1-24 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| | | **Conditional Counter Designations**<br>867:5-25<br>868:4-7<br>868:17-871:11<br>872:18-874:20<br>874:22-875:5<br>881:3-5<br>881:7-9<br>883:6-885:8<br>890:11-891:9<br>891:11-15<br>891:18-19<br>891:21-25- | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. In addition, these are improper counters as they do not identify what testimony is being countered. Not necessary for completeness, undue delay, 403, 611(a). |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | 892:4-10<br>892:12-16<br>892:18-25<br>894:21-895:14<br>895:16-897:1<br>897:4-11<br>897:14-897:25<br>898:2<br>900:1-6<br>900:8-9<br>900:19-901:12<br>901:14-16<br>901:18-23<br>902:5-903:3<br>903:5-904:17<br>906:12-907:18<br>907:20-908:3<br>908:24-909:6<br>986:13-23 | |

**Thomas Barbolt, Ph.D.**

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **Thomas Barbolt, Ph.D. 10/09/12** | | | |
| 15:16-15:21 | | | |
| 23:21-24:4 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 28:3-28:6 | | 27:19-28:2 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 41:10 (beginning with "Are")-42:9 | | | |
| 64:2 (beginning with "you are"-64:8 | | | |
| 123:25-124:22 | | 124:23-125:17 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 125:18-125:23 | | 126:4-13 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 133:15-133:25 | | | |
| 134:21-135:14 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 169:8-170:2 | 169:25-170:2: Outside the scope of the designation; lack of foundation; lack of personal knowledge. | | Dr. Barbolt is a 30(b)(6) witness designated by the company on these topics including degradation and biocompatibility of mesh and his knowledge is relevant, as well as his lack of knowledge. |
| 170:4-170:4 | Same as above. | 170:12-171:1 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 179:10-179:18 | | 179:19-180:3<br>180:19-181:5 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 190:8-190:11 | | | |
| 196:10-196:17 | | 196:18 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| **Thomas Barbolt, Ph.D. 10/10/12** | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 296:18-21 | | | |
| 297:4-297:19 | | | |
| 302:23-303:2 (stop after "correct"). | | 303:2-3 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 304:6-304:12 | | 304:13-20 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.  Not necessary for completeness, undue delay, 403, 611(a). |
| 304:21-305:5 | | 304:13-20 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 305:7-305:9 | | 305:19-21 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 336:8-336:17 | | | |
| 350:12-350:15 | 401; 403; 407 | | Relevant, probative, and within scope of designation and knowledge as fact witness and 30b6 designee by company. |
| 350:17-350:17 | Same as above. | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 350:19-350:23 | Same as above. | | Same as above. |
| 354:3-354:6 (ending after "Yes") | Same as above. | 354:6-9 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 354:11-354:14 | 401; 403; implicates FDA evidence; subject to MIL | 354:18-24 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 354:16-354:16 | Same as above. | 354:18-24 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 360:24-361:2 | | | |
| 361:5-361:8 | | 365:20-366:7 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 369:17-369:20 | | 365:20-366:7 368:15-18 368:20-369:11 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 369:22-369:22 | | 365:20-366:7 368:15-18 368:20-369:11 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 377:20-378:2 | 401; 403; 407 | 377:4-10 | Relevant, probative, and within scope of designation and knowledge as fact witness and 30b6 designee by company. Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 382:24-383:2 | 401/403 – involves complications not alleged by this Plaintiff as a result of the product at issue in this case; lack of foundation; lack of personal knowledge; outside the scope. | | Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community"<br><br>Dr. Barbolt is a 30(b)(6) witness designated by the company on these topics including degradation and biocompatibility of mesh and his knowledge is relevant, as well as his lack of knowledge. |
| 383:8-383:10 | Same as above. | | Same as above |
| 383:12-383:12 | Same as above. | 384:25-385:9 | Same as above<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 386:12-386:20 | | | |
| 386:22-386:22 | | | |
| 388:9-388:12 | | | |
| 389:11-389:16 | Lack of foundation – Plaintiff's counsel is representing alleged facts from medical journal articles without laying the foundation for those facts.<br><br>Hearsay | | Dr. Barbolt is a 30(b)(6) witness designated by the company on these topics including degradation and biocompatibility of mesh and his knowledge is relevant, as well as his lack of knowledge. This is a proper hypothetical. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
|  |  |  | Not hearsay, question/testimony is proper. independent from literature article. Even if hearsay, testimony is admissible under 803(18). |
| 389:19-389:19 | Same as above. |  | Same as above |
| 392:8-392:11 | 401/403 – involves complications not alleged by this Plaintiff as a result of the product at issue in this case; lack of foundation; lack of personal knowledge; outside the scope. |  | Dr. Barbolt is a 30(b)(6) witness designated by the company on these topics including degradation and biocompatibility of mesh and his knowledge is relevant, as well as his lack of knowledge.<br><br>Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |
| 392:14-392:15 | Same as above. |  | Same as above. |
| 392:17-392:17 | Same as above. |  | Same as above |
| 393:5-393:10 | Same as above. |  | Same as above |
| 393:12-393:12 | Same as above. |  | Same as above |
| 394:12-394:23 | Hearsay – reading medical literature to the witness. 401; 403; involves hernia mesh. |  | Dr. Barbolt is a 30(b)(6) witness designated by the company on these topics including degradation and biocompatibility of mesh and his knowledge is relevant, as well as his lack of knowledge. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | Not hearsay, question/testimony is proper. independent from literature article. Even if hearsay, testimony is admissible under 803(18). |
| 416:8-416:21 | 401/403 – involves complications not alleged by this Plaintiff as a result of the product at issue in this case | | Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |
| 417:15-417:19 | 401; 403; 407 | | Relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims. Dr. Barbolt is a 30(b)(6) witness designated by the company on these topics including degradation and biocompatibility of mesh and his knowledge is relevant, as well as his lack of knowledge. |
| 424:20-424:24 | 401/403 – involves complications not alleged by this Plaintiff as a result of the product at issue in this case; post-dates Plaintiff's implant | | Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community"<br><br>The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims, and the fact that the document post-dates Plaintiff's |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
|  |  |  | implant does not make it inadmissible or irrelevant to those claims. |
| 425:1-425:2 | Same as above. |  | Same as above |
| 437:2-437:11 | Same as above; also 407 (regarding testimony and exhibit 1157) |  | Same as above.  In addition, Plaintiffs contend this is not a subsequent remedial measure, but if it is, if falls under an exception to 407 in that it is offered for impeachment of disputed facts, and to show feasibility of precautionary measures |
| 437:13-437:15 | Same as above; also 407 (regarding testimony and exhibit 1157) |  | Same as above |
| 437:17-437:18 | Same as above; also 407 (regarding testimony and exhibit 1157) |  | Same as above |
| 437:20-437:20 | Same as above; also 407 (regarding testimony and exhibit 1157) |  | Same as above |
| 449:6-450:7 | 401/403 – testimony and exhibit (1158) involve complications not alleged by this Plaintiff as a result of the product at issue in this case; post-dates Plaintiff's implant; 407; hearsay within hearsay. |  | Same as above |
| 451:2-451:14 | Same as above. |  | Same as above |
| 451:17-451:17 | Same as above. |  | Same as above. |
| 451:20-452:17 | Same as above. |  | Same as above. |
| 452:20-452:20 | Same as above. |  | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 452:22-452:22 | Same as above. | | Same as above. |
| | | 571:23-582:22<br>583:3-594:5<br>594:10-597:25<br>598:10-600:15<br>600:21-25<br>602:2-603:1<br>603:19-608:4 608:9-629:18<br><br>1/8/2014 Deposition<br>559:22-560:24<br>561:2<br>561:4-562:15<br>562:19-20<br>562:22-25<br>563:3-4<br>563:6-9<br>563:12<br>563:15<br>563:18-564:24<br>565:1-8<br>565:10-<br>566:2<br>566:4<br>566:6-570:15<br>570:17-19<br>570:21-572:1 572:5-573:22<br>574:6-577:16<br>577:17-578:24<br>579:1-579:14<br>579:18-579:25 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. In addition, these are improper counters as they do not identify what testimony is being countered.   Not necessary for completeness, undue delay, 403, 611(a). |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | 580:2 | |
| | | 580:4-580:10 | |
| | | 580:12-584:3 | |
| | | 584:6-584:11 | |
| | | 585:10-591:2 | |
| | | 591:17-591:21 | |
| | | 591:23-594:4 | |
| | | 594:6-595:15 | |
| | | 595:17-597:2 | |
| | | 597:5-24 | |
| | | 598:2-599:1 | |
| | | 599:5-600:19 | |
| | | 600:23-601:19 | |
| | | 602:1-603:9 | |
| | | 603:11-18 | |
| | | 603:20-604:2 | |
| | | 604:5-7 | |
| | | 604:9 | |
| | | 604:11- | |
| | | 605:1 | |
| | | 605:3 | |
| | | 605:5-606:21 | |
| | | 607:15-22 | |
| | | 607:24 | |
| | | 608:1-613:8 | |
| | | 614:20-24 | |
| | | 615:1 | |
| | | 615:3-19 | |
| | | 615:21 | |
| | | 615:23-616:9 | |
| | | 616:11-617:5 | |
| | | 618:10-619:10 | |
| | | 619:12-20 | |
| | | 619:22-620:8 | |
| | | 620:24-621:1 | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | 621:4-7<br>621:9-622:1<br>622:2-4 (ending with "Study")<br>622:11-20<br>622:22-23<br>623:5-624:14<br>624:16-17<br>624:19-21<br>625:6-16<br>625:18-24<br>626:4-627:18<br>627:25-628:7<br>628:14-22<br>629:3-4<br>629:5-8<br>629:10-14<br>629:16-17<br><br>8/15/2013 Deposition<br>472:11-473:13<br>474:3-474:11<br>475:1-475:12<br>475:24-476:17<br>477:20-479:14<br>479:22-480:4<br>489:15-490:19<br>490:21-491:1<br>492:25-493:15<br>493:17-494:24<br>499:24-500:2 (Begin at "Go to the.")<br>500:5-500:12 (Begin at "It's an August 8.") | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | 500:23-501:12<br>501:18-502:20<br>502:22-503:21<br>504:2-508:22<br>510:23-511:13<br>511:19-513:11<br>514:8-514:25<br>518:17-519:13<br>521:11-522:5 (Begin at "How do the findings.")<br>522:9-522:13 (Begin at "How<br>does that compare.")<br>522:16-523:5<br>526:19-529:1<br>532:3-532:15<br>532:17 | |

**Jerry Blaivas, MD**

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **Jerry Blaivas, MD 03/02/16** | See Defendants' general objection to this entire deposition as an improper designation of expert testimony where the witness has not been identified as unavailable for live trial testimony.<br>Defendants' reserve the right to provide specific objections to this designated testimony if the general objections are overruled. | | See Plaintiffs response to general objections above. Plaintiffs object to Defendants "reserving their rights" to provide specific objections. Any objections served at a later date should be stricken as untimely. |
| 6:2-6:4 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 9:20-10:2 | | | |
| 10:6 -10:20 | | | |
| 11:24-13:19 | | | |
| 14:16-15:17 | | | |
| 27:10-27:23 | | | |
| 28:3-28:24 | | | |
| 29:18-29:20 | | | |
| 30:20-30:21 | | | |
| 30:23-30:23 | | | |
| 31:1-32:7 | | | |
| 33:20-34:13 (strike line 33:23) | | | |
| 42:13-42:17 | | | |
| 42:19-42:20 | | | |
| 42:22-43:8 | | | |
| 43:14-43:17 | | | |
| 43:19-45:6 | | | |
| 45:12-45:15 | | | |
| 52:10-52:14 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 53:23-54:2 | | | |
| 54:4-55:1 | | | |
| 55:12-56:21 | | | |
| 64:18-65:8 | | | |
| 65:10-65:15 | | | |
| 75:8-75:10 | | | |
| 75:12-75:24 | | | |
| 80:2-80:23 | | | |
| 81:3-81:5 | | | |
| 81:7-81:13 | | | |
| 81:15-82:17 | | | |
| 86:20-86:22 | | | |
| 87:2-87:6 | | | |
| 87:19-88:6 | | | |
| 91:9-91:12 | | | |
| 91:15-91:20 | | | |
| 92:9-92:15 | | | |
| 92:17-92:20 | | | |
| 92:22-93:4 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 94:2-95:13 | | | |
| 99:23-100:5 | | | |
| 129:22-130:17 | | | |
| 135:13-136:4 | | | |
| 138:2-138:6 | | | |
| 138:14-140:14 | | | |
| 142:6-143:8 | | | |
| 143:15-143:17 | | | |
| 143:19-143:19 | | | |
| 143:21-143:22 | | | |
| 143:24-143:24 | | | |

**Peter Cecchini**

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **Peter Cecchini 10/22/13** | | | |
| 9:17-9:18 | | | |
| 13:5-13:7 | | | |
| 19:1-19:5 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **Peter Cecchini 10/23/13** | | | |
| 285:18-286:14 | 401; 403; Lack of foundation/outside the scope – this witness is an Ethicon regulatory affairs fact witness who is not testifying in any sort of capacity that allows him to provide relevant opinions regarding the Johnson & Johnson credo (exhibit 1438A). Further, this is an improper attempt to suggest a legal standard based on a company Credo; the Court will instruct the jury on the appropriate standard. | | Witness clearly established foundation as he testified he was familiar with document.    The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims.  The defendants' own argument shows that there is no 403 issue as the Court will instruct the jury as to the proper legal standard. |
| 287:17-287:19 | Same as above. | | Same as above |
| 287:21-288:7 | Same as above. | | Same as above |
| 288:13-288:25 | Same as above. | | Same as above |

**Meng Chen, MD, Ph.D.**

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **Meng Chen, MD, Ph.D., 10/29/13** | The entirety of Plaintiff's affirmative designations for this witness are subject to multiple motions in limine. First, the entirety of this witness's testimony involves the IFU for the TVT family of products, a product | | Plaintiffs adopt and incorporate their responses to Defendants' motions in limine.  Plaintiffs expect that Defendants will introduce evidence regarding the TVT and the long safe use of polypropylene in the human body, and this evidence is intended to rebut Defendants assertions |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | not at issue in this case as described above. As such, any testimony regarding the IFU or warnings related to the TVT line of products is irrelevant and inadmissible. These designations are also subject to Defendants' MIL regarding MDRs and anecdotal adverse event reports and Defendants' MIL regarding prejudicial company documents and emails. These general objections apply to each of the below designated lines of testimony. These discussions and exhibits also post-date Plaintiff's implant and are irrelevant for that reason as well. Additional specific objections are further set forth below. | | regarding same. This evidence has been admitted over Defendant's objections in multiple Prolift trials. |
| 9:7-9:11 | | | |
| 12:7-12:18 | | 12:19-13:8 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 18:4-18:6 | | 18:7-10 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 24:20-26:7 | | | |
| 32:23-33:19 | Lack of foundation/personal knowledge; outside the scope; this witness was not employed by Ethicon at the time TVT and TVT-O were launched, so she cannot speak as why Ethicon put those products on the market. | | Witness offered testimony in her capacity and understanding as an Ethicon employee. |
| 34:11-34:15 | Same as above. | | Same as above. |
| 34:17-34:17 | Same as above. | 34:19-35:3 35:12-18 | Same as above. Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.  Not necessary for completeness, undue delay, 403, 611(a). |
| 41:24-42:19 | | | |
| 66:17-66:21 | | | |
| 66:23-66:23 | | 67:7-10 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.  Not necessary for completeness, undue delay, 403, 611(a). |
| 72:5-72:8 | 401; 403; involves complications not alleged by Plaintiff in this case; lack | | Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | of foundation; lack of personal knowledge. | | as long as the mesh remains in her body.  Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |
| 72:18-72:22 | Same as above. | | Same as above. |
| 72:24-72:24 | Same as above. | | Same as above. |
| 73:1-73:2 | Same as above. | | Same as above. |
| 78:18-79:1 | Calls for improper expert opinion testimony. | 80:11-14<br>80:16-81:16 | Witness is offering her knowledge as a fact witness in her capacity as Medical Director employed by Ethicon<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 82:25-84:7 | Same as above. | | Same as above. |
| 86:21-87:12 | Same as above. | | Same as above. |
| 87:14-87:14 | Same as above. | | Same as above. |
| 107:4-107:15 | 401; 403; 407; this testimony and exhibit (3321) involves complications not at issue in this case. | 107:16-20 | Defendants Misstate facts re: complications not alleged.  Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body.  Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" <br><br> Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 108:1-108:4 | | | |
| 108:17-109:18 | 401; 403; 407; this testimony and exhibit (3321) involves complications not at issue in this case; calls for improper expert opinion testimony. | | Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" <br><br> Witness is offering her knowledge as a fact witness in her capacity as Medical Director employed by Ethicon <br><br> Plaintiffs contend this is not a subsequent remedial measure, but if it is, if falls under an exception to 407 in that it is offered for impeachment of disputed facts, and to show feasibility of precautionary measures |
| 110:20-111:3 | Same as above. | 110:12-16 | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 111:5-111:6 | Same as above. | | Same as above. |
| 112:4-112:8 | Same as above. | | Same as above. |
| 112:10-113:10 | Same as above. | | Same as above. |
| 114:3-114:24 | Same as above. | | Same as above. |
| 115:8-115:20 | Same as above. | | Same as above. |
| 116:8-116:10 | Same as above. | | Same as above. |
| 116:12-116:14 | Same as above. | | Same as above. |
| 118:6-118:13 | Same as above; also, argumentative. | | Same as above. |
| 118:15-118:18 | Same as above. | | Same as above. |
| 118:20-118:21 | 401; 403; 407; this testimony and exhibit (3322) involves complications not at issue in this case; calls for improper expert opinion testimony. | | Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | This is not expert testimony.  Witness is offering her knowledge as a fact witness in her capacity as Medical Director employed by Ethicon.<br><br>Plaintiffs contend this is not a subsequent remedial measure, as no actual changes were made as a result of these discussions, but if it is, if falls under an exception to 407 in that it is offered for impeachment of disputed facts, and to show feasibility of precautionary measures. |
| 118:25-121:14 | Same as above. | | Same as above. |
| 121:16-122:12 | Same as above. | | Same as above. |
| 122:14-122:17 | Same as above. | | Same as above. |
| 122:19-122:24 | Same as above. | | Same as above. |
| 123:1-123:22 | Same as above. | | Same as above. |
| 124:4-125:17 | Same as above. | | Same as above. |
| 125:19-125:20 | Same as above. | | Same as above. |
| 139:7-139:9 | Same as above. | | Same as above. |
| 139:11-139:13 | Same as above. | | Same as above. |
| 141:3-141:14 | Same as above. | | Same as above. |
| 141:17-141:18 | Same as above. | | Same as above. |
| 142:22-143:15 | Same as above. | 142:1-9 | Same as above. |
| 143:17-143:23 | Same as above. | | Same as above. |
| 145:2-145:6 | Same as above. | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 149:2-149:5 | Same as above. | | Same as above. |
| 149:7-149:8 | Same as above. | | Same as above. |
| 149:10-149:13 | Same as above. | | Same as above. |
| 149:15-149:17 | Same as above. | | Same as above. |
| 150:2-150:14 | Same as above. | | Same as above. |
| 150:16-150:19 | Same as above. | | Same as above. |
| 150:21-151:23 | Same as above. | | Same as above. |
| 154:4-154:9 | | | |
| 155:1-155:23 | 401; 403; 407; this testimony and exhibit (3322) involves complications not at issue in this case; calls for improper expert opinion testimony. | | Same as above. |
| 155:25-155:25 | Same as above. | | Same as above. |
| 157:8-157:13 | Same as above. | | Same as above. |
| 164:6-164:8 | 401; 403; this testimony involves complications not at issue in this case; calls for improper expert opinion testimony. | | Same as above. |
| 164:10-164:10 | Same as above. | 164:12-14<br>164:16-24 | Same as above. |
| 166:13-166:17 | Same as above. | | Same as above. |
| 166:19-166:19 | Same as above. | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 166:21-167:4 | Same as above. | | Same as above. |
| 167:6-167:7 | Same as above. | | Same as above. |
| 177:25-178:5 | 401; 403; 407; this testimony and exhibit (3322) involves complications not at issue in this case; calls for improper expert opinion testimony. | | Same as above. |
| 178:7-178:11 | Same as above. | | Same as above. |
| 178:13-178:22 | Same as above; also, calls for hearsay within hearsay. | | Defendants Misstate facts re: complications not alleged.  Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body.  Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" <br><br> This is not expert testimony.  Witness is offering her knowledge as a fact witness in her capacity as Medical Director employed by Ethicon. <br><br> Plaintiffs contend this is not a subsequent remedial measure, as no actual changes were made as a result of these discussions, but if it is, if falls under an exception to 407 in that it is offered for impeachment of disputed facts, and to show feasibility of precautionary measures. <br><br> This is not hearsay in that it is not offered for the truth of the matter asserted, it is offered for the purposes of showing the witnesses' state of mind, Defendants' state of |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | mind, knowledge of the company, and notice to the company.  Even if it is hearsay, it is admissible under multiple hearsay exceptions, including 803(6), 803(5), 803(3), 803(1). |
| 178:24-179:9 | Same as above; also, hearsay. | | Same as above. |
| 180:5-180:8 | Same as above; also, hearsay. | | Same as above. |
| 180:10-181:7 | Same as above; also, hearsay. | | Same as above. |
| 181:9-181:16 | Same as above; also, hearsay. | | Same as above. |
| 181:18-181:20 | Same as above. | | Same as above. |
| 182:4-182:6 | Same as above; also, hearsay. | | Same as above. |
| 182:8-182:11 | Same as above; also, hearsay. | | Same as above. |
| 183:7-183:13 | Same as above; also, hearsay. | | Same as above. |
| 183:15-184:2 | Same as above; also, hearsay. | | Same as above. |
| 184:4-184:11 | Same as above; also, hearsay. | | Same as above. |
| 184:13-184:14 | Same as above; also, hearsay. | | Same as above. |
| 184:16-184:24 | Same as above; also, hearsay. | | Same as above. |
| 185:1-185:4 | Same as above; also, hearsay. | | Same as above. |
| 186:12-186:19 | Same as above. | | Same as above. |
| 187:16-187:20 | Same as above. | | Same as above. |
| 188:4-190:12 (ending at | 401; 403; 407; this testimony and exhibit (3324) involves | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| "Reactions") | complications not at issue in this case; calls for improper expert opinion testimony. | | |
| 190:23-191:18 | Same as above. | | Same as above. |
| 191:20-191:21 | Same as above. | | Same as above. |
| 191:23-192:6 | Same as above. | | Same as above. |
| 192:8-192:8 | Same as above. | | Same as above. |
| 192:10-193:4 | Same as above. | | Same as above. |
| 196:8-196:13 | Same as above. | | Same as above. |
| 196:16-196:19 | Same as above. | | Same as above. |
| 196:21-197:7 | Same as above. | | Same as above. |
| 198:25-199:19 | Same as above. | | Same as above. |
| 201:3-201:7 | Same as above. | | Same as above. |
| 201:9-201:9 | Same as above. | | Same as above. |
| 201:11-201:24 | Same as above. | | Same as above. |
| 202:1-202:10 | Same as above. | | Same as above. |
| **Meng Chen, MD, Ph.D., 10/30/13** | | | |
| 216:14-217:8 | | | |
| 219:5-219:15 | 401; 403; calls for hearsay. | | This is not hearsay in that it is not offered for the truth of the matter asserted, it is offered for the purposes of |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | showing the witnesses' state of mind, Defendants' state of mind, knowledge of the company, and notice to the company.   Even if it is hearsay, it is admissible under multiple hearsay exceptions, including 803(6), 803(5), 803(3), 803(1). <br><br>This is not hearsay in that it is not offered for the truth of the matter asserted, it is offered for the purposes of showing the witnesses' state of mind, Defendants' state of mind, knowledge of the company, and notice to the company.   Even if it is hearsay, it is admissible under multiple hearsay exceptions, including 803(6), 803(5), 803(3), 803(1). |
| 219:17-219:18 | Same as above. | | Same as above. |
| 219:20-219:23 | Same as above. | | Same as above. |
| 219:25-219:25 | Same as above. | | Same as above. |
| 220:14-220:18 | Same as above. | | Same as above. |
| 220:20-220:20 | Same as above. | | Same as above. |
| 221:10-221:16 | Same as above. | | Same as above. |
| 221:18-221:19 | Same as above. | | Same as above. |
| 222:14-222:22 | Same as above. | | Same as above. |
| 222:24-223:7 | Same as above. | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 223:22-224:2 | Same as above; also, involves complications not claimed by Plaintiff in this case. | | Same as above.<br><br>In addition, Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |
| 224:4-224:7 | Same as above; also, involves complications not claimed by Plaintiff in this case. | | Same as above. |
| 224:15-224:21 | Same as above; also, involves complications not claimed by Plaintiff in this case. | | Same as above. |
| 225:3-225:6 | | | |
| 225:18-225:22 | 401; 403; hearsay within hearsay. | | Same as above. |
| 225:24-226:8 | Same as above. | | Same as above. |
| 226:11-226:19 | Same as above. | | Same as above. |
| 226:21-227:4 | Same as above. | | Same as above. |
| 227:16-227:21 | Same as above; also, involves complications not alleged by the Plaintiff in this case. | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 227:23-227:24 | Same as above; also, involves complications not alleged by the Plaintiff in this case. | 228:14-21<br>229:9-25<br>230:2-6<br>230:8-18 | Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community"<br><br>This is not expert testimony. Witness is offering her knowledge as a fact witness in her capacity as Medical Director employed by Ethicon.<br><br>Plaintiffs contend this is not a subsequent remedial measure, as no actual changes were made as a result of these discussions, but if it is, if falls under an exception to 407 in that it is offered for impeachment of disputed facts, and to show feasibility of precautionary measures.<br><br>This is not hearsay in that it is not offered for the truth of the matter asserted, it is offered for the purposes of showing the witnesses' state of mind, Defendants' state of mind, knowledge of the company, and notice to the company. Even if it is hearsay, it is admissible under multiple hearsay exceptions, including 803(6), 803(5), 803(3), 803(1).<br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 232:7-232:12 | Same as above; also, involves complications not alleged by the Plaintiff in this case. | | Same as above. |
| 232:14-232:14 | Same as above; also, involves complications not alleged by the Plaintiff in this case. | | Same as above. |
| 232:16-232:21 | Same as above. | | Same as above. |
| 232:23-232:24 | Same as above. | | Same as above. |
| 233:8-233:12 | Same as above. | | Same as above. |
| 233:14-233:14 | Same as above. | | Same as above. |
| 235:12-235:21 | 401; 403; 407; this testimony and exhibit (3325) involves complications not at issue in this case; hearsay within hearsay. | | Same as above. |
| 236:13-237:23 | Same as above. | | Same as above. |
| 239:14-240:11 | Same as above. | | Same as above. |
| 240:13-240:13 | Same as above. | | Same as above. |
| 240:15-240:21 | Same as above. | | Same as above. |
| 241:8-241:17 | Same as above. | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 241:19-241:19 | Same as above. | | Same as above. |
| 244:19-244:23 | 401; 403; 407; this testimony involves complications not at issue in this case; hearsay within hearsay; calls for improper expert testimony. | | Same as above. |
| 244:25-245:1 | Same as above. | | Same as above. |
| 245:22-245:23 | Same as above. | | Same as above. |
| 245:24-246:7 | Same as above. | | Same as above. |
| 246:9-246:9 | Same as above. | | Same as above. |
| 246:11-246:13 | Same as above. | | Same as above. |
| 246:15-246:17 | Same as above; also, inappropriate legal standard. | | Same as above. |
| 246:19-246:20 | Same as above; also, inappropriate legal standard. | | Same as above. |
| 247:8-247:24 | 401; 403; 407; this testimony and exhibit (3325) involves complications not at issue in this case; hearsay within hearsay. | | Same as above. |
| 248:1-248:2 | Same as above. | | Same as above. |
| 248:4-248:4 | 401; 403; 407; this testimony and exhibit (3326) involves complications not at issue in this case; hearsay within hearsay. | | Same as above. |
| 248:8-249:3 | Same as above. | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 250:11-250:14 | Same as above. | | Same as above. |
| 250:18-250:24 | Same as above. | | Same as above. |
| 251:1-251:4 | Same as above. | | Same as above. |
| 252:19-253:5 | Same as above. | | Same as above. |
| 253:7-253:9 | Same as above. | | Same as above. |
| 254:3-254:12 | Same as above. | | Same as above. |
| 254:14-254:16 | Same as above. | | Same as above. |
| 254:18-254:21 | Same as above. | | Same as above. |
| 254:23-254:23 | Same as above. | | Same as above. |
| 254:25-255:4 | Same as above. | | Same as above. |
| 263:23-264:8 | 401; 403; this testimony and exhibit (3328) is irrelevant to the claims at issue in this case. | 264:14-265:9 | Same as above. |
| 265:10-265:14 | Same as above. | | Same as above. |
| 265:23-266:8 | Same as above. | | Same as above. |
| 266:10-266:11 | Same as above. | | Same as above. |
| 266:19-266:25 | 401; 403; hearsay within hearsay. | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 267:2-267:11 | Same as above. | | Same as above. |
| 267:13-267:13 | Same as above. | | Same as above. |
| 293:15-293:25 | Impermissible opinion question to a fact-witness regarding what Ethicon should/should not do when presented with hypothetical situations. Lack of foundation; assumes facts not in evidence. | | Same as above. |
| 310:5-310:7 | 401; 403; this testimony and exhibit (3333) involves an adverse event report regarding a patient not at issue in this case; hearsay within hearsay. | | Same as above. |
| 310:10-311:22 | Same as above. | | Same as above. |
| 314:19-314:21 | | | |
| | | 315:6-317:14<br>318:15-20<br>319:1-6<br>319:8<br>319:10-325:13<br>326:18-21<br>326:24-327:7<br>327:9-13<br>327:16-17<br>327:21-22<br>327:24-328:6<br>328:8-10<br>328:12-18<br>328:21-23<br>328:25-329:6 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. In addition, these are improper counters as they do not identify what testimony is being countered.    Not necessary for completeness, undue delay, 403, 611(a). |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | 330:17-19<br>332:22-333:2<br>333:4-12<br>333:15<br>333:22-334:3<br>334:5-9<br>334:11-17<br>334:19<br>335:13-16<br>335:18<br>346:5-347:7<br>347:10<br>347:21-348:4<br>348:24-349:10<br>349:12-19<br>349:22-350:3<br>353:10-12<br>353:14-17<br>353:19-20<br>354:20-23<br>355:1 | |

**Scott Ciarrocca**

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **Scott Ciarrocca 03/29/12** | | | |
| 11:12-11:13 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 15:2-15:5 | | 14:12-16<br>15:6-23 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 16:14-17:4 | | | |
| 17:8-17:11 | | 17:12-14 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 17:15-17:25 | | | |
| 23:4-23:6 | | 23:7-9 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 45:18-45:23 | | | |
| 45:24-46:4 | | 46:5-12 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 46:13-46:16 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 46:18-46:18 | | | |
| 62:3-62:8 | | 60:23-61:13 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 62:20-62:23 | Lack of foundation; lack of personal knowledge; calls for improper expert opinion. | | This witness was the lead engineer in charge of the Prolift. Defendants have designated him as a non-retained expert in this matter. This is not expert testimony, but testimony of the witness in his capacity as lead engineer. His knowledge, as well as his lack of knowledge, is relevant. |
| 62:25-63:2 | Same as above. | | Same as above. |
| 63:4-63:6 | Same as above. | | Same as above. |
| 63:8-63:8 | Same as above. | | Same as above. |
| 70:19-70:24 | | | |
| 70:25-71:3 | | | |
| 71:5-71:8 | | | |
| 71:10-71:13 | | | |
| 71:15-71:20 | | | |
| 71:22-72:2 | | | |
| 72:3-72:6 | | | |
| 72:8-72:11 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 72:13-72:17 | | | |
| 72:19-72:20 | | | |
| 72:24-73:8 | | | |
| 99:20-100:2 | | | |
| 100:4-100:7 | | | |
| 100:9-100:16 | | | |
| 100:18-100:20 | | | |
| 152:7-152:23 | This testimony and exhibit (617) involves the clinical expert report which implicates FDA evidence and foreign regulatory evidence and is subject to MILs. | | Defendants misstate facts regarding clinical expert report. There are no regulatory standards, foreign or otherwise, implicated in this document or testimony and this testimony and document has been admitted in multiple Prolift trials. Plaintiffs adopt and incorporate their responses to Defendants' Motions in limine. |
| 153:11-153:23 | Same as above. | | Same as above. |
| 153:24-154:4 | Same as above. | | Same as above. |
| 154:6-154:20 | Same as above; also, argumentative. | | Same as above. |
| 156:17-156:20 | Same as above; also, argumentative. | | Same as above. |
| 156:22-156:22 | Same as above; also, argumentative. | | Same as above. |
| 239:19-239:25 | 401; 403; this testimony and exhibit (620) involves complications which are not alleged by the Plaintiff in this case; further, the emails contain hearsay within hearsay from non- | | Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | Ethicon employees and improper expert opinions. | | plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community"<br><br>This is not hearsay in that it is not offered for the truth of the matter asserted, it is offered for the purposes of showing the witnesses' state of mind, Defendants' state of mind, knowledge of the company, and notice to the company. Even if it is hearsay, it is admissible under multiple hearsay exceptions, including 803(6), 803(5), 803(3), 803(1). |
| 240:11-241:20 | Same as above; also, calls for speculation; lack of foundation. | | Same as above. |
| 251:15-251:21 | 401; 403; this testimony and exhibit (621) involves complications which are not alleged by the Plaintiff in this case; further, the emails contain hearsay within hearsay from non-Ethicon employees and improper expert opinions. | | Same as above.   This is not expert testimony, but testimony and statements of company employees who were in charge of the design of the Prolift. |
| 252:20-252:25 | Same as above. | | Same as above. |
| 253:8-254:4 | Same as above. | | Same as above. |
| 254:6-254:7 | Same as above. | | Same as above. |
| 254:20-255:2 | Same as above. | | Same as above. |
| 303:10-303:17 | Lack of foundation; lack of personal knowledge; mischaracterizes the | 302:21-24<br>303:1-4 | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | evidence; assumes facts not in evidence; argumentative. | | This witness was the lead engineer in charge of the Prolift. Defendants have designated him as a non-retained expert in this matter. This is not expert testimony, but testimony of the witness in his capacity as lead engineer. His knowledge, as well as his lack of knowledge, is relevant.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 356:6-356:11 | | | |
| 357:2-357:6 | | | |
| 357:8-357:10 | | | |
| 365:10-365:13 | | | |
| 365:19-365:23 | | 368:2-5<br>368:15-16 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.<br><br>Not necessary for completeness, undue delay, 403, 611(a). |
| 366:2-366:22 | | | |
| 366:23-367:1 | | | |
| 367:3-367:5 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 369:14-369:16 | | | |
| 369:18-369:20 | | | |
| 369:22-369:25 | | | |
| 370:2-370:2 | | | |
| **Scott Ciarrocca 03/30/12** | | | |
| 421:19-421:23 | 401; 403; testimony and exhibit (625) involve complications not alleged by Plaintiff in this case; include hearsay within hearsay. | | Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community"<br><br>This is not hearsay in that it is not offered for the truth of the matter asserted, it is offered for the purposes of showing the witnesses' state of mind, Defendants' state of mind, knowledge of the company, and notice to the company. Even if it is hearsay, it is admissible under multiple hearsay exceptions, including 803(6), 803(5), 803(3), 803(1). |
| 423:2-423:14 | Same as above. | | Same as above. |
| 425:5-425:13 | Same as above. | | Same as above. |
| 425:14-425:16 | Same as above. | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 425:18-425:21 | Same as above. | | Same as above. |
| 427:1-427:12 | Same as above. | | Same as above. |
| 427:13-427:15 | Same as above. | | Same as above. |
| 428:5-428:9 | Same as above. | | Same as above. |
| 428:11-428:11 | Same as above. | | Same as above. |
| 450:3-450:8 | | | |
| 450:10-450:16 | Lack of foundation; lack of personal knowledge; calls for improper expert opinion; argumentative. | | This witness was the lead engineer in charge of the Prolift. Defendants have designated him as a non-retained expert in this matter.  This is not expert testimony, but testimony of the witness in his capacity as lead engineer.  His knowledge, as well as his lack of knowledge, is relevant. |
| 450:18-451:1 | Same as above. | | Same as above. |
| 451:3-451:3 | Same as above. | | Same as above. |
| 467:15-467:22 | Lack of foundation; lack of personal knowledge; calls for improper expert opinion; argumentative; attorney testifying; assumes facts not in evidence; argumentative. | | Same as above.    This is a proper hypothetical. |
| 467:24-467:25 | Same as above. | | Same as above |
| 471:13-471:19 | | | |
| 476:21-476:25 | | | |
| 507:21-507:23 | 401; 403; testimony and exhibit (625) involve complications not | | Defendants Misstate facts re: complications not alleged.  Ms. Smith remains at risk of additional injuries from the Prolift |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | alleged by Plaintiff in this case; lack of foundation; lack of personal knowledge; calls for improper expert opinion. | | as long as the mesh remains in her body.  Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community"<br><br>This witness was the lead engineer in charge of the Prolift.  Defendants have designated him as a non-retained expert in this matter.  This is not expert testimony, but testimony of the witness in his capacity as lead engineer.  His knowledge, as well as his lack of knowledge, is relevant. |
| 509:7-509:17 | Same as above. | | Same as above. |
| 509:19-509:19 | Same as above. | | Same as above. |
| 511:9-511:14 | Same as above. | | Same as above. |
| 511:16-511:24 | Same as above; also, argumentative. | | Same as above. |
| 512:1-512:1 | Same as above. | | Same as above. |
| 630:15-630:19 | | | |
| **Scott Ciarrocca 12/03/12** | | | |
| 709:23-710:16 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 711:1-711:3 | | | |
| 711:5-711:5 | | | |
| 711:13-711:18 | | 711:19-712:1<br>712:3<br>713:20-22 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.   Not necessary for completeness, undue delay, 403, 611(a). |
| 714:8-714:20 | | | |
| 727:2-727:6 | This testimony and exhibit (3001) involves the clinical expert report which implicates FDA evidence and foreign regulatory evidence and is subject to MILs. | | Defendants misstate facts regarding clinical expert report. There are no regulatory standards, foreign or otherwise, implicated in this document or testimony and this testimony and document has been admitted in multiple Prolift trials.  Plaintiffs adopt and incorporate their responses to Defendants' Motions in limine. |
| 727:17-728:2 | Same as above; also 401/403. | | Same as above. |
| 728:22-729:5 | Same as above; also, calls for speculation. | | Same as above. |
| 729:25-730:11 | Same as above. | | Same as above. |
| 730:13-730:14 | Same as above. | | Same as above. |
| 753:20-21 | | | |
| 767:1-767:21 | | | |
| 771:24-772:5 | | | |
| 783:18-783:21 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 783:23-783:24 | | | |
| 784:15-785:5 | | | |
| 786:8-786:12 | | | |
| 786:14-786:16 | | | |
| | | 750:7-751:1<br>752:13-751:1<br>753:5-8<br>753:11-753:19<br>754:11-754:22<br>755:1-755:17<br>755:24-756:6 756:7-757:24<br>759:11-759:12<br>759:15-760:3<br>760:15-761:19<br>761:21-764:17<br>764:18-764:20<br>764:23-764:23<br>764:25-765:14<br>766:6-768:12 768:13-769:3<br>769:6 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. In addition, these are improper counters as they do not identify what testimony is being countered.    Not necessary for completeness, undue delay, 403, 611(a). |

**Katrin Elbert**

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **Katrin Elbert 12/23/2014** | | | |
| 256:23-257:3 | | 12:5 – 12:6<br>29:23 –<br>31:4 44:4 –<br>45:11<br>46:1 – 46:16<br>49:12 – 49:14<br>50:5 – 50:10<br>50:19 – 51:19<br>247:23 – 249:4<br>249:16 – 252:11<br>252:15 – 256:18<br>257:8 – 257:11<br>257:23 – 258:6<br>258:11 – 258:13<br>344:20 – 347:20<br>348:9 – 351:3<br>351:6 – 351:7<br>351:9 – 351:24<br>352:1 – 353:5<br>353:7 – 354:4<br>354:6 – 354:12<br>354:14 – 354: 20<br>354:22 – 354:22<br>366:20-366:22<br>366:24-367:3<br>367:5-367:7 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. In addition, these are improper counters as they do not identify what testimony is being countered.    Not necessary for completeness, undue delay, 403, 611(a). |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | 368:24 – 369:1<br>369:3 – 370:6<br>370:12 – 370:13<br>370:15 – 370:17<br>371:4 – 371:7<br>371:9 – 371:9<br>371:18 – 372:4<br>372:6 – 372:9<br>372:16 – 372:17<br>372:19 – 373:25<br>374:2 – 374:7<br>430:9-430:12<br>430:14-431:5<br>431:24 – 432:25 | |

**Amanda Clark, MD**

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **Amanda Clark, MD 06/06/21** | | | |
| 6:11-21 | | | |
| 7:11-8:10 | | | |
| 9:20-10:4 | | | |
| 10:15-13:3 | | 14:10-16:2 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 26:10-16 | | 26:17-27:15 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 28:17-21 | Lack of foundation. Vague. | Conditional counter: 28:2229:20 | Testimony does not indicate lack of foundation<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 28:22-29:10 | Vague with precedent 28:1721. | 29:9-20 | Witness did not indicate the question was not understood.<br><br>Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 40:5-13 | | | |
| 49:2-6 (ending at "placed") | Incomplete designation.    Only the question is designated. | 49:6-19 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 50:21-51:6 | | | |
| 51:19-52:2 | | | |
| 66:1-11 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 67:22-68:4 | | | |
| 68:11 | | | |
| 73:17-25 | | | |
| 77:11-22 | | | |
| 78:5-19 | | | |
| 86:20-87:4 | | | |
| 99:25-100:8 | | | |
| 103:20-104:21 | | | |
| 106:14-16 | | 108:3-6 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 107:8-10 | | | |
| 107:19-108:2 | | | |
| 108:7-109:6 | | | |
| 110:14-18 | | | |
| 114:5-16 | | 114:17-115:6 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 115:11-116:8 | | | |
| 120:8-121:7 | 120:16-121:2: Cumulative. | | Not cumulative. |
| 121:11-25 | | | |
| 123:21-25 | | 124:1-5; 124:7-25 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 125:8-126:3 | Leading. | | Leading is permitted on cross-examination |
| 126:11-21 | | | |
| 134:14-135:6 | Lack of foundation. Calls for speculation. | 135:8-18 | Foundation was established. Witness did not indicate she was speculating.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 164:17-165:9 | | | |
| 165:13-15 | | | |
| 168:9-11 | Rule 401. Non-responsive. | | Answer was responsive to the question |

**Daniel Elliott, MD**

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **Daniel Elliott, MD 11/21/15** | See Defendants' general objection to this entire deposition as an improper designation of expert testimony where the witness has not been identified as unavailable for live trial testimony. Defendants' reserve the right to provide specific objections to this designated testimony if the general objections are overruled. | | See Plaintiffs response to general objections above. Plaintiffs object to Defendants "reserving their rights" to provide specific objections. Any objections served at a later date should be stricken as untimely. |
| 7:20-16:9 | | | |
| 16:21-20:19 | | | |
| 21:11-28:12 | | | |
| 28:15-29:18 | | | |
| 30:8-32:20 | | | |
| 33:13-33:24 | | | |
| 34:18-35:13 | | | |
| 36:23-39:12 | | | |
| 39:21-41:17 | | | |
| 41:23-42:4 | | | |
| 42:7-42:12 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 43:4-44:7 | | | |
| 46:14-48:15 | | | |
| 48:18-53:23 | | | |
| 54:2-54:10 | | | |
| 54:20-55:9 | | | |
| 55:13-56:16 | | | |
| 56:19-58:11 | | | |
| 58:13-59:4 | | | |
| 59:6-60:11 | | | |
| 60:15-63:19 (stop at "contact") | | | |
| 63:20-63:22 (start at "when") | | | |
| 64:2-65:11 | | | |
| 66:13-67:24 | | | |
| 68:23-69:21 | | | |
| 70:2-71:24 | | | |
| 72:1-72:22 | | | |
| 72:23-73:17 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 73:18-75:10 | | | |
| 75:11-75:16 | | | |
| 75:19-76:1 | | | |
| 76:11-80:6 | | | |
| 80:11-82:24 | | | |
| 83:3-83:10 | | | |
| 83:14-84:5 | | | |
| 84:8-84:24 | | | |
| 85:3-86:14 | | | |
| 86:17-90:3 | | | |
| 90:5-90:16 | | | |
| 90:23-91:21 | | | |
| 92:1-92:15 | | | |
| 92:16-93:13 | | | |
| 93:21-95:16 | | | |
| 95:17-95:20 | | | |
| 95:21-96:17 | | | |
| 96:18-97:14 | | | |
| 97:18-97:23 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 98:3-98:8 | | | |
| 98:15-98:23 | | | |
| 99:1-99:13 | | | |
| 99:15-100:2 | | | |
| 100:5-101:7 | | | |
| 101:11-101:12 | | | |
| 101:13-102:5 | | | |
| 102:6-102:12 | | | |
| 102:24-103:21 | | | |
| 103:22-104:18 | | | |
| 104:19-104:22 | | | |
| 104:24-105:4 | | | |
| 105:6-106:9 | | | |
| 106:21-107:12 | | | |
| 107:13-107:16 | | | |
| 107:18-108:13 | | | |
| 108:16-108:18 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 109:4-109:6 | | | |
| 109:8-109:12 | | | |
| 109:21-110:16 | | | |
| 110:24-113:14 | | | |
| 113:15-114:3 | | | |
| 114:12-115:5 | | | |
| 115:6-116:8 | | | |
| 116:9-119:8 | | | |
| 119:9-119:20 | | | |
| 120:4-121:3 | | | |
| 121:11-122:3 | | | |
| 122:4-124:3 | | | |
| 124:5-124:12 | | | |
| 124:14-127:2 | | | |
| 130:22-131:9 | | | |
| 131:12-131:14 | | | |
| 131:18-132:5 | | | |
| 132:7-132:16 | | | |
| 132:18-133:7 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 133:9-133:16 | | | |
| 133:18-134:10 | | | |
| 134:13-134:18 | | | |
| 135:8-135:15 | | | |
| 135:17-135:23 | | | |
| 136:1-136:11 | | | |
| 136:13-136:22 | | | |
| 137:1-137:2 | | | |
| 137:5-137:17 | | | |
| 137:19-138:3 | | | |
| 139:2-139:4 | | | |
| 139:6-139:15 | | | |
| 139:17-140:3 | | | |
| 140:5-140:17 | | | |
| 140:19-141:11 | | | |
| 141:14-141:18 | | | |
| 141:20-142:15 | | | |
| 142:17-143:13 | | | |
| 143:16-143:20 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 144:1-145:17 | | | |
| 145:19-146:20 | | | |
| 146:24-147:5 | | | |
| 147:7-147:11 | | | |
| 147:13-148:4 | | | |
| 148:8-148:22 | | | |
| 149:3-150:7 | | | |
| 150:10-150:19 | | | |
| 151:12-152:12 | | | |
| 152:16-153:6 | | | |
| 153:9-153:18 | | | |
| 153:22-154:14 | | | |
| 155:10-155:19 | | | |
| 155:22-155:24 | | | |
| 156:2-156:4 | | | |
| 156:6-156:13 | | | |
| 156:15-156:21 | | | |
| 156:23-157:2 | | | |
| 157:11-157:14 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 157:16-157:20 | | | |
| 157:23-158:1 | | | |
| 158:3-158:11 | | | |
| 158:15-158:17 | | | |
| 158:19-159:2 | | | |
| 159:4-159:24 | | | |
| 160:1-161:15 | | | |
| 161:18-162:5 | | | |
| 162:7-163:20 | | | |
| 163:24-164:7 | | | |
| 164:10-167:11 | | | |
| 167:15-167:22 | | | |
| 167:24-167:24 | | | |
| 168:20-169:2 | | | |
| 169:5-170:5 | | | |
| 170:16-171:2 | | | |
| 171:10-171:17 | | | |
| 171:20-171:22 | | | |
| 172:13-172:16 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 172:19-173:1 | | | |
| 173:4-173:18 | | | |
| 173:21-174:9 | | | |
| 174:12-174:14 | | | |
| 174:16-174:18 | | | |
| 174:22-175:2 | | | |
| 175:5-175:9 | | | |
| 175:11-175:21 | | | |
| 175:23-176:1 | | | |
| 176:3-176:9 | | | |
| 176:12-176:15 | | | |
| 176:18-176:20 | | | |
| 176:22-177:5 | | | |
| 177:7-177:9 | | | |
| 177:11-177:24 | | | |
| 304:17-305:1 | | | |
| 305:4-305:23 | | | |
| 306:1-307:5 | | | |
| 307:8-307:13 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 307:14-308:1 | | | |
| 308:16-309:2 | | | |
| 309:11-309:19 | | | |
| 310:17-310:21 | | | |
| 310:23-311:4 | | | |
| 311:15-311:17 | | | |
| 311:19-311:19 | | | |
| 311:21-312:9 | | | |
| 312:12-312:12 | | | |
| 312:14-312:19 | | | |
| 312:22-312:22 | | | |
| 313:1-313:7 | | | |
| 313:10-313:15 | | | |
| 313:17-313:17 | | | |
| 317:3-317:6 | | | |
| 318:11-318:17 | | | |
| 318:20-318:20 | | | |
| 319:8-319:8 | | | |
| 319:10-319:19 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **Daniel Elliott, MD 08/31/19** | See Defendants' general objection to this entire deposition as an improper designation of expert testimony where the witness has not been identified as unavailable for live trial testimony. Defendants' reserve the right to provide specific objections to this designated testimony if the general objections are overruled. | | See Plaintiffs response to general objections above.  Plaintiffs object to Defendants "reserving their rights" to provide specific objections.  Any objections served at a later date should be stricken as untimely. |
| 14:7-15:1 | | | |
| 15:2-16-17 | | | |
| 16:21-17:11 | | | |
| 17:19-19:3 | | | |
| 24:14-25:6 | | | |
| 26:21-27:8 | | | |
| 33:1-33:8 | | | |
| 33:21-34:13 | | | |
| 52:1-53:11 | | | |
| 54:2-54:6 | | | |
| 54:12-54:21 | | | |
| 58:16-58:22 | | | |
| 61:10-61:21 | | | |
| 63:7-63:21 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 64:1-64:16 | | | |
| 69:22-70:7 | | | |
| 71:9-74:21 | | | |
| 78:16-79:16 | | | |
| 80:15-81:10 | | | |
| 81:14-83:15 | | | |
| 86:5-86:15 | | | |
| 89:15-90:2 | | | |
| 93:19-95:6 | | | |

**Jeffrey B. Everett**

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **Jeffrey B. Everett 05/15/12** | | | |
| 17:1-17:3 | | | |
| 17:6-17:7 | | | |
| 17:9-17:11 | | | |
| 17:13-17:15 | | 17:17-18<br>17:20-24 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 71:24-72:5 | | | |
| 72:11-73:5 | | | |
| 73:7-73:9 | | | |
| 73:21-74:1 | 401; 403; Plaintiff's counsel attempting to use professional code of ethics (exhibit 731) to set legal standard as it relates to company; the Court will instruct on the legal standard. | | Witness clearly established foundation as he testified he was familiar with document.     The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims and state of mind. The defendants' own argument shows that there is no 403 issue as the Court will instruct the jury as to the proper legal standard. |
| 74:3-74:7 | Same as above. | | Same as above. |
| 113:12-113:16 | Argumentative; assumes facts not in evidence; lack of foundation; lack of personal knowledge. | | Same as above. |
| 113:18-113:20 | Same as above. | | Same as above. |
| 119:7-119:11 | Same as above. | | Same as above. |
| 135:5-135:17 | 401; 403; Plaintiff's counsel attempting to use company credo to set legal standard; the Court will instruct on the legal standard. | | Same as above. |
| 138:20-138:23 (beginning with "You") | 401; 403; Plaintiff's counsel attempting to use various professional and other standards to | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | suggest legal standard; the Court will instruct on the legal standard. | | |
| 138:25-139:1 | Same as above. | | Same as above. |
| 139:3-139:8 | Same as above. | | Same as above. |
| 139:10-139:19 | Same as above. | | Same as above. |
| 155:12-155:18 | | | |
| 162:16-162:24 (strike "Okay") | | | |
| 197:12-198:7 | Exhibit (1033) post-dates Plaintiff's implant and includes complications not alleged by Plaintiff in this case; 401; 403. | | Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |
| 208:1-208:15 | | | |
| 230:9-230:12 | | | |
| **Jeffrey B. Everett 10/19/12** | | | |
| 451:12-451:16 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 451:24-452:2 | | | |
| 452:4-452:8 | | | |
| 452:10-452:13 | | | |
| 452:15-452:21 | | | |
| 465:14-465:22 | | | |
| 503:16-505:2 | Lack of foundation; lack of personal knowledge; confusing and misleading to jury; improper hypothetical; improper expert testimony from a lay witness. | | This is not expert testimony, but testimony of the witness in his capacity as an engineer for the company.  His knowledge, as well as his lack of knowledge, is relevant. |
| 505:6-505:22 | Same as above. | | Same as above. |
| 506:24-507:4 | Same as above. | | Same as above. |
| 507:6-508:8 | Same as above. | | Same as above. |
| 508:10-508:19 | Same as above. | | Same as above. |
| 556:11-556:17 | Same as above. | | Same as above. |
| 557:5-557:9 | Same as above. | | Same as above. |
| 558:21-558:23 | Same as above. | | Same as above. |
| 558:25-559:4 | Same as above. | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 563:17-563:25 | Same as above; also, argumentative and assumes facts not in evidence. | | Same as above. |
| 564:2-564:7 | Same as above. | | Same as above. |
| 564:17-564:22 | Same as above. | | Same as above. |
| 564:24-565:1 | Same as above. | | Same as above. |
| 568:21-569:3 | Same as above. | | Same as above. |
| 569:5-569:7 | Same as above. | 569:15-18 569:20-570:8 | Same as above. Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 570:10-570:15 | | 569:15-18 569:20-570:8 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 571:22-571:25 | | | |
| 572:2-572:6 | | | |
| 572:10-572:20 | | | |
| 572:22-572:23 | | | |
| 573:1-573:8 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 592:15-592:22 | Lack of foundation; lack of personal knowledge; confusing and misleading to jury | | This is not expert testimony, but testimony of the witness in his capacity as an engineer for the company.  His knowledge, as well as his lack of knowledge, is relevant. |
| 592:25-593:3 | Lack of foundation; lack of personal knowledge; confusing and misleading to jury | | This is not expert testimony, but testimony of the witness in his capacity as an engineer for the company.  His knowledge, as well as his lack of knowledge, is relevant. |
| | | 607:5-612:11<br>612:17-613:6<br>613:9-11<br>613:15-614:22<br>614:25-615:16<br>619:19-621:10<br>621:13-24<br>622:1-24<br>626:5-8<br>626:11-12<br>628:16-19<br>631:5-25 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.  In addition, these are improper counters as they do not identify what testimony is being countered.    Not necessary for completeness, undue delay, 403, 611(a). |

**Jim Hart, MD**

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **Jim Hart, MD 09/17/13** | | | |
| 17:1-17:4 | | | |
| 18:8-19:2 | 401/403; outside the scope – questioning the witness about his own personal opinions regarding | | This witness was the Chief Medical Officer in charge of the Prolift.  This is not expert testimony, but testimony of the |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | medical device manufacturers and how they should act. The court will instruct the jury on the standard of care; not the witness's own opinions. | | witness in his capacity as Chief Medical Officer. His knowledge, as well as his state of mind, is relevant. |
| 21:13-21:16 | | | |
| 24:9-24:15 | | | |
| 31:2-31:8 | | | |
| 32:11-32:21 | | | |
| 33:1-33:7 | | | |
| 34:5-34:16 | | | |
| 37:10-37:15 | | 37:2-9<br>37:21-38:9 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 38:10-38:15 | | | |
| 40:17-40:20 | | | |
| 41:1-41:5 | | | |
| 41:13-42:6 | 401/403 | | |
| 43:13-43:18 | | | |
| 44:17-44:21 | | 44:6-11 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 45:11-45:23 | 401/403; hearsay: the witness's HR file and performance review (Exhibit 1298) are irrelevant to any issues in this case. | | The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims as they show state of mind. |
| 54:8-54:19 | | | |
| 55:6-55:13 | 401/403; outside the scope; calls for improper expert opinion; improper hypothetical; lack of foundation; assumes facts not in evidence; subject to MIL re foreign regulatory evidence. | | Defendants misstate facts regarding clinical expert report. There are no regulatory standards, foreign or otherwise, implicated in this document or testimony and this testimony and document has been admitted in multiple Prolift trials. Plaintiffs adopt and incorporate their responses to Defendants' Motions in limine.<br><br>This witness was the lead engineer in charge of the Prolift. Defendants have designated him as a non-retained expert in this matter. This is not expert testimony, but testimony of the witness in his capacity as lead engineer. His knowledge, as well as his lack of knowledge, is relevant. |
| 56:22-57:9 | 401/403; hearsay: the witness's HR file and performance review (Exhibit 1298) are irrelevant to any issues in this case. | 57:17-25 | The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims as they show state of mind.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 58:9-58:22 | 401/403; outside the scope; calls for improper expert opinion; improper hypothetical; lack of foundation; assumes facts not in evidence. | | This witness was the Chief Medical Officer in charge of the Prolift. This is not expert testimony, but testimony of the witness in his Chief Medical Officer. His knowledge, as well as his lack of knowledge and state of mind is relevant. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | |
| 63:16-63:21 | | 62:22-63:13 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 64:18-65:4 | 401/403; outside the scope; calls for improper expert opinion; improper hypothetical; lack of foundation; assumes facts not in evidence. | | This witness was the Chief Medical Officer in charge of the Prolift.  This is not expert testimony, but testimony of the witness in his Chief Medical Officer.  His knowledge, as well as his lack of knowledge and state of mind is relevant. |
| 88:22-89:2 | 401/403; exhibit referenced (1299) is irrelevant performance review of this witness; outside the scope; calls for improper expert opinion; lack of foundation; assumes facts not in evidence; misleading (lacking context); compound; implicates MIL re withdrawal of device. | | The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims as they show state of mind.

This witness was the Chief Medical Officer in charge of the Prolift.  This is not expert testimony, but testimony of the witness in his Chief Medical Officer.  His knowledge, as well as his lack of knowledge and state of mind is relevant.

Testimony does not indicate withdraw of device. Defendant's objection mischaracterizes testimony. |
| 89:5-89:7 | Same as above. | 90:9-24 | Same as above.

Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 93:8-93:24 | 401/403; subject to MIL re regulatory evidence and MIL re withdrawal of device. | 92:11-93:7 | Defendants misstate facts regarding clinical expert report. There are no regulatory standards, foreign or otherwise, implicated in this document or testimony and this testimony and document has been admitted in multiple Prolift trials.  Plaintiffs adopt and incorporate their responses to Defendants' Motions in limine.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 96:6-96:17 | Same as above. | 97:12-21 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 99:5-99:9 | Same as above. | | Same as above |
| 99:15-99:18 | Same as above. | | Same as above |
| 102:24-103:2 | 401/403; exhibit discussed postdates Plaintiff's implant; 407; lack of foundation; lack of personal knowledge; outside the scope. | | Defendants misstate facts regarding clinical expert report. There are no regulatory standards, foreign or otherwise, implicated in this document or testimony and this testimony and document has been admitted in multiple Prolift trials.  Plaintiffs adopt and incorporate their responses to Defendants' Motions in limine.<br><br>Plaintiffs contend this is not a subsequent remedial measure, but if it is, if falls under an exception to 407 in that it is |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | offered for impeachment of disputed facts, and to show feasibility of precautionary measures |
| 103:8-103:11 | Same as above. | | Same as above |
| 103:12-103:19 | Same as above. | | Same as above |
| 104:7-104:14 | Same as above. | | Same as above |
| 117:6-117:12 | | | |
| 120:2-120:25 | 401; 403; hearsay medical literature; improper expert testimony from fact witness. | | Witness is a medical doctor and chief medical officer for the company.<br><br>Testimony is admissible under 803(18). |
| 122:21-124:12 | 401; 403; exhibit discussed (1304) post-dates Plaintiff's implant; hearsay within hearsay. | | |
| 129:3-129:25 | Same as above. | | |
| 137:11-137:23 | 401; 403; hearsay medical literature | | Witness is a medical doctor and chief medical officer for the company.<br><br>Testimony is admissible under 803(18). |
| 140:24-141:2 | 401; 403; exhibit discussed (1304) post-dates Plaintiff's implant; hearsay within hearsay. | | The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims, and the fact that the document post-dates Plaintiff's implant does not make it inadmissible or irrelevant to those claims. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | This is not hearsay in that it is not offered for the truth of the matter asserted, it is offered for the purposes of showing the witnesses' state of mind, Defendants' state of mind, knowledge of the company, and notice to the company. Even if it is hearsay, it is admissible under multiple hearsay exceptions, including 803(6), 803(5), 803(3), 803(1). |
| 174:1-174:12 | | | |
| 183:17-184:14 | 401/403; discussing hearsay medical literature that post-dates Plaintiff's implant. | | Witness is a medical doctor and chief medical officer for the company.<br><br>Testimony is admissible under 803(18). |
| 184:18-185:3 | 401/403; exhibits (1308 and 1309) post-date Plaintiff's implant; hearsay medical literature | | The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims, and the fact that the document post-dates Plaintiff's implant does not make it inadmissible or irrelevant to those claims.<br><br>Testimony is admissible under 803(18). |
| 185:10-185:14 | Same as above | | Same as above. |
| 188:22-190:6 | Same as above | | Same as above. |
| 200:21-201:11 | 401; 403; exhibit discussed (1310) post-dates Plaintiff's implant. | | Same as above. |
| 204:24-205:6 | 401; 403; exhibit discussed (1311) post-dates Plaintiff's implant. | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 205:15-205:19 | Same as above. | | Same as above. |
| 207:3-207:9 | Same as above. | | Same as above. |
| 211:2-211:20 | 401; 403; exhibit discussed (1312) post-dates Plaintiff's implant. | 211:23-212:2 | The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims, and the fact that the document post-dates Plaintiff's implant does not make it inadmissible or irrelevant to those claims.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 212:3-212:9 | Same as above; also, involves complications not alleged by Plaintiff in this case. | | Same as above,<br><br>Also, Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |
| 212:20-213:2 | Same as above; also, involves complications not alleged by Plaintiff in this case. | 213:3-5 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 215:4-216:4 | Same as above; also, involves complications not alleged by Plaintiff in this case. | | Same as above. |
| 219:6-219:13 | Same as above; also, involves complications not alleged by Plaintiff in this case; also lack of foundation/assumes facts not in evidence. | | Same as above. |
| 219:15-219:15 | Same as above; also, involves complications not alleged by Plaintiff in this case; also lack of foundation/assumes facts not in evidence. | | Same as above. |
| 219:17-219:25 | Calls for improper expert opinion; assumes facts not in evidence and lack of foundation. | | Same as above. |
| 220:1-220:4 | Same as above; also, involves complications not alleged by Plaintiff in this case. | | Same as above. |
| 220:6-220:10 | Same as above; also, involves complications not alleged by Plaintiff in this case. | | Same as above. |
| 221:2-221:12 | Same as above. | | Same as above. |
| 221:15-222:6 | Same as above; also, 403. | | Same as above. |
| 222:7-222:17 | Same as above; also, 403. | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 222:19-222:20 | Same as above. | | Same as above. |
| 226:22-227:1 | | 227:2-4 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 228:16-229:2 | Calls for improper expert opinion; assumes facts not in evidence. | | This is not an expert opinion, this is testimony from the company's Chief Medical Officer in his capacity as a fact witness.  This is a proper hypothetical question. |
| 229:9-229:20 | Same as above. | | Same as above. |
| 229:22-229:22 | Same as above. | | Same as above. |
| 234:13-235:5 | Lack of foundation; lack of personal knowledge; mischaracterizes the evidence; assumes facts not in evidence; improper hypothetical. | | Same as above. |
| 235:10-235:16 | Mischaracterizes the evidence; assumes facts no in evidence; improper hypothetical; attempting to assert company credo as legal standard. | | Same as above. |
| 238:20-239:8 | Lack of foundation; lack of personal knowledge; mischaracterizes the evidence. | 239:10-13 239:15-23 | Same as above. |
| 245:6-245:9 | Lack of foundation; mischaracterizes the evidence; argumentative; involves complications not alleged by Plaintiff in this case. | | Same as above.

Also, Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body.  Further, |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |
| 245:12-245:12 | Same as above. | | Same as above. |
| 245:15-245:17 | Same as above. | | Same as above. |
| 252:6-252:14 | Lack of foundation; mischaracterizes the evidence; argumentative; 401. | 250:9-21 252:16-21 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 258:24-259:16 | | | |
| **Jim Hart, MD 09/18/13** | | | |
| 281:3-281:9 | | | |
| 282:16-282:20 | | | |
| 283:11-283:15 | 401; 403; regards complications not alleged by Plaintiff in this case. | 283:18-22 283:24-284:5 284:11-13 | Defendants Misstate facts re: complications not alleged.  Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body.  Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" <br><br> Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| | | 284:15-284:24 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 284:21-285:4 | Same as above. | | Same as above |
| 287:3-287:8 | Calls for an expert opinion regarding urogynecological issues, but Plaintiff's own affirmative designations show this witness is not an expert in that field of medicine. See 9/17/13 deposition at 16:11-25 | 285:23-286:5 | Same as above.  This is the Chief Medical Officer for the company. <br><br> Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 287:12-287:12 | Same as above. | | Same as above |
| 287:20-287:22 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 311:23-312:4 | | 311:7-10<br>311:12-14 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 320:11-320:18 | | | |
| 343:1-343:4 | 401; 403; subject to MIL regarding FDA evidence and MIL regarding withdrawal of product from market; post-dates Plaintiff's implant. | | Plaintiff adopts and incorporates their responses to Defendants MILs |
| 343:23-344:12 | Same as above; also, lack of foundation and calls for speculation. | | Same as above.  This is not speculation, this is testimony by the Chief Medical Officer for the company |
| 344:13-344:20 | Same as above. | | Same as above. |
| 347:20-347:24 | Same as above. | 351:10-21 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 531:20-531:24 | | | |
| 534:16-535:18 | 401; 403; lack of foundation; lack of personal knowledge; assumes facts not in evidence; compound; misleading; argumentative. | | Same as above. |
| 568:21-569:7 | 401; 403; subject to MIL regarding FDA evidence and MIL regarding | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | withdrawal of product from market; post-dates Plaintiff's implant. | | |
| **Jim Hart, MD 12/20/13** | | | |
| 613:6-613:21 | 401; 403; sales brochure regarding product not at issue in this case. | | The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims. |
| 614:1-615:3 | Same as above. | | Same as above |
| 615:17-615:22 | | | |
| 616:7-616:11 | | | |
| 628:14-628:25 | 401; 403; exhibits (1340 and 1341) involve clinical study regarding product not at issue in this case. | | Same as above. |
| 629:13-629:25 | Same as above. | | Same as above. |
| 630:6-630:8 | Same as above. | 632:3-12 632:15-22 634:15-635:7 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 643:24-644:6 | Same as above; also relates to complications not alleged by this Plaintiff. | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 648:2-648:12 | Same as above. | 648:13-17<br>648:19-20 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 649:10-650:20 | Same as above. | | Same as above. |
| 664:23-665:4 | | 665:5-7 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 667:8-667:12 | | | |
| 668:2-668:23 | | 668:24-669:4 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 669:5-669:18 | | | |
| 670:24-671:4 | | | |
| 671:10-671:20 | | 672:13-21 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 673:16-673:21 (Note: Stop after "suture" on Line 21) | | 673:21-23 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 675:18-675:23 | | | |
| 676:15-676:23 | | | |
| 680:14-680:21 | 401/403 – this testimony relates to allegations of mesh being "cytotoxic", which Plaintiff is not claiming as an injury in this case.<br><br>Lack of foundation/personal knowledge; impermissibly calls for expert opinions. | | "cytotoxic" is not an "injury", It's a condition of the mesh that causes injury.<br><br>Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community"<br><br>Does not call for expert opinion, this is the testimony of the company's Chief Medical Officer regarding his knowledge or lack thereof. |
| 682:9-682:11 | Same as above. | | Same as above. |
| 699:11-699:21 | | | |
| 703:23-704:6 | 401/403 – this testimony relates to allegations of mesh being "cytotoxic", which Plaintiff is not claiming as an injury in this case.<br><br>Lack of foundation/personal knowledge; impermissibly calls for expert opinions. | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 712:23-713:5 | Same as above. | | Same as above. |
| 713:17-713:24 | Same as above. | | Same as above. |
| 718:11-718:18 | Same as above. | | Same as above. |
| 722:9-722:14 | Same as above; also, irrelevant TVT evidence; relates to instances of TVT erosions. | | Same as above.   Mesh is Prolift is the same material in the same transvaginal space as TVT. |
| 729:14-729:17 | | | |
| 729:19-729:19 | | | |
| 738:1-738:12 | 401; 403; testimony and exhibit (1333) involves an internal company policy related to investigator-initiated studies which post-dates Plaintiff's implant. | | |
| 738:23-739:2 | Same as above. | | |
| 800:3-800:8 | Testimony relates to IFU for TVT-Secur, a product not at issue in this case. 401 ;403. | 799:11-25 | Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 928:3-928:3 | Exhibit (D1) post-dates Plaintiff's implant and includes complications not at issue in this case. 401; 403. | | The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims, and the fact that the document post-dates Plaintiff's implant does not make it inadmissible or irrelevant to those claims. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |
| 928:9-928:16 | Same as above. | | Same as above. |
| 928:25-929:11 | Same as above. | | Same as above. |
| 929:13-929:13 | Same as above. | | Same as above. |
| 929:16-930:9 | Same as above. | | Same as above. |
| 931:2-931:5 | Same as above; also, lack of foundation, lack of personal knowledge, assumes facts not in evidence. | | Same as above.  This is the Chief Medical Officer for the company.  His knowledge  and lack of knowledge is relevant. |
| 931:7-931:8 | Same as above; also, lack of foundation, lack of personal knowledge, assumes facts not in evidence. | | Same as above. |
| 933:4-933:9 | | | |
| 933:11-933:11 (stop after "Yes.") | | 933:11-12 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | 810:13-14<br>811:5-812:13<br>817:18-817:25<br>819:5-8<br>819:11-820:7<br>821:9-17<br>822:4-14<br>822:20-20<br>822:23-823:14<br>823:17-826:21<br>826:23-827:9<br>827:14-828:5<br>828:8-8<br>828:10-14<br>828:17-17<br>828:19-24<br>829:1-12<br>829:14-18<br>829:21-830:6<br>830:11-20<br>830:23-831:9<br>831:22-24<br>832:1-12<br>832:14-833:1<br>833:7-14<br>833:16-16<br>833:19-834:7<br>834:12-13<br>834:15-19<br>835:5-6<br>835:8-9<br>837:1-3<br>837:5-22<br>838:7-18 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. In addition, these are improper counters as they do not identify what testimony is being countered.    Not necessary for completeness, undue delay, 403, 611(a). |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | 838:20 | |
| | | 840:7-841:3 | |
| | | 841:5-6 | |
| | | 841:9-10 | |
| | | 841:12-17 | |
| | | 841:19 | |
| | | 842:7-8 | |
| | | 842:10 | |
| | | 843:13 | |
| | | 843:15-22 | |
| | | 844:1-2 | |
| | | 844:4 | |
| | | 844:9-11 | |
| | | 844:13-845:9 | |
| | | 845:11-23 | |
| | | 845:25 | |
| | | 846:3-6 | |
| | | 846:8 | |
| | | 846:10-14 | |
| | | 846:16 | |
| | | 846:25-848:4 | |
| | | 848:6-11 | |
| | | 848:19-849:5 | |
| | | 849:7-10 | |
| | | 849:12 | |
| | | 849:14-16 | |
| | | 849:18-25 | |
| | | 851:25-852:2 | |
| | | 852:5-11 | |
| | | 852:14-853:5 | |
| | | 853:21-854:5 | |
| | | 854:20-855:8 | |
| | | 855:10 | |
| | | 856:6-10 | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | 858:18-859:19<br>859:22-24<br>860:3-4<br>864:23-865:17<br>865:19-24<br>865:25-866:9<br>866:22-25<br>867:2-9<br>867:15-868:4<br>868:6-868:18<br>868:20-22<br>871:4-6<br>871:8-21<br>871:23-25<br>872:2-2<br>872:19-873:2<br>873:4-8<br>873:10<br>874:8-18<br>874:20-875:1<br>875:3-3<br>875:12-19<br>875:22-876:1<br>876:3-3<br>882:5-17<br>882:19-19<br>882:23-25<br>883:2-13<br>884:24-885:2<br>885:4-5<br>885:7-12<br>885:15-20<br>886:4-16<br>886:18-18 | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | 891:22-25 | |
| | | 892:2-2 | |
| | | 898:13-20 | |
| | | 898:22-22 | |
| | | 904:12-14 | |
| | | 904:23-905:1 | |
| | | 905:3-3 | |
| | | 905:7-15 | |
| | | 905:17 | |
| | | 905:19-906:8 | |
| | | 906:10 | |
| | | 906:20-23 | |
| | | 907:8-10 | |
| | | 907:12-16 | |
| | | 907:18-21 | |
| | | 907:23 | |
| | | 907:25-908:4 | |
| | | 908:6-6 | |
| | | 908:16-17 | |
| | | 908:19-25 | |
| | | 909:2-2 | |
| | | 911:17-18 | |
| | | 911:20-23 | |
| | | 911:25-25 | |
| | | 915:18-25 | |
| | | 916:2-7 | |
| | | 916:9-17 | |
| | | 916:19-19 | |
| | | 917:7-13 | |
| | | 962:16-19 | |
| | | 962:21-963:1 | |
| | | 963:8-18 | |
| | | 963:20-24 | |
| | | 964:1 | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | 964:4-8<br>964:10-11<br>964:22-965:1<br>965:4-12<br>965:15-16<br>965:18<br>966:3-7<br>966:9-14<br>966:17-20<br>966:22<br>980:2-4<br>980:6-7 | |

**Piet Hinoul, MD**

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **Piet Hinoul, MD 04/05/12** | | | |
| 11:4-11:6 | | | |
| 20:10-20:13 | | | |
| 32:20-33:8 | 401/403: this testimony relates to an off-color joke that the witness made in a 2009 email regarding pessaries; subject to MIL regarding irrelevant company documents | 33:9-35:6 | Highly probative as to Defendants' state of mind and punitive damages claims. See Plaintiff's response to Defendants' MIL.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 48:8-48:15 | Same as above. | | Same as above. |
| 49:22-50:4 | Same as above. | 50:5-15 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 52:8-52:16 | Same as above. | 52:17-53:4 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 53:6-53:20 | Same as above. | | Same as above. |
| 54:3-54:10 | Same as above. | | Same as above. |
| 54:16-54:21 | Same as above. | | Same as above. |
| 94:10-94:12 | 401.403; complications not alleged by Plaintiff in this case. | 94:13-17<br>94:22-95:8<br>96:20-97:10 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 97:11-97:18 | Same as above. | | Same as above. |
| 99:16-99:25 | Same as above. | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 190:11-190:18 | | 190:20-24<br>191:2-20<br>191:24-193:6 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 199:14-199:16 | | | |
| 199:18-199:24 | | | |
| 200:9-200:12 | | 200:18-21<br>200:25-201:2<br>201:4-201:9 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 228:19-230:17 | Subject to MIL regarding company document ("permanently destroyed vagina" email).<br><br>Hearsay adverse event report from a non-Ethicon employee. Also, 401/403, because Plaintiff has not shown substantial similarity. Postdates Plaintiff's implant. Also involves complications not alleged by Plaintiff in this case. And argumentative. | | The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims. Plaintiffs adopt and incorporate their response to Defendant's MIL on this issue.<br><br>This is not hearsay in that it is not offered for the truth of the matter asserted, it is offered for the purposes of showing the witnesses' state of mind, Defendants' state of mind, knowledge of the company, and notice to the company.<br><br>Even if it is hearsay, it is admissible under multiple hearsay exceptions, including 803(6), 803(5), 803(3), 803(1).<br><br>Event is substantially similar to injuries in this case. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 231:16-231:21 | Same as above. | 232:8-16 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 232:18-232:22 | Same as above. | | Same as above. |
| 233:4-233:10 | Same as above. | 233:12-18 | Same as above. |
| 244:3-244:17 | Same as above. | | Same as above. |
| 315:25-316:4 | Hearsay adverse event report (exhibit 662) from a non-Ethicon employee. Also, 401/403, because Plaintiff has not shown substantial similarity. Also, post-dates Plaintiff's implant and involves complications not alleged by Plaintiff in this case. | | This is not hearsay in that it is not offered for the truth of the matter asserted, it is offered for the purposes of showing the witnesses' state of mind, Defendants' state of mind, knowledge of the company, and notice to the company. Even if it is hearsay, it is admissible under multiple hearsay exceptions, including 803(6), 803(5), 803(3), 803(1).<br><br>Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 316:8-316:12 | Same as above. | | Same as above. |
| 317:3-317:9 | | | |
| 317:11-317:11 | | | |
| 317:13-318:18 | Hearsay adverse event report (exhibit 662) from a non-Ethicon employee. Also, 401/403, because Plaintiff has not shown substantial similarity. Also, post-dates Plaintiff's implant and involves complications not alleged by Plaintiff in this case. | | This is not hearsay in that it is not offered for the truth of the matter asserted, it is offered for the purposes of showing the witnesses' state of mind, Defendants' state of mind, knowledge of the company, and notice to the company. Even if it is hearsay, it is admissible under multiple hearsay exceptions, including 803(6), 803(5), 803(3), 803(1). <br><br> Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |
| 319:9-319:17 | Same as above. | | Same as above. |
| 319:20-319:23 | Same as above. | | Same as above. |
| **Piet Hinoul, MD 04/06/12** | | | |
| 365:8-365:9 | | 365:15-366:3 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 366:4-366:15 | | | |
| 375:18-375:22 | | | |
| 376:17-376:24 | | 376:7-10<br>376:12-15 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 382:9-383:8 | 401/403; includes complications not alleged by this Plaintiff; Vague. Lacks context. | | Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community"<br><br>Witness did not indicate he did not understand the question. Question is not vague. |
| 383:12-383:25 | Same as above; also, lack of foundation and lack of personal knowledge. Assumes facts not in evidence. | 384:2-14 | This witness was the Medical Doctor in charge of the Prolift. Defendants have designated him as a non-retained expert in this matter and a 30(b)(6) witness for medical affairs for the company. His knowledge, as well as his lack of knowledge, is relevant.   This is a proper hypothetical question. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 420:11-421:9 | | | |
| 480:8-480:13 | | | |
| 507:22-508:2 | 401/403; includes complications not alleged by this Plaintiff. | | Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |
| 527:21-529:2 | 401/403; post-dates Plaintiff's implant; lack of foundation; lack of personal knowledge. | 529:3-16 | Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community"<br><br>The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | claims, and the fact that the document post-dates Plaintiff's implant does not make it inadmissible or irrelevant to those claims.<br><br>This witness was the Medical Doctor in charge of the Prolift. Defendants have designated him as a non-retained expert in this matter and a 30(b)(6) witness for medical affairs for the company. His knowledge, as well as his lack of knowledge, is relevant.   This is a proper hypothetical question.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.  Not necessary for completeness, undue delay, 403, 611(a). |
| 530:19-530:25 | Hearsay within hearsay regarding statements from non-Ethicon employees (exhibit 670); post-dates Plaintiff's implant; 401/403; includes complications not alleged by this Plaintiff. | | This is not hearsay in that it is not offered for the truth of the matter asserted, it is offered for the purposes of showing the witnesses' state of mind, Defendants' state of mind, knowledge of the company, and notice to the company. Even if it is hearsay, it is admissible under multiple hearsay exceptions, including 803(6), 803(5), 803(3), 803(1).<br><br>The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims, and the fact that the document post-dates Plaintiff's implant does not make it inadmissible or irrelevant to those claims. |
| 534:14-534:19 | | 533:9-13<br>533:15-23<br>533:25-534:10 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 534:22-534:23 (ending with "stated there") | | 534:23-24 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 539:11-539:16 | Hearsay within hearsay regarding statements from non-Ethicon employees (exhibit 670); post-dates Plaintiff's implant; 401/403; includes complications not alleged by this Plaintiff. | | This is not hearsay in that it is not offered for the truth of the matter asserted, it is offered for the purposes of showing the witnesses' state of mind, Defendants' state of mind, knowledge of the company, and notice to the company. Even if it is hearsay, it is admissible under multiple hearsay exceptions, including 803(6), 803(5), 803(3), 803(1).<br><br>Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |
| 539:18-540:10 | Same as above. | | Same as above. |
| 542:23-543:2 | Same as above. | 543:3-6<br>543:8-25 | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 544:1-544:11 | Same as above. | 543:8-21<br>544:22-544:23 | Same as above. |
| 545:6-545:20 | Same as above. | | |
| 546:3-546:8 | Same as above. | 546:9<br>546:11-17 | Same as above. |
| 546:18-546:25 | | 547:13-14 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 562:7-562:20 | | 562:21-563:5<br>563:7-9 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 564:11-564:24 | Hearsay within hearsay regarding statements from non-Ethicon employees (exhibit 1029); postdates Plaintiff's implant; 401/403; | 566:7-19<br>566:21-567:4 | This is not hearsay in that it is not offered for the truth of the matter asserted, it is offered for the purposes of showing the witnesses' state of mind, Defendants' state of mind, knowledge of the company, and notice to the company. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | includes complications not alleged by this Plaintiff. | | Even if it is hearsay, it is admissible under multiple hearsay exceptions, including 803(6), 803(5), 803(3), 803(1).<br><br>Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community"<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 570:4-570:8 | Same as above. | | Same as above. |
| 570:20-571:1 | Same as above. | | Same as above. |
| 571:17-572:2 | 401/403, includes complications not alleged by this Plaintiff; post-dates Plaintiff's implant. | 572:3-8 | Same as above.<br><br>The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims, and the fact that the document post-dates Plaintiff's implant does not make it inadmissible or irrelevant to those claims. |
| 572:13-574:9 | Same as above. | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 574:10-574:13 | Same as above. | | Same as above. |
| 574:15-574:17 | Same as above. | | Same as above. |
| 574:19-574:20 | Same as above. | | Same as above. |
| 574:22-574:23 | Same as above. | | Same as above. |
| 575:5-575:18 | | 575:19-581:17 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 582:19-583:1 | 401/403; post-dates Plaintiff's implant; includes hears within hearsay from a non-Ethicon employee. | | The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims, and the fact that the document post-dates Plaintiff's implant does not make it inadmissible or irrelevant to those claims.<br><br>This is not hearsay in that it is not offered for the truth of the matter asserted, it is offered for the purposes of showing the witnesses' state of mind, Defendants' state of mind, knowledge of the company, and notice to the company. Even if it is hearsay, it is admissible under multiple hearsay exceptions, including 803(6), 803(5), 803(3), 803(1). |
| 583:8-583:13 | Same as above. | | Same as above. |
| 583:25-584:6 | Same as above. | 584:14-25 | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.  Not necessary for completeness, undue delay, 403, 611(a). |
| 585:24-586:12 | Same as above. | | Same as above. |
| 589:13-590:2 | Hearsay within hearsay statements from a non-Ethicon employee; 401/403; post-dates Plaintiff's implant | | This is not hearsay in that it is not offered for the truth of the matter asserted, it is offered for the purposes of showing the witnesses' state of mind, Defendants' state of mind, knowledge of the company, and notice to the company.  Even if it is hearsay, it is admissible under multiple hearsay exceptions, including 803(6), 803(5), 803(3), 803(1).<br><br>The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims, and the fact that the document post-dates Plaintiff's implant does not make it inadmissible or irrelevant to those claims. |
| 590:9-590:15 | Same as above. | | Same as above. |
| 592:22-591:14 | Same as above. | | Save as above. |
| 592:3-592:9 | Same as above. | 592:10-593:17 595:24-596:7 | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 646:9-647:4 | 401/403; post-dates Plaintiff's implant and includes complications not alleged by Plaintiff in this case. | | The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims, and the fact that the document post-dates Plaintiff's implant does not make it inadmissible or irrelevant to those claims.<br><br>Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |
| 647:5-647:16 | Same as above. | | Same as above. |
| 650:8-651:3 | Same as above. | | Same as above. |
| **Piet Hinoul, MD 09/18/12** | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 727:1-727:4 | | 726:7-13<br>726:15<br>726:21-25<br>727:5-8 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 737:5-737:11 | | | |
| 891:2-891:6 | | | |
| 891:8-891:11 | | | |
| 891:13-891:18 | | | |
| 891:20-892:1 | | | |
| 892:3-892:4 | | | |
| 960:13-960:22 | 401/403; this exhibit (884) is a hearsay literature article used for the purpose of establishing bad character evidence. | | The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims, and the fact that the document post-dates Plaintiff's implant does not make it inadmissible or irrelevant to those claims.<br><br>Testimony is admissible under 803(18). |
| 964:3-965:3 | Same as above; also involves complications not alleged by this Plaintiff. | | Same as above.<br><br>Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |
| 966:1-967:2 | Same as above. | | Same as above. |
| 967:5-967:18 | Same as above; also involves complications not alleged by this Plaintiff. | 967:19-968:2 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.  Not necessary for completeness, undue delay, 403, 611(a). |
| 968:3-368:13 | Same as above; also involves complications not alleged by this Plaintiff. | | Same as above. |
| **Piet Hinoul, MD 09/19/12** | | | |
| 999:7-999:20 | Hearsay adverse event report (exhibit 2002) from a non-Ethicon employee. Also, 401/403, because Plaintiff has not shown substantial similarity. | | This is not hearsay in that it is not offered for the truth of the matter asserted, it is offered for the purposes of showing the witnesses' state of mind, Defendants' state of mind, knowledge of the company, and notice to the company.   Even if it is hearsay, it is admissible under multiple hearsay exceptions, including 803(6), 803(5), 803(3), 803(1). |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 999:24-1000:20 | Same as above. | | Same as above. |
| 1000:23-1000:25 | Same as above. | | Same as above. |
| 1001:2-1001:2 | Same as above. | | Same as above. |
| 1019:5-1019:25 | 401/403; powerpoint (exhibit 887) involves complications not alleged by this Plaintiff; post-dates Plaintiff's implant. | | Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community"<br><br>The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims, and the fact that the document post-dates Plaintiff's implant does not make it inadmissible or irrelevant to those claims. |
| 1020:4-1020:16 | Same as above. | | Same as above. |
| 1025:17-1025:24 | Same as above. | | Same as above. |
| 1054:18-1054:24 | | 1055:1-2 1055:4-5 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 1058:22-1058:24 | | 1059:8-12 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 1160:17-19 | Subject to MIL regarding withdrawal of device. | | Plaintiffs adopt and incorporate their responses to Defendants' MILs |
| 1160:21-22 (ending at "reason") | Same as above. | 1160:22-23. | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 1064:9-1064:16 | Improper hypothetical; assumes facts not in evidence; mischaracterizes the evidence; calls for improper expert opinion. | 1062:17-20 1062:22-1063:3 | This is a proper hypothetical question.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 1083:13-1083:19 | Same as above. | 1082:20-1083:2<br>1083:4-8<br>1083:21-1084:2<br>1084:7-14 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 1086:1-1086:10 | | 1086:11-16 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 1086:24-1087:4 | | | |
| 1090:16-1091:3 | | 1089:17-21<br>1089:23-1090:14 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 1122:18-1122:24 | Hearsay literature article. Includes complications not alleged by Plaintiff in this case. | 1123:12-19 | Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community"<br><br>Testimony is admissible under 803(18).<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 1124:2-1124:17 | Same as above. | 1124:18-1125:1 | Same as above. |
| 1125:2-1125:17 | Same as above. | 1125:18-22 1126:8-9<br>1126:19-22<br>1126:25-1127:1 | Same as above. |
| 1129:24-1130:16 | Same as above. | | Same as above. |
| 1131:17-1132:7 | Same as above. | 1132:8-13 | Same as above. |
| 1134:23-1135:2 | Same as above. | 1135:3-5 | Same as above. |
| 1135:13-1135:13 | Same as above. | | Same as above. |
| 1135:15-1135:18 | Same as above. | 1136:2-9 | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 1137:12-1137:23 (ending with "true") | Same as above; also, incomplete designation. | 1137:23-24 | Same as above. |
| 1138:3-1138:8 | Same as above. | 1139:3-10 1139:12-15 | Same as above. |
| 1140:25-1141:15 | Same as above. | 1140:13-24 | Same as above. |
| 1144:18-1145:22 | Hearsay opinion email (exhibit 894) from a non-Ethicon employee in 2005; 401/403, involves complications not alleged by Plaintiff in this case. | 1146:23-1147:11 | This is not hearsay in that it is not offered for the truth of the matter asserted, it is offered for the purposes of showing the witnesses' state of mind, Defendants' state of mind, knowledge of the company, and notice to the company. Even if it is hearsay, it is admissible under multiple hearsay exceptions, including 803(6), 803(5), 803(3), 803(1). This is not hearsay in that it is not offered for the truth of the matter asserted, it is offered for the purposes of showing the witnesses' state of mind, Defendants' state of mind, knowledge of the company, and notice to the company. Even if it is hearsay, it is admissible under multiple hearsay exceptions, including 803(6), 803(5), 803(3), 803(1). Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 1147:12-1147:18 | Same as above. | | Same as above. |
| 1148:19-1149:1 | Hearsay literature article (exhibit 895); also, 401/403, involves complications not alleged by Plaintiff in this case. | | Same as above. |
| 1156:20-1157:4 | Same as above. | | Same as above. |
| 1160:17-19 | 401/403; subject to MIL regarding withdrawal of product from market; argumentative; mischaracterizes the evidence; assumes facts not in evidence; improper hypothetical. | 1158:5-9 | Same as above.   Plaintiffs adopt and incorporate their responses to Defendants' MILs.  Question is proper.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 1160:21-22 (ending at "reason") | Same as above; also, incomplete designation. | 1160:22-23 1160:25-1161:6 1162:2-14 1166:8-21 1178:20-23 1179:1-5 | Same as above.  Designation is complete.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 1179:9-1180:2 | Same as above. | 1179:1-5 1180:7-13 1180:15 1180:17-19 | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | 1181:3-8 | |
| 1191:22-1192:5 | 401/403: this exhibit (899) and testimony relates specifically to a non-Ethicon employee's mesh erosion data (including of Prosima, a product not at issue in this case), and the witness's opinion regarding same; post-dates Plaintiff's implant. | 1193:2-6<br>1193:8-20 | The Prosima uses the exact same mesh as the Prolift. The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims, and the fact that the document post-dates Plaintiff's implant does not make it inadmissible or irrelevant to those claims.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 1192:17-1192:25 | Same as above. | | Same as above. |
| 1193:23-1194:6 | Same as above. | 1193:2-6<br>1193:8-11 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| | | 1194:8-1196:1 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 1199:6-1199:17 | Same as above. | 1199:22-25 | Same as above. |
| 1199:19-1199:20 | Same as above. | 1200:1-6 | Same as above. |
| 1200:21-1201:7 | Same as above. | | Same as above. |
| 1202:12-1203:9 | Same as above. | 1203:15-19 1203:21-25 | Same as above. |
| 1205:17-1205:24 | Same as above. | 1205:2-5 | Same as above. |
| 1207:20-1208:7 | Discussing hearsay literature article. | | Testimony is admissible under 803(18). |
| 1265:16-18 | Hearsay literature article | | Same as above. |
| 1286:7-24 | Same as above. | | Same as above. |
| 1337:19-1337:23 | Same as above. | | Same as above. |
| 1338:24-1339:13 | Same as above. | | Same as above. |
| 1339:15-1340:11 | Same as above. | | Same as above. |
| 1343:17-1344:2 | Same as above; also, discussing complications not alleged by this Plaintiff. | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 1344:4-1344:8 | Same as above. | | Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |
| | | 1249:22-25<br>1250:9-1252:16<br>1253:8-25<br>1254:6-7<br>1254:10-23<br>1255:6-1256:2<br>1256:3-1257:12<br>1257:21-1258:12<br>1258:13-1259:21<br>1260:1-20<br>1260:24-1261:5<br>1261:6-1261:18<br>1262:2-3<br>1262:6-11<br>1262:23-1264:1<br>1264:4<br>1264:6-14<br>1265:16-18<br>1265:19-1266:5<br>1266:6-9<br>1266:12-16<br>1266:18-1267:24<br>1268:1-8 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. In addition, these are improper counters as they do not identify what testimony is being countered. Not necessary for completeness, undue delay, 403, 611(a). |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | 1268:11-19<br>1268:24-1269:16<br>1269:19-1270:8<br>1270:11<br>1270:22-24<br>1271:1-17<br>1271:19-21<br>1272:8-1273:17<br>1273:19-1274:12<br>1274:21-23<br>1274:25-1275:2<br>1275:17-19<br>1275:22-1276:17<br>1276:18-1278:2<br>1278:15-1279:2<br>1279:5-1280:6<br>1280:9-1281:11<br>1281:14-1282:20<br>1282:22-1283:5<br>1283:16-1284:14<br>1284:16-1285:16<br>1285:18-1286:3<br>1286:5<br>1286:25-1288:3<br>1288:5-1288:20<br>1289:7-1290:23<br>1291:1-3<br>1291:4-1292:2<br>1292:4-1292:20<br>1292:23-1293:1<br>1293:3-1293:20<br>1294:1-1294:11<br>1294:16-1294:22<br>1294:24-1295:13<br>1295:17-1296:3 | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | 1296:5-13 | |
| | | 1296:15- 1299:6 | |
| | | 1299:9-10 | |
| | | 1301:1-1302:6 | |
| | | 1302:8-1303:7 | |
| | | 1303:9- | |
| | | 1304:13 | |
| | | 1304:16 | |
| | | 1304:18-1308:9 | |
| | | 1308:10-12 | |
| | | 1308:13-1309:19 | |
| | | 1309:21-1312:4 | |
| | | 1312:11-1312:14 | |
| | | 1312:16-1313:6 | |
| | | 1314:4-1314:25 | |
| | | 1316:13-1317:9 | |
| | | 1317:17-1317:19 | |
| | | 1317:21-1318:1 | |
| | | 1318:3-18 | |
| | | 1318:20-1319:2 | |
| | | 1319:5-12 | |
| | | 1319:14-1320:08 | |
| | | 1320:21-24 | |
| | | 1321:1-19 | |
| | | 1322:10-11 | |
| | | 1322:13-1323:4 | |
| | | 1323:7-9 | |
| | | 1323:11-1323:25 | |
| | | 1324:5-1325:11 | |
| | | 1325:15-1325:23 | |
| | | 1331:18-23 | |
| | | 1331:25-1332:9 | |
| | | 1332:11-14 | |
| | | 1332:17-1333:12 | |
| | | 1333:14-25 | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | 1334:2-14<br>1334:16-1335:19<br>1336:5-11<br>1336:12-14<br>1343:17-1344:2<br>1346:20-1347:9<br>1347:11-1347:18<br>1347:25-1348:21<br>1348:22-1349:1<br>1349:4-22<br>1349:24-1350:2 | |
| **Piet Hinoul 06/27/13** | | | |
| 443:3-443:10 | 401/403; powerpoint (exhibit 818) post-dates Plaintiff's implant | | The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims, and the fact that the document post-dates Plaintiff's implant does not make it inadmissible or irrelevant to those claims. |
| 443:14-444:9 | Same as above. | | Same as above. |
| 447:5-447:16 | Same as above. | 448:4-8 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.  Not necessary for completeness, undue delay, 403, 611(a). |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 488:14-488:24 | 401/403; document (exhibit 721) post-dates Plaintiff's implant; subject to MIL regarding withdrawal of product from market. | | Same as above.    Plaintiffs adopt and incorporate their responses to Defendants' MILs |
| 488:25-490:1 | Same as above. | | Same as above. |
| 490:13-17 | Same as above. | 490:18-491:3 491:16-25 | Same as above. Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 492:20-25 (ending with "correct") | Same as above. | 492:25-493:2 | Same as above. |
| 493:6-493:15 | Same as above. | | Same as above. |
| 493:17-493:17 | Same as above. | 493:19-22 493:24 | Same as above. |
| 498:24-499:20 (ending with "yes") | Same as above. | 499:20-21 | Same as above. |
| 513:20-513:23 | CER for product not at issue in this case (exhibit 722); 401/402; | 514:23-515:4 | Defendants misstate facts regarding clinical expert report. There are no regulatory standards, foreign or otherwise, |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | postdates Plaintiff's implant; subject to MIL regarding FDA evidence; subject to MIL regarding foreign regulatory evidence; subject to MIL regarding withdrawal of the device | | implicated in this document or testimony and this testimony and document has been admitted in multiple Prolift trials.  Plaintiffs adopt and incorporate their responses to Defendants' Motions in limine.   Product is relevant as it has same transvaginal polypropylene mesh.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.  Same as above. |
| 515:21–516:2 | Same as above. | | Same as above. |
| 517:4–517:11 | Same as above. | | Same as above. |
| 517:12–518:15 | Same as above; also includes complications not alleged by this Plaintiff. | | Same as above.<br><br>Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body.  Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |
| 520:2–520:10 | Same as above; also includes complications not alleged by this Plaintiff. | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 520:13-520:25 | Same as above; also includes complications not alleged by this Plaintiff. | 521:11-25 522:23-523:3 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 523:24-524:5 | Same as above; also includes complications not alleged by this Plaintiff. | | Same as above. |
| 524:7-524:7 | Same as above; also includes complications not alleged by this Plaintiff. | | Same as above. |
| 524:12-524:25 | Same as above; also includes complications not alleged by this Plaintiff. | | Same as above. |
| 525:3-525:21 | Same as above; also includes complications not alleged by this Plaintiff. | | Same as above. |
| 528:1-528:3 | Same as above; also includes complications not alleged by this Plaintiff. | | Same as above. |
| 528:5-528:11 | Same as above; also includes complications not alleged by this Plaintiff. | 528:12-18 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 528:20-528:25 | Same as above; also includes complications not alleged by this Plaintiff. | | Same as above. |
| 529:3-529:4 (ending at "yes") | Same as above; also includes complications not alleged by this Plaintiff; also, incomplete designation. | 529:4 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 718:2-719:17 | Hearsay within hearsay; exhibit (733) and testimony subject to MIL regarding PA consulting group; post-dates Plaintiff's implant; 401/403. | | Testimony establishes that Ethicon adopted the finding s in this report. This is not hearsay in that it is not offered for the truth of the matter asserted, it is offered for the purposes of showing the witnesses' state of mind, Defendants' state of mind, knowledge of the company, and notice to the company. Even if it is hearsay, it is admissible under multiple hearsay exceptions, including 803(6), 803(5), 803(3), 803(1). |
| 719:19-719:20 | Same as above. | | Same as above. |
| | | 704:19-706:3 706:6-709:12 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | 711:12 -712:5<br>712:6 -713:3<br>713:5 -713:7<br>713:11 -713:18<br>722:13-22 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |

**Joerg Holste, Ph.D.**

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **Joerg Holste, Ph.D. 12/14/12** | | | |
| 8:14-8:19 | | | |
| 23:3-23:6 | | | |
| 28:7-28:12 | | | |
| 31:1-31:9 | | | |
| 31:23-32:8 | | | |
| 32:10-32:10 | | | |
| 63:7-63:14 (strike "I am still") | | 63:14-18 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 66:4-66:12 | Lack of foundation/outside the scope – questioning the witness about other employees' roles at Ethicon. | | Nothing improper about asking the witness based on his personal knowledge. |
| 66:14-66:15 | Same as above. | | Same as above |
| 71:25-72:15 | | | |
| 72:17-72:21 | 401/403; involves complications not alleged by Plaintiff in this case. | | Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |
| 72:23-73:4 | Same as above. | | Same as above. |
| 83:7-83:13 | Lack of foundation; asking the witness to opine on Ethicon's state of mind; lack of personal knowledge regarding position of non-Ethicon employees. | | Nothing improper about asking the witness regarding his personal knowledge. |
| 83:15-83:16 | Same as above. | | Same as above. |
| 83:18-83:18 | Same as above. | | Same as above. |
| 87:7-87:13 | Same as above; also, irrelevant as it relates to hernia repair. | | Same as above. Relevant to claims and defenses in case. |
| 87:15-87:15 | Same as above. | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 178:19-179:2 | Email discusses hearsay within hearsay regarding statements and opinions from non-Ethicon employees. 401/403. | | This is not hearsay in that it is not offered for the truth of the matter asserted, it is offered for the purposes of showing the witnesses' state of mind, Defendants' state of mind, knowledge of the company, and notice to the company. Even if it is hearsay, it is admissible under multiple hearsay exceptions, including 803(6), 803(5), 803(3), 803(1). |
| 179:9-179:11 | Same as above. | | Same as above.  Question is proper. |
| 185:21-186:2 | Same as above; misleading; lacks context; improper hypothetical. | | Same as above. |
| 186:11-186:15 | Same as above; misleading; lacks context; improper hypothetical. | | Same as above. |
| 186:17-186:17 | Same as above; misleading; lacks context; improper hypothetical. | | Same as above. |
| **Joerg Holste, Ph.D. 12/15/12** | | | |
| 232:9-232:22 | 401/403; involves complications not alleged by Plaintiff in this case. | | Defendants Misstate facts re: complications not alleged.  Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body.  Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |
| 233:5-233:17 | Same as above. | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 233:19-233:19 | Same as above. | | Same as above. |
| 234:10-235:5 | Same as above. | | Same as above. |
| 265:18-265:24 | Same as above. | | Same as above. |
| 267:8-267:11 | Same as above. | | Same as above. |
| 268:16-268:19 | Same as above. | | Same as above. |
| 277:15-277:24 | Same as above. | | Same as above. |
| 279:7-279:12 | Exhibit (1299) and testimony postdate Plaintiff's implant; 401/403; involves complications not alleged by Plaintiff in this case. | | Same as above.<br><br>The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims, and the fact that the document post-dates Plaintiff's implant does not make it inadmissible or irrelevant to those claims. |
| 280:21-281:6 | Same as above. | | Same as above. |
| 283:19-284:4 | Same as above. | | Same as above. |
| 284:22-285:1 | Same as above; also, hearsay medical literature. | | Same as above.<br><br>Not hearsay, foundation for question.  Even if hearsay, testimony is admissible under 803(18). |
| 285:3-285:3 | Same as above; also, hearsay medical literature. | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 290:4-290:17 | Same as above; also, hearsay medical literature. | | Same as above. |
| 290:19-290:19 | Same as above; also, hearsay medical literature. | | Same as above. |
| 291:4-291:20 | Same as above; also, hearsay medical literature. | | Same as above. |
| 294:1-294:2 | Same as above; also, hearsay medical literature. | | Same as above. |
| 294:4-294:4 | Same as above; also, hearsay medical literature. | | Same as above. |
| 413:7-413:17 | Hearsay medical literature (1302 and 1303). | | Same as above. |
| 414:11-414:14 | Same as above. | | Same as above. |
| 414:21-415:4 | Same as above. | | Same as above. |
| 416:5-416:6 | Same as above. | | Same as above. |
| 417:9-417:18 | Same as above. | | Same as above. |
| 417:22-418:8 | Same as above; also, lack of foundation. | | Same as above.  Foundation is proper. |
| 418:12-418:22 | Same as above. | | Same as above. |
| 420:10-420:16 | Same as above. | | Same as above. |
| 420:22-421:3 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 425:12-425:21 | Hearsay medical literature. | | Same as above. |
| 425:24-425:24 | Same as above. | | Same as above. |
| 430:9-431:3 | Same as above. | | Same as above. |
| 431:18-432:5 | Same as above. | | Same as above. |
| 432:12-432:20 | Same as above. | | Same as above. |
| 433:13-433:18 | Same as above. | | Same as above. |
| 433:20-433:20 | Same as above. | | Same as above. |
| 440:17-440:24 | Email (exhibit 1305) is hearsay within hearsay from a non-Ethicon employee. | | This is not hearsay in that it is not offered for the truth of the matter asserted, it is offered for the purposes of showing the witnesses' state of mind, Defendants' state of mind, knowledge of the company, and notice to the company.   Even if it is hearsay, it is admissible under multiple hearsay exceptions, including 803(6), 803(5), 803(3), 803(1). |
| 441:21-442:4 | | | |
| 442:6-442:13 | | | |
| 442:15-442:15 | | | |
| 478:20-478:25 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 479:14-479:17 | | | |
| 479:19-479:19 | | | |
| 480:2-480:12 | | | |
| 500:6-500:12 | | | |
| | | 443:9-444:21<br>444:24-449:25<br>450:1-8<br>451:12-14<br>451:16-20<br>451:23<br>452:1-24<br>453:1-455:6<br>456:3-12<br>456:15-458:7<br>459:16-21<br>460:8<br>460:20-461:13<br>461:16-19<br>461:24-25<br>462:5-462:18<br>462:25-463:6<br>463:10-13<br>463:18-20<br>463:22-465:23<br>466:2-469:23<br>469:25-470:24<br>471:2-471:20<br>472:3-6<br>472:10-12<br>472:14-24 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. In addition, these are improper counters as they do not identify what testimony is being countered.   Not necessary for completeness, undue delay, 403, 611(a). |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
|  |  | 473:2-23<br>474:3-17<br>474:23-478:10 |  |
| **Joerg Holste 07/29/13** |  |  |  |
| 7:25-8:1 |  |  |  |
| 37:14-37:21 |  |  |  |
| 47:14-47:20 | 401/403; testimony and exhibit (1298) involves a product not at issue in this case and post-dates Plaintiff's implant. |  | The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims, and the fact that the document post-dates Plaintiff's implant does not make it inadmissible or irrelevant to those claims. |
| 49:22-50:2 | Hearsay literature article. |  | Not hearsay, question/testimony is proper. independent from literature article. Even if hearsay, testimony is admissible under 803(18). |
| 50:17-50:19 | Same as above. |  | Same as above. |
| 50:22-50:25 | Same as above. |  | Same as above. |
| 51:3-51:12 | Same as above. |  | Same as above. |
| 55:22-56:1 |  |  |  |
| 56:4-56:5 |  |  |  |
| 56:8-56:10 |  |  |  |
| 56:13-56:13 |  |  |  |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 56:15-56:19 | | | |
| 56:21-56:21 | | | |
| 59:2-59:3 | Hearsay medical literature. | | Not hearsay, question/testimony is proper. independent from literature article. Even if hearsay, testimony is admissible under 803(18). |
| 59:10-60:5 | Same as above. | 60:8-9 | Same as above. Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 61:3-61:9 | Same as above. | | Same as above. |
| 61:13-61:14 | Same as above. | | Same as above. |
| 65:18-66:25 | Hearsay medical literature. | | Same as above. |
| 68:22-69:20 | Same as above. | | Same as above. |
| 69:23-69:24 | Same as above. | | Same as above. |
| 70:1-70:2 | Same as above. | 74:3-8 74:11-12 | Same as above. Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | ECF 193 at p. 2.  Not necessary for completeness, undue delay, 403, 611(a). |
| 70:4-70:4 | Same as above. | 74:3-8<br>74:11-12 | Same as above. |
| 76:12-76:21 | Same as above. | 74:3-8<br>74:11-12 | Same as above. |
| 76:25-77:2 | Same as above. | 74:3-8<br>74:11-12 | Same as above. |
| 95:4-95:11 | Same as above. | | Same as above. |
| | | <u>7/30/2013 Deposition</u><br>525:15-528:25<br>532:23-533:3<br>533:2-535:2<br>538:6-541:8<br>546:1-12<br>547:9-16<br>562:19-565:13<br>575:20-576:12<br>576:14-577:9<br>577:11-578:17<br>578:19-579:1<br>579:30-580:1 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.  In addition, these are improper counters as they do not identify what testimony is being countered.   Not necessary for completeness, undue delay, 403, 611(a). |

**Scott Jones**

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **Scott Jones 11/15/11** | | | |
| 9:18-9:19 | | | |
| 16:6-16:9 | | | |
| 17:7-17:15 | | | |
| 128:13-128:25 | | | |
| 152:9-153:4 | Lack of foundation; lack of personal knowledge; calls for expert medical opinion from marketing fact witness. | | Witness did not indicate lack of personal knowledge. Testimony is fact testimony |
| 153:5-153:18 | Same as above. | | Same as above. |
| 153:19-154:10 | Same as above; also relates to complications not alleged by Plaintiff in this case. | | Same as above.<br><br>Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |
| 154:11-154:18 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 155:23-156:1 | | | |
| 220:14-220:19 | Lack of foundation; lack of personal knowledge; calls for expert medical opinion from marketing fact witness. | | Same as above. |
| 268:1-269:10 | Testimony and exhibit (53) involve hearsay within hearsay from nonEthicon employees; also, post-dates Plaintiff's implant. Lack of foundation; lack of personal knowledge. Also involves complications not alleged by this Plaintiff. | | Same as above.<br><br>This is not hearsay in that it is not offered for the truth of the matter asserted, it is offered for the purposes of showing the witnesses' state of mind, Defendants' state of mind, knowledge of the company, and notice to the company. Even if it is hearsay, it is admissible under multiple hearsay exceptions, including 803(6), 803(5), 803(3), 803(1). |
| 269:11-269:23 | Same as above. | | Same as above. |
| 270:11-270:18 | Same as above. | | Same as above. |
| 271:3-271:6 | Same as above. | | Same as above. |
| 272:7-272:12 | Same as above. | | Same as above. |
| 272:13-272:23 | Same as above. | | Same as above. |
| 273:14-274:15 | Same as above. | | Same as above. |
| 274:2-274:15 | Same as above. | 275:7-12<br>275:14-276:1 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 277:13-278:1 | Same as above. | | Same as above. |
| 278:2-278:8 | Same as above. | | Same as above. |
| 280:14-281:2 | Same as above. | 278:24-279:2 279:4-9 | Same as above. |
| **Scott Jones 11/16/11** | | | |
| 471:23-472:4 | Lack of foundation; lack of personal knowledge; calls for speculation; calls for improper expert opinion. | | Same as above. |

**Howard C. Jordi, Ph.D.**

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **Howard C. Jordi, Ph.D. 10/30/13** | See Defendants' general objection to this entire deposition as an improper designation of expert testimony where the witness has not been identified as unavailable for live trial testimony. Defendants' reserve the right to provide specific objections to this designated testimony if the general objections are overruled. | | See Plaintiffs response to general objections above. Plaintiffs object to Defendants "reserving their rights" to provide specific objections. Any objections served at a later date should be stricken as untimely. |
| 5:8-5:9 | | | |
| 5:23-6:2 | | | |
| 6:7-6:11 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 13:5-13:12 | | | |
| 13:15-13:20 | | | |
| 14:5-15:22 | | | |
| 16:10-17:20 | | | |
| 22:14-22:21 | | | |
| 22:22-23:10 | | | |
| 24:21-25:18 | | | |
| 28:10-28:25 | | | |
| 31:21-31:25 | | | |
| 33:23-34:13 | | | |
| 37:3-37:14 | | | |
| 38:4-39:16 | | | |
| 39:23-40:3 | | | |
| 40:14-40:16 | | | |
| 41:2-41:23 | | | |
| 43:17-43:21 | | | |
| 44:3-44:10 | | | |
| 45:10-45:18 | | | |
| 46:20-47:13 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 65:10-66:5 | | | |
| 67:11-67:24 | | | |
| 77:22-78:8 | | | |
| 78:9-78:11 | | | |
| 78:14-79:19 | | | |
| 88:7-89:8 | | | |
| 90:10-91:8 | | | |
| 104:6-104:21 | | | |
| 110:16-111:12 | | | |
| 131:22-134:17 | | | |
| 137:15-137:20 | | | |
| 139:18-139:21 | | | |
| 139:23-139:24 | | | |
| 142:6-142:18 | | | |
| 145:5-145:12 | | | |
| 145:24-146:9 | | | |
| 156:21-156:24 | | | |
| 157:2-157:14 | | | |
| 157:20-158:3 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 288:23-289:15 | | | |
| 289:18-290:6 | | | |
| 289:9-289:14 | | | |
| 296:18-296:24 | | | |
| 297:7-297:23 | | | |
| 302:7-302:8 | | | |
| 302:11-302:23 | | | |

**Gene Kammerer**

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **Gene Kammerer 10/17/12** | | | |
| 9:16-9:24 | | | |
| 15:3-15:15 | | | |
| 17:18-17:22 | | | |
| 27:12-27:20 | Testimony and exhibit (1181) contains hearsay within hearsay from non-Ethicon employees; involves complications not alleged by Plaintiff in this case. | | This is not hearsay in that it is not offered for the truth of the matter asserted, it is offered for the purposes of showing the witnesses' state of mind, Defendants' state of mind, knowledge of the company, and notice to the company.   Even if it is hearsay, it is admissible under |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | multiple hearsay exceptions, including 803(6), 803(5), 803(3), 803(1).<br><br>Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |
| 28:3-30:10 | Same as above. | | Same as above |
| 38:23-39:8 | | | |
| 39:18-40:20 | | | |
| 43:24-44:8 | Testimony and exhibit (3005) contains hearsay within hearsay from non-Ethicon employees; involves complications not alleged by Plaintiff in this case. | | Same as above. |
| 45:8-45:20 | Same as above. | | Same as above. |
| 46:13-48:7 | Same as above. | 48:12-15<br>48:17-22 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 50:25-52:7 | | 53:3-21 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 66:6-66:11 | Testimony and exhibit (486) contains hearsay within hearsay from non-Ethicon employees; involves complications not alleged by Plaintiff in this case. | | This is not hearsay in that it is not offered for the truth of the matter asserted, it is offered for the purposes of showing the witnesses' state of mind, Defendants' state of mind, knowledge of the company, and notice to the company.   Even if it is hearsay, it is admissible under multiple hearsay exceptions, including 803(6), 803(5), 803(3), 803(1). Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body.  Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |
| 66:22-67:8 | Same as above. | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 68:3-68:11 | Same as above. | | Same as above. |
| 70:11-71:13 | Same as above. | | Same as above. |
| 72:21-73:9 | Same as above. | | Same as above. |
| 73:10-73:23 | Same as above. | | Same as above. |
| 75:8-77:2 | Same as above. | 77:4-9<br>77:11-12<br>78:3-6<br>78:8-9<br>78:11-16<br>78:18-24 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.  Not necessary for completeness, undue delay, 403, 611(a). |
| 79:1-79:10 | Same as above. | | Same as above. |
| 86:3-86:23 | Same as above. | | Same as above. |
| 87:13-87:18 | Same as above. | 87:2-11 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.  Not necessary for completeness, undue delay, 403, 611(a). |
| 87:21-87:23 | Same as above. | | Same as above. |
| 88:14-88:20 | Same as above. | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 88:22-88:24 | Same as above. | | Same as above. |
| 96:23-98:13 | Testimony and exhibit (1184) contains hearsay within hearsay from non-Ethicon employees; involves complications not alleged by Plaintiff in this case. | | Same as above. |
| 104:18-104:25 | Same as above. | | Same as above. |
| 105:10-105:22 | Same as above. Also, lack of foundation; calls for improper expert opinion; assumes facts not in evidence. | | Same as above.  Not an expert opinion.  Fact witness testimony. |
| 106:7-106:15 | Same as above. | | Same as above. |
| 112:3-112:14 | Same as above. | 112:15-19<br>112:21-22 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 113:19-114:6 | Same as above. | 114:7-11<br>114:20-22<br>114:24-115:13 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 137:15-138:3 | Testimony and exhibit (1188) contains hearsay within hearsay from non-Ethicon employees; | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | involves complications not alleged by Plaintiff in this case. | | |
| 138:12-139:8 | Same as above. | | Same as above. |
| 139:17-140:23 | Same as above. | | Same as above. |
| 141:20-142:15 | 401/403 | | Relevant and probative. |
| 143:21-144:13 | Same as above; calls for speculation. | | Same as above. Witness is not speculating. |
| 145:11-145:15 | | | |
| 147:25-148:6 | 401/403; document (exhibit 1190) post-dates Plaintiff's implant and involves complications not alleged by this Plaintiff. | | The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims, and the fact that the document post-dates Plaintiff's implant does not make it inadmissible or irrelevant to those claims.<br><br>Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |
| 149:16-149:25 | Same as above. | 150:1-3<br>150:5-13 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | designation was due "two days after plaintiff's submission," ECF 193 at p. 2.  Not necessary for completeness, undue delay, 403, 611(a). |
| 150:24-151:4 | | | |
| 151:16-151:23 | | | |
| 168:1-168:25 | Testimony and exhibit (486) contains hearsay within hearsay from non-Ethicon employees; involves complications not alleged by Plaintiff in this case. | 169:2-6 | This is not hearsay in that it is not offered for the truth of the matter asserted, it is offered for the purposes of showing the witnesses' state of mind, Defendants' state of mind, knowledge of the company, and notice to the company. Even if it is hearsay, it is admissible under multiple hearsay exceptions, including 803(6), 803(5), 803(3), 803(1). |
| | | | Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body.  Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |
| | | | Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| | | 153:1-2 153:12-154:15 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | 154:16-155:14 | were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| | | 156:5-7<br>157:18-19<br>158:3-20<br>158:23-159:25<br>160:16-163:11<br>163:17-164:7 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. In addition, these are improper counters as they do not identify what testimony is being countered.   Not necessary for completeness, undue delay, 403, 611(a). |
| **Gene Kammerer 06/12/13** | | | |
| 38:2-38:6 | 401; 403. | | Relevant and Provative. |

### Aaron Kirkemo, MD

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **Aaron Kirkemo, MD 04/18/12** | | | |
| 10:15-10:23 | | | |
| 15:8-15:13 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 31:8-31:25 | Testimony and exhibit (652) are subject to motion in limine regarding certain company documents (CD-ROM as pessary email). 401; 403. | | Plaintiffs adopt and incorporate their responses to Defendants' MILs |
| 33:20-33:23 | Same as above. | | Same as above. |
| 35:17-36:1 | Same as above. | | Same as above. |
| 36:20-37:1 (strike line 20 after "Q.") | Same as above. | | Same as above. |
| 39:14-40:2 | Same as above. | 41:25-42:2 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 43:13-44:11 | Same as above. | | Same as above. |
| 44:22-44:23 | Same as above. | | Same as above. |
| 44:25-45:12 | Same as above. | | Same as above. |
| 45:14-45:18 | Same as above. | | Same as above. |
| 47:2-47:7 (strike line 5) | Same as above; also, argumentative. | | Same as above.   Question is proper of a medical director. |
| | | 263:14-267:1<br>267:8-272:2<br>272:16-278:21 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | "two days after plaintiff's submission," ECF 193 at p. 2. In addition, these are improper counters as they do not identify what testimony is being countered. Not necessary for completeness, undue delay, 403, 611(a). |
| **Aaron Kirkemo, MD 01/06/14** | | | |
| 9:3-9:6 | | | |
| 279:5-279:9 | Irrelevant TVT evidence; Irrelevant (FRE 401) and substantially more prejudicial than probative (FRE 403) regarding Boston Scientific's ProteGen polyester/collagen mesh, which has been excluded in the MDL. | | The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims. |
| 279:11-279:11 | Same as above. | | Same as above. |
| 279:14-279:14 (end after "correct") | Same as above. | | Same as above. |
| 280:11-280:12 | Same as above. | | Same as above. |

**Dr. Uwe Klinge**

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **Dr. Uwe Klinge** | See Defendants' general objection to this entire deposition as an improper | | See Plaintiffs response to general objections above. Plaintiffs object to Defendants "reserving their rights" to |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **11/10/14** | designation of expert testimony where the witness has not been identified as unavailable for live trial testimony.<br>Defendants' reserve the right to provide specific objections to this designated testimony if the general objections are overruled. | | provide specific objections.  Any objections served at a later date should be stricken as untimely. |
| 10:3-10:8 | | | |
| 10:16-17:15 | | | |
| 17:24-20:7 | | | |
| 20:13-21:21 | | | |
| 21:24-25:2 | | | |
| 25:9-25:14 | | | |
| 25:17-25:24 | | | |
| 26:2-26:24 | | | |
| 27:11-28:19 | | | |
| 28:21-28:22 | | | |
| 29:3-29:14 | | | |
| 31:20-33:1 | | | |
| 33:2-33:3 | | | |
| 33:10-34:2 | | | |
| 34:8-34:17 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 35:11-35:15 | | | |
| 35:18-36:16 | | | |
| 36:18-36:18 | | | |
| 36:20-36:20 | | | |
| 36:23-37:19 | | | |
| 37:23-38:10 | | | |
| 38:12-39:2 | | | |
| 39:5-39:24 | | | |
| 40:3-41:22 | | | |
| 42:13-56:15 | | | |
| 56:19-57:13 | | | |
| 57:16-58:10 | | | |
| 58:12-58:12 | | | |
| 58:15-65:15 | | | |
| 65:21-67:4 | | | |
| 67:7-70:7 | | | |
| 70:11-70:12 (Note: 70:12 ending at "1156") | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 70:19-74:11 (Note: 74:11 ending at "3361") | | | |
| 74:24-76:3 | | | |
| 76:16-76:22 | | | |
| 76:24-77:16 | | | |
| 77:19-78:4 | | | |
| 78:6-79:2 | | | |
| 79:9-81:16 | | | |
| 81:22-81:22 | | | |
| 82:2-82:5 | | | |
| 117:7-117:20 | | | |
| 186:5-186:10 | | | |
| 186:19-187:10 | | | |
| 192:9-192:16 | | | |
| 192:23-194:19 | | | |
| 195:5-195:17 | | | |
| 195:23-196:2 | | | |
| 196:7-196:19 | | | |
| 197:8-197:16 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 199:21-199:22 | | | |
| 200:10-200:23 | | | |
| 201:11-202:21 | | | |
| 203:4-203:19 | | | |
| 204:2-204:12 | | | |
| 204:14-204:15 | | | |
| 204:17-204:20 | | | |
| 204:22-204:22 | | | |
| 205:17-206:7 | | | |
| 206:22-207:2 | | | |
| 207:4-207:4 | | | |
| 207:6-207:10 | | | |
| 207:12-207:12 | | | |
| 208:5-209:5 | | | |
| 209:9-209:17 | | | |
| 209:22-211:5 | | | |
| 218:11-218:13 | | | |
| 219:6-219:7 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **Dr. Uwe Klinge 11/04/15** | See Defendants' general objection to this entire deposition as an improper designation of expert testimony where the witness has not been identified as unavailable for live trial testimony.<br>Defendants' reserve the right to provide specific objections to this designated testimony if the general objections are overruled. | | |
| 9:18-10:23 | | | |
| 95:3-95:15 | | | |
| 96:20-97:1 | | | |
| 97:24-98:9 | | | |
| 99:3-99:11 | | | |
| 99:25-100:6 | | | |
| 104:1-104:5 | | | |

**Bryan Lisa**

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **Bryan Lisa 12/19/11** | | | |
| 13:7-13:12 | | | |
| 16:2-16:11 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 53:6-53:13 | | | |
| 55:14-55:19 | | | |
| 56:10-56:22 | | | |
| 62:13-62:20 | Lack of foundation; calls for speculation. | | Foundation established.  No indication of speculation. |
| 63:5-63:8 | | | |
| 63:10-63:10 | | | |
| 63:12-63:18 | Lack of foundation; calls for speculation; assumes facts not evidence; mischaracterizes the evidence. | | Foundation established.  No indication of speculation. Characterization of evidence is a matter for the jury. |
| 63:20-63:21 | Same as above. | | Same as above |
| 71:25-72:3 | | | |
| 72:10-72:14 | | | |
| 72:16-72:22 | | 72:23-73:7 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.  Not necessary for completeness, undue delay, 403, 611(a). |
| 294:6-294:12 | Lack of foundation; calls for speculation; assumes facts not evidence; mischaracterizes the evidence. | | Foundation established.  No indication of speculation. Characterization of evidence is a matter for the jury. |
| 294:14-294:14 | Same as above. | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **Bryan Lisa 12/20/11** | | | |
| 352:15-352:24 | Lack of foundation; calls for speculation; calls for improper medical expert testimony from a regulatory witness; assumes facts not evidence; mischaracterizes the evidence. | | Foundation established.  No indication of speculation.  Testimony within scope of witnesses' employment and knowledge.  Characterization of evidence is a matter for the jury. |
| 353:1-353:3 | Same as above. | | Same as above. |
| 353:5-353:6 | Same as above. | | Same as above. |
| 353:8-353:10 | Same as above. | | Same as above. |
| 388:13-388:24 | | | |
| 389:3-389:6 | | | |
| 389:10-389:14 | | | |
| 533:4-533:10 | 401; 403; testimony and exhibit (169) post-date Plaintiff's implant; subject to MIL regarding FDA evidence | | The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims, and the fact that the document post-dates Plaintiff's implant does not make it inadmissible or irrelevant to those claims.

Testimony does not implicate FDA evidence. |
| 537:10-537:13 | | | |
| 537:20-538:6 | Calls for speculation; mischaracterizes the evidence; 403. | 538:7-16 | Foundation established.  No indication of speculation.  Testimony within scope of witnesses' employment and |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | knowledge. Characterization of evidence is a matter for the jury and should be addressed on cross examination.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 539:13-539:18 | 401; 403; testimony and exhibit (169) post-date Plaintiff's implant; subject to MIL regarding FDA evidence; also calls for speculation. | | Same as above. |
| 539:20-540:4 | Same as above. | | Same as above. |
| 580:24-583:10 | Lack of foundation; calls for improper medical expert testimony from regulatory witness. | | Same as above. Testimony is within scope of knowledge of witness |
| 583:12-583:12 | Same as above. | | Same as above. |
| 590:23-591:2 | Subject to MIL regarding postimplant changes to IFU. | | Plaintiffs adopt and incorporate their responses to Defendants' MILs |
| 591:8-591:10 | Same as above. | | Same as above. |
| 591:23-592:4 | Same as above. | | Same as above. |
| 592:6-592:12 | Same as above. | | Same as above. |
| | | 623:5-12<br>628:4-19 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |

**Vincent Lucente, MD**

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **Vincent Lucente, MD 06/10/14** | | | |
| 16:19-16:20 | | | |
| 26:19-26:24 | | | |
| 36:22-37:3 | | | |
| 37:13-37:17 | | | |
| 189:11-189:19 | | | |
| 189:20-190:1 | | | |
| 380:25-381:10 | | | |
| 381:13-381:13 | | | |
| 381:15-382:8 | | | |
| 382:10-382:10 | | | |
| 425:3-426:7 | | | |
| 426:8-426:13 | 401/403 – this testimony and exhibit (2068) relate to Dr. Lucente's alleged involvement in getting the term "experimental" removed from the 2007 ACOG practice bulletin's | | The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims, and the fact that the document post-dates Plaintiff's |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | description of mesh kits. This testimony is irrelevant in this case because Plaintiff's implant occurred before the term "experimental" was removed from the ACOG bulletin, so this evidence of Dr. Lucente's alleged involvement could not have affected Plaintiff. Outside the scope; Post-dates Plaintiff's implant. | | implant does not make it inadmissible or irrelevant to those claims. |
| 426:16-426:24 | Same as above. | | Same as above. |
| 427:6-428:7 | Same as above. | | Same as above. |
| 435:10-436:07 | Same as above. | | Same as above. |
| 436:10-436:22 | Same as above. | | Same as above. |
| 436:24-437:1 | Same as above. | | Same as above. |
| 437:17-438:19 | Same as above. | | Same as above. |
| 438:22-439:1 | Same as above. | | Same as above. |
| 439:3-439:8 | Same as above. | | Same as above. |
| 459:22-460:10 | 401; 403. | | Testimony is relevant and probative. |
| 460:21-22 | 401; 403. | | Testimony is relevant and probative |
| | | June 10, 2014 Deposition 386:10-14 387:4-23 388:1-19 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. In addition, these are improper counters as they do not identify |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | opwe<br><br><u>November 2, 2012</u><br><u>Deposition</u><br> 364:5-364:11<br> 364:16-365:9<br> 367:5-367:16<br> 367:17-368:1<br> 374:14-375:18<br> 376:11-376:16<br> 382:14-383:13<br> 383:15-383:17<br> 383:19-385:15<br> 387:6-388:10<br> 389:18-390:1<br> 395:7-395:25<br> 397:3-397:11<br> 397:15-399:8<br> 404:13-404:16<br> 404:18-408:3<br> 409:22-413:12<br> 413:17-413:22<br> 413:25-415:15<br> 415:18-415:21<br> 415:22-415:25<br> 418:1-418:5<br> 419:2-419:4<br> 419:6-420:13<br> 421:2-421:5<br> 422:12-422:19<br> 422:22-423:1<br> 423:9-423:11<br> 423:13-424:8<br> 424:10-424:18<br> 424:20-425:5 | what testimony is being countered.    Not necessary for completeness, undue delay, 403, 611(a). |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | 425:10-425:12<br>427:7-427:9<br>427:11-427:23<br>428:16-429:22<br>429:24-430:14<br>430:17-430:19<br>430:21-431:4<br>434:21-436:15<br>436:17-436:19<br>436:22-437:3<br>437:5-437:23<br>438:8-438:22<br>442:23-442:24<br>443:3-443:22<br>443:24-444:6<br>444:24-445:10<br>445:14-16<br>445:18-447:9<br>453:15-453:17<br>453:19-454:10<br>457:9-457:11<br>457:13-457:21<br>458:11-459:6<br>459:13-459:21<br>460:11-460:16<br>460:18-460:19<br>460:23-460:25<br>461:2-461:3<br>461:5-461:14<br>464:10-468:3 | |

**James Mittenthal**

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **James Mittenthal 08/13/13** | | | |
| 197:4-197:10 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; argumentative; speculation; form; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case; Defendants object to testimony regarding the fact that the 2003 TVT legal hold was not released. While that testimony was believed to be accurate at the time of the deposition, Defendants subsequently identified a 2005 legal hold release that was distributed and released all prior TVT holds. The hold release was produced to Plaintiffs. Plaintiffs are aware that the 2003 hold was in fact released, and Defendants object to admitting testimony that is no longer factually accurate. | | Plaintiffs adopt and incorporate their responses to Defendants' MILs |
| 197:13-197:15 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; argumentative; | | Plaintiffs adopt and incorporate their responses to Defendants' MILs  TVT hold relevant to provide context to |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | speculation; form; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case; Defendants object to testimony regarding the fact that the 2003 TVT legal hold was not released. While that testimony was believed to be accurate at the time of the deposition, Defendants subsequently identified a 2005 legal hold release that was distributed and released all prior TVT holds. The hold release was produced to Plaintiffs. Plaintiffs are aware that the 2003 hold was in fact released, and Defendants object to admitting testimony that is no longer factually accurate. | | issues in this case and because it share common developmental history and is the same mesh.

Admissible under multiple hearsay exceptions, including 803(6), 803(5), 803(3), 803(1). |
| 197:17-197:19 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; argumentative; speculation; form; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case; Defendants object to testimony regarding the fact that the 2003 TVT legal hold was not released. While that testimony was believed to be accurate at the time of the deposition, Defendants subsequently | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | identified a 2005 legal hold release that was distributed and released all prior TVT holds. The hold release was produced to Plaintiffs.  Plaintiffs are aware that the 2003 hold was in fact released, and Defendants object to admitting testimony that is no longer factually accurate. | | |
| 197:22-197:22 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; argumentative; speculation; form; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case; Defendants object to testimony regarding the fact that the 2003 TVT legal hold was not released. While that testimony was believed to be accurate at the time of the deposition, Defendants subsequently identified a 2005 legal hold release that was distributed and released all prior TVT holds. The hold release was produced to Plaintiffs.  Plaintiffs are aware that the 2003 hold was in fact released, and Defendants object to admitting testimony that is no longer factually accurate. | | Same as above. |
| 259:3-259:12 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; argumentative. | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **James Mittenthal 09/25/13** | | | Same as above. |
| 475:4-475:8 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); argumentative; speculation; lack of foundation; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case; Defendants object to testimony regarding the fact that the 2003 TVT legal hold was not released. While that testimony was believed to be accurate at the time of the deposition, Defendants subsequently identified a 2005 legal hold release that was distributed and released all prior TVT holds. The hold release was produced to Plaintiffs. Plaintiffs are aware that the 2003 hold was in fact released, and Defendants object to admitting testimony that is no longer factually accurate | | Same as above. |
| 475:11-475:13 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); argumentative; speculation; lack of foundation; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case; Defendants | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | object to testimony regarding the fact that the 2003 TVT legal hold was not released. While that testimony was believed to be accurate at the time of the deposition, Defendants subsequently identified a 2005 legal hold release that was distributed and released all prior TVT holds. The hold release was produced to Plaintiffs.  Plaintiffs are aware that the 2003 hold was in fact released, and Defendants object to admitting testimony that is no longer factually accurate. | | |
| 475:21-476:1 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); argumentative; speculation; lack of foundation; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case; Defendants object to testimony regarding the fact that the 2003 TVT legal hold was not released. While that testimony was believed to be accurate at the time of the deposition, Defendants subsequently identified a 2005 legal hold release that was distributed and released all prior TVT holds. The hold release was produced to Plaintiffs.  Plaintiffs are aware that the 2003 hold was in | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | fact released, and Defendants object to admitting testimony that is no longer factually accurate. | | |
| 476:2-476:12 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); argumentative; speculation; lack of foundation; Defendants object to reference to other lawsuits. | | Same as above. |
| 563:22-564:2 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay) | | Same as above. |
| 567:18-568:12 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); argumentative; speculation; lack of foundation; form; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case | | Same as above. |
| 568:15-568:18 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); argumentative; speculation; lack of foundation; form; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case | | Same as above. |
| 568:20-569:8 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); argumentative; speculation; lack of foundation; form | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 569:11-569:13 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); argumentative; speculation; lack of foundation; form | | Same as above. |
| 569:15-569:18 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); argumentative; speculation; lack of foundation; form | | Same as above. |
| 599:12-599:17 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); argumentative; speculation; lack of foundation; Defendants object to the introduction of testimony regarding Alison London Brown's documents because she separated from the company in 2007, prior to Ethicon's duty to preserve documents relating to Gynemesh PS. | | Same as above. |
| 600:5-601:2 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); argumentative; speculation; lack of foundation; Defendants object to the introduction of testimony regarding Alison London Brown's documents because she separated from the company in 2007, prior to Ethicon's duty to preserve documents relating to Gynemesh PS | | Same as above. |
| 601:4-601:22 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); argumentative; speculation; lack of | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | foundation; form; Defendants object to the introduction of testimony regarding Alison London Brown's documents because she separated from the company in 2007, prior to Ethicon's duty to preserve documents relating to Gynemesh PS; Defendants object to the introduction of testimony regarding TVT because TVT is a separate product not at issue in this case. | | |
| 602:12-602:23 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); argumentative; speculation; lack of foundation; form; Defendants object to the introduction of testimony regarding Alison London Brown's documents because she separated from the company in 2007, prior to Ethicon's duty to preserve documents relating to Gynemesh PS; Defendants object to the introduction of testimony regarding TVT because TVT is a separate product not at issue in this case | 603:2-3 603:6-11 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 604:16-605:1 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); argumentative; speculation; lack of foundation; Defendants object to the introduction of testimony regarding Alison London Brown's documents because she separated from the company in 2007, prior to Ethicon's | 605:2-13 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | duty to preserve documents relating to Gynemesh PS. | | |
| 614:13-614:16 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); argumentative; speculation; lack of foundation; Defendants object to the introduction of testimony regarding Charlotte Owens's documents because she separated from the company in 2005, prior to Ethicon's duty to preserve documents relating to Gynemesh PS. | | Same as above. |
| 615:15-615:23 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; Defendants object to the introduction of testimony regarding Charlotte Owens's documents because she separated from the company in 2005, prior to Ethicon's duty to preserve documents relating to Gynemesh PS. | | Same as above. |
| **James Mittenthal 02/10/14** | | | Same as above. |
| 696:4-696:11 | As to Exhibit T3610: 401 (relevance); 403 (unduly prejudicial); 802 (hearsay) | | Same as above. |
| 696:13-697:15 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay) | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 697:17-697:19 | 401 (relevance); 403 (unduly prejudicial) | | Same as above. |
| 697:21-698:13 | 401 (relevance); 403 (unduly prejudicial); misleading; speculation; form | | Same as above. |
| 698:15-698:16 | 401 (relevance); 403 (unduly prejudicial); misleading; speculation; form | | Same as above. |
| 698:18-699:12 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form | | Same as above. |
| 699:16-700:9 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form | | Same as above. |
| 700:12-700:12 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form | | Same as above. |
| 700:14-701:9 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; Defendants object to testimony regarding a general records retention CAPA examining Ethicon's change from a paper based records retention program to an electronic system | | Same as above. |
| 701:12-701:12 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; Defendants object to testimony regarding a | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | general records retention CAPA examining Ethicon's change from a paper based records retention program to an electronic system | | |
| 701:14-701:24 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; argumentative; form; calls for legal conclusion. | | Same as above. |
| 702:2-702:3 strike "albeit" | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form | 702:03-702:05 (from "albeit" forward) | Same as above. |
| 702:9-704:13 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form | | Same as above. |
| 704:17-705:4 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case; Defendants object to reference to other lawsuits | | Same as above. |
| 705:9-706:7 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case; | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | Defendants object to reference to other lawsuits | | |
| 706:10-706:11 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case; Defendants object to reference to other lawsuits | | Same as above. |
| 706:13-706:23 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; calls for legal conclusion; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case; Defendants object to reference to other lawsuits | | Same as above. |
| 707:1-707:2 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; calls for legal conclusion; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case; Defendants object to reference to other lawsuits | | Same as above. |
| 707:4-707:8 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | misleading; form; calls for legal conclusion; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case; Defendants object to reference to other lawsuits | | |
| 707:10-707:10 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; calls for legal conclusion; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case; Defendants object to reference to other lawsuits | | Same as above. |
| 707:12-708:6 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; calls for legal conclusion; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case; Defendants object to reference to other lawsuits | | Same as above. |
| 708:9-708:9 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; calls for legal conclusion; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | because TVT is a separate product not at issue in this case; Defendants object to reference to other lawsuits | | |
| 708:13-709:10 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; calls for legal conclusion; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case; Defendants object to reference to other lawsuits | | Same as above. |
| 709:13-709:14 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; calls for legal conclusion; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case; Defendants object to reference to other lawsuits | | Same as above. |
| 709:17-709:22 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; calls for legal conclusion; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case; Defendants object to reference to other lawsuits | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 709:24-712:25 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; calls for legal conclusion; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case; Defendants object to reference to other lawsuits; Defendants object to testimony regarding the fact that the 2003 TVT legal hold was not released. While that testimony was believed to be accurate at the time of the deposition, Defendants subsequently identified a 2005 legal hold release that was distributed and released all prior TVT holds. The hold release was produced to Plaintiffs.  Plaintiffs are aware that the 2003 hold was in fact released, and Defendants object to admitting testimony that is no longer factually accurate. | | Same as above. |
| 713:3-713:4 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; calls for legal conclusion; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case; Defendants object to reference to other lawsuits; Defendants object to testimony | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | regarding the fact that the 2003 TVT legal hold was not released. While that testimony was believed to be accurate at the time of the deposition, Defendants subsequently identified a 2005 legal hold release that was distributed and released all prior TVT holds. The hold release was produced to Plaintiffs.  Plaintiffs are aware that the 2003 hold was in fact released, and Defendants object to admitting testimony that is no longer factually accurate. | | |
| 713:6-713:10 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; calls for legal conclusion; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case; Defendants object to reference to other lawsuits; Defendants object to testimony regarding the fact that the 2003 TVT legal hold was not released. While that testimony was believed to be accurate at the time of the deposition, Defendants subsequently identified a 2005 legal hold release that was distributed and released all prior TVT holds. The hold release was produced to Plaintiffs.  Plaintiffs are aware that the 2003 hold was in | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | fact released, and Defendants object to admitting testimony that is no longer factually accurate. | | |
| 713:15-713:19 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; calls for legal conclusion; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case; Defendants object to reference to other lawsuits; Defendants object to testimony regarding the fact that the 2003 TVT legal hold was not released. While that testimony was believed to be accurate at the time of the deposition, Defendants subsequently identified a 2005 legal hold release that was distributed and released all prior TVT holds. The hold release was produced to Plaintiffs. Plaintiffs are aware that the 2003 hold was in fact released, and Defendants object to admitting testimony that is no longer factually accurate | | Same as above. |
| 713:22-713:24 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; calls for legal conclusion; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | not at issue in this case; Defendants object to reference to other lawsuits; Defendants object to testimony regarding the fact that the 2003 TVT legal hold was not released. While that testimony was believed to be accurate at the time of the deposition, Defendants subsequently identified a 2005 legal hold release that was distributed and released all prior TVT holds. The hold release was produced to Plaintiffs. Plaintiffs are aware that the 2003 hold was in fact released, and Defendants object to admitting testimony that is no longer factually accurate. | | |
| 714:1-714:8 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; calls for legal conclusion; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case; Defendants object to reference to other lawsuits; Defendants object to testimony regarding the fact that the 2003 TVT legal hold was not released. While that testimony was believed to be accurate at the time of the deposition, Defendants subsequently identified a 2005 legal hold release that was distributed and released all | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | prior TVT holds. The hold release was produced to Plaintiffs.  Plaintiffs are aware that the 2003 hold was in fact released, and Defendants object to admitting testimony that is no longer factually accurate. | | |
| 714:11-714:12 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; calls for legal conclusion; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case; Defendants object to reference to other lawsuits; Defendants object to testimony regarding the fact that the 2003 TVT legal hold was not released. While that testimony was believed to be accurate at the time of the deposition, Defendants subsequently identified a 2005 legal hold release that was distributed and released all prior TVT holds. The hold release was produced to Plaintiffs.  Plaintiffs are aware that the 2003 hold was in fact released, and Defendants object to admitting testimony that is no longer factually accurate | | Same as above. |
| 714:14-715:6 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; calls for legal conclusion; Defendants object to the | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case; Defendants object to reference to other lawsuits; Defendants object to testimony regarding the fact that the 2003 TVT legal hold was not released. While that testimony was believed to be accurate at the time of the deposition, Defendants subsequently identified a 2005 legal hold release that was distributed and released all prior TVT holds. The hold release was produced to Plaintiffs. Plaintiffs are aware that the 2003 hold was in fact released, and Defendants object to admitting testimony that is no longer factually accurate.<br><br>As to 715:5-715:6 – attorney client privilege and work product privilege. | | |
| 715:14-716:7 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; calls for legal conclusion; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case; Defendants object to reference to other lawsuits; Defendants object to testimony regarding the fact that the 2003 TVT legal hold was not released. While | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | that testimony was believed to be accurate at the time of the deposition, Defendants subsequently identified a 2005 legal hold release that was distributed and released all prior TVT holds. The hold release was produced to Plaintiffs. Plaintiffs are aware that the 2003 hold was in fact released, and Defendants object to admitting testimony that is no longer factually accurate. | | |
| 716:10-716:11 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; calls for legal conclusion; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case; Defendants object to reference to other lawsuits; Defendants object to testimony regarding the fact that the 2003 TVT legal hold was not released. While that testimony was believed to be accurate at the time of the deposition, Defendants subsequently identified a 2005 legal hold release that was distributed and released all prior TVT holds. The hold release was produced to Plaintiffs. Plaintiffs are aware that the 2003 hold was in fact released, and Defendants object | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | to admitting testimony that is no longer factually accurate | | |
| 716:14-716:18 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; calls for legal conclusion; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case; Defendants object to reference to other lawsuits; Defendants object to testimony regarding the fact that the 2003 TVT legal hold was not released. While that testimony was believed to be accurate at the time of the deposition, Defendants subsequently identified a 2005 legal hold release that was distributed and released all prior TVT holds. The hold release was produced to Plaintiffs. Plaintiffs are aware that the 2003 hold was in fact released, and Defendants object to admitting testimony that is no longer factually accurate. | | Same as above. |
| 716:20-716:22 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; calls for legal conclusion; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case; Defendants | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | object to reference to other lawsuits; Defendants object to testimony regarding the fact that the 2003 TVT legal hold was not released. While that testimony was believed to be accurate at the time of the deposition, Defendants subsequently identified a 2005 legal hold release that was distributed and released all prior TVT holds. The hold release was produced to Plaintiffs.  Plaintiffs are aware that the 2003 hold was in fact released, and Defendants object to admitting testimony that is no longer factually accurate. | | |
| 716:25-717:1 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; calls for legal conclusion; Defendants object to reference to other lawsuits | | Same as above. |
| 717:6-718:17 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; calls for legal conclusion; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case; Defendants object to reference to other lawsuits; Defendants object to testimony regarding the fact that the 2003 TVT legal hold was not released. While that testimony was believed to be | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | accurate at the time of the deposition, Defendants subsequently identified a 2005 legal hold release that was distributed and released all prior TVT holds. The hold release was produced to Plaintiffs.  Plaintiffs are aware that the 2003 hold was in fact released, and Defendants object to admitting testimony that is no longer factually accurate | | |
| 718:20-718:24 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; calls for legal conclusion; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case; Defendants object to reference to other lawsuits; Defendants object to testimony regarding the fact that the 2003 TVT legal hold was not released. While that testimony was believed to be accurate at the time of the deposition, Defendants subsequently identified a 2005 legal hold release that was distributed and released all prior TVT holds. The hold release was produced to Plaintiffs.  Plaintiffs are aware that the 2003 hold was in fact released, and Defendants object to admitting testimony that is no longer factually accurate. | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 719:1-719:11 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; calls for legal conclusion; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case; Defendants object to reference to other lawsuits | | Same as above. |
| 719:14-719:14 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; calls for legal conclusion; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case; Defendants object to reference to other lawsuits | | Same as above. |
| 719:16-720:14 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; calls for legal conclusion; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case; Defendants object to reference to other lawsuits | | Same as above. |
| 720:17-720:18 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; calls for legal conclusion; Defendants object to the introduction of testimony regarding | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | TVT or TVT legal hold notices because TVT is a separate product not at issue in this case; Defendants object to reference to other lawsuits | | |
| 720:20-721:17 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; calls for legal conclusion; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case; Defendants object to reference to other lawsuits; Defendants object to testimony regarding the fact that the 2003 TVT legal hold was not released. While that testimony was believed to be accurate at the time of the deposition, Defendants subsequently identified a 2005 legal hold release that was distributed and released all prior TVT holds. The hold release was produced to Plaintiffs. Plaintiffs are aware that the 2003 hold was in fact released, and Defendants object to admitting testimony that is no longer factually accurate. | | Same as above. |
| 721:20-721:22 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; calls for legal conclusion; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | because TVT is a separate product not at issue in this case; Defendants object to reference to other lawsuits; Defendants object to testimony regarding the fact that the 2003 TVT legal hold was not released. While that testimony was believed to be accurate at the time of the deposition, Defendants subsequently identified a 2005 legal hold release that was distributed and released all prior TVT holds. The hold release was produced to Plaintiffs. Plaintiffs are aware that the 2003 hold was in fact released, and Defendants object to admitting testimony that is no longer factually accurate | | |
| 721:24-721:25 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; calls for legal conclusion; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case; Defendants object to reference to other lawsuits; Defendants object to testimony regarding the fact that the 2003 TVT legal hold was not released. While that testimony was believed to be accurate at the time of the deposition, Defendants subsequently identified a 2005 legal hold release | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | that was distributed and released all prior TVT holds. The hold release was produced to Plaintiffs.  Plaintiffs are aware that the 2003 hold was in fact released, and Defendants object to admitting testimony that is no longer factually accurate. | | |
| 722:3-722:3 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; calls for legal conclusion; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case; Defendants object to reference to other lawsuits; Defendants object to testimony regarding the fact that the 2003 TVT legal hold was not released. While that testimony was believed to be accurate at the time of the deposition, Defendants subsequently identified a 2005 legal hold release that was distributed and released all prior TVT holds. The hold release was produced to Plaintiffs.  Plaintiffs are aware that the 2003 hold was in fact released, and Defendants object to admitting testimony that is no longer factually accurate. | | Same as above. |
| 722:6-722:10 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; calls for legal | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | conclusion; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case; Defendants object to reference to other lawsuits; Defendants object to testimony regarding the fact that the 2003 TVT legal hold was not released. While that testimony was believed to be accurate at the time of the deposition, Defendants subsequently identified a 2005 legal hold release that was distributed and released all prior TVT holds. The hold release was produced to Plaintiffs. Plaintiffs are aware that the 2003 hold was in fact released, and Defendants object to admitting testimony that is no longer factually accurate | | |
| 722:12-722:16 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; calls for legal conclusion; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case; Defendants object to reference to other lawsuits; Defendants object to testimony regarding the fact that the 2003 TVT legal hold was not released. While that testimony was believed to be | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | accurate at the time of the deposition, Defendants subsequently identified a 2005 legal hold release that was distributed and released all prior TVT holds. The hold release was produced to Plaintiffs. Plaintiffs are aware that the 2003 hold was in fact released, and Defendants object to admitting testimony that is no longer factually accurate. | | |
| 722:23-723:11 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; calls for legal conclusion; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case; Defendants object to reference to other lawsuits; Defendants object to testimony regarding the fact that the 2003 TVT legal hold was not released. While that testimony was believed to be accurate at the time of the deposition, Defendants subsequently identified a 2005 legal hold release that was distributed and released all prior TVT holds. The hold release was produced to Plaintiffs. Plaintiffs are aware that the 2003 hold was in fact released, and Defendants object to admitting testimony that is no longer factually accurate. | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 723:15-726:9 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; calls for legal conclusion; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case; Defendants object to reference to other lawsuits; Defendants object to testimony regarding the fact that the 2003 TVT legal hold was not released. While that testimony was believed to be accurate at the time of the deposition, Defendants subsequently identified a 2005 legal hold release that was distributed and released all prior TVT holds. The hold release was produced to Plaintiffs. Plaintiffs are aware that the 2003 hold was in fact released, and Defendants object to admitting testimony that is no longer factually accurate. | | Same as above. |
| 726:12-726:23 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; Defendants object to testimony regarding a general records retention CAPA examining Ethicon's change from a paper based records retention program to an electronic system | | Same as above. |
| 727:3-728:24 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | misleading; form; Defendants object to testimony regarding a general records retention CAPA examining Ethicon's change from a paper based records retention program to an electronic system | | |
| 729:2-729:2 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; Defendants object to testimony regarding a general records retention CAPA examining Ethicon's change from a paper based records retention program to an electronic system | | Same as above. |
| 729:6-729:9 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; Defendants object to testimony regarding a general records retention CAPA examining Ethicon's change from a paper based records retention program to an electronic system | | Same as above. |
| 731:10-731:17 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form | 731:03-731:09 | Same as above. Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 731:20-731:24 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form | | Same as above. |
| 732:1-732:15 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; calls for legal conclusion; Defendants object to reference to other lawsuits | | Same as above. |
| 732:18-732:19 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; calls for legal conclusion; Defendants object to reference to other lawsuits | | Same as above. |
| 732:21-732:24 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; calls for legal conclusion; Defendants object to reference to other lawsuits | | Same as above. |
| 733:5-733:6 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; calls for legal conclusion; Defendants object to reference to other lawsuits | | Same as above. |
| 733:8-733:11 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; calls for legal conclusion; Defendants object to reference to other lawsuits | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 733:15-734:3 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form | | Same as above. |
| 734:6-734:9 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form | | Same as above. |
| 734:13-734:14 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; speculation | | Same as above. |
| 734:17-734:17 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; speculation | | Same as above. |
| 734:19-734:20 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; speculation | | Same as above. |
| 734:23-734:24 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; speculation | | Same as above. |
| 735:1-735:4 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; speculation | | Same as above. |
| 735:7-735:9 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; speculation | | Same as above. |
| 735:11-736:5 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; Defendants object | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | to testimony regarding a general records retention CAPA examining Ethicon's change from a paper based records retention program to an electronic system | | |
| 736:7-736:14 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay) | | Same as above. |
| 736:19-737:9 | Same objections as above | | Same as above. |
| 741:5-741:12 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form | | Same as above. |
| 741:19-742:7 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; speculation | | Same as above. |
| 742:11-743:3 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form | | Same as above. |
| 743:6-743:9 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form | | Same as above. |
| 743:11-744:9 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form | | Same as above. |
| 744:12-744:12 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 744:14-744:18 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; speculation | | Same as above. |
| 744:22-745:5 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; speculation; argumentative | | Same as above. |
| 745:9-746:7 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; speculation; argumentative | | Same as above. |
| 746:10-746:13 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; speculation; argumentative | | Same as above. |
| 746:15-747:5 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; speculation; argumentative | | Same as above. |
| 747:9-747:12 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; speculation; argumentative | | Same as above. |
| 747:14-748:3 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay) | | Same as above. |
| 755:19-755:23 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); Defendants object to the introduction of testimony regarding | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | Laura Angelini's documents because she separated from the company in 2005, prior to Ethicon's duty to preserve documents relating to Gynemesh PS; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case | | |
| 755:25-756:2 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); Defendants object to the introduction of testimony regarding Laura Angelini's documents because she separated from the company in 2005, prior to Ethicon's duty to preserve documents relating to Gynemesh PS; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case | | Same as above. |
| 756:7-756:9 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); Defendants object to the introduction of testimony regarding Laura Angelini's documents because she separated from the company in 2005, prior to Ethicon's duty to preserve documents relating to Gynemesh PS; Defendants object to the introduction of testimony regarding TVT or TVT legal hold | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | notices because TVT is a separate product not at issue in this case | | |
| 756:16-757:1 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); form; Defendants object to the introduction of testimony regarding Laura Angelini's documents because she separated from the company in 2005, prior to Ethicon's duty to preserve documents relating to Gynemesh PS; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case | | Same as above. |
| 757:10-757:16 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); form; Defendants object to the introduction of testimony regarding Laura Angelini's documents because she separated from the company in 2005, prior to Ethicon's duty to preserve documents relating to Gynemesh PS; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case | | Same as above. |
| 757:20-758:1 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); form; Defendants object to the introduction of testimony regarding | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | Laura Angelini's documents because she separated from the company in 2005, prior to Ethicon's duty to preserve documents relating to Gynemesh PS; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case | | |
| 758:5-758:8 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); form; Defendants object to the introduction of testimony regarding Laura Angelini's documents because she separated from the company in 2005, prior to Ethicon's duty to preserve documents relating to Gynemesh PS; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case | | Same as above. |
| 758:10-758:20 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; speculation; Defendants object to the introduction of testimony regarding Laura Angelini's documents because she separated from the company in 2005, prior to Ethicon's duty to preserve documents relating to Gynemesh PS; Defendants object to the introduction of testimony | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case | | |
| 758:24-758:25 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; speculation; Defendants object to the introduction of testimony regarding Laura Angelini's documents because she separated from the company in 2005, prior to Ethicon's duty to preserve documents relating to Gynemesh PS; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case | | Same as above. |
| 759:2-759:6 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; speculation; calls for legal conclusion; Defendants object to the introduction of testimony regarding Laura Angelini's documents because she separated from the company in 2005, prior to Ethicon's duty to preserve documents relating to Gynemesh PS; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 759:10-760:1 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; speculation; calls for legal conclusion; Defendants object to the introduction of testimony regarding Laura Angelini's documents because she separated from the company in 2005, prior to Ethicon's duty to preserve documents relating to Gynemesh PS; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case | | Same as above. |
| 760:4-760:5 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; speculation; calls for legal conclusion; Defendants object to the introduction of testimony regarding Laura Angelini's documents because she separated from the company in 2005, prior to Ethicon's duty to preserve documents relating to Gynemesh PS; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case | | Same as above. |
| 760:8-760:12 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; form; speculation; calls | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | for legal conclusion; Defendants object to the introduction of testimony regarding Laura Angelini's documents because she separated from the company in 2005, prior to Ethicon's duty to preserve documents relating to Gynemesh PS; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case | | |
| | | 761:11-762:17<br>763:02-763:19<br>764:17-766:14<br>766:25-767:22<br>769:07-783:06<br>783:14-784:22<br>784:24-786:18<br>786:20-786:21<br>786:23-787:01<br>787:04-787:25<br>788:06-790:09<br>790:22-791:10<br>791:12-791:16<br>791:18-792:02<br>792:04-792:04<br>792:06-796:15<br>798:17-800:23<br>800:25-800:25<br>801:02-801:22<br>801:24-801:24<br>802:02-802:04 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.  In addition, these are improper counters as they do not identify what testimony is being countered.    Not necessary for completeness, undue delay, 403, 611(a). |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | 802:06-802:09<br>802:11-803:06 (and Exhibit T-3615)<br>803:10-803:15<br>803:20-805:16<br>805:19-807:20<br>807:22-807:25<br>808:02-811:13<br>811:15-811:15<br>811:17-811:20<br>811:24-812:02<br>812:04-812:04<br>812:06-813:12 | |

| Defendants'Exhibits Objections to Exhibits | | Defendants' Objections | Plaintiff Response/Objection |
|---|---|---|---|
| | T1424 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case. | Plaintiffs adopt and incorporate their responses to Defendants' MILs  TVT hold relevant to provide context to issues in this case and because it share common developmental history and is the same mesh.  Witness was a 30b6 designee on the topics of ESI and spoliation.<br><br>Admissible under multiple hearsay exceptions, including 803(6), 803(5), 803(3), 803(1). |
| | T1428 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; Defendants object to the introduction of testimony regarding Alison London | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | Brown's documents because she separated from the company in 2007, prior to Ethicon's duty to preserve documents relating to Gynemesh PS. | |
| T3610 | | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay) | Same as above. |
| T3611 | | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; Defendants object to reference to other lawsuits | Same as above. |
| T3612 | | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; no foundation; Defendants object to the instruction of information regarding Sean O'Bryan because he separated from the company in 2005, prior to Ethicon's duty to preserve documents | Same as above. |
| T3613 | | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; Defendants object to the | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | introduction of testimony regarding individuals who separated from the company prior to Ethicon's duty to preserve documents | |
| | T3614 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; Defendants object to the introduction of testimony regarding Laura Angelini's documents because she separated from the company in 2005, prior to Ethicon's duty to preserve documents | Same as above. |
| | 1007 ETH.METH.00875544-46 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading | Same as above. |
| | 2089 ETH.MESH.01949009-13 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; Defendants object to reference to other lawsuits | Same as above. |
| | 2090 ETH.MESH.00154161-69 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; Defendants object to the introduction of testimony | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case; Defendants object to reference to other lawsuits | |
| | 2093 ETH.MESH.00131484-90 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case; Defendants object to reference to other lawsuits | Same as above. |
| | 1288 MITTENTHAL 1273-74 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); misleading; Defendants object to reference to other lawsuits; Defendants object to the introduction of testimony regarding TVT or TVT legal hold notices because TVT is a separate product not at issue in this case | Same as above. |
| | 1014 ETH.METH.00332854-84 | 401 (relevance); 403 (unduly prejudicial); 802 (hearsay); Defendants | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | object to testimony regarding a general records retention CAPA examining Ethicon's change from a paper based records retention program to an electronic system. | |

**Sean O'Bryan**

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **Sean O'Bryan 05/18/12** | This witness was a regulatory affairs employee at Ethicon during the pre-launch timeframe at Ethicon. This witness's testimony is inextricably intertwined with the FDA and therefore should be excluded pursuant to the motion to limine on same. | | There is no testimony designated by Plaintiffs that implicate FDA testimony, and the testimony has been played in other cases where FDA was excluded in its entirety. |
| 7:7-7:14 | | | |
| 15:22-15:25 | | | |
| 16:1-16:9 | | 17:9-18:11 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 22:12-23:8 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 25:14-25:16 | | 25:17-19 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 47:15-48:7 | | 48:8-22 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 49:25-50:24 | | 50:25-51:9<br>51:11-23 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 85:22-86:8 | | | |
| 86:10-86:12 | | | |
| 97:11-98:6 | | | |
| 98:9-98:25 | | | |
| 99:15-99:19 | | | |
| 99:21-99:21 | | | |
| 100:15-101:2 (strike | | 101:2-3 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| response after "Yes.") | | | "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 101:5-102:2 | | | |
| 107:3-107:8 | | | |
| 107:10-107:13 | | | |
| 107:14-107:19 (Note: Strike "FDA" from line 15) | | | |
| 107:21-107:21 | | | |
| 109:16-109:25 | | | |
| 141:9-141:10 | 401/403 – this testimony and exhibit (619) involves complications not alleged by this Plaintiff as a result of the product at issue in this case. | | Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |
| 141:16-141:20 | Same as above. | | Same as above. |
| 142:9-143:11 | Same as above; also calls for improper medical expert opinion from a regulatory witness; lack of foundation. | | Same as above. Question and answer is within witnesses' knowledge as a fact witness. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 143:13-143:19 | Same as above; also calls for improper medical expert opinion from a regulatory witness; lack of foundation. | | Same as above. |
| 143:21-143:21 | Same as above; also calls for improper medical expert opinion from a regulatory witness; lack of foundation. | 143:22-145:10 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 144:5-145:10 | Same as above. | | Same as above. |
| 145:23-146:3 | Same as above. | | Same as above. |
| 147:2-147:8 | Same as above; also, argumentative and mischaracterizes the evidence. | 147:9-15 | Same as above.  Characterization of evidence is a matter for the jury and should be addressed on cross examination. |
| 147:18-148:9 | Same as above; also, argumentative and mischaracterizes the evidence. | | Same as above. |
| 154:25-155:10 | Same as above; also, lack of foundation and assumes facts not in evidence. | 153:17-154:1<br>154:3-4 | Same as above.  Proper hypothetical.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 165:18-166:5 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 166:7-166:12 | Lack of foundation; lack of personal knowledge regarding what medical professionals rely on. | | Same as above. |
| 166:14-166:14 | Same as above. | 166:15-21 | Same as above.<br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 234:21-234:24 | Argumentative; assumes facts not in evidence. | | Same as above. |
| 235:1-235:1 | Same as above. | | Same as above. |
| 235:2-235:7 | Same as above. | | Same as above. |
| 238:23-239:6 | Same as above; also 401/403, involves complications not alleged by this Plaintiff. Also, compound. | | Same as above. |
| 239:8-239:16 | Same as above. | | Same as above. |
| 239:18-239:18 | Same as above. | | Same as above. |
| 258:3-258:18 | Hearsay literature article; lack of foundation; lack of personal knowledge; involves complications not alleged by this Plaintiff. | | Same as above. |
| 258:19-259:13 | Same as above. | | Same as above. |
| 259:14-259:22 | Same as above; also, calls for speculation and assumes facts not in | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | evidence; improper hypothetical from a regulatory fact witness. | | |
| 260:24-261:22 | Same as above; also, calls for speculation and assumes facts not in evidence; improper hypothetical from a regulatory fact witness. | | Same as above. |
| 261:23-261:24 | | | |
| 262:1-262:3 | | | |
| 265:8-266:12 | Hearsay literature article; lack of foundation; lack of personal knowledge; involves complications not alleged by this Plaintiff. | | Same as above.<br><br>Not hearsay, question/testimony is proper. independent from literature article. Even if hearsay, testimony is admissible under 803(18). |
| 267:3-267:14 | Same as above; also, assumes facts not in evidence; mischaracterizes the evidence; lack of foundation; lack of personal knowledge. | | Same as above. |
| 271:15-272:6 | Assumes facts not in evidence; mischaracterizes the evidence; lack of foundation; lack of personal knowledge; argumentative. | | Same as above. |
| 272:19-273:2 | Assumes facts not in evidence; mischaracterizes the evidence; lack of foundation; lack of personal knowledge. | | Same as above. |
| 275:5-275:10 | Assumes facts not in evidence; mischaracterizes the evidence; lack | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
|  | of foundation; lack of personal knowledge; argumentative |  |  |
| 276:21-277:4 |  |  |  |
| 281:22-282:3 |  |  |  |
| 289:21-290:17 | Testimony and exhibit relate to MIL re foreign regulatory evidence; 401/403; no expert designated who can opine regarding CER |  | Defendants misstate facts regarding clinical expert report. There are no regulatory standards, foreign or otherwise, implicated in this document or testimony and this testimony and document has been admitted in multiple Prolift trials. Plaintiffs adopt and incorporate their responses to Defendants' Motions in limine. |
| 290:18-291:2 | Same as above. | 291:18-25 292:2-9 | Same as above. Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 293:5-293:9 | Same as above. | 293:10-11 293:13-19 | Same as above. Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 293:20-293:24 | Same as above. |  | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 294:23-295:4 | Same as above. | | Same as above. |
| 295:5-295:9 | Same as above. | | Same as above. |
| 296:23-297:15 | Same as above; also irrelevant as it relates to a product not at issue in this case. | | Same as above. |
| 297:19-297:23 | Same as above. | | Same as above. |
| 297:25-298:3 | Same as above. | | Same as above. |
| 300:3-300:14 | Same as above. | | Same as above. |
| 300:22-301:6 | Same as above. | | Same as above. |
| 302:3-302:6 | Same as above. | 302:9-12 | Same as above. |
| 305:11-305:19 | Same as above; also argumentative, assumes facts not in evidence and poses an improper hypothetical to a fact witness. | | Same as above. Question is proper. |
| 305:21-305:22 | Same as above; also argumentative, assumes facts not in evidence and poses an improper hypothetical to a fact witness. | | Same as above. |
| 327:22-328:7 | | | |
| | | 311:18-320:10 324:10-15 324:18-23 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. In addition, these are improper counters as they do not identify |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | what testimony is being countered.    Not necessary for completeness, undue delay, 403, 611(a). |

### Charlotte Owens, MD

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **Charlotte Owens, MD 09/12/12** | | | |
| 8:1-8:4 | | | |
| 8:7-8:8 | | | |
| 14:6-14:22 | | 14:23-15:24 16:7-20 17:4-22 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 22:2-22:5 | | 22:6-16 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 22:17-22:20 | | 22:21-23:16 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 24:8-24:16 | | | |
| 33:18-34:9 | | 34:10-18 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 42:18-43:6 | | | |
| 46:6-46:11 | | 44:14-45:24 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 48:6-48:19 | | | |
| 53:1-53:5 | | 48:20-49:13<br>50:1-11<br>52:2-25 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 53:20-54:6 | | 53:6-18 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 67:5-67:17 | | 66:25-67:5 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 67:18-68:1 | | 68:2-8 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 71:22-72:13 | Testimony and exhibit involve hearsay within hearsay from a non-Ethicon employee. | | This is not hearsay in that it is not offered for the truth of the matter asserted, it is offered for the purposes of showing the witnesses' state of mind, Defendants' state of mind, knowledge of the company, and notice to the company. Even if it is hearsay, it is admissible under multiple hearsay exceptions, including 803(6), 803(5), 803(3), 803(1). |
| 73:3-73:25 | Same as above. | | Same as above. |
| 77:2-77:13 | Same as above. | 78:12-79:7 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | |
| 124:18-126:14 | 401/403 – this testimony and exhibit (619) involves complications not alleged by this Plaintiff as a result of the product at issue in this case. | 131:5-22 | Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |
| 132:2-132:8 | Same as above. | 131:5-22 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 142:16-143:8 | 401/403; involves complications not alleged by Plaintiff in this case. | | Same as above. |
| 143:21-144:10 | Same as above. | | Same as above. |
| 144:13-144:14 | Same as above. | | Same as above. |
| 144:15-144:19 | Same as above. | | Same as above. |
| 145:5-145:11 | Same as above. | 145:12-24 | Same as above. |
| 146:16-146:22 | | | |
| 149:4-149:10 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 159:19-160:8 | Testimony and exhibits relate to MIL re foreign regulatory evidence; 401/403; no expert designated who can opine regarding CER | 160:9-15 | Defendants misstate facts regarding clinical expert report. There are no regulatory standards, foreign or otherwise, implicated in this document or testimony and this testimony and document has been admitted in multiple Prolift trials. Plaintiffs adopt and incorporate their responses to Defendants' Motions in limine.   Charlotte Owens testified regarding the CER as she wrote it. |
| 165:12-165:16 | Same as above. | | Same as above. |
| 165:19-169:24 | Same as above. | | Same as above. |
| 175:15-175:23 | Same as above. | | Same as above. |
| 180:19-181:1 | Same as above. | 181:2-17 | Same as above. <br><br> Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 181:23-182:5 | Same as above. | | Same as above. |
| 182:7-182:10 | Same as above. | | Same as above. |
| 186:24-187:11 | Same as above. | 185:18-24 <br> 187:12-188:5 | Same as above. <br><br> Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 188:6-188:14 | Same as above. | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 188:18-189:23 | Same as above. | | Same as above. |
| 189:25-190:5 | Same as above. | 190:6-14<br>191:5-18<br>191:21-25 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 196:7-196:25 | Hearsay medical literature; involves complications not alleged by Plaintiff in this case. | | Same as above. |
| 197:7-199:23 | Testimony and exhibits relate to MIL re foreign regulatory evidence; 401/403; no expert designated who can opine regarding CER | 197:1-6 | Defendants misstate facts regarding clinical expert report. There are no regulatory standards, foreign or otherwise, implicated in this document or testimony and this testimony and document has been admitted in multiple Prolift trials. Plaintiffs adopt and incorporate their responses to Defendants' Motions in limine.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 200:2-200:12 | Same as above. | 200:13<br>200:17-21<br>200:23-201:2<br>201:4-10 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 205:21-206:4 | Same as above. | 205:2-18 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 240:16-240:20 | | 241:9-18<br>241:21-242:5 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 248:8-248:17 | | 247:11-248:5 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 254:13-254:22 | Compound; incomplete designation. | 254:23-255:5 | Designation is complete. Question was understood by witness.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 256:3-256:11 | Same as above. | 256:14-24<br>257:11-17 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 259:5-259:9 | Subject to MIL regarding FDA evidence. | | FDA not implicated by testimony |
| 260:12-261:6 | | 261:7-10<br>261:12-16 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 262:7-262:13 | | 262:14-25 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 271:10-271:14 | | (9/13/2012 Dep) 534:17-535:7 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 271:15-271:22 | | | |
| 271:24-272:4 | | | |
| 272:5-273:7 | | (9/13/2012 Dep) 517:22-518:12 (9/13/2012 Dep) 518:16-18 (9/13/2012 Dep) 544:3-11 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 273:25-274:13 | | (9/13/2012 Dep) 517:22-518:12 (9/13/2012 Dep) 518:16-18 (9/13/2012 Dep) 544:3-11 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 309:23-310:3 | | 310:15-22 (9/13/2012 Dep) 534:17-535:7 (9/13/2012 Dep) 537:17-538:6 (9/13/2012 Dep) 538:9-539:17 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 310:25-311:10 | 401; 403; involves complications not alleged by Plaintiff in this case. | 311:11-13 (9/13/2012 Dep) 546:21-547:9 (9/13/2012 Dep) 550:14-550:22 | Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | (9/13/2012 Dep) 550:24-552:25 (9/13/2012 Dep) 553:2-3 (9/13/2012 Dep) 553:22-24 | consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community"<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 311:20-312:4 | | (9/13/2012 Dep) 534:17-535:7 (9/13/2012 Dep) 537:17-538:6 (9/13/2012 Dep) 538:9-539:17 (9/13/2012 Dep) 553:22-24 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| **Charlotte Owens, MD 09/13/12** | | | |
| 369:15-19 | | | |
| 370:7-12 | | | |
| 404:12-405:6 | | 518:19-520:4 520:14-521:8 521:9-522:6 522:7-523:10 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 414:21-414:25 | Hearsay literature article. | | Not hearsay, question/testimony is proper. independent from literature article. Even if hearsay, testimony is admissible under 803(18). |
| 415:1-415:12 | Hearsay literature article. | | Not hearsay, question/testimony is proper. independent from literature article. Even if hearsay, testimony is admissible under 803(18). |
| 425:5-425:12 | | 518:19-520:4<br>520:14-521:8<br>521:9-522:6<br>522:7-523:10<br>525:4-8<br>525:11-12 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 425:22-426:3 | Incomplete designation. | 426:4-6<br>426:8-9<br>518:19-520:4<br>520:14-521:8<br>521:9-522:6<br>522:7-523:10<br>525:4-8<br>525:11-12 | Designation is not incomplete.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 426:17-426:17 | | 518:19-520:4<br>520:14-521:8<br>521:9-522:6<br>522:7-523:10<br>525:4-8<br>525:11-12 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 432:13-432:23 | | 518:19-520:4 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | 520:14-521:8<br>521:9-522:6<br>522:7-523:10<br>525:4-8<br>525:11-12 | were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.  Not necessary for completeness, undue delay, 403, 611(a). |
| 433:7-433:19 | Hearsay literature article. | | Not hearsay, question/testimony is proper. independent from literature article.  Even if hearsay, testimony is admissible under 803(18). |
| 434:21-436:14 | | 532:5-9<br>532:16-533:6 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.  Not necessary for completeness, undue delay, 403, 611(a). |
| 440:23-442:6 | | | |
| 443:17-443:19 | | | |
| 445:1-447:1 | | | |
| 449:12-449:22 | | | |
| 461:9-462:5 | | | |
| 463:25-464:4 | | | |
| 465:23-466:12 | | 466:13-24 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.  Not necessary for completeness, undue delay, 403, 611(a). |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 467:17-467:21 | | | |
| 467:23-467:25 | | 533:7-21<br>534:1-16<br>550:14-550:22 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| | | 550:24-552:25<br>553:2-3<br>553:5-7<br>553:9-15<br>553:18-20<br>553:22-24 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 469:1-469:5 | 401; 403; involves complications not alleged by Plaintiff in this case. | 533:7-21<br>534:1-16<br>550:14-550:22<br>550:24-552:25<br>553:2-3<br>553:5-7<br>553:9-15<br>553:18-20<br>553:22-24 | Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community"<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 469:16-470:20 | Same as above. | 470:21-471:7<br>471:8-12<br>471:14-472:3<br>472:21-473:3<br>473:5-8<br>533:7-21<br>534:1-16<br>550:14-550:22<br>550:24-552:25<br>553:2-3<br>553:5-7<br>553:9-15<br>553:18-20<br>553:22-24 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 473:10-473:16 | Same as above. | | |
| 473:18-473:25 | Same as above. | | |
| 484:8-484:12 | | | |
| 484:15-484:23 | 401; 403; involves complications not alleged by Plaintiff in this case. | | Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |
| 484:25-485:1 | Same as above. | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 485:14-487:8 | | | |
| 487:9-488:16 | | | |
| 488:18-488:18 | | 488:20-23 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.  Not necessary for completeness, undue delay, 403, 611(a). |
| 489:1-489:15 | | 488:20-23 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.  Not necessary for completeness, undue delay, 403, 611(a). |
| 489:18-490:2 | 401; 403; involves complications not alleged by Plaintiff in this case. | | Defendants Misstate facts re: complications not alleged.  Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body.  Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |
| 490:4-490:5 | Same as above. | 490:7-10<br>490:12-14 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 490:16-491:1 | Same as above. | | |
| 491:23-492:1 | Same as above. | 492:2-6 | Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 502:21-503:4 | 401; 403; document post-dates Plaintiff's implant; involves complications not alleged by this Plaintiff. | | The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims, and the fact that the document post-dates Plaintiff's implant does not make it inadmissible or irrelevant to those claims.<br><br>Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |
| 504:6-504:10 | Same as above. | | Same as above. |
| 507:15-507:19 | Same as above. | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 595:23-596:1 | 401; 403; involves complications not alleged by Plaintiff in this case. | 596:2-6<br>596:9-14 | Same as above. Relevant and probative.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 596:20-596:22 | Same as above. | 596:2-6<br>596:9-14 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 596:24-596:24 | Same as above. | 596:2-6<br>596:9-14 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| | | 509:8-19<br>510:2-3<br>510:8-513:22<br>513:25-514:23<br>515:2-518:12<br>518:16-520:4<br>520:8-521:17<br>522:7-523:10 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. In addition, these are improper counters as they do not identify what testimony is being countered. Not necessary for completeness, undue delay, 403, 611(a). |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | 524:2-14<br>525:4-8<br>525:11-21<br>527:9-19<br>527:22-529:10<br>532:1-533:21<br>534:1-538:6<br>538:9-549:21<br>549:25-550:22<br>550:24-552:25<br>553:2-7<br>553:9-24<br>554:15-15<br>554:18-555:15<br>555:17-556:17<br>556:21-557:3 | |

**Paul Parisi**

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **Paul Parisi 12/13/11** | | | |
| 15:23-16:4 | | | |
| 15:16-16:18 | | | |
| **Paul Parisi 12/14/11** | | | |
| 358:3-358:15 | | | |
| 410:23-411:13 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 492:7-492:18 | | | |
| 506:11-506:21 | Lack of foundation; lack of personal knowledge; calls for improper expert opinion. | | Foundation established.   No indication of speculation. Testimony within scope of witnesses' employment and knowledge. |
| 571:18-571:21 | Same as above. | | Same as above. |
| **Paul Parisi 01/24/12** | | | |
| 805:18-806:11 | | | |
| 807:24-808:3 | | 808:4-11 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 810:7-810:14 | | | |
| 810:23-811:1 | | | |
| 811:8-811:18 | | | |
| **Paul Parisi 06/05/13** | | | |
| 10:17-10:24 | | | |
| 56:3-56:8 | | | |
| 66:2-66:6 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 66:21-66:24 | | | |
| 67:3-67:21 | Lack of foundation; lack of personal knowledge; calls for improper expert opinion. | | Foundation established.   No indication of speculation. Testimony within scope of witnesses' employment and knowledge. |
| 69:19-59:22 | | | |
| 71:6-71:15 | Hearsay literature article. | | Not hearsay, question/testimony is proper. independent from literature article.  Even if hearsay, testimony is admissible under 803(18). |
| 79:24-80:4 | Lack of foundation; lack of personal knowledge; calls for improper expert opinion. | | Foundation established.   No indication of speculation. Testimony within scope of witnesses' employment and knowledge. |
| 80:7-80:24 | Same as above; also, hearsay within hearsay. | | Foundation established.   No indication of speculation. Testimony within scope of witnesses' employment and knowledge.<br><br>This is not hearsay in that it is not offered for the truth of the matter asserted, it is offered for the purposes of showing the witnesses' state of mind, Defendants' state of mind, knowledge of the company, and notice to the company. Even if it is hearsay, it is admissible under multiple hearsay exceptions, including 803(6), 803(5), 803(3), 803(1). |
| 81:19-81:24 | Lack of foundation; lack of personal knowledge; calls for improper expert opinion.<br>Assumes facts not in evidence. | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 82:8-82:8 | Same as above. | | Same as above. |
| 84:19-84:23 | Email post-dates Plaintiff's implant; 401/403; lack of foundation; lack of personal knowledge. | | The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims, and the fact that the document post-dates Plaintiff's implant does not make it inadmissible or irrelevant to those claims.

Testimony within scope of witnesses' employment and knowledge. |
| 85:12-86:11 | Same as above. | | Same as above. |
| 87:7-87:14 | Email post-dates Plaintiff's implant; 401/403; lack of foundation; lack of personal knowledge. | | Same as above. |
| 88:7-88:19 | Same as above. | | Same as above. |
| 88:25-89:5 | Same as above. | | Same as above. |
| 89:17-89:22 | Same as above. | | Same as above. |
| 131:2-131:12 | | | |
| 164:1-164:12 | 402/403 – this testimony relates to internal training of sales representatives for professional education activities, but there is no evidence in this case that connects this evidence to Plaintiff's alleged injuries. | | The physician in this case was trained by Ethicon, including on the risks and benefits of device, which is relevant to FTW claims.  If Ms. Smith would have been properly warned, she would not have agreed to the Prolift and therefore would not have been injured by the Prolift. |
| 165:9-165:18 | Same as above. | | Same as above. |
| 167:21-168:2 | Same as above. | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 168:3-168:19 | Same as above. | | Same as above. |
| 169:15-169:23 | Same as above. | | Same as above. |
| 172:11-172:21 | 402/403 – this testimony relates to professional education for the Prolift +M, which is not at issue in this case. | | The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims. |
| 174:3-174:9 | Same as above. | | Same as above. |
| 212:22-213:23 | Same as above; also, calls for expert opinion testimony; lack of foundation; lack of personal knowledge. | | Same as above.  Proper fact witness testimony within scope of witness' knowledge. |
| 246:21-247:2 | Document post-dates Plaintiff's implant; 401/403. | | The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims, and the fact that the document post-dates Plaintiff's implant does not make it inadmissible or irrelevant to those claims. |
| 248:12-248:15 | Same as above. | | The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims, and the fact that the document post-dates Plaintiff's implant does not make it inadmissible or irrelevant to those claims. |
| 247:16-248:9 | Same as above. | | The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims, and the fact that the document post-dates Plaintiff's implant does not make it inadmissible or irrelevant to those claims. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 249:6-249:18 | Same as above; lack of foundation; lack of personal knowledge. | | Same as above.  Foundation and knowledge established as witness was 30b6 witness designated by Ethicon on these issues. |
| | | 285:16 -285:18<br>286:7 -288:7<br>288:16 -288:18<br>289:1 -289:10<br>289:14 -289:22<br>290:12 -291:4<br>291:5-293:2<br>293:3 -294:18<br>294:19-295:9<br>296:25-298:18<br>299:1-300:22<br>300:23 -301:3<br>301:19 -304:6<br>304:12 -304:13<br>304:15 -304:17<br>305:15 -305:16 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.  In addition, these are improper counters as they do not identify what testimony is being countered.    Not necessary for completeness, undue delay, 403, 611(a). |

**Peggy Jo Clark Pence, Ph.D.**

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **Peggy Jo Clark Pence, Ph.D. 11/14/12** | See Defendants' general objection to this entire deposition as an improper designation of expert testimony where the witness has not been identified as unavailable for live trial testimony.<br>Defendants' reserve the right to provide specific objections to this | | See Plaintiffs response to general objections above.  Plaintiffs object to Defendants "reserving their rights" to provide specific objections.  Any objections served at a later date should be stricken as untimely. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | designated testimony if the general objections are overruled. | | |
| 322:7-323:4 | | | |
| 327:16-330:23 | | | |
| 338:7-338:9 | | | |
| 339:23-340:15 | | | |
| 375:3-376:8 | | | |
| 376:21-377:5 | | | |
| 377:11-377:25 | | | |
| 378:4-378:11 | | | |
| 385:15-387:4 | | | |
| 391:16-393:3 | | | |
| 412:23-413:2 | | | |
| 413:4-413:14 | | | |
| 429:10-429:14 (stopping at "adulterated") | | | |
| 478:22-479:8 | | | |
| 499:8-499:13 | | | |
| 500:20-500:20 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 501:3-501:14 | | | |
| 501:25-504:2 | | | |
| 504:3-506:9 | | | |
| 523:3-525:17 | | | |
| 527:2-528:13 | | | |
| **Peggy Jo Clark Pence, Ph.D. 03/09/16** | See Defendants' general objection to this entire deposition as an improper designation of expert testimony where the witness has not been identified as unavailable for live trial testimony.<br>Defendants' reserve the right to provide specific objections to this designated testimony if the general objections are overruled. | | See Plaintiffs response to general objections above.  Plaintiffs object to Defendants "reserving their rights" to provide specific objections.  Any objections served at a later date should be stricken as untimely. |
| 10:12-10:13 | | | |
| 11:3-11:4 | | | |
| 11:9-12:20 | | | |
| 13:24-14:11 | | | |
| 29:6-29:15 | | | |
| 30:8-30:18 | | | |
| 37:12-38:8 | | | |

**Michelle Ritter, MD**

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **Michelle Ritter, MD 04/23/21** | | | |
| 6:13-7:5 | | | |
| 10:16-11:5 | | | |
| 21:17-20 | | | |
| 25:18-19 | | | |
| 31:13-18 | | | |
| 33:13-16 | | | |
| 38:6-8 | Rule 401. Lack of foundation. Calls for speculation. Improper expert testimony. | | Foundation established, testimony within designation and scope of knowledge as physician. |
| 46:5-15 | | | |
| 52:15-21 | | | |
| 72:18-23 | | | |
| 74:10-18 | | | |
| 75:10-15 | | | |
| 79:4-12 | | | |
| 87:6-13 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 100:20-23 | | | |
| 112:20-113:20 | Rule 401. Rule 403. Lack of foundation.  Calls for speculation.  Improper expert testimony. | | Foundation established, testimony within designation and scope of knowledge as physician.  No indication of speculation. |
| 115:2-6 | Rule 401. Rule 403. Lack of foundation.  Calls for speculation.  Improper expert testimony. | | Foundation established, testimony within designation and scope of knowledge as physician.  No indication of speculation. |
| 115:8-21 | | | |
| 116:14-16 | | | |
| 116:23-117:2 | | | |
| 117:19-118:6 | | | |
| 119:1-19 | | | |
| 120:11-121:6 | 121:3-6  Calls for speculation | | Witness is a medical doctor and is not speculating. |
| 123:12-17 | Rule 401. Rule 403. Lack of foundation.  Calls for speculation.  Improper expert testimony. | | Foundation established, testimony within designation and scope of knowledge as physician.  No indication of speculation. |
| 124:7-13 | Rule 401. Rule 403. Lack of foundation.  Calls for speculation.  Improper expert testimony. | Conditional counter: 124:14-15 | Same as above

Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.  Not necessary for completeness, undue delay, 403, 611(a). |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 124:16-125:22 | Rule 401. Rule 403. Lack of foundation.  Calls for speculation.  Improper expert testimony | | Same as above. |
| 127:5-13 | Rule 401. Rule 403. Lack of foundation.  Calls for speculation.  Improper expert testimony | 127:14-19 | Same as above. |
| 128:16-129:14 | Rule 401. Rule 403. Lack of foundation.  Calls for speculation.  Improper expert testimony | | Same as above. |
| 129:16-22 | Rule 401. Rule 403. Lack of foundation.  Calls for speculation.  Improper expert testimony | | Same as above. |
| 131:16-132:1 | Rule 401. Rule 403. Lack of foundation.  Calls for speculation.  Improper expert testimony | | Same as above. |
| 132:20-133:17 | Rule 401. Rule 403. Lack of foundation.  Calls for speculation.  Improper expert testimony | | Same as above. |
| 135:6-12 | | | |
| 135:19-136:2 | | | |
| 136:6-10 | | 136:11-137:7 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.  Not necessary for completeness, undue delay, 403, 611(a). |

## David Robinson, MD

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **David Robinson, MD 03/13/12** | | | |
| 11:17-11:19 | | | |
| 44:3-44:12 | | | |
| 45:1-45:7 | | | |
| 51:20-51:25 | 401/403 – Dr. Robinson was not an employee of Ethicon when Prolift was launched, so his opinion regarding clinical trials before products are sold is impermissible given that Dr. Robinson is not Plaintiff's retained expert witness. | | Witness is giving fact witness testimony regarding his understanding of the Prolift at the time he was a medical Director in charge of the Prolift. |
| 52:11-52:15 | FRE 401/403; outside the scope – questioning the witness about his own personal opinions regarding medical device manufacturers and how they should act. The court will instruct the jury on the standard of care; not the witness's own opinions. | | Same as above. |
| 54:16-54:19 | Same as above. | 54:22-55:6 | Same as above.<br>Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 55:7-55:13 | | | |
| 55:15-55:15 | | | |
| 56:18-57:1 | Confusing compound question; Lack of foundation. | | Witness did not indicate lack of understanding of question. |
| 57:3-57:5 | Same as above. | | Witness did not indicate lack of understanding of question. |
| 58:16-58:22 | FRE 401/403; outside the scope – questioning the witness about his own personal opinions regarding medical device manufacturers and how they should act. The court will instruct the jury on the standard of care; not the witness's own opinions. | | Witness is giving fact witness testimony regarding his understanding of the Prolift and standards at the company at the time he was a medical Director in charge of the Prolift. |
| 58:24-58:25 | Same | 59:13-22<br>59:24-60:2<br>60:18-61:2<br>62:13-22 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.  Not necessary for completeness, undue delay, 403, 611(a). |
| 70:21-71:16 | Lacks context; confusing; involves complications not alleged by Plaintiff in this case. | | Context established.  Not confusing, and if so, is a matter to be addressed on cross examination. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | Defendants Misstate facts re: complications not alleged.  Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body.  Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |
| 79:2-79:5 | | | |
| 79:7-79:11 | | | |
| 82:12-82:14 | | 82:15-21 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.  Not necessary for completeness, undue delay, 403, 611(a). |
| 82:23-82:23 | | | |
| 105:17-105:20 | | | |
| 105:22-105:22 | | 105:24-106:6 106:8-25 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.  Not necessary for completeness, undue delay, 403, 611(a). |
| 157:10-157:18 | | | |
| 158:8-158:12 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 158:14-158:18 | | | |
| 158:20-158:21 | | | |
| 260:9-260:24 | 401/403; relates to complications not alleged by Plaintiff in this case. | | Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |
| 263:18-263:23 | Same as above. | | Same as above. |
| 263:25-263:25 | Same as above. | | Same as above. |
| 287:10-287:12 | 401/403; video of surgical procedure (not Plaintiff) | | Same as above.   Video is relevant and probative to show technique. |
| 287:13-289:3 | Same as above. | | Same as above. |
| 289:9-289:13 | Same as above. | | Same as above. |
| 289:15-289:18 | Same as above. | | Same as above. |
| 289:20-289:20 | Same as above. | | Same as above. |
| 290:4-290:7 | Same as above. | | Same as above. |
| 290:9-290:9 (Note: Line 9 | Same as above. | 290:9-12 | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| ending at "Yes) | | | Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 297:9-297:13 | Impermissible hypothetical question to a fact witness. Calls for speculation. | | Witness is giving fact witness testimony regarding his understanding of the Prolift at the time he was a medical Director in charge of the Prolift. |
| 297:15-297:18 | Same as above. | | Same as above. |
| 297:21-298:4 | Same as above. | | Same as above. |
| 298:13-298:23 | Same as above. | | Same as above. |
| 302:23-303:20 | 401/403 | | Testimony is relevant and probative. |
| **David Robinson, MD 03/14/12** | | | |
| 458:18-459:2 | | | |
| 459:12-459:17 | 401/403; calls for speculation; lack of foundation. | | Testimony has foundation, is relevant and probative, and does not indicate any speculation. |
| 459:19-459:19 | Same as above. | | Same as above. |
| 464:6-464:23 | 401/403. | 464:24-25 465:2-5 465:8-10 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 465:12-465:19 | Same as above. | | Same as above. |
| 466:7-466:9 | Same as above. | | Same as above. |
| 467:7-467:9 | Same as above. | | Same as above. |
| 467:1-467:12 | Same as above. | | Same as above. |
| 474:8-474:10 | Same as above; also complication not alleged by Plaintiff in this case. | | Same as above.<br><br>Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |
| 474:12-474:16 | Same as above; also complication not alleged by Plaintiff in this case. | 474:17-20<br>474:22-475:7 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 483:17-483:24 | Lack of foundation – Dr. Robinson cannot speak for patient concerns as a general matter. Calls for speculation. | | Witness is giving fact witness testimony regarding his understanding of the Prolift at the time he was a medical Director in charge of the Prolift. |
| 484:1-484:1 | Same as above. | | Same as above. |
| 486:9-486:23 | 401/403: this testimony relates to the data that was available when Defendants launched the Prolift device in 2005. Moreover, Plaintiffs' attempt to use Defendants' conduct and actions pertaining to the Prolift would amount to an impermissible use of character evidence.<br><br>402/403 – Dr. Robinson's personal opinions and interpretation of the term "rare" are highly prejudicial and minimally relevant.<br><br>Calls for speculation; lack of foundation; lack of personal knowledge. | | Same as above.<br><br>The data/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims, and the fact that the data post-dates Plaintiff's implant does not make it inadmissible or irrelevant to those claims. |
| 488:11-488:15 | 401/403 | 487:15-19<br>487:21-488:4<br>488:6-9 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 488:17-488:18 | Same | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 489:4-489:7 | | 489:11-15<br>489:17<br>490:6-10<br>494:9-23 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 489:9-489:10 | | | |
| 492:23-493:8 | Lack of foundation/outside the scope – plaintiff's counsel is asking Dr. Robinson for an expert opinion. | 493:10-12<br>493:14-16 | Witness is giving fact witness testimony regarding his understanding of the Prolift at the time he was a medical Director in charge of the Prolift.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 504:8-504:15 | Hearsay – this testimony relates to an email from a non-Ethicon employee, Dr. Butrick, who is opining on pain and the Prolift. Moreover, Dr. Butrick's opinions are expert in nature, but Plaintiff did not designate him as an expert in this case. Also post-dates Plaintiff's implant; 401/403. Also involves complications not alleged by Plaintiff in this case. | | This is not hearsay in that it is not offered for the truth of the matter asserted, it is offered for the purposes of showing the witnesses' state of mind, Defendants' state of mind, knowledge of the company, and notice to the company. Even if it is hearsay, it is admissible under multiple hearsay exceptions, including 803(6), 803(5), 803(3), 803(1).<br><br>Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 504:18-504:25 | Same as above. | | Same as above. |
| 507:18-504:21 | Same as above. | | Same as above. |
| 507:10-507:21 | Same as above. | | Same as above. |
| 508:16-508:21 | Same as above. | | Same as above. |
| 508:23-508:23 | Same as above. | | Same as above. |
| 508:25-509:11 | Same as above. | | Same as above. |
| 509:13-509:18 | Same as above. | | Same as above. |
| 509:20-509:25 | Same as above. | | Same as above. |
| 510:17-510:22 | Same as above. | | Same as above. |
| 510:24-510:24 | Same as above. | | Same as above. |
| 550:18-550:23 | 401/403 product not at issue; postdates Plaintiff's implant | | The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims, and the fact that the document post-dates Plaintiff's implant does not make it inadmissible or irrelevant to those claims. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 552:16-553:2 | Same as above. | | Same as above. |
| 553:4-553:5 | Same as above. | | Same as above. |
| 553:19-554:2 | Same as above. | | Same as above. |
| 626:11-626:20 | | | |
| 626:23-627:2 | | | |
| 629:8-630:8 | Involves complications and products not at issue in this case. | 624:2-625:2 627:13-628:23 | Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body.  Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community"  Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 631:2-631:7 (Note: line 7 ending at "yes") | Same as above. | | Same as above. |
| 631:12-632:15 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **David Robinson, MD 08/23/2012** | | | |
| 735:3-735:8 | | | |
| 750:8-751:10 | Hearsay within hearsay; 403. | | This is not hearsay in that it is not offered for the truth of the matter asserted, it is offered for the purposes of showing the witnesses' state of mind, Defendants' state of mind, knowledge of the company, and notice to the company.  Even if it is hearsay, it is admissible under multiple hearsay exceptions, including 803(6), 803(5), 803(3), 803(1). |
| 751:12-751:12 (Note: line 12 ending at "yes") | Same as above. | 751:12-16 | Same as above.  Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.  Not necessary for completeness, undue delay, 403, 611(a). |
| 752:10-752:20 | Same as above. | | Same as above. |
| 905:8-906:23 | | 909:24-910:15 910:24-911:25 912:2-912:22 913:1-914:11 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.  Not necessary for completeness, undue delay, 403, 611(a). |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 915:2-915:17 | 401/403. Relates to product not at issue. subject to MIL re Foreign regulatory evidence; post-dates Plaintiff's implant. | | Defendants misstate facts regarding clinical expert report. There are no regulatory standards, foreign or otherwise, implicated in this document or testimony and this testimony and document has been admitted in multiple Prolift trials.  Plaintiffs adopt and incorporate their responses to Defendants' Motions in limine. |
| 924:12-924:23 | Complications not alleged by Plaintiff in this case. | | Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body.  Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |
| 925:7-925:11 | Same as above. | | Same as above. |
| | | 932:21-25<br>934:2-8 934:11-937:9<br>937:10-940:19<br>941:8-944:6<br>944:7-947:4<br>947:8-948:12<br>948:13-15<br>949:18 (starting with "It says") – 950:14<br>950:15-953:8<br>953:9-18<br>953:19-954:13<br>954:18-20 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.  In addition, these are improper counters as they do not identify what testimony is being countered.   Not necessary for completeness, undue delay, 403, 611(a). |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | 954:22-955:7<br>955:11-19<br>955:22-956:5<br>956:9-22<br>957:1-18<br>957:19-20<br>957:23-960:8<br>960:11-16<br>960:18-<br>961:5 961:6-<br>964:23<br>965:1-10<br>965:13-966:2<br>966:5-11<br>966:13-967:11<br>967:14-21<br>967:23-968:17<br>968:20-969:4<br>969:6-7<br>972:1-22<br>973:1-974:16<br>974:20-24<br>975:3-19<br>975:22-24<br>976:2-3<br>976:5-12<br>976:14-978:4<br>978:6-7<br>985:2-8<br>985:11-25<br>986:4-6<br>986:9-987:8<br>987:11-16<br>987:19-988:8<br>988:11-989:1 | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | 989:3-990:3 990:6-18 | |

**Rene Selman**

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **Rene Selman 06/20/13** | | | |
| 11:16-11:20 | | | |
| 13:6-13:20 | | | |
| 16:18-17-1 | | | |
| 22:19-22:22 | | | |
| **Rene Selman 06/21/13** | | | |
| 636:15-636:18 | | | |
| 637:2-637:6 | | | |
| 637:7-637:11 | | | |
| 637:12-637:16 | | | |
| 664:14-665:24 | 401/403; email post-dates Plaintiff's implant; lack of foundation; lack of | | The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | personal knowledge; calls for speculation. | | claims, and the fact that the document post-dates Plaintiff's implant does not make it inadmissible or irrelevant to those claims.<br><br>Within scope of what witness knew or should have known as the president of the company. |
| 666:11-666:19 | Same as above. | | Same as above. |
| 678:24-680:4 | Hearsay literature article; post-dates Plaintiff's implant. | | Same as above. |
| 683:21-684:7 (end at "Yes") | Improper hypothetical; calls for expert opinion | 684:7-8 | Same as above.  Question is proper.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 687:20-688:11 | 401/403; emails post-date Plaintiff's implant; lack of foundation; lack of personal knowledge; hearsay within hearsay regarding email from non-Ethicon employee. | | The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims, and the fact that the document post-dates Plaintiff's implant does not make it inadmissible or irrelevant to those claims.<br><br>Within scope of what witness knew or should have known as the president of the company.<br><br>This is not hearsay in that it is not offered for the truth of the matter asserted, it is offered for the purposes of showing the witnesses' state of mind, Defendants' state of mind, knowledge of the company, and notice to the company. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | Even if it is hearsay, it is admissible under multiple hearsay exceptions, including 803(6), 803(5), 803(3), 803(1). |
| 689:2-690:16 | Same as above. | | Same as above. |
| 691:14-691:17 | Same as above. | | Same as above. |
| 692:11-692:23 | Same as above; includes complications not alleged by Plaintiff in this case. | | Same as above.<br><br>Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body. Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |
| 707:4-707:17 | Lack of foundation; lack of personal knowledge; calls for improper expert testimony. | | Same as above. |
| 707:18-707:22 | Same as above. | | Same as above. |
| 707:24-708:5 | Same as above. | | Same as above. |
| 710:2-711:5 | Same as above; also, assumes facts not in evidence; mischaracterizes | | Same as above. |
| | the evidence; improper hypothetical. | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 711:6-711:21 | Same as above; also, assumes facts not in evidence; mischaracterizes the evidence; improper hypothetical. | | Same as above. |
| 726:6-726:17 | Email post-dates Plaintiff's implant; 401/403. | | Same as above. |
| 726:18-727:2 | Same as above. | | Same as above. |
| 727:14-727:22 | Same as above; also, argumentative and calls for speculation; lack of foundation; lack of personal knowledge. | 728:19-729:2 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 729:25-730:7 | Same as above; also, argumentative and calls for speculation; lack of foundation; lack of personal knowledge. | 730:8-12<br>730:14-17 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| 733:14-733:22 | Assumes facts not in evidence; mischaracterize the evidence; improper hypothetical. | | Same as above. |
| 734:6-734:20 | Same as above. | | Same as above. |
| 764:3-764:13 | Lack of foundation; lack of personal knowledge; improper expert opinion. | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 764:23-765:11 | 401/403 | | Same as above. |
| 765:12-765:18 | Same as above. | | Same as above. |
| 765:19-765:24 | Same as above. | | Same as above. |
| 766:1-766:1 | Same as above. | | Same as above. |
| 766:3-766:8 | Same as above. | | Same as above. |
| 766:9-766:13 | Same as above. | | Same as above. |
| 766:22-767:7 | Same as above. | | Same as above. |
| 767:16-767:21 | Same as above; calls for speculation. | | Same as above. |
| 767:22-768:1 | Same as above. | | Same as above. |
| 769:4-769:10 | 401/403 re general sales information of Prolift product. Postdates Plaintiff's implant. | | Same as above. |
| 770:4-770:18 | Same as above. | | Same as above. |
| 770:19-770:22 | | | |
| 770:24-771:09 | | | |
| 772:1-773:1 | Email post-dates Plaintiff's implant; lack of foundation; lack of personal knowledge. Improper expert opinion. Calls for speculation. | | Same as above. |
| 773:16-774:4 | Same as above. | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 774:5-774:19 | Same as above; also, argumentative. | | Same as above. |
| 827:10-827:21 | Improper hypothetical; argumentative; assumes facts not in evidence. | | Same as above. |
| 829:3-829:7 | Same as above. | | Same as above. |
| 829:13-829:21 | Same as above. | | Same as above. |
| | | 784:2-5<br>788:18-22<br>790:5-10<br>792:11-793:11<br>793:18-794:5<br>815:11-18<br>815:20-816:1<br>818:12-819:11<br>819:13-820:5<br>820:7-11<br>820:18-21<br>820:23<br>821:13-19<br>822:22-25<br>822:3-6<br>822:10-13 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.  In addition, these are improper counters as they do not identify what testimony is being countered.   Not necessary for completeness, undue delay, 403, 611(a).<br>. |

**Jessica Shen, MD**

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **Jessica Shen, M.D. 02/29/12** | | | |
| 10:20-10:25 | | | |
| 22:19-23:10 | | | |
| 23:12-23:15 | | | |
| 206:19-206:20 | Exhibit and testimony involves hearsay within hearsay. Physician IDIs. Also involves complications not alleged by Plaintiff in this case. Lack of foundation; lack of personal knowledge. | | Foundation established.<br><br>This is not hearsay in that it is not offered for the truth of the matter asserted, it is offered for the purposes of showing the witnesses' state of mind, Defendants' state of mind, knowledge of the company, and notice to the company.  Even if it is hearsay, it is admissible under multiple hearsay exceptions, including 803(6), 803(5), 803(3), 803(1). |
| 207:16-207:25 | Same as above. | 208:1-8 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.  Not necessary for completeness, undue delay, 403, 611(a). |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 208:18-209:9 | Same as above. | 208:1-8 | Same as above. |
| 209:11-209:16 | Same as above. | | Same as above. |
| 209:18-209:20 | Same as above. | | Same as above. |
| 209:22-209:23 | Same as above. | 209:25-210:6<br>210:14-211:1<br>211:306 | Same as above. |
| 211:8-211:11 | Same as above. Also calls for improper expert opinion. | | Same as above. Within scope of knowledge as fact witness. |
| 211:13-211:14 | Same as above. | | |
| | | <u>9/21/2012 Deposition</u><br>435:7-436:16<br>437:4-438:5<br>438:20-25<br>439:8-18<br>440:17-442:17<br>444:6-9<br>450:24-451:23<br>455:7-17<br>456:8-457:12<br>461:14-462:6 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. In addition, these are improper counters as they do not identify what testimony is being countered.    Not necessary for completeness, undue delay, 403, 611(a). |

**Barbara Smith**

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **Plaintiff Barbara Smith 12/15/16** | | | |
| 4:20-21 | Plaintiff has not made any attempt to meet her burden of showing that she is unavailable to testify live at trial under any of the conditions set forth in FRCP 32(a)(4). | | See Plaintiffs response to general objections above. Plaintiffs object to Defendants "reserving their rights" to provide specific objections. Any objections served at a later date should be stricken as untimely. |
| 6:15-7:9 | Plaintiff has not made any attempt to meet her burden of showing that she is unavailable to testify live at trial under any of the conditions set forth in FRCP 32(a)(4). | | Same as above. |
| 27:17-28:21 | Plaintiff has not made any attempt to meet her burden of showing that she is unavailable to testify live at trial under any of the conditions set forth in FRCP 32(a)(4). | | Same as above. |
| 62:15-23 | Plaintiff has not made any attempt to meet her burden of showing that she is unavailable to testify live at trial under any of the conditions set forth in FRCP 32(a)(4). | | Same as above. |
| 64:21-65:6 | Plaintiff has not made any attempt to meet her burden of showing that | Conditional counter: 65:7-66:2; 66:3-67:16 | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | she is unavailable to testify live at trial under any of the conditions set forth in FRCP 32(a)(4). | | Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.  Not necessary for completeness, undue delay, 403, 611(a). |
| 69:6-18 | Plaintiff has not made any attempt to meet her burden of showing that she is unavailable to testify live at trial under any of the conditions set forth in FRCP 32(a)(4). | Conditional counter: 60:12_22; 63:4-10; 69:19-71:15 | Same as above. |
| 71:16-73:1 | Plaintiff has not made any attempt to meet her burden of showing that she is unavailable to testify live at trial under any of the conditions set forth in FRCP 32(a)(4). | | Same as above. |
| 73:11-19 | Plaintiff has not made any attempt to meet her burden of showing that she is unavailable to testify live at trial under any of the conditions set forth in FRCP 32(a)(4). | Conditional counter: 73:2-10; 73:20-24; 74:1-4 | Same as above. |
| 74:13-75:18 | Plaintiff has not made any attempt to meet her burden of showing that she is unavailable to testify live at trial under any of the conditions set forth in FRCP 32(a)(4).  Rule 401. Rule 403. | | Same as above. |
| 89:19-90:1 | Plaintiff has not made any attempt to meet her burden of showing that she is unavailable to testify live at | Conditional counter:90:2-9; 90:2091:7 | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | trial under any of the conditions set forth in FRCP 32(a)(4). | | |
| 95:8-96:5 | Plaintiff has not made any attempt to meet her burden of showing that she is unavailable to testify live at trial under any of the conditions set forth in FRCP 32(a)(4). | Conditional counter: | Same as above. |
| 96:2-4 | Plaintiff has not made any attempt to meet her burden of showing that she is unavailable to testify live at trial under any of the conditions set forth in FRCP 32(a)(4). | Conditional counter: 96:9-98:1; 99:12-100:2 | Same as above. |
| 98:2-4 | Plaintiff has not made any attempt to meet her burden of showing that she is unavailable to testify live at trial under any of the conditions set forth in FRCP 32(a)(4). | | Same as above. |
| 98:22-99:11 | Plaintiff has not made any attempt to meet her burden of showing that she is unavailable to testify live at trial under any of the conditions set forth in FRCP 32(a)(4). | | Same as above. |
| 101:15-23 | Plaintiff has not made any attempt to meet her burden of showing that she is unavailable to testify live at trial under any of the conditions set forth in FRCP 32(a)(4). | Conditional counter:100:22101:14; 101:25-102:6 | Same as above. |
| 103:6-104:13 | Plaintiff has not made any attempt to meet her burden of showing that she is unavailable to testify live at | Conditional counter: 104:20105:5; 105:14-24 | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | trial under any of the conditions set forth in FRCP 32(a)(4). | | |
| 105:9-11 | Plaintiff has not made any attempt to meet her burden of showing that she is unavailable to testify live at trial under any of the conditions set forth in FRCP 32(a)(4). | | Same as above. |
| 109:4-18 | Plaintiff has not made any attempt to meet her burden of showing that she is unavailable to testify live at | | Same as above. |
| | trial under any of the conditions set forth in FRCP 32(a)(4). | | Same as above. |
| 112:9-11 | Plaintiff has not made any attempt to meet her burden of showing that she is unavailable to testify live at trial under any of the conditions set forth in FRCP 32(a)(4). | Conditional counter: 112:12-14 | Same as above. |

**Price St. Hilaire**

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **Price St. Hilaire 07/11/13** | | | |
| 11:7-11:8 | | | |
| 13:25-14:6 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 15:7-15:10 | | | |
| 23:1-23:4 | | | |
| 24:1-24:11 | | | |
| 24:12-24:21 | | | |
| 25:12-25:17 | | | |
| 26:16-26:24 | 401/403 – this testimony relates to the witness's alleged involvement in getting the term "experimental" removed from the 2007 ACOG practice bulletin's description of mesh kits.  This testimony is irrelevant in this case because Plaintiff's implant occurred before the term "experimental" was actually removed from the ACOG bulletin, so it could not have affected Plaintiff. | | The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims, and the fact that the document post-dates Plaintiff's implant does not make it inadmissible or irrelevant to those claims. |
| 27:9-28:20 | Same as above. | | Same as above. |
| 29:7-29:21 | Same as above. | | Same as above. |
| 29:25-30:14 | Same as above. | | Same as above. |
| 35:16-35:24 | Same as above. | | Same as above. |
| 36:12-37:2 | Same as above. | | Same as above. |
| 37:9-37:18 | Same as above. | | Same as above. |
| 38:11-39:21 | Same as above. | | Same as above. |
| 39:22-41:10 | Same as above. | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 42:3-42:21 | Same as above. | | Same as above. |
| 43:8-43:19 | Same as above. | | Same as above. |
| 44:16-44:20 | Same as above. | | Same as above. |
| 46:1-46:5 | Same as above. | | Same as above. |
| 46:11-46:13 | Same as above. | | Same as above. |
| 47:4-47:7 | Same as above. | | Same as above. |
| 47:19-48:14 | Same as above. | | Same as above. |
| 49:18-49:25 | Same as above. | | Same as above. |
| 60:10-60:18 | Same as above. | | Same as above. |
| 62:24-63:4 | Same as above. | | Same as above. |
| 63:7-63:11 | Same as above. | | Same as above. |
| 91:10-93:6 | Post-dates Plaintiff's implant; 401/403. | | Same as above. |
| 107:12-107:18 | Post-dates Plaintiff's implant; 401/403. | | Same as above. |
| 111:8-112:3 | | | |

**Christophe Vailhe, Ph.D.**

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **Christophe Vailhe, Ph.D. 06/20/13** | | | |
| 9:16-9:17 | | | |
| 22:1-22:5 | | | |
| 24:8-24-18 | | | |
| 25:1-25:7 | | | |
| 112:8-112:13 (Note: strike "to the draft of this version in" from lines: 8-9) | 401/403; hearsay; post-dates Plaintiff's implant. Subject to MIL. | | Same as above.   Plaintiffs adopt and incorporate their responses to Defendants' MILs |
| 215:15-215:18 | | | |
| **Christophe, Vailhe, Ph.D. 06/21/13** | | | |
| 343:19-344:5 | 401/403; hearsay; post-dates Plaintiff's implant. Subject to MIL. | | The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims, and the fact that the document post-dates Plaintiff's |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | implant does not make it inadmissible or irrelevant to those claims.<br><br>Plaintiffs adopt and incorporate their responses to Defendants' MILs |
| 347:19-347:24 | Same as above. | | Same as above. |
| 348:10-349:8 | Same as above. | | Same as above. |
| 351:9-351:17 | Same as above. | | Same as above. |
| 352:9-352:19 | Same as above. | | Same as above. |
| 352:22-352:23 | Same as above. | | Same as above. |
| | | 521:8-23<br>533:23-534:12<br>534:16-20<br>534:23-535:1<br>535:19-536:2<br>536:4 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. In addition, these are improper counters as they do not identify what testimony is being countered.    Not necessary for completeness, undue delay, 403, 611(a). |

## Clifford Volpe

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **Clifford Volpe 02/28/12** | | | |
| 13:13-13:17 | | | |
| 24:7-24:9 | | | |
| 58:8-58:15 | | | |
| 222:14-223:2 | 401/403; post-dates Plaintiff's implant | | The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims, and the fact that the document post-dates Plaintiff's implant does not make it inadmissible or irrelevant to those claims. |
| 241:9-242:1 | Lack of foundation; lack of personal knowledge; calls for improper expert opinion. | | Same as above.  This is fact witness testimony properly elicited from an Ethicon Engineer. |
| **Clifford Volpe 02/29/12** | | | |
| 436: 9-436:22 | 401/403; hearsay within hearsay; email describes hearsay conversations with non-Ethicon employee. Post-dates Plaintiff's implant. | | The document/testimony is relevant as to the product defect claims, failure to warn claims, fraud and punitive damages claims, and the fact that the document post-dates Plaintiff's implant does not make it inadmissible or irrelevant to those claims. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | This is not hearsay in that it is not offered for the truth of the matter asserted, it is offered for the purposes of showing the witnesses' state of mind, Defendants' state of mind, knowledge of the company, and notice to the company.   Even if it is hearsay, it is admissible under multiple hearsay exceptions, including 803(6), 803(5), 803(3), 803(1). |
| 438:3-438:7 | Same as above. | | Same as above. |
| 438:14-439:5 | Same as above. | | Same as above. |
| 439:16-439:24 | Same as above. | | Same as above. |
| 457:12-458:18 | Same as above. | | Same as above. |
| 594:9-595:20 | 401/403; Post-dates Plaintiff's implant. | | Same as above. |
| 596:1-596:15 | Same as above. | | Same as above. |
| 597:18-598:8 | Same as above; calls for speculation; improper hypothetical to a fact witness. | | Same as above.  Question is proper for fact witness who is an engineer. |
| 598:10-599:11 | | | |
| 611:18-612:3 | 401/403; complications not alleged by Plaintiff in this case. | | Defendants Misstate facts re: complications not alleged. Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body.  Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community" |
| 615:23-616:1 | | | |
| | | 636:16-638:18<br>638:25-639:5<br>639:19-642:17 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |

### Martin Weisberg, MD

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **Martin Weisberg, MD 05/24/12** | | | |
| 28:10-28:13 | | | |
| 35:14-35:19 | | 32:14-35:13 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. In addition, these are improper counters as they do not identify what testimony is being countered. Not necessary for completeness, undue delay, 403, 611(a). |
| 41:16-41:21 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 43:4-43:8 | | | |
| 43:11-43:15 | | | |
| 53:12-53:21 | 401; 403; argumentative. | | Relevant and highly probative.  Proper question |
| 179:23-182:4 | 401; 403; hearsay within hearsay; complications not alleged by Plaintiff in this case; subject to MIL | | Same as above.<br><br>This is not hearsay in that it is not offered for the truth of the matter asserted, it is offered for the purposes of showing the witnesses' state of mind, Defendants' state of mind, knowledge of the company, and notice to the company. Even if it is hearsay, it is admissible under multiple hearsay exceptions, including 803(6), 803(5), 803(3), 803(1).<br><br>Defendants Misstate facts re: complications not alleged.  Ms. Smith remains at risk of additional injuries from the Prolift as long as the mesh remains in her body.  Further, Plaintiff adopts and incorporates by reference her objection to Defendants' in limine at #3 concerning complications plaintiff does not allege, because Oregon follows the consumer-expectations test, hence the jury shall consider what the "ordinary consumer" would contemplate, including "ordinary knowledge common to the community"<br>Plaintiffs adopt and incorporate their responses to Defendants' MILs |
| 180:18-181:12 | Same as above. | | Same as above. |
| 181:13-182:4 | Same as above. | | Same as above. |
| 183:21-183:25 | Same as above. | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 184:6-184:25 | Same as above. | | Same as above. |
| 186:1-187:2 | Same as above. | | Same as above. |
| 187:4-187:5 | Same as above. | | Same as above. |
| 179:23-182:4 | Same as above. | | Same as above. |
| 184:6-184:25 | Same as above. | | Same as above. |
| | | 239:24-240:7 242:20-246:18 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.  In addition, these are improper counters as they do not identify what testimony is being countered.    Not necessary for completeness, undue delay, 403, 611(a). |
| **Martin Weisberg, MD 05/30/2013** | | | |
| 10:21-10:23 | | | |
| 12:8-12:10 | | | |
| 41:7-41:13 | | | |
| **Martin Weisberg, MD 05/31/2013** | | | |
| 401:12-403:1 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 403:12-405:1 | 401; 403; involves a product not at issue in this case; subject to MIL. | | Testimony is relevant to claims and defenses in this case. Plaintiffs adopt and incorporate their responses to Defendants' MILs |
| 405:9-405:14 | Same as above. | 406:6-8 | Sane as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. |
| **Martin Weisberg, MD 08/09/2013** | | | |
| 652:20-652:24 | FRE 401/403; outside the scope – questioning the witness about his own personal opinions regarding medical device manufacturers and how they should act. The court will instruct the jury on the standard of | | This is an Ethicon Medical Director designated as a 30b6 witness for Medical Affairs by the company. His testimony is within the scope of his designation and knowledge as a fact witness. |
| | care; not the witness's own opinions. | | |
| 653:11-653:14 | Same as above. | | Same as above. |
| 653:15-653:22 | Same as above. | | Same as above. |
| 661:10-661:19 | Same as above. | | Same as above. |
| 661:21-661:22 | Same as above. | | Same as above. |
| 661:25-661:25 | Same as above. | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 890:18-890:21 | Same as above. | | Same as above. |
| 891:12-891:14 | Same as above; also, Incomplete designation; vague; out of context; 403. | | Same as above. Not vague, and if so, should be addressed by cross-examination or counter-designation. |
| 891:17-891:24 | Same as above; also, Incomplete designation; vague; out of context; 403. | | Same as above. |
| 895:23-896:2 | Same as above. | | Same as above. |
| 959:24-960:5 | Same as above. | | Same as above. |
| 960:7-960:25 | Same as above. | | Same as above. |
| 961:11-961:13 | Same as above. | | Same as above. |
| 961:15-961:17 | Same as above. | | Same as above. |
| 961:20-962:10 | Same as above. | | Same as above. |
| 967:18-968:1 | Same as above. | | Same as above. |
| | | Defendants' Counter Designations:<br>977:6-979:12<br>979:22-980:3<br>980:23-982:13<br>983:7-984:24<br>985:12-18<br>1007:20-23<br>1008:18-1009:1<br>1009:11-14<br>1009:17-19<br>1009:21-1010:9 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. In addition, these are improper counters as they do not identify what testimony is being countered. Not necessary for completeness, undue delay, 403, 611(a). |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | 1010:11-13<br>1010:15-18<br>1010:20-1011:8<br>1011:10-1012:3<br>1012:7-10<br>1012:14-1013:1<br>1015:5-8<br>1015:10-21<br>1015:23-1016:2<br>1016:5-6<br>1016:8-21<br>1016:23<br>1018:23-1022:12<br>1022:14-16<br>1026:12-19<br>1026:23-1027:1<br>1027:3-1028:6<br>1028:8-1029:13<br>1030:7-1032:14<br>1035:1-1036:11<br>1037:20-1039:2<br>1039:12-18<br>1040:3-1040:25<br>1041:2-9<br>1041:12-14<br>1041:16-1042:24<br>1043:1-7<br>1043:9-13<br>1043:15-25<br>1044:2-5<br>1044:7-12<br>1044:14-1045:19<br>1045:21-1046:3<br>1046:5-16 | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
|  |  | 1046:18-1047:3<br>1047:6-7<br>1047:9-20<br>1047:22-1048:1<br>1048:3-20<br>1048:22-1049:7<br>1049:9<br>1049:11<br>1049:13-1050:2<br>1050:7-13<br>1050:15-21<br>1050:23-1051:1<br>1051:3-13<br>1051:15-18<br>1051:20<br>1051:23-25<br>1052:2-15<br>1052:17-24 |  |

**Jeffrey Wheat, MD**

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **Jeffrey Wheat, M.D. 06/12/21** |  |  |  |
| 6:23-8:4 |  |  |  |
| 11:23-13:23 |  |  |  |
| 14:1-15:2 |  |  |  |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 15:4-14 | Rule 401. Rule 403. Vague. | | Relevant and probative, and not vague, but if so, is a matter to be addressed on cross-examination. |
| 16:9-17:15 | | | |
| 18:2-14 | | | |
| 18:19-19:1 | | | |
| 19:2-12 | | | |
| 19:13-21:7 | | | |
| 21:8-10 | Calls for speculation. Lack of foundation. Incomplete designation. | Conditional counter: 21:16-19 | Witness is a medical doctor, has foundation, and is not speculating. Designation is complete.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). Not necessary for completeness, undue delay, 403, 611(a). |
| 21:21-23 | Calls for speculation. Lack of foundation. | Conditional counter: 21:23-24 | Same as above. |
| 22:12-22 | Calls for speculation. Lack of foundation. | | Same as above. |
| 22:23-23:8 | Calls for speculation. Lack of foundation. | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 23:9-24:23 | | 24:24-25:3 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.  Not necessary for completeness, undue delay, 403, 611(a). |
| 25:4-19 | 25:17-19.  Lack of foundation.  Improper expert testimony. | | Witness is a medical doctor, has foundation, is not speculating, and his testimony is within his designation and knowledge as a fact witness. |
| 26:12-27:6 | Calls for speculation.  Lack of foundation. | | Same as above. |
| 27:7-10 | Calls for speculation.    Lack of foundation. Vague. | | Same as above.  Not vague, and if vague, is a matter for cross examination. |
| 27:12-13 | Calls for speculation.  Lack of foundation. | | Same as above. |
| 27:18-28:12 | | | |
| 29:2-18 | 29:16-18.  Calls for speculation. Lack of foundation.  Vague. | | Same as above. |
| 29:20-30:4 | | | |
| 30:6-8 | Rule 401. Rule 403. Calls for speculation.  Lack of foundation. Vague.  Improper expert testimony. | | Same as above. |
| 30:9-21 | | | |
| 30:23-31:13 | 31:10-13 Calls for speculation.  Lack of foundation.  Vague. | | Same as above. |
| 31:15-21 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 32:8-20 | | | |
| 33:7-20 | | 33:21; 33:23-24 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 34:1-4 | Calls for speculation.  Lack of foundation. Vague. Cumulative. | | Witness is a medical doctor, has foundation, is not speculating, and his testimony is within his designation and knowledge as a fact witness. |
| 34:6-13 | Calls for speculation.  Lack of foundation. Vague. Improper expert testimony. | | Witness is a medical doctor, has foundation, is not speculating, and his testimony is within his designation and knowledge as a fact witness. |
| 34:15-35:22 | Calls for speculation.  Lack of foundation. Vague. Improper expert testimony. | | Witness is a medical doctor, has foundation, is not speculating, and his testimony is within his designation and knowledge as a fact witness. |
| 35:23-36:2 | | 36:3-8 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 36:9-37:5 | Calls for speculation.  Lack of foundation. Vague. Improper expert testimony. | | Witness is a medical doctor, has foundation, is not speculating, and his testimony is within his designation and knowledge as a fact witness.  Not vague, and if vague, is a matter for cross examination. |
| 37:6-38:1 | Calls for speculation.  Lack of foundation. Vague. Improper expert testimony. Cumulative. | | Same as above.  Not cumulative. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 38:2-11 | | | |
| 38:12-43:12 | Rule 401. Rule 403. Calls for speculation. Lack of foundation. Vague. Improper expert testimony. | | Witness is a medical doctor, has foundation, is not speculating, and his testimony is within his designation and knowledge as a fact witness. Not vague, and if vague, is a matter for cross examination. |
| 43:14-44:8 | | | |
| 44:22-46:2 | Calls for speculation. Lack of foundation. Vague. Improper expert testimony. | | Witness is a medical doctor, has foundation, is not speculating, and his testimony is within his designation and knowledge as a fact witness. Not vague, and if vague, is a matter for cross examination. |
| 46:20-48:11 | Rule 401. Rule 403. Calls for speculation. Lack of foundation. Vague. Improper expert testimony. | | Witness is a medical doctor, has foundation, is not speculating, and his testimony is within his designation and knowledge as a fact witness. Not vague, and if vague, is a matter for cross examination. |
| 48:12-49:17 | | | |
| 49:12-50:22 | Rule 401. Rule 403. Calls for speculation. Lack of foundation. Vague. Improper expert testimony. | | Witness is a medical doctor, has foundation, is not speculating, and his testimony is within his designation and knowledge as a fact witness. Not vague, and if vague, is a matter for cross examination. |
| 50:23-52:2 | | | |
| 52:3-55:1 | Rule 401. Rule 403. Calls for speculation. Lack of foundation. Vague. Improper expert testimony. | | Witness is a medical doctor, has foundation, is not speculating, and his testimony is within his designation and knowledge as a fact witness. Not vague, and if vague, is a matter for cross examination. |
| 55:3-58:3 | Rule 401. Rule 403. Calls for speculation. Lack of foundation. Vague. Improper expert testimony. | | Witness is a medical doctor, has foundation, is not speculating, and his testimony is within his designation and |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | knowledge as a fact witness. Not vague, and if vague, is a matter for cross examination. |
| 58:4-62:13 | Rule 401. Rule 403. Calls for speculation. Lack of foundation. Vague. Improper expert testimony. | | Witness is a medical doctor, has foundation, is not speculating, and his testimony is within his designation and knowledge as a fact witness. Not vague, and if vague, is a matter for cross examination. |
| 63:5-19 | Rule 401. Rule 403. Calls for speculation. Lack of foundation. Vague. Improper expert testimony. Cumulative. | | Witness is a medical doctor, has foundation, is not speculating, and his testimony is within his designation and knowledge as a fact witness. Not vague, and if vague, is a matter for cross examination. |
| 64:4-70:15 | Rule 401. Rule 403. Calls for speculation. Lack of foundation. Vague. Improper expert testimony. | | Witness is a medical doctor, has foundation, is not speculating, and his testimony is within his designation and knowledge as a fact witness. Not vague, and if vague, is a matter for cross examination. |
| 70:20-74:23 | Rule 401. Rule 403. Calls for speculation. Lack of foundation. Vague. Improper expert testimony. | | Witness is a medical doctor, has foundation, is not speculating, and his testimony is within his designation and knowledge as a fact witness. Not vague, and if vague, is a matter for cross examination. |
| 75:5-76:1 | | 76:2-8 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 76:9-11 | Rule 401. Rule 403. Calls for speculation. Lack of foundation. Vague. Improper expert testimony. | 76:13-16 | Same as above.  Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | | | designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 76:18-77:21 | Rule 401. Rule 403. Calls for speculation. Lack of foundation. Vague. Improper expert testimony. | | Same as above. |
| 78:3-14 | Rule 401. Rule 403. Calls for speculation. Lack of foundation. Vague. Improper expert testimony. | Conditional counter: 77:22-23; 78:1-2 | Same as above. |
| 79:13-17 | Rule 401. | | Testimony is relevant |
| 82:20-83:1 | Rule 401. Lack of foundation. | | Testimony is relevant and has foundation |
| 83:6-21 | Lack of foundation. | | Same as above. |
| 92:12-23 | | | |
| 94:18-95:2 | | | |
| 119:15-24 | | 120:1-13 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 129:2-14 | | | |
| 131:8-14 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 132:14-17 | | 132:24-133:6 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.  Not necessary for completeness, undue delay, 403, 611(a). |
| 134:12-135:23 | | 134:24-137:3 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.  Not necessary for completeness, undue delay, 403, 611(a). |
| 139:24-140:10 | | 139:11-14 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.  Not necessary for completeness, undue delay, 403, 611(a). |
| 145:10-18 | | | |
| 148:22-149:7 (ending at "drainage") | Rule 401.  Rule 403.  Calls for speculation.  Lack of foundation.  Vague.  Improper expert testimony. | | Witness is a medical doctor, has foundation, is not speculating, and his testimony is within his designation and knowledge as a fact witness.  Not vague, and if vague, is a matter for cross examination. |
| 149:14-150:11 | | | |

**Peter Zenthoefer, MD**

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| **Peter Zenthoefer, MD 01/31/17** | | | |
| 6:16-7:2 | | | |
| 7:22-24 | | | |
| 8:19-11:20 | | | |
| 12:2-13:2 | | | |
| 13:20-14:15 | | | |
| 14:19-22 | | | |
| 18:9-23 (end at "Prolift) | | 18:25-19:3 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 27:20-28:3 (end at "bit") | | | |
| 45:2-23 | | | |
| 52:12-15 | | | |
| 55:11-17 | | | |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 58:6-25 | Rule 401. Rule 403. Nonresponsive. | Conditional counter:58:25-59:24 | Relevant, probative, and responsive.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.  Not necessary for completeness, undue delay, 403, 611(a). |
| 65:7-66:1 | | | |
| 66:21-67:4 | Vague.  Lack of foundation. | | Witness is a medical doctor, has foundation, is not speculating, and his testimony is within his designation and knowledge as a fact witness.  Not vague, and if vague, is a matter for cross examination. |
| 68:5-13 | Vague.  Lack of foundation.  Calls for speculation. | | Witness is a medical doctor, has foundation, is not speculating, and his testimony is within his designation and knowledge as a fact witness.  Not vague, and if vague, is a matter for cross examination. |
| 68:15-18 | Vague.  Lack of foundation.  Calls for speculation. | Conditional counter: 68:19-69:11 | Witness is a medical doctor, has foundation, is not speculating, and his testimony is within his designation and knowledge as a fact witness.  Not vague, and if vague, is a matter for cross examination.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.  Not necessary for completeness, undue delay, 403, 611(a). |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 69:12-71:5 | Rule 401. Rule 403. Improper expert opinion that was not, and could not have been formed during his care and treatment (about what Dr. Zenthoefer would have done in 2006 with knowledge he has today i.e., any knowledge gained long after his care and treatment of Plaintiff). Vague. Lack of foundation. Calls for speculation. | | Witness is a medical doctor, has foundation, is not speculating, and his testimony is within his designation and knowledge as a fact witness. Not vague, and if vague, is a matter for cross examination. |
| 72:14-73:25 | Lack of foundation. Vague. | Conditional counter: 72:7-13 | Witness is a medical doctor, has foundation, is not speculating, and his testimony is within his designation and knowledge as a fact witness. Not vague, and if vague, is a matter for cross examination.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 74:2-12 | Rule 401. Rule 403. Lack of foundation. Calls for speculation. | | Witness is a medical doctor, has foundation, is not speculating, and his testimony is within his designation and knowledge as a fact witness. Not vague, and if vague, is a matter for cross examination. |
| 78:13-21 | | 78:22-79:7 | Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| 82:21-84:13 | Lack of foundation. Calls for speculation. | | Witness is a medical doctor, has foundation, is not speculating, and his testimony is within his designation and knowledge as a fact witness.  Not vague, and if vague, is a matter for cross examination. |
| 85:22-86:5 | Incomplete designation. | | Designation is complete. |
| 88:14-89:21 | Rule 401.  Rule 403.  Lack of foundation. Calls for speculation. | | Witness is a medical doctor, has foundation, is not speculating, and his testimony is within his designation and knowledge as a fact witness.  Not vague, and if vague, is a matter for cross examination. |
| 89:25-90:18 | Rule 401.  Rule 403.  Lack of foundation. Calls for speculation. | | Witness is a medical doctor, has foundation, is not speculating, and his testimony is within his designation and knowledge as a fact witness.  Not vague, and if vague, is a matter for cross examination. |
| 90:12-17 | Rule 401.  Rule 403.  Improper expert opinion that was not, and could not have been formed during his care and treatment (about what Dr. Zenthoefer would have done in 2006 with knowledge he has today i.e., any knowledge gained long after his care and treatment of Plaintiff). Vague. Lack of foundation. Calls for speculation | Conditional counter: 90:20-23; 90:25-91:10 | Witness is a medical doctor, has foundation, is not speculating, and his testimony is within his designation and knowledge as a fact witness.  Not vague, and if vague, is a matter for cross examination.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2.  Not necessary for completeness, undue delay, 403, 611(a). |
| 92:5-13 | Incomplete designation. Rule 401. Rule 403.  Improper expert opinion that was not, and could not have been formed during his care and treatment (about what Dr. | | Same as above. |

| Pltf. Desig. | Defs.' Objections | Defs.' Counters | Plaintiff Response/Objection |
|---|---|---|---|
| | Zenthoefer would have done in 2006 with knowledge he has today i.e., any knowledge gained long after his care and treatment of Plaintiff). Vague. Lack of foundation. Calls for speculation. | | |
| 93:20-94:2 | Rule 401. Rule 403. Improper expert opinion that was not, and could not have been formed during his care and treatment (about what Dr. Zenthoefer would have done in 2006 with knowledge he has today i.e., any knowledge gained long after his care and treatment of Plaintiff). Vague. Lack of foundation. Calls for speculation. | 94:3-17 | Same as above.<br><br>Further, Plaintiff objects to Defs.' counterdesignation because it violates the Court's Pretrial Order (ECF 193), as no counters were permitted and any supplemental designation was due "two days after plaintiff's submission," ECF 193 at p. 2. Not necessary for completeness, undue delay, 403, 611(a). |
| 94:25-96:25 | Misstates testimony. | | Does not misstate testimony, and is a matter for cross-examination. |