# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON

## MINUTE ORDER

**Case No.:** 3:20-cv-00851-MO

**Case Title:** Smith v. Ethicon et al.

**Presiding Judge:** Hon. Michael W Mosman

**Date of Proceeding:** June 23, 2022

**Courtroom Deputy:** Jody Harper
chambers_mosman@ord.uscourts.gov
Telephone number (503) 326-8033

**Reporter:** Bonita Shumway

**DOCKET ENTRY:  Minutes of Proceedings:** Pretrial Conference held.

Hearing held before Judge Michael W. Mosman on Plaintiff's Omnibus Motion in Limine [260] and Defendants' Omnibus Motion in Limine [268].

The Court granted Plaintiff's Omnibus Motion in part and denied it in part, making the following rulings for reasons stated on the record:
1. The motion to exclude FDA evidence is GRANTED in part and DENIED in part;
2. The motion to exclude FDA advisory committee recommendations is GRANTED;
3. The motion to exclude the Time to Rethink article is DENIED as moot;
4. The motion to exclude the AUGS/SUFU position statement is DENIED as moot;
5. The motion to exclude statements regarding randomized controlled trials is DENIED;
6. The motion to exclude assumptions about knowledge of undisclosed risks is DENIED;
7. The motion to exclude evidence of what pelvic surgeons know is DENIED;
8. The motion to exclude statements about professional education is DENIED;
9. The motion to exclude statements about the rarity of complications is DENIED;
10. The motion to preclude the defending of Prolift based on SUI devices is GRANTED in part and DENIED in part;
11. The motion to exclude history of polypropylene use in body is GRANTED in part and DENIED in part;
12. The motion to exclude statements about pelvic mesh litigation is DENIED as moot;
13. The motion to exclude collateral source payments is DENIED as moot;
14. The motion to exclude number of women allegedly treated with mesh is GRANTED in part and DENIED in part;
15. The motion to exclude witnesses' personal experience and preferences is GRANTED in part and DENIED in part;
16. The motion to exclude evidence of prolapse meshes remaining on the market is DENIED as moot;
17. The motion to exclude evidence of "good acts" or "reputation" evidence is GRANTED in part and DENIED in part;
18. The motion to exclude references to amounts paid to experts in other cases is DENIED;
19. The motion to exclude evidence of surgeon's monograph is DENIED;

**Minutes**

20. The motion to exclude evidence criticizing medical care provided by Plaintiff's treating physicians is DENIED as moot;
21. The motion to exclude evidence of Plaintiff's smoking is DENIED;
22. The motion to exclude evidence of vaginal atrophy and estrogen use is DENIED;
23. The motion to limit treating physicians' testimony is DENIED; and
24. The motion to exclude unrelated medical conditions and irrelevant matters is:
    a. DENIED as to Plaintiff's hysterectomy;
    b. GRANTED in part and DENIED in part as to Plaintiff's use of narcotics; and
    c. DENIED as to Plaintiff's psychiatric treatment.

The Court granted Defendants' Omnibus Motion in part and denied it in part, making the following rulings for reasons stated on the record:
1. The motion to exclude company documents and emails is:
    a. GRANTED in part and DENIED in part as to the wire brush email;
    b. DENIED as to the blue particles email;
    c. GRANTED as to the "I would not like for my wife to undergo this procedure" email;
    d. DENIED as moot as to the pessary email string
    e. GRANTED as to the email from Dr. Leong;
    f. DENIED as to the "elusive" email;
    g. to be supplemented by Plaintiff as to the In-Depth Interviews;
    h. to be supplemented by Plaintiff as to the PA Consulting Group Report; and
    i. GRANTED in part and TAKEN UNDER ADVISEMENT in part as to the TVT-O emails. The Court shall consider whether the emails are permissible for punitive damages purposes.
2. The motion to exclude evidence concerning other pelvic mesh litigation is GRANTED;
3. The motion to exclude mesh-related complications that Plaintiff did not experience is DENIED;
4. The motion to exclude Medical Device Reports is DENIED as moot;
5. The motion to exclude Material Safety Data Sheets is DENIED as moot;
6. The motion to exclude evidence of Ethicon's decision to stop selling Prolift is GRANTED;
7. The motion to exclude evidence of the pre-clearance marketing of Prolift is DENIED as moot;
8. The motion to exclude evidence of FDA regulatory actions is DENIED as moot as to the third-party submissions to the 2011 FDA Advisory Committee and otherwise GRANTED;
9. The motion to exclude evidence of foreign regulatory actions is DENIED;
10. The motion to exclude evidence of post-implant revisions to Prolift warnings is TAKEN UNDER ADVISEMENT;
11. The motion to exclude surgical videos and photographs is DENIED as moot;
12. The motion to limit the use of mesh exemplar devices is GRANTED in part and DENIED in part;
13. The motion to preclude use of video deposition excerpts during opening statements is DENIED as moot;
14. The motion to preclude reference to Defendants' net worth during opening statements is DENIED as moot;
15. The motion to exclude evidence of spoliation is GRANTED.

The Court made the following rulings as to jury instructions:
1. As a patient, Plaintiff constitutes an "ordinary consumer" of Prolift;
2. The parties shall provide supplemental briefing as to whether Plaintiff needs to show that there was a feasible alternative design for Prolift;
3. The substantial factor test applies to Plaintiff's claims;

**Minutes**

4. The learned intermediary defense applies only to Plaintiff's negligent failure to warn claim, not her strict scrutiny claim;
5. Whether a state-of-the-art defense is appropriate is TAKEN UNDER ADVISEMENT.

Defendants shall provide supplemental briefing on its feasible alternative design jury instruction by 6/27/2022. Plaintiff shall respond to Defendants' supplemental briefing by 6/30/2022.

Plaintiff's supplemental briefing on the In-Depth Interview and PA Consulting Group reports is due 6/30/2022. Defendants' response is due 7/5/2022. The parties should also propose a briefing and hearing schedule for their *Daubert* motions by 7/5/2022.

The parties shall submit witness lists, exhibit lists, deposition designations, objections to witness lists, objections to exhibit lists, and objections to deposition designations by 7/15/2022.

The parties shall submit updated jury instructions and verdict forms by 8/30/2022. Objections to jury instructions and verdict forms are due 9/13/2022. The parties will resolve jury instruction conflicts in the hearing scheduled for 9/27/2022

**Minutes**