**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**

**MINUTE ORDER**

**Case No.:** 3:20-cv-00851-MO

**Case Title:** Smith v. Ethicon et al.

**Presiding Judge:** Hon. Michael W Mosman

**Date of Proceeding:** June 23, 2022

**Courtroom Deputy:** Jody Harper
chambers_mosman@ord.uscourts.gov
Telephone number (503) 326-8033

**Reporter:** Bonita Shumway

**DOCKET ENTRY:** Minutes of Proceedings:

At the pre-trial conference held on June 23, 2022, I ordered the parties to provide supplemental briefing on (1) Defendants' motions in limine to exclude the In-Depth Interviews ("IDI") and the PA Consulting Group reports; and (2) Defendants' proposed feasible alternative design jury instruction. Am. Min. of Proceeding [ECF 297]. Having reviewed the parties' supplemental briefing, I issue the following rulings:

1. Defendants' motions in limine to exclude the IDI and PA Consulting Group Reports are granted. Because both reports were authored after Plaintiff Barbara Smith's Prolift implant, any notice they gave Defendants is irrelevant. However, the reports may still be used for impeachment purposes.

2. I decline to offer Defendants' proposed instructions on a safer alternative design. First, "Oregon law does not require a plaintiff to provide proof of a tested, safer design alternative." *Pearson v. Ethicon, Inc.*, 2021 WL 4498562, at *12 (D. Or. Aug. 16, 2021), *adopted in relevant part*, 2021 WL 4494188, at *1 (D. Or. Sept. 30, 2021); *see also McCathern v. Toyota Motor Corp.*, 23 P.3d 320, 331 (Or. 2001); *Purdy v. Deere & Co.*, 492 P.3d 99, 109 (Or. Ct. App. 2021). Second, Defendants' Proposed Instruction No. 8, [ECF 273] at 13, while technically correct, says nothing of use to jurors. Moreover, it risks creating an improper negative inference against Plaintiff if she does not put on evidence of a safer alternative design. Third, Prolift's 510(k) clearance in no way conflicts with Oregon's products liability law. Unlike the drug manufacturer in *Mutual Pharmacy Co. v. Bartlett*, 570 U.S. 472 (2013), Defendants are not caught between competing state and federal obligations. *See Ass'n des Éleveurs de Canards et d'Oies du Québec v. Bonta*, 33 F.4th 1107, 1115 (9th Cir. 2022). And whereas the statute at issue in *Barnett Bank of Marion Cnty., N.A. v. Nelson*, 517 U.S. 25, 31 (1996), empowered banks to sell insurance, the Medical Devices Amendment to the Federal Food, Drug, and Cosmetic Act restricts manufacturers' sale of medical devices. Receipt of 510(k) clearance does not empower manufacturers to sell their products without regard to state law. Rather, it fulfills an obligation that federal law imposes.

Minutes